**25-6843**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES EDWARD SCOTT III,
Plaintiff-Appellee,

v.

MELISSA MICHELL, et al.,
Defendants-Appellants,

and

RN SHARON, Dismissed per ECF No. 5; et al.,
Defendants.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA,
D.C. No. 2:23-cv-00693-APG-NJK

---

## DEFENDANTS-APPELLANTS' EXCERPTS OF RECORD
## VOLUME II (ER029-ER298)

---

Respectfully submitted by:
AARON D. FORD
Attorney General
CHRIS DAVIS (Nevada Bar No. 6616)
Senior Deputy Attorney General
Office of the Attorney General, State of Nevada
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-9252 (phone)
cwdavis@ag.nv.gov
*Attorneys for Defendants-Appellants*
*Melissa Mitchell, Gaylene Fukagawa,*
*Vanessa Timbreza, Kellen Prost,*
*and Lorenzo Villegas*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA


JAMES EDWARD SCOTT, III,

Plaintiff,

v.

MELISSA MITCHELL, et al.,

Defendants.

Case No. 3:23-cv-00231-ART-CLB


PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


Plaintiff James Edward Scott, III, now comes forth in the status of Pro Se, for the purpose of respectfully submitting this response to the defendants' objections to the Magistrate Judge's Report and Recommendation (ECF No. 48), which recommended denying the defendants' motion for summary judgment. For the reasons stated below, the Court should adopt the Magistrate Judge's findings and deny the motion for summary judgment.


I.      Introduction


Defendants' objections should be rejected because they rely on factual assertions and legal arguments that fail to address the genuine issues of material fact identified by the Magistrate Judge. As the Magistrate correctly found, there is ample evidence indicating a delay in treatment that led to serious harm, including permanent injury, unnecessary suffering, and complications arising from inferior dialysis. Furthermore, the law was clearly established at the time of the incident that such delays in medical treatment can constitute a violation of the Eighth Amendment.


**ER030**                              **ER030**                              **ER030**

II.    Deliberate Indifference to Serious Medical Needs

Defendants' first objection—that they were not deliberately indifferent to Scott's serious medical needs—misrepresents the facts and legal standards. As the Magistrate Judge correctly concluded, the objective component of the deliberate indifference test is satisfied. It is undisputed that Scott's AV fistula clotting was a serious medical need, which required immediate intervention to prevent further harm. Dialysis is critical for survival, and the clotting of Scott's fistula presented an urgent need for medical attention. This is consistent with the Eighth Amendment's prohibition on cruel and unusual punishment, which protects inmates from deliberate indifference to serious medical needs (Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

Defendants' assertion that 33 days between Scott's initial presentation and the thrombectomy does not support an Eighth Amendment violation overlooks the critical fact that Scott was exposed to avoidable harm due to the delay. As the Magistrate noted, the defendants failed to provide medical evidence that the 40-day delay was medically acceptable under the circumstances. The medical records provided by the defendants were largely illegible and lacked adequate supporting documentation or declarations to substantiate their claims that the delay was reasonable. Thus, the Magistrate Judge correctly found a genuine issue of material fact as to whether the delay caused harm.

III.    Harm Caused by Delay in Treatment

Contrary to the defendants' assertion, Scott's medical condition and the complications arising from the delay are well-documented. Scott's claim that the delay led to permanent damage to his fistula, the need for inferior dialysis, and multiple infections, surgeries, and hospitalizations is supported by the medical records and Scott's own testimony, which provides admissible evidence that creates a genuine factual dispute. As the Magistrate Judge noted, Scott's testimony is not simply conclusory but is consistent with the factual record, and the delay in treatment led to substantial harm.

Defendants' attempt to dismiss this harm by asserting that Scott cannot prove it caused further injury is unsubstantiated. The law does not require substantial harm for a violation

of the Eighth Amendment; harm need not be substantial as long as it results from deliberate indifference to serious medical needs (Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

IV.     Qualified Immunity

Defendants' second objection, which focuses on qualified immunity, should also be rejected. The defendants argue that they are entitled to qualified immunity because there is no clearly established law that would have put them on notice that their conduct violated Scott's rights. However, as the Magistrate Judge correctly found, it was clearly established that delays in medical treatment that result in harm can violate the Eighth Amendment (Stewart v. Aranas, 32 F.4th 1192, 1195 (9th Cir. 2022)).

Defendants' reliance on their own interpretation of the medical records to argue that the delay was medically acceptable cannot shield them from liability. As the Magistrate Judge observed, the record presents genuine disputes about the facts surrounding the delay, which cannot be resolved on summary judgment. Thus, the Magistrate Judge correctly concluded that the defendants are not entitled to qualified immunity, as the law clearly established that deliberate indifference to serious medical needs can constitute a constitutional violation.

V. Conclusion

For the reasons stated above, the Magistrate Judge's Report and Recommendation should be adopted in full, and the defendants' motion for summary judgment should be denied. There are genuine issues of material fact regarding whether the delay in Scott's medical treatment was medically acceptable and whether it caused harm. Additionally, the law was clearly established at the time of the incident that such delays can violate the Eighth Amendment.

Therefore, Plaintiff respectfully requests that this Court deny the defendants' objections and allow the case to proceed to trial.

DATED this August 30<u>th</u>, 2025


Respectfully Submitted,

<u>/s/ James Edward Scott III</u>

1000 SW 62nd BLVD unit #714

Gainesville, Florida 32607

Buttonbenjamin08@gmail.com

Pro Se Litigant

AARON D. FORD
 Attorney General
KYLE L. HILL, (Bar No.16094)
 Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-0429 (phone)
(702) 486-3768 (fax)
Email: khill@ag.nv.gov

*Attorneys for Defendants Melissa Mitchell,*
*Gaylene Fukagawa, Vanessa Timbreza,*
*Kellen Prost, and Lorenzo Villegas*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III, | Case No. 3:23-cv-00231-ART-CLB |
| Plaintiff, | |
| v. | **DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** **[ECF No. 48]** |
| MICHELL, *et al.*, | |
| Defendant. | |

Defendants Melissa Mitchell, Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, and Lorenzo Villegas, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Kyle L. Hill, Deputy Attorney General, hereby object to the Report and Recommendation of U.S. Magistrate Judge.

## I.    INTRODUCTION

Defendants object to the Report and Recommendation (ECF No. 48). The Report and Recommendation (R&R) recommends this Court to deny Defendants' Motion for Summary Judgement (ECF No. 38) and asserts two basis for this recommendation. First, the R&R reasons it cannot be said as a matter of law that Defendants were not deliberately indifferent to Plaintiff James Scott's (Scott) serious medical needs, as it cannot be determined whether the delay in providing the surgery was medically acceptable under the circumstances. Second, the R&R reasons there is clearly established law, specifically

*Stewart v. Aranas,*[1] which establishes that a delay in treatment can violate the Constitution if it results in further harm. From this, the R&R found that Defendants here were on notice that a delay in treating Scott which led to further harm would be violative.

Defendants object to both of these findings, first that the record does not support Defendants' argument that Scott cannot show a violation of the Eighth Amendment as a matter of law. Second, Defendants object that the R&R defined the clearly established law at too high a level of generality.

## II.   OBJECTIONS

### A.   Objection No. 1: Defendants Object to the Finding that Defendants Failed to Show that No Violation Occurred

The R&R determined that a genuine issue of material facts exists as to whether the delay in providing the surgery was medically acceptable under the circumstances. Despite this ruling, Defendants object as the medical records contained in the record consist of typed medical notes that establish Scott received adequate medical care in a timely manner.  Scott's only retort to this is his own subjective, non-medical, and conclusory opinion that it was somehow unacceptable. Defendants respectfully disagree and object to this determination.

### B.   Objection No. 2: Defendants Object to the Legal Conclusion that there is Clearly Established Case Law Putting Defendants on Clear Notice That Their Alleged Conduct Here Violated Scott's Eighth Amendment rights

The R&R's reliance on *Stewart v. Aranas*[2] to establish that Defendants were aware their alleged conduct here was violative of the Eighth Amendment relies on too high a level of generality when determining Defendants are not entitled to qualified immunity. Without comparing any of the specific facts from either *Stewart* or the instant matter, the R&R determined Defendants should have been aware any delay which leads to injury would be a violation. Defendants respectfully disagree and object to this determination.

---

[1] 32 F.4th 1192 (9th Cir. 2022).
[2] *Id.*

Accordingly, Defendants respectfully request that this Court sustain these objections, and grant summary judgment based on qualified immunity to Defendants.

## III.   LEGAL STANDARD AND ARGUMENT

### A.   Legal Standard Regarding Objections

A party objecting to a magistrate judge's findings and recommendations must file and serve specific written objections with supporting points and authorities.[3]

"The district judge must conduct a de novo review of those portions of the specified findings or recommendations to which objections have been made."[4] "The district judge may accept, reject or modify, in whole or in part, the magistrate judge's findings or recommendations."[5] "The district judge may also receive further evidence or remand the matter to the magistrate judge with instructions."[6]

### B.   Legal Standard Pertaining to Motions for Summary Judgment

Defendants fully incorporate their Summary Judgment legal section and argument set forth in their Motion for Summary Judgment herein.[7]

### C.   Scott's Eighth Amendment Deliberate Indifference to Serious Medical Needs Claim Fails to Survive Summary Judgment

The R&R concluded that the court could not determine whether the delay in providing the surgery was medically acceptable under the circumstances due to a genuine issue of material fact existing as to whether the delay was medically acceptable under the circumstances. Further, as Scott argues that this delay in treating the clot led to permanent harm, unnecessary suffering, and life-threatening complications, there also appears to be a genuine issue of material fact as to whether Scott suffered an injury as a result of the delay.  Scott's assertions in this regard, however, are based solely on his own self-serving

///

[3] 28 U.S.C. §636(b)(1)(C); Local R. IB 3-2(a).
[4] 28 U.S.C. §636(b)(1)(C); Local R. IB 3-2(b); *see also United States v. Remsing*, 874 F.2D 614, 616 (9th Cir. 1989).
[5] Local R. IB 3-2(b).
[6] *Id.*
[7] ECF No. 38 at 4:8-5:16.

testimony, which is blatantly contradicted by the medical records that are part of this case record.

In opposing summary judgment, a plaintiff is not entitled to rely on the allegations in the complaint.[8] In addition, "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda."[9] Rule 56 provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts [that would be admissible as evidence] showing that there is a genuine issue for trial...."[10]

Furthermore, a difference of opinion between an inmate and medical staff as to the appropriate medical treatment for his condition is insufficient to establish deliberate indifference as a matter of law.[11] Likewise, a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs.[12] "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to the prisoner's health.'"[13]

Here, Scott's baldly asserts that the 40-day delay in treating the clot resulted in: An unsuccessful thrombectomy, the permanent loss of the AV fistula, the need for an inferior and riskier form of dialysis, [and] multiple infections, surgeries, and hospitalizations.[14] However, Scott cites to no admissible evidence to support this statement. Despite these conclusory statements made by a layperson, a review of the medical records shows the

---

[8] See Fed.R.Civ.P. 56(e).
[9] *S.A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir.1982).
[10] Fed.R.Civ.P. 56(e).
[11] *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).
[12] *Id.* at 1059–60.
[13] *Id.* at 1058.
[14] ECF No. 46 at 3.

thrombectomy was not unsuccessful, as claimed, but rather, as Dr. Halow's discharge notes[15] shows was successful because "[a]t the completion [of] the case the fistula was open and there was no evidence of stenosis."[16] Under complications, "none" is listed.[17] Scott's condition was listed as "stable."[18] The discharge report generated following Scott's thrombectomy is clear – the surgery was successful and there were no complications. And Scot has provided no medical evidence to the contrary.

Scott also claims the delay led to the permanent loss of the AV fistula, the need for an inferior and riskier form of dialysis, [and] multiple infections, surgeries, and hospitalizations. However, again, this statement is based solely on Scott's self-serving statement without any medical support to contradict the records in this case. Similarly, it is only Scott's statements that the dialysis he received following this procedure was somehow inferior and riskier than what he was receiving prior to the thrombectomy.[19] Despite Scott's statements, that are "blatantly contradicted" by the medical evidence, are provided without any medical support as to their potential veracity. As noted in *Scott v. Harris*,[20] such statements do not create a genuine issue of material fact. In addition, deliberate indifference to medical needs cannot be based on a lay person's difference of opinion with the course of treatment provided by the medical provider. Indeed, even a difference of opinions among doctors does not create a genuine factual issue.[21]

Scott providing a declaration to this effect is of no assistance. As noted above, he is not a medical doctor, and case law requires a genuine issue of material fact – which the medical records here establish is absent. The Federal Rules of Civil Procedure require an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. As Scott is not a doctor, and fails to

---

[15] ECF No. 40-1 at 1-2 (sealed).
[16] *Id.* at 2.
[17] *Id.*
[18] *Id.*
[19] *See* ECF No. 46 at 2, 7.
[20] 550 U.S. 372, 380 (2007).
[21] *See Toguchi*, 391 F.3d at 1058.

point to any evidence in the record supporting his lay person opinion, he is not competent to testify as to how the surgery caused certain medical outcomes, or more to the point, how the surgery or any delay in obtaining the surgery, caused him harm or further harm.

As Scott points to nothing within the evidentiary record to support his assertions, there is no genuine issue of material fact, and the motion for summary judgment should be granted.

**D.      No Clearly Established Constitutional Right Exists**

"The doctrine of qualified immunity shields officers from civil liability so long as their conduct 'does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known.'"[22] In determining whether the applicable law is "clearly established," so as to defeat qualified immunity, the Supreme Court "has repeatedly told courts-and the Ninth Circuit in particular-not to define clearly established law at a high level of generality."[23] Thus, "it does not suffice for a court simply to state that an officer may not use unreasonable and excessive force, deny qualified immunity, and then remit the case for a trial on the question of reasonableness."[24] Rather, the "law at the time of the conduct" must have defined the relevant constitutional "right's contours" in a manner that is "sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it."[25]

In finding that there is a clearly established right that Defendants had clear notice of, the R&R appears to rely on *Stewart v. Aranas*.[26, 27] However, a review of *Stewart* establishes this reliance is misplaced because as it is defined at too high of a level of generality when applied to the contours of the instant matter. In *Stewart*, the offender

---

[22]  *City of Tahlequah v. Bond*, 595 U.S. 9, 12, 142 S.Ct. 9, 211 L.Ed.2d 170 (2021) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (emphasis added)).

[23]  *Kisela*, 584 U.S. at 104, 138 S.Ct. 1148 (citation and internal quotation marks omitted).

[24]  *Id.* at 105, 138 S.Ct. 1148.

[25]  *Id.* at 104-05, 138 S.Ct. 1148 (citations omitted).

[26]  32 F.4th 1192 (9th Cir. 2022).

[27]  Defendants note that any reliance on *Stewart* is misplaced, as the decision in *Stewart* was issued on May 4, 2022, and the allegations here took place on or around May to August 2021.

waited for years to receive treatment and was apparently ignored whenever he kited or grieved for help.[28] And while *Stewart* cites to *Shapley v. Nev. Bd. of State Prison Comm'rs*, this case is even less comparable to the instant facts as Stewart waited nearly four years to receive a surgery and it appears that several recommendations were ignored.[29]  And, given that *Stewart* was decided *after* the allegations asserted in this case,[30] it is important to view the facts in *Shapley*, as opposed to *Stewart*, in making the determination of whether Defendants were on "clear notice" at the time of the events that occurred – and not after the fact.

Further, the outcome in *Stewart* and *Shapley*, that a delay in medical treatment for a prisoner can violate the Eighth Amendment prohibition on deliberate indifference to serious medical needs if the delay results in injury, does not put these Defendants on clear notice that their actions may have violated the Constitution, because there is nothing in either of those cases that provide that that sending Scott out to the hospital the day after he initially presented to medical at NNCC, and then back again 33 days after he initially presented for a thrombectomy, would clearly be a violation or otherwise unlawful in that situation.

Given the specific facts in the instant case, no reasonable official would have known they were violating Scott's rights. Defendants are entitled to qualified immunity, as there is no clearly established law, defined at a sufficient level of specificity, that would have made them aware that their alleged conduct here violated Scott's Eighth Amendment right.

## IV.  CONCLUSION

Defendants are entitled to qualified immunity, as Scott cannot show a violation actually occurred. Even if it were determined a genuine issue of material fact did exist as to whether a violation occurred, Defendants are still entitled to qualified immunity as there is no clearly established law that would have placed Defendants on notice that there

---

[28] *See Stewart v. Aranas*, 32 F.4th 1192, 1194-95 (9th Cir. 2022).

[29] *See Shapley v. Nevada Bd. Of State Prison Com'rs*, 766 F.2d 404, 406 (9th Cir. 1985).

[30] *Stewart* was decided in May 4, 2022, and the allegations here took place on or around May to August 2021.

conduct here violated Scott's rights. While there is a case which clearly establishes a delay which leads to injury can be a violation, the application of this case does not clearly establish that the Defendants conduct here was violative of Scott's rights. Therefore, Defendants respectfully object to the Report and Recommendation for the reasons stated herein and urge the Court to grant Defendants' Motion for Summary Judgment.

DATED this 2nd day of May, 2025.

AARON D. FORD
Attorney General

By:   */s/ Kyle L. Hill*
KYLE L. HILL, Bar No. 16094
Deputy Attorney General

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada and that on this 2nd day of May, 2025, I electronically filed the foregoing, **DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, addressed to the following:

James Edward Scott #1207166
3800 NW 63rd Drive
Gainesville, FL 32606

/s/ Karen Easton
An employee of the
Office of the Attorney General

**ER042**        **ER042** Page 9        **ER042**

AARON D. FORD
  Attorney General
KYLE L. HILL, (Bar No.16094)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-0429 (phone)
(702) 486-3768 (fax)
Email: khill@ag.nv.gov

*Attorneys for Defendants Melissa Mitchell,*
*Gaylene Fukagawa, Vanessa Timbreza,*
*Kellen Prost, and Lorenzo Villegas*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>                          Plaintiff,<br><br>v.<br><br>MICHELL, *et al.*,<br><br>                          Defendant. | Case No. 3:23-cv-00231-ART-CLB<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>**[ECF No.  38]** |

Defendants Melissa Mitchell, Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, and Lorenzo Villegas, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Kyle L. Hill, Deputy Attorney General, hereby reply in support of their Motion for Summary Judgment [ECF No. 38].

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND OF THE CASE

As set forth in Defendants' Motion for Summary Judgment (ECF No. 38), the law requires the dismissal of Plaintiff James Scott's (Scott) lawsuit arising out of Defendants' conduct here to be dismissed as none of their actions violated Scott's rights nor was any alleged constitutional right clearly established.

///

///

///

ER043                         ER043 Page 1                         ER043

## II.    LEGAL ARGUMENT

### A.    Defendants are Entitled to Qualified Immunity

The doctrine of qualified immunity shields officials from civil liability so long as their conduct " 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[1] A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right."[2] "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."[3] Put simply, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."[4]

"We have repeatedly told courts ... not to define clearly established law at a high level of generality."[5] The dispositive question is "whether the violative nature of particular conduct is clearly established."[6] This inquiry " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'"[7]

*Anderson v. Creighton*[8] is also instructive on the required degree of specificity. There, the lower court had denied qualified immunity based on the clearly established "right to be free from warrantless searches of one's home unless the searching officers have probable cause and there are exigent circumstances."[9] This Court faulted that formulation for failing to address the actual question at issue: whether "the circumstances with which Anderson was confronted ... constitute[d] probable cause and exigent circumstances."[10]

---

[1] *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

[2] *Reichle v. Howards*, 566 U.S. ——, ——, 132 S.Ct. 2088, 2093, 182 L.Ed.2d 985 (2012) (internal quotation *12 marks and alteration omitted).

[3] *Ashcroft v. al–Kidd*, 563 U.S. 731, 741, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011).

[4] *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

[5] *al–Kidd, supra*, at 742, 131 S.Ct. 2074.

[6] *Ibid.* (emphasis added).

[7] *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (per curiam ) (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

[8] 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

[9] *Id.,* at 640, 107 S.Ct. 3034.

[10] *Id.,* at 640–641, 107 S.Ct. 3034.

As noted by Defendants when moving for summary judgment, there is no existing precedent that has placed the statutory or constitutional question beyond debate.[11] Scott's argument in opposition fails to create an factual issue or contradicting case law that would overcome Defendants' right to summary judgment based on both the merits and under the qualified immunity doctrine. Instead, in response, Scott argues the Eighth Amendment establishes deliberate indifference to serious medical needs violates the Constitution and further argues a 40-day delay resulting in complications shows clear constitutional violations.[12] Despite this argument, Scott does so without citation to any case which establishes this assertion. Instead, Scott urges this Court to define clearly established law at the highest level of generality, something which the Supreme Court and Ninth Circuit has held repeatedly is improper.[13] Instead, this Court must analyze the specific circumstances of Plaintiff's claims and determine whether the Defendants were plainly incompetent or knowingly violated the law.

To reiterate what is plain in the motion and opposition: there is no case putting Defendants on clear notice that their alleged conduct here was violative of Plaintiff's rights. Indeed, even Scott's own argument to this Court falls short of establishing a clearly established right. To that end, as noted *supra* at 3:5-8, Scott advocates that this Court should find that a 40-day wait is unconstitutional. Yet here, the undisputed records clearly show Scott waited 33 days to receive a thrombectomy. As such, even under Scott's own advocacy to this Court, because there was not a 40-day wait, but only a 33-day wait, even if this Court were to agree with Scott's unsupported claim of a 40-day wait should be a clearly established constitutional right, it fails to provide him any relief here because (1) the wait was not 40-days and (2) any holding from this Court regarding 40-day as sought by Scott (or even 33 days) would not have put Defendants on clear notice at the time that delay occurred.. And this is true even though Scott goes on to claim that he needed to

---

[11] ECF No. 38 at 10:6-24, 11:1-3.
[12] ECF No. 46 at 3 § III.B.1.
[13] *See Mullenix v. Luna,* 577 U.S. 7, 11–12 (2015); *District of Columbia v. Wesby* 583 U.S. 48, 63-64 (2018).

receive the thrombectomy within 3-5 days is unsupported, and the evidentiary record present here directly contradicts this assertion. There was no violation of Scott's rights, and even if this Court determines a reasonable jury could find there was a violation, there is no clearly established caselaw which would have placed Defendants on notice of such.

## III.   CONCLUSION

Defendants did not violate Scott's rights when Scott waited 33 days from the initial presentation of his fistula being clotted to receiving a thrombectomy. Even if the Court were to determine a reasonable jury could find the conduct alleged here violative, there is no clearly established case law that a 33-day wait to receive a thrombectomy, or even a 40-day wait based on Scott's unsupported claims, would have placed Defendants' on clear notice that their conduct violated Scott's constitutional rights. For these reasons, this Court must grant Defendants' Motion for Summary Judgment.

DATED this 28th day of March, 2025.

> AARON D. FORD
> Attorney General
>
> By:   */s/ Kyle L. Hill*
>       KYLE L. HILL, Bar No. 16094
>       Deputy Attorney General
>
> *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada and that on this 28th day of March, 2025, I electronically filed the foregoing, **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF No. 38],** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, addressed to the following:

James Edward Scott #1207166
3800 NW 63rd Drive
Gainesville, FL 32606

An employee of the
Office of the Attorney General

_Filed _Received _Entered _Served On
Counsel/Parties of Record

MAR 1 4 2025

Clerk U.. Disirict Court
District of Nevada

By:_____ Deputy

James Edward Scott III
3800 NW 63rd Drive
Gainesville, Florida 32606
702-888-6805
Buttonbenjamin08@gmail.com
Pro Se Plaintiff

.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

JAMES EDWARD SCOTT III,
Plaintiff,

v.

MELISSA MITCHELL, GAYLENE FUKAGAWA, VANESSA TAMBRIZA, KELLEN PROSS, and
LORENZO VALEGAS,
Defendants.

Case No. 3:23-cv-00231-ART-CLB

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I. INTRODUCTION

Plaintiff, James Edward Scott III, respectfully submits this Opposition to Defendants' Motion for
Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Defendants argue that they
are entitled to judgment as a matter of law; however, the facts, when viewed in the light most
favorable to Plaintiff, establish that there are genuine disputes of material fact regarding
Defendants' deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth
Amendment and their violation of Plaintiff's religious rights under the First Amendment and
RLUIPA.

II. STATEMENT OF FACTS

1. On May 1, 2021, Plaintiff noticed that his AV fistula in his right arm was clotting and
immediately notified the appropriate medical officials, including all named Defendants.

**ER048**                    **ER048**                    **ER048**

2. Despite this notification, Defendants failed to take appropriate action within a reasonable timeframe, resulting in a 40-day delay in medical intervention.

3. Plaintiff did not receive a thrombectomy until on or around June 10, 2021, well beyond the recommended 3 to 5-day standard of care window necessary to successfully salvage a clot.

4. Due to the excessive delay, the thrombectomy was unsuccessful and required 17 staples in Plaintiff's right arm.

5. As a result of this failure, Plaintiff was forced to rely on an inferior and high-risk form of dialysis via permacatheter, which led to:

Eight separate infections,

Fluid retention, fluid overload, and overtoxin buildup,

Cognitive decline, optical migraines, severe headaches, muscle cramps, nausea, and vomiting,

Heart complications, including palpitations, irregularities, and high blood pressure,

Multiple surgical procedures to repair permacatheter sites,

Numerous hospitalizations and missed dialysis treatments due to permacatheter issues.

6. Plaintiff alleges that Defendants' failure to act with urgency amounts to deliberate indifference to his serious medical needs

III. LEGAL ARGUMENT

A. Defendants Violated the Eighth Amendment Through Deliberate Indifference to Plaintiff's Serious Medical Needs

To establish an Eighth Amendment claim for deliberate indifference, a plaintiff must show:
(1) A serious medical need; and
(2) That prison officials acted with deliberate indifference to that need (Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

Here, Plaintiff's AV fistula clotting is an undisputed serious medical condition, as dialysis is critical for survival. Defendants were subjectively aware of Plaintiff's condition but failed to

provide timely medical care, leading to permanent harm, unnecessary suffering, and life-threatening complications.

The 40-day delay in treating the clot resulted in:

An unsuccessful thrombectomy,

The permanent loss of the AV fistula,

The need for an inferior and riskier form of dialysis,

Multiple infections, surgeries, and hospitalizations.

A delay in necessary medical treatment constitutes deliberate indifference when it exacerbates the condition or results in further significant harm (McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Given that Plaintiff suffered avoidable infections, physical pain, and permanent complications, Defendants' failure to act constitutes deliberate indifference under the Eighth Amendment.

B. Defendants Are Not Entitled to Qualified Immunity

Defendants argue that they are entitled to qualified immunity, but this defense does not apply when an official violates clearly established constitutional rights.

1. Eighth Amendment: It is well-established that deliberate indifference to serious medical needs violates the Constitution (Estelle, 429 U.S. at 104). The 40-day delay and resulting complications show clear constitutional violations.

2. First Amendment/RLUIPA: Courts have long held that prison officials cannot substantially burden religious exercise without justification (Cutter v. Wilkinson, 544 U.S. 709 (2005)). Defendants' refusal to allow Plaintiff to pray was an obvious violation.

Because no reasonable official could believe that delaying life-saving medical care or denying religious prayer was lawful, qualified immunity must be denied.

IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion for Summary Judgment in its entirety.

EXECUTED ON THE 12TH DAY OF MARCH, 2025

Respectfully submitted,

James Edward Scott III.
Plaintiff, Pro Se

PLAINTIFF, PRO SE

**ER051**                    **ER051**                    **ER051**

# EXHIBIT A

# DECLARATION
# OF
# JAMES EDWARD SCOTT III

# EXHIBIT A

DECLARATION OF JAMES EDWARD SCOTT III

I, James Edward Scott III, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct based on my personal knowledge:

1. Incarceration Status at All Relevant Times

At all dates and times relevant to this declaration, I was an inmate incarcerated at the Northern Nevada Correctional Center (NNCC), under the custody and control of the Nevada Department of Corrections (NDOC).

2. Presentation of AV Fistula Thrombosis and Initial Denial of Treatment

On August 13, 2021, at approximately 4:00 p.m. during chow time, I first noticed that my arteriovenous (AV) fistula was clotting. As someone dependent on hemodialysis, I was trained to routinely check for changes in the "thrill" of my fistula. When I first checked, the thrill was noticeably weaker than normal. I monitored it over the next 10 minutes, and it continued to weaken. Recognizing this as an emergent medical situation requiring urgent intervention, I immediately reported to the infirmary and notified the medical staff that my fistula was clotting and that I needed to be sent to the hospital within the next 3 to 5 days for a thrombdectomy to salvage it.

3. Denial of Emergency Care and Delay in Treatment

Upon arrival at the infirmary, I informed Correctional Officer Kleymann, who was stationed at the front desk, of my urgent condition. He was conducting pill call alongside two nurses. Instead of facilitating my access to medical care, he dismissed my request, stating, "We're doing pill call right now. Come back later." I reiterated the urgency of my condition, but I was again told to return later. Having been turned away, I ran to Unit 3 in an attempt to seek medical assistance there. However, due to housing restrictions, I was denied entry, preventing me from obtaining the necessary medical attention.

**ER053**                              **ER053**                              **ER053**

### 4. Fistula Becomes Fully Clotted

By the time I was able to return to the infirmary later that night, my fistula had fully clotted, and the thrill was completely gone. A male nurse confirmed that the fistula was now fully occluded and that I required a thrombdectomy. However, instead of communicating this medical necessity to the hospital, prison officials only instructed hospital staff to place a permacatheter for dialysis, failing to ensure that I received the thrombdectomy required to salvage my fistula.

### 5. Excessive Delay in Performing a Thrombdectomy

Medical standards dictate that a thrombdectomy must be performed within a 48-hour to 5-day window to successfully restore function to a clotted AV fistula. According to the Merck Manual, "Thrombosed AVFs should ideally be treated within 48 hours to avoid the need for catheter placement and to enhance the likelihood of successful salvage." (Merck Manual) Failure to do so results in increased clot adherence to the vessel walls, making successful salvage increasingly difficult, if not impossible.

Instead of ensuring that I received the necessary thrombdectomy within this critical time frame, medical staff delayed treatment for 33 days. By the time a thrombdectomy was finally attempted, it was unsuccessful due to the prolonged delay, resulting in the permanent loss of my AV fistula.

### 6. Permanent Harm and Complications from Medical Negligence

The failure to perform a timely thrombdectomy forced me to rely on an inferior dialysis method using a permacatheter, which is associated with a significantly higher risk of complications. As a direct result of this avoidable delay, I suffered:

Nine enterobacter and staphylococcus infections due to the increased infection risks associated with permacatheter dialysis.

Multiple hospitalizations and weeks of antibiotic therapy due to bloodstream infections.

Severe dialysis complications, including fluid overload, cognitive decline, high blood pressure, severe muscle cramps, nausea, vomiting, and toxin buildup.

Nine separate permacatheter removals and replacements, each requiring surgical intervention and causing additional pain and suffering.

Permanent loss of all viable fistula sites, meaning I can never again receive the superior form of dialysis that was medically necessary for my well-being.

7. Conclusion

At all times relevant to this declaration, I was an inmate at NNCC and was entirely dependent on the institution for my medical care. The excessive and unjustified delay in my treatment represents a blatant violation of the standard of care for managing AV fistula thrombosis. Had medical staff acted in accordance with established medical guidelines, I would have received a timely thrombdectomy, and my fistula would have been salvaged. Instead, due to their negligence, I have suffered permanent harm and a significantly diminished quality of life.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12ᵀᴴ day of MARCH, 2025.

James Edward Scott III

PLAINTIFF, PRO SE

PLAINTIFF, PRO SE

**ER055**                    **ER055**                    **ER055**

AARON D. FORD
  Attorney General
KYLE L. HILL, (Bar No.16094)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-0429 (phone)
(702) 486-3768 (fax)
Email: khill@ag.nv.gov

*Attorneys for Defendants Melissa Mitchell, Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, and Lorenzo Villegas*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>                    Plaintiff,<br><br>v.<br><br>MICHELL, *et al.*,<br><br>                    Defendant. | Case No. 3:23-cv-00231-ART-CLB<br><br><br>**NOTICE OF UNDER SEAL SUBMISSION OF PLAINTIFF'S RELEVANT MEDICAL RECORDS** |

Defendants Melissa Mitchell, Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, and Lorenzo Villegas, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Kyle L. Hill, Deputy Attorney General, hereby provide notice that they have submitted, under seal: Ex. B Relevant Medical Records.

DATED this 21st day of January, 2025.

AARON D. FORD
Attorney General


By:    */s/ Kyle L. Hill*
       KYLE L. HILL, Bar No. 16094
       Deputy Attorney General
       *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada and that on this 21st day of January, 2025, I electronically filed the foregoing, **NOTICE OF UNDER SEAL SUBMISSION OF PLAINTIFF'S MEDICAL RECORDS,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, addressed to the following:

> James Edward Scott #1207166
> 3800 NW 63rd Drive
> Gainesville, FL 32606

An employee of the
Office of the Attorney General

**ER057**                       **ER057** Page 2                       **ER057**

AARON D. FORD
  Attorney General
KYLE L. HILL, (Bar No.16094)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-0429 (phone)
(702) 486-3768 (fax)
Email: khill@ag.nv.gov

*Attorneys for Defendants Melissa Mitchell,*
*Gaylene Fukagawa, Vanessa Timbreza,*
*Kellen Prost, and Lorenzo Villegas*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III, | Case No. 3:23-cv-00231-ART-CLB |
| Plaintiff, | |
| v. | **DEFENDANTS' MOTION FOR LEAVE TO FILE PLAINTIFF'S RELEVANT MEDICAL RECORDS UNDER SEAL** |
| MICHELL, *et al.*, | |
| Defendant. | |

Defendants Melissa Mitchell, Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, and Lorenzo Villegas, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Kyle L. Hill, Deputy Attorney General, hereby Move this Court to grant Defendants' Motion for Leave to File Plaintiff's Relevant Medical Records Under Seal.

## MEMORANDUM OF POINTS AND AUTHORITIES

It is well established in the Ninth Circuit that there is a strong presumption of public access to judicial records. *See Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (*quoting Kamakana*, 447 F.3d at 1178).

///

To overcome the presumption in the context of a dispositive motion, the moving party must show compelling reasons that support maintaining the secret nature of the documents. *Kamakana*, 447 F.3d at 1180. The compelling reasons must outweigh the public's interest in having access to the judicial records and in understanding the judicial process. *Id.* at 1178–79. Medical privacy has qualified as a "compelling reason," for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10–02258 SBA, 2011 WL89931, at *n. 1 (N.D.Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, No. 09–000545 SOM/BMK, 2010 WL4715793, at * 1–2 (D.HI. Nov. 15, 2010); *G. v. Hawaii*, Nos. 08–00551 ACK–BMK, 09–00044 ACK–BMK, 2010 WL 267483, at * 1 (D. HI. June 25, 2010); *Wilkins v. Ahern*, No. C 08–1084 MMC (PR), 2010 WL3755654, at *4 (N.D.Cal. Sept. 24, 2010); *Lombardi v. Tri West Healthcare Alliance Corp.*, No. CV–08–02381–PHX–FJM, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009).

The Medical Records being submitted to the Court, as exhibits in support of Defendants' motion for summary judgment, are found in Plaintiff's medical file and are reasonably related to Plaintiff's medical care. To protect Plaintiff's medical privacy and to maintain these records' confidentiality, Defendants request that the documents be sealed. Based on the foregoing, Defendants respectfully request that this Court enter an Order allowing Defendants to file Plaintiff's Relevant Medical Records under seal.

To ensure Plaintiff is able to review these files, undersigned counsel will provide a copy of Ex. B Relevant Medical Records, to Plaintiff's current address of record to allow Plaintiff to review these records.

## CONCLUSION

This Court should grant Defendants' Motion to file Plaintiff's Relevant Medical Records under seal. These Medical Records contain Plaintiff's confidential medical information.

///

///

///

Accordingly, there is a compelling reason to seal these records. Finally, undersigned counsel will provide a copy of Plaintiff's Relevant Medical Records to Plaintiff's current address of record to allow Plaintiff to review these records.

DATED this 21st day of January, 2025.

AARON D. FORD
Attorney General

By:    */s/ Kyle L. Hill*
KYLE L. HILL, Bar No. 16094
Deputy Attorney General
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada and that on this 21st day of January, 2025, I electronically filed the foregoing, **DEFENDANTS' MOTION FOR LEAVE TO FILE PLAINTIFF'S RELEVANT MEDICAL RECORDS UNDER SEAL,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, addressed to the following:

James Edward Scott #1207166
3800 NW 63rd Drive
Gainesville, FL 32606

_____
An employee of the
Office of the Attorney General

AARON D. FORD
  Attorney General
KYLE L. HILL, (Bar No.16094)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-0429 (phone)
(702) 486-3768 (fax)
Email: khill@ag.nv.gov

*Attorneys for Defendants Melissa Mitchell,
Gaylene Fukagawa, Vanessa Timbreza,
Kellen Prost, and Lorenzo Villegas*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>                 Plaintiff,<br><br>v.<br><br>MICHELL, *et al.*,<br><br>                 Defendant. | Case No. 3:23-cv-00231-ART-CLB<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Defendants Melissa Mitchell, Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, and Lorenzo Villegas, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Kyle L. Hill, Deputy Attorney General, hereby move this Court, pursuant to FRCP Rule 56, for an Order granting Summary Judgment.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND OF THE CASE

This is a *pro se* prisoner civil rights action brought by Plaintiff James Edward Scott (Scott), asserting claims pursuant to 42 U.S.C. § 1983.[1] Following mandatory screening of the complaint, this Court allowed Scott to proceed with an Eighth Amendment deliberate indifference to a serious medical need against Melissa Mitchell, Gaylene Fukagawa,

///

---

[1] ECF No. 6.

Vanessa Timbreza, Mallory, Kellen Prost, and Lorenzo Villegas.[2] Defendants submit this motion for summary judgment on this claim as they are entitled to summary judgment as Defendants are entitled to summary judgment as no constitutional violation occurred. If the Court determines a constitutional violation did occur, there is no "clear notice" that Defendants' actions in this particular case violated Scott's constitutional rights.

## II.  FACTUAL SUMMARY

### A.  Summary of Allegations

Scott alleges he suspected his AV fistula[3] was clotting and sought medical care on May 1, 2021. Despite seeking care, Scott claims he did not receive medical care for 40 days, or until or around June 10, 2021. According to the complaint, Scott received a thrombectomy[4] at the hospital on or around this date. Scott claims this delay resulted in more intense surgery, the permanent loss of the AV fistula for dialysis treatment, and infection at the permacatheter site subsequently used for his dialysis treatment.

### B.  Undisputed Facts

#### 1.  Review of Medical Records

Scott did not go to the hospital for a thrombectomy on or around June 10, 2021.[5] From December of 2019 until August of 2021, Scott was housed at Northern Nevada Correctional Center (NNCC) without any visits to the Carson Tahoe Hospital (CTH).[6] Scott did visit the hospital on August 14, 2021.[7] The reason for this visit was Scott presenting at ///

---

[2] ECF No. 5 at 9:16-19.

[3] https://www.ncbi.nlm.nih.gov/books/NBK559085/ last visited January 21, 2025 (Dialysis fistula creation is a commonly performed procedure for patients who suffer from the end-stage renal disease who require permanent vascular access for hemodialysis. Arteriovenous fistulas are the preferred initial access compared to prosthetic grafts or hemodialysis catheters)

[4] https://www.azuravascularcare.com/medical-services/dialysis-access-management/thrombectomythrombolysis-procedure/ last visited January 21, 2025 (When blood clots develop in a dialysis access the clotting needs to be treated to restore blood flow through the access. These treatments include: Thrombectomy utilizes an angioplasty balloon catheter, and perhaps a specialized mechanical device to break up and remove the blood clot from the fistula or graft.

[5] *See* Ex. A (Offender Movement History) at 5 (NDOC 205).

[6] *Id.*

[7] *Id.*

the infirmary on August 13, 2021, with no thrill[8] in fistula in his right arm.[9] Scott told the medical staff he had dialysis earlier, and it was determined a reassessment at his next dialysis was needed.[10] On August 14, 2021, Scott presented with no bruit and no thrills, and the decision was made to send Scott to CTH.[11]

After arriving at CTH, Scott received a tunnel dialysis catheter.[12] With a functioning catheter, Scott was then returned to NNCC.[13] While not directly alleged in the Complaint, Defendants note Scott was thereafter routinely seen by medical providers in order to provide an AVF thrombectomy with Dr. Halow at Carson Surgical Group.[14] The procedure was successfully performed on September 15, 2021.[15]

Scott routinely meets with his Nephrologist in order to review his care. There are comprehensive encounter notes from April 9, 2021, June 24, 2021, July 29, 2021, and August 26, 2021.[16] During the months of May, June, and July, the notes reflect Scott's care proceeding as normal.[17] It is not until after his visit to CTH on August 14, 2021, where the notes mention the AV fistula clotting.[18] Prior to Scott's visit to the infirmary on August 13, 2021, there was no indication of his AV fistula clotting, and Scott appears to have received his dialysis as needed until August 14, 2021, where upon he was immediately transported to CTH for additional care.[19]

---

[8] https://www.azuravascularcare.com/infodialysisaccess/dialysis-access-is-not-working-properly/ last visited January 21, 2025. (Making sure your dialysis access is functioning properly at all times is imperative to your health and well-being. If your access site looks red, irritated or shows any other signs of infection, you'll want to see your doctor as soon as possible. You can listen to your access site for a swishing sound, called a bruit. And, you'll want to feel for vibration, called a "thrill).

[9] Ex. B (Relevant Medical Records) at 16 (NDOC 1021).

[10] *Id.*

[11] *Id.*

[12] *Id.* at 24 (NDOC 2320); https://lavascular.com/permcath/ last visited January 21, 2025 (A permacath is a name for a tunneled hemodialysis catheters — Tunneled dialysis catheters are generally double-lumen catheters with a polyester cuff positioned 1 to 2 cm from the skin exit site usually on the chest).

[13] *Id.*; Ex. A at 6 (NDOC 206).

[14] Ex. B at 19 (NDOC 2247).

[15] *Id.* at 1 (NDOC 977).

[16] *Id.* at 4, 7-9 (NDOC 984, 987-989).

[17] *See id.*

[18] *Id.* at 4 (NDOC 984).

[19] Ex. B at 16 (NDOC 1021).

## 2.    Review of Grievance History

On October 26, 2021, Scott submitted informal grievance 2006-31-29718, stating he went into the infirmary on August 13, 2021, and reported that his AV fistula had stopped working, and that if he received immediate medical attention the fistula could be salvaged.[20] The grievance appears to have been resolved on May 6, 2022, however it should be noted the level 1 and level 2 grievances appear to be more about Scott receiving the COVID vaccine as the cause of his fistula clotting rather than the alleged delay in care.[21]

## III.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22]

A court considering summary judgment must decide if a genuine need for trial exists, "—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[23] "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims."[24] Fed. R. Civ. Pro. 56 is the "summary judgment rule."[25]

Fed. R. Civ. Pro. 56(a) states as follows:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion. "Under Rule 56(c), summary judgment is proper 'if . . . there is no genuine issue as to any material fact and the moving party is entitled to a judgment as

---

[20]  Ex. C (Inmate Grievance History) at 140 (NDOC 143).
[21]  *Id.* at 141 (NDOC 144).
[22]  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).
[23]  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).
[24]  *Celotex Corp.,* 477 U.S. at 323-24.
[25]  *Id.* at 322–23.

a matter of law.'"[26] A fact is considered "material," for summary judgment purposes, if it "affect[s] the outcome of the suit."[27] Accordingly, the substantive law determines the material facts.[28]

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion."[29] Defendants moving for summary judgment "must either produce evidence negating an essential element of the [plaintiff's] claim . . . or show that the [plaintiff] does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."[30]

Then, "[w]hen the moving party has carried its burden under Rule 56(c)," the burden shifts to the non-moving party who "must do more than simply show that there is some metaphysical doubt as to the material facts."[31] A properly supported motion for summary judgment will defeat contradictory, but unsubstantiated allegations in a complaint:

> It is true that the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. . . . What Rule 56(e) does make clear is that a party cannot rest on the allegations . . . contained in her pleadings.[32]

## IV.   LEGAL ANALYSIS

### A.   The Defendants are Entitled to Qualified Immunity

The defense of qualified immunity protects state officials sued in their individual capacities from damages unless the conduct complained of violates a clearly established constitutional or statutory right of which a reasonable person would have known.[33] Therefore, regardless of whether a constitutional violation occurred, state officers prevail

---

[26] *Id.* at 322 (quoting Fed. R. Civ. Pro. 56(c)).
[27] *Anderson*, 477 U.S. at 248.
[28] *Id.* ("[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs.").
[29] *Celotex Corp.*, 477 U.S. at 323.
[30] Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000).
[31] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).
[32] First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968).
[33] *Jackson v. City of Bremerton*, 268 F.3d 646, 650 (9th Cir. 2001).

if the right asserted by the plaintiff was not "clearly established" or if the state officers could have reasonably believed their conduct was lawful.[34] The Plaintiff bears the burden of proving that a right allegedly violated was clearly established at the time of the alleged misconduct.[35] When a public official acts in reliance on a statute or regulation, that official is entitled to qualified immunity unless the statute or regulation is "patently violative of fundamental constitutional rights."[36]

A reasonable but mistaken belief one's actions are lawful, based on facts or legal authority, entitles a defendant to qualified immunity.[37]Qualified immunity shields government officials from suit against constitutionally deficient decisions that reasonably misapprehend the law; it extends to "all but the plainly incompetent or those who knowingly violate the law."[38] The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation."[39]

In *Schroeder v. McDonald*, the Ninth Circuit Court of Appeals discussed the importance of deciding immunity questions early on in the litigation. The Court stated:

> The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." The rule of qualified immunity "'provides ample support to all but the plainly incompetent or those who knowingly violate the law.'" "Therefore, *regardless of whether the constitutional violation occurred*, the officer should prevail if the right asserted by the plaintiff was not 'clearly established' or the officer could have reasonably believed that his particular conduct was lawful." Furthermore, "[t]he entitlement is an immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial."[40]

///

---

[34] *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).
[35] *Baker v. Racansky*, 887 F.2d 183, 186 (9th Cir. 1989) (citing *Davis v. Scherer*, 468 U.S. 183, 197, 104 S. Ct. 3012 (1984)).
[36] *Dittman v. California*, 191 F.3d 1020 (9th Cir. 1999) (quoting *Grossman v. City of Portland*, 33 F.3d 1200, 1210 (9th Cir. 1994)).
[37] *Floyd v. Laws*, 929 F.2d 1390, 1394 (9th Cir. 1991).
[38] *Mueller v. Auker*, 576 F.3d 979, 992 (9th Cir. 2009) (citations omitted).
[39] *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (citations omitted).
[40] *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995) (emphasis in original; internal citations omitted).

When conducting the qualified immunity analysis, district courts "ask (1) whether the official violated a constitutional right and (2) whether the constitutional right was clearly established."[41] The court may analyze the elements of the test in whatever order is appropriate under the circumstances of the case.[42] Whether the right is established is an objective inquiry, and it turns on whether a reasonable official in the defendant's position should have known at the time that his conduct was constitutionally infirm.[43]

Stated differently, only where a state official's belief as to the constitutionality of his conduct is "plainly incompetent" is qualified immunity unavailable.[44] Although the second inquiry is highly deferential, it is not necessary that the precise action has previously been held unlawful for a right to be "clearly established."[45] Therefore, the Court must assess qualified immunity "'in light of the specific context of the case.'"[46]

Here, the Defendants are entitled to qualified immunity under both prongs of this required analysis.

### 1. No Constitutional violation occurred

#### a. Scott's Eighth Amendment deliberate indifference to a serious medical need claim fails to survive summary judgment standards of scrutiny

A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[47] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference."[48]

///

---

[41] *C.B. v. City of Sonora*, 769 F.3d 1005, 1022 (9th Cir. 2014) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 and 236(2009)).

[42] *Pearson*, 555 U.S. at 240-42.

[43] *Anderson,* 483 U.S. 635, 639-40, (1987); *Lacey v. Maricopa Cnty*, 693 F.3d 896, 915 (9th Cir. 2012).

[44] *Stanton v. Sims*, 571 U.S. 3 (2013) (per curium).

[45] *Anderson*, 483 U.S. at 640.

[46] *Tarabochia v. Adkins*, 766 F.3d 1115, 1121 (9th Cir. 2014) (quoting *Robinson v. York,* 566 F.3d 817, 821 (9th Cir. 2009).

[47] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[48] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[49]

To prove deliberate indifference, a plaintiff must prove that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[50] Thus, a complaint that a medical professional "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."[51] Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.[52]

In addition, to satisfy the deliberate indifference prong, a plaintiff must show "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[53] When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further harm.[54] Prison officials who know of a substantial risk to an inmate's health and safety are liable only if they responded unreasonably to the risk, even if the harm ultimately was not averted.[55]

Furthermore, a difference of opinion between an inmate and medical staff as to the appropriate medical treatment for his condition is insufficient to establish deliberate indifference as a matter of law.[56] Likewise, a difference of opinion between medical

---

[49] *Jett v. Penner,* 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).
[50] *Farmer,* 511 U.S. at 837; *see also Peralta v. Dillard,* 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).
[51] *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).
[52] *See Toguchi v. Chung,* 391 F.3d 1051, 1060 (9th Cir. 2004).
[53] *Jett,* 439 F.3d at 1096.
[54] *See Shapley v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").
[55] *See Farmer,* 511 U.S. at 844; *see also Peralta,* 744 F.3d at 1087.
[56] *See Toguchi,* 391 F.3d at 1058.

professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs.[57] "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to the prisoner's health.'"[58]

Here, there was no deliberate indifference. Scott presented to the infirmary on August 13, 2021, because the AV fistula had stopped working. Medical staff determined to monitor any changes or worsening of the symptoms.[59] The very next day, Scott was transported to CTH where he received a new non-tunnel dialysis catheter. On August 16, 2021, a consultation request/ report was submitted requesting an evaluation with Dr. Beal for a possible thrombectomy or revision of the AV fistula.[60] On August 17, 2021, Scott was seen by Dr. Halow where it was determined Scott would undergo a right upper extremity fistula thrombectomy.[61] This progress note was signed by Dr. Halow on August 26, 2021.[62] That same day, August 26, 2021, another consultation request/ report was submitted for Scott to receive the recommended procedure. The procedure was then performed on September 15, 2021, where the fistula was opened.[63]

A review of this record cannot support any finding that there was a delay, nor any purposeful act or inaction by any of the named Defendants. Within one day of presenting to medical regarding his fistula closing, Scott was sent to the hospital. Within a few days of being released, he was seen again for an evaluation as to whether he needed a thrombectomy. Once it was determined he required the thrombectomy, on the very same day Dr. Halow signed the progress note, Dr. Naughton prepared and submitted a request for Scott to receive this procedure. Only 20 days later, Scott had this procedure. Scott has failed to provide any admissible evidence that this 20 day delay caused any harm or further

---

[57] *Id.* at 1059–60.
[58] *Id.* at 1058.
[59] Ex. B at 16 (NDOC 1021).
[60] *Id.* at 18 (NDOC 2085).
[61] *Id.* at 6 (NDOC 986).
[62] *Id.*
[63] *Id.* at 1 (NDOC 977).

injury, or that NDOC could have, but intentionally chose to, delay the treatment for 20 days.[64] Essentially, no reasonable juror could review the relevant record and determine Scott's Eighth Amendment right was violated as a result of waiting 33 days from the initial presentation of his fistula being clotted and receiving the thrombectomy.

### 2.    No clearly established constitutional right exists

Should this Court find there is a question of fact as to whether a constitutional violation of the Eighth Amendment has occurred, based on Scott's allegations, qualified immunity is still appropriate because there is no case that would put defendants on "clear notice" that their actions in this particular case violated Scott's constitutional rights.

Qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law."[65] "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."[66] Qualified immunity is not available to an official "when it would be clear to a reasonable officer that his conduct was unlawful in the situation he was confronted."[67] Additionally, qualified immunity "would be defeated [only] if an official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the plaintiff."[68]

There is nothing in this case that would have put Defendants on clear notice that they were in violation of Scott's Eighth Amendment right by sending him to the hospital a day after he presented with a potentially clotted fistula, or by having to wait only 33 days to receive a thrombectomy. Had the situation been as dire as Scott claims, hospital staff at CTH would have likely raised this concern, rather than providing a tunnel dialysis catheter and then discharging Scott back to NNCC. And again, Scott only had to wait 33 days from the time he first presented a concern to medical to the time he received the thrombectomy.

---

[64] *See generally* Ex. B; *see Shapley*, 766 F.2d at 407.

[65] *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

[66] *Hope v. Pelzer*, 536 U.S. 730, 739 (2002).

[67] *Id*. at 746 (quoting *Saucier v. Katz*, 533 U.S. 194, 202, overturned in part on different grounds by *Pearson*, 555 U.S. 223).

[68] *Id*. at 349 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)) (internal quotation and emphasis omitted).

There is no case that would put Defendants on such notice, because the very idea that having to wait the short period of time that Scott had to wait would be violative of Scott's rights.

## V.    CONCLUSION

The Defendants are entitled to qualified immunity because Scott has failed to establish any deliberate indifference. Following his initial visit to medical on August 13, 2021, Scott was transported to CTH the very next day and thereafter was routinely seen up until he received a thrombectomy to correct the clot. From the time he first presented to the day he received the procedure, only 33 days had passed. Additionally, there was no clearly established case law that would have placed Defendants on clear notice that they were potentially violating Scott's rights. For these reasons, the Court must grant this motion and dismiss this action.

DATED this 21st day of January, 2025.

AARON D. FORD
Attorney General

By:    */s/ Kyle L. Hill*
KYLE L. HILL, Bar No. 16094
Deputy Attorney General

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada and that on this 21st day of January, 2025, I electronically filed the foregoing, **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, addressed to the following:

> James Edward Scott #1207166
> 3800 NW 63rd Drive
> Gainesville, FL 32606

An employee of the
Office of the Attorney General

# EXHIBIT A

## Offender Movement History Report

# EXHIBIT A

ER074                    ER074                    ER074

Case: 25-6843   04/07/2026   DktEntry: 103.3   Page: 47 of 270
Case 3:23-cv-00231-ART-CLB   Document 38-1   Filed 01/21/25   Page 2 of 8

# O F F E N D E R   M O V E M E N T   H I S T O R Y   R E P O R T

**FROM: 11/08/2018     TO: 12/29/2023**

---

**ID#**   :   0001207166     **NAME:** JAMES,   SCOTT     **ADMIT DATE:** 12/20/2023

**BIRTH DATE:**   08/03/1988     **ADMIT TIME:** 15:52

---

| DATE | TIME | INST | TYPE | ASSIGNMENT | COMMENT |
|---|---|---|---|---|---|
| 12/26/2023 | 00:00 | NNCC | Assessment | NNCC | Close |
| 12/22/2023 | 15:47 | NNCC | HOUSING_LOCATION | NNCC-U7-B-8-A | |
| 12/21/2023 | 16:16 | NNCC | HOUSING_LOCATION | NNCC-U8-B-21-A | |
| 12/20/2023 | 16:10 | NNCC | HOUSING_LOCATION | NNCC-U7-A-5-A | |
| 12/20/2023 | 15:52 | NNCC | TRANSFER | FROM CTRMC TO NNCC | RETURN FROM CTRMC |
| 12/20/2023 | 15:52 | NNCC | ADMISSION OR RE-ADMISSION | FROM CTRMC TO NNCC | |
| 12/20/2023 | 15:52 | NNCC | HOUSING_LOCATION | NNCC-RC | |
| 12/19/2023 | 13:56 | NNCC | HOUSING_LOCATION | CTRMC-RC | |
| 12/19/2023 | 13:56 | NNCC | ADMISSION OR RE-ADMISSION | FROM NNCC TO CTRMC | |
| 12/19/2023 | 13:55 | NNCC | TRANSFER | FROM NNCC TO CTRMC | ADMIT TO CTRMC 210 |
| 12/19/2023 | 13:55 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | ADMIT TO CTRMC 210 |
| 12/19/2023 | 00:34 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | |
| 12/16/2023 | 17:27 | NNCC | HOUSING_LOCATION | NNCC-U7-A-5-A | |
| 12/16/2023 | 17:26 | NNCC | ADMISSION OR RE-ADMISSION | FROM CTRMC TO NNCC | |
| 12/16/2023 | 17:25 | NNCC | TRANSFER | FROM CTRMC TO NNCC | RELEASED FROM CTRMC |
| 12/15/2023 | 18:40 | NNCC | HOUSING_LOCATION | CTRMC-RC | |
| 12/15/2023 | 18:39 | NNCC | ADMISSION OR RE-ADMISSION | FROM NNCC TO CTRMC | see IR log, med equipment issues, omd stats |
| 12/15/2023 | 18:39 | NNCC | TRANSFER | FROM NNCC TO CTRMC | ADMITTED TO CTRMC ROOM 374 |
| 12/15/2023 | 18:39 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | ADMITTED TO CTRMC ROOM 374 |
| 12/15/2023 | 09:20 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | NNCC Van |
| 11/17/2023 | 15:12 | NNCC | HOUSING_LOCATION | NNCC-U7-A-5-A | |
| 11/04/2023 | 12:40 | NNCC | HOUSING_LOCATION | NNCC-U2-C-6-D | |
| 11/04/2023 | 12:40 | NNCC | ADMISSION OR RE-ADMISSION | FROM CTRMC TO NNCC | |
| 11/04/2023 | 12:38 | NNCC | TRANSFER | FROM CTRMC TO NNCC | released from ctrmc |
| 11/03/2023 | 18:48 | NNCC | HOUSING_LOCATION | CTRMC-RC | |
| 11/03/2023 | 18:47 | NNCC | ADMISSION OR RE-ADMISSION | FROM NNCC TO CTRMC | see IR log, omd stats |
| 11/03/2023 | 18:47 | NNCC | TRANSFER | FROM NNCC TO CTRMC | ADMITTED TO CTRMC ROOM 210 |
| 11/03/2023 | 18:47 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | ADMITTED TO CTRMC ROOM 210 |
| 11/03/2023 | 11:59 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | ER VIA NNCC VAN |
| 11/02/2023 | 20:21 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | DISCHARGED FROM CTRMC |
| 11/02/2023 | 11:16 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | er via van |
| 10/31/2023 | 13:16 | NNCC | HOUSING_LOCATION | NNCC-U2-C-6-D | |
| 10/30/2023 | 19:29 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | |
| 10/30/2023 | 12:58 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | VIA VAN FOR DIALYSIS PORT ISSUES PER APRN VILLEGAS |
| 10/16/2023 | 14:15 | NNCC | HOUSING_LOCATION | NNCC-U1-C-3-K | |
| 09/19/2023 | 14:39 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | RETURN FROM CTRMC-ER |
| 09/19/2023 | 06:46 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | CTRMC ER VIA VAN DUE TO DIALYSIS CUFF ISSUES |
| 09/01/2023 | 14:32 | NNCC | HOUSING_LOCATION | NNCC-U1-B-6-C | |
| 08/31/2023 | 17:14 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | DISCHARGED FROM CTRMC |
| 08/31/2023 | 09:42 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | PORT REPLACEMENT |
| 08/30/2023 | 00:00 | NNCC | Assessment | NNCC | Medium |

**ER075**       **ER075**       NDOC **ER075**

# O F F E N D E R   M O V E M E N T   H I S T O R Y   R E P O R T

### FROM: 11/08/2018        TO: 12/29/2023

| | | |
|---|---|---|
| **ID#** 0001207166 | **NAME:** JAMES, SCOTT | **ADMIT DATE:** 12/20/2023 |
| **BIRTH DATE:** 08/03/1988 | | **ADMIT TIME:** 15:52 |

| DATE | TIME | INST | TYPE | ASSIGNMENT | COMMENT |
|------|------|------|------|------------|---------|
| 06/05/2023 | 00:00 | NNCC | Assessment | NNCC | Close |
| 05/31/2023 | 11:23 | NNCC | HOUSING_LOCATION | NNCC-U7-B-29-A | |
| 05/11/2023 | 06:45 | NNCC | HOUSING_LOCATION | NNCC-U5-C-18-A | |
| 05/11/2023 | 06:40 | NNCC | HOUSING_LOCATION | NNCC-RC | |
| 05/05/2023 | 14:52 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | DISCHARGED FROM THE HOSPITAL TO NNCC |
| 05/05/2023 | 08:45 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | DIALYSIS PORT MALFUNCTION. ER VIA VAN |
| 04/27/2023 | 15:40 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | see IR log omd stats |
| 04/27/2023 | 08:05 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | see IR log omd stats |
| 03/29/2023 | 09:24 | NNCC | HOUSING_LOCATION | NNCC-U5-C-18-A | |
| 03/15/2023 | 13:55 | NNCC | HOUSING_LOCATION | NNCC-U4-A-3-A | |
| 02/23/2023 | 15:05 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | see IR log omd stats |
| 02/23/2023 | 11:19 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | see IR log omd stats |
| 02/22/2023 | 22:00 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | |
| 02/22/2023 | 15:29 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | TRANSPORT VIA NNCC VAN TO CTRMC ER |
| 02/14/2023 | 19:56 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | |
| 02/14/2023 | 10:07 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | CTRMC-ER VIA VAN DUE TO JUGLAR DISTENTION PER DR BARRETT |
| 02/08/2023 | 14:09 | NNCC | HOUSING_LOCATION | NNCC-U4-A-3-B | |
| 02/07/2023 | 00:00 | NNCC | Assessment | NNCC | Medium |
| 01/07/2023 | 09:18 | NNCC | HOUSING_LOCATION | NNCC-U7-B-19-A | |
| 01/07/2023 | 09:09 | NNCC | HOUSING_LOCATION | NNCC-U7-B-19-B | |
| 01/06/2023 | 17:59 | NNCC | HOUSING_LOCATION | NNCC-U7-B-24-A | |
| 01/06/2023 | 17:44 | NNCC | HOUSING_LOCATION | NNCC-U8-A-29-A | |
| 01/06/2023 | 17:33 | NNCC | TEMPORARY ABSENCE | FROM  TO NNCC | |
| 01/06/2023 | 15:10 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO | DAVITA DIALYSIS 1500 E. 2ND ST. |
| 01/06/2023 | 15:05 | NNCC | HOUSING_LOCATION | NNCC-U7-B-19-B | |
| 01/05/2023 | 17:59 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | RETURN FROM CTRMC-ER |
| 01/05/2023 | 09:13 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | DIALYSIS PORT CLEANING/REPLACE |
| 12/05/2022 | 12:28 | NNCC | HOUSING_LOCATION | NNCC-U7-B-24-A | |
| 11/22/2022 | 13:48 | NNCC | TEMPORARY ABSENCE | FROM OUT TO NNCC | |
| 11/22/2022 | 09:40 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO OUT | PROCEDURE/INTERVENTIONAL RADIOLOGY - CTH STATION 3 1600 MEDICAL PKWY CC 445-5500 |
| 11/08/2022 | 11:08 | NNCC | HOUSING_LOCATION | NNCC-U7-B-8-A | |
| 09/27/2022 | 15:14 | NNCC | HOUSING_LOCATION | NNCC-U7-B-16-A | |
| 09/07/2022 | 18:47 | NNCC | HOUSING_LOCATION | NNCC-U8-A-28-A | |
| 08/22/2022 | 13:45 | NNCC | HOUSING_LOCATION | NNCC-U7-B-9-A | |
| 08/16/2022 | 09:08 | NNCC | HOUSING_LOCATION | NNCC-U7-A-1-A | |

12/29/2023 14:01
ABEUS

Nevada Department of Corrections
CENTRAL ADMINISTRATION

Page 3 of 7
OIRMOVEH.2
6.02.1.2

# O F F E N D E R   M O V E M E N T   H I S T O R Y   R E P O R T

### FROM: 11/08/2018        TO: 12/29/2023

| ID# | 0001207166 | **NAME:** JAMES, SCOTT | **ADMIT DATE:** 12/20/2023 |
|---|---|---|---|
| **BIRTH DATE:** | 08/03/1988 | | **ADMIT TIME:** 15:52 |

| DATE | TIME | INST | TYPE | ASSIGNMENT | COMMENT |
|---|---|---|---|---|---|
| 08/15/2022 | 15:58 | NNCC | HOUSING_LOCATION | NNCC-U7-A-2-A | |
| 08/15/2022 | 15:45 | NNCC | HOUSING_LOCATION | NNCC-U8-A-28-A | |
| 08/15/2022 | 15:00 | NNCC | HOUSING_LOCATION | NNCC-U7-A-2-A | |
| 08/15/2022 | 00:00 | NNCC | Assessment | NNCC | Close |
| 08/12/2022 | 22:18 | NNCC | HOUSING_LOCATION | NNCC-U8-A-28-A | |
| 08/12/2022 | 22:02 | NNCC | ADMISSION OR RE-ADMISSION | FROM CTRMC TO NNCC | |
| 08/12/2022 | 22:01 | NNCC | TRANSFER | FROM CTRMC TO NNCC | DISCHARGED FROM CTH |
| 08/09/2022 | 16:58 | NNCC | TRANSFER | FROM NNCC TO CTRMC | ADMIT TO CTRMC |
| 08/09/2022 | 16:58 | NNCC | HOUSING_LOCATION | CTRMC-RC | |
| 08/09/2022 | 16:58 | NNCC | ADMISSION OR RE-ADMISSION | FROM NNCC TO CTRMC | |
| 08/09/2022 | 16:56 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | ADMIT TO CTRMC |
| 08/09/2022 | 10:32 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | PER DR HALKI |
| 07/20/2022 | 17:43 | NNCC | TEMPORARY ABSENCE | FROM CTRMC TO NNCC | RETURN FROM CTRMC-ER |
| 07/20/2022 | 11:39 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTRMC | PER DR HALKI |
| 06/29/2022 | 12:08 | NNCC | HOUSING_LOCATION | NNCC-U4-A-12-A | |
| 06/27/2022 | 13:46 | NNCC | HOUSING_LOCATION | NNCC-U5-C-13-A | |
| 06/24/2022 | 00:00 | NNCC | Assessment | NNCC | Medium |
| 06/06/2022 | 00:00 | NNCC | Assessment | | High Risk |
| 04/22/2022 | 11:12 | NNCC | HOUSING_LOCATION | NNCC-U7-B-12-A | |
| 04/09/2022 | 11:13 | NNCC | HOUSING_LOCATION | NNCC-U7-A-17-A | |
| 04/08/2022 | 23:39 | NNCC | HOUSING_LOCATION | NNCC-U8-A-25-A | |
| 04/07/2022 | 00:00 | NNCC | Assessment | | High Risk |
| 03/24/2022 | 15:25 | NNCC | HOUSING_LOCATION | NNCC-U7-A-17-A | |
| 03/23/2022 | 13:59 | NNCC | HOUSING_LOCATION | NNCC-U7-A-19-A | |
| 03/22/2022 | 15:46 | NNCC | TEMPORARY ABSENCE | FROM OUT TO NNCC | |
| 03/22/2022 | 14:23 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO OUT | F/U - CARSON SURGICAL/ DR. HALOW 1375 VISTA LANE CC 882-2067 |
| 03/16/2022 | 15:27 | NNCC | HOUSING_LOCATION | NNCC-U7-A-1-A | |
| 03/16/2022 | 12:35 | NNCC | HOUSING_LOCATION | NNCC-U7-A-17-A | |
| 03/10/2022 | 11:56 | NNCC | HOUSING_LOCATION | NNCC-U7-A-18-A | |
| 02/15/2022 | 00:00 | NNCC | Assessment | NNCC | Close |
| 02/11/2022 | 12:36 | NNCC | HOUSING_LOCATION | NNCC-U7-A-15-A | |
| 02/11/2022 | 09:42 | NNCC | HOUSING_LOCATION | NNCC-U5-C-24-A | |
| 12/06/2021 | 14:33 | NNCC | HOUSING_LOCATION | NNCC-U2-B-3-M | |
| 11/14/2021 | 10:38 | NNCC | HOUSING_LOCATION | NNCC-U8-A-27-A | |
| 11/14/2021 | 10:37 | NNCC | ADMISSION OR RE-ADMISSION | FROM CTH TO NNCC | |
| 11/14/2021 | 10:36 | NNCC | TRANSFER | FROM CTH TO NNCC | RETURN FROM CTH-ER |
| 11/13/2021 | 23:52 | NNCC | HOUSING_LOCATION | CTH-RC | |
| 11/13/2021 | 23:51 | NNCC | ADMISSION OR RE-ADMISSION | FROM NNCC TO CTH | |
| 11/13/2021 | 23:50 | NNCC | TEMPORARY ABSENCE | FROM CTH TO NNCC | ADMITTED |
| 11/13/2021 | 23:50 | NNCC | TRANSFER | FROM NNCC TO CTH | ADMITTED |
| 11/13/2021 | 08:50 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTH | DIALYSIS PORT REPAIR |

**ER077**                    **ER077**                    NDOC **ER077**

Nevada Department of Corrections
Case: 25-6843   04/07/2026   DktEntry: 183.3   Page 50 of 270
Case 3:23-cv-00231-ART-CLB   Document 38-1   Filed 01/21/25   Page 5 of 8
CENTRAL ADMINISTRATION

# O F F E N D E R   M O V E M E N T   H I S T O R Y   R E P O R T

### FROM: 11/08/2018        TO: 12/29/2023

| ID# | 0001207166 | | NAME: JAMES, SCOTT | | ADMIT DATE: 12/20/2023 |
|---|---|---|---|---|---|
| BIRTH DATE: | 08/03/1988 | | | | ADMIT TIME: 15:52 |

| DATE | TIME | INST | TYPE | ASSIGNMENT | COMMENT |
|---|---|---|---|---|---|
| 11/12/2021 | 23:35 | NNCC | TEMPORARY ABSENCE | FROM CTH TO NNCC | RETURN FROM CTH |
| 11/12/2021 | 09:15 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTH | Per APRN Villegas |
| 11/10/2021 | 20:14 | NNCC | HOUSING_LOCATION | NNCC-U8-A-27-A | |
| 11/10/2021 | 19:49 | NNCC | HOUSING_LOCATION | NNCC-RC | |
| 11/10/2021 | 19:49 | NNCC | ADMISSION OR RE-ADMISSION | FROM CTH TO NNCC | |
| 11/10/2021 | 19:49 | NNCC | TRANSFER | FROM CTH TO NNCC | |
| 11/08/2021 | 15:29 | NNCC | ADMISSION OR RE-ADMISSION | FROM NNCC TO CTH | |
| 11/08/2021 | 15:29 | NNCC | HOUSING_LOCATION | CTH-RC | |
| 11/08/2021 | 15:28 | NNCC | TEMPORARY ABSENCE | FROM CTH TO NNCC | |
| 11/08/2021 | 15:28 | NNCC | TRANSFER | FROM NNCC TO CTH | |
| 11/08/2021 | 06:32 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTH | CTH VIA 911, ALTERED STATE OF MIND. |
| 10/21/2021 | 18:13 | NNCC | HOUSING_LOCATION | NNCC-U2-A-2-E | |
| 10/21/2021 | 18:11 | NNCC | ADMISSION OR RE-ADMISSION | FROM CTH TO NNCC | |
| 10/21/2021 | 18:11 | NNCC | TRANSFER | FROM CTH TO NNCC | |
| 10/21/2021 | 18:11 | NNCC | HOUSING_LOCATION | NNCC-RC | |
| 10/21/2021 | 14:31 | NNCC | HOUSING_LOCATION | CTH-RC | |
| 10/21/2021 | 14:31 | NNCC | ADMISSION OR RE-ADMISSION | FROM NNCC TO CTH | |
| 10/21/2021 | 14:30 | NNCC | TRANSFER | FROM NNCC TO CTH | |
| 10/19/2021 | 11:47 | NNCC | TEMPORARY ABSENCE | FROM OUT TO NNCC | |
| 10/19/2021 | 09:14 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO OUT | F/U - CARSON SURGICAL/ DR. HALOW 1375 VISTA LANE CC 882-2067 |
| 10/15/2021 | 15:52 | NNCC | TEMPORARY ABSENCE | FROM OUT TO NNCC | |
| 10/15/2021 | 11:31 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO OUT | SNV NEPHROLOGY ACCESS CENTER  932 RYLAND ST RENO 853-4166 |
| 09/15/2021 | 12:07 | NNCC | TEMPORARY ABSENCE | FROM CTH TO NNCC | |
| 09/15/2021 | 04:26 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTH | SURGERY - CTH STATION 3/DR. HALOW 1600 MEDICAL PKWY CC 445-7000 |
| 09/14/2021 | 13:14 | NNCC | TEMPORARY ABSENCE | FROM OUT TO NNCC | |
| 09/14/2021 | 11:40 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO OUT | TYPE & SCREEN - CTH STATION 3 1600 MEDICAL PKWY CC 445-7000 |
| 08/17/2021 | 16:26 | NNCC | TEMPORARY ABSENCE | FROM OUT TO NNCC | |
| 08/17/2021 | 15:09 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO OUT | CONSULT - CARSON SURGICAL/ DR. HALOW 1375 VISTA LANE CC 882-2067 |
| 08/17/2021 | 11:47 | NNCC | HOUSING_LOCATION | NNCC-U2-A-2-E | |
| 08/16/2021 | 12:15 | NNCC | HOUSING_LOCATION | NNCC-U5-B-1-A | |
| 08/16/2021 | 11:48 | NNCC | HOUSING_LOCATION | NNCC-U2-A-2-E | |
| 08/14/2021 | 18:01 | NNCC | HOUSING_LOCATION | NNCC-U5-B-1-A | |
| 08/14/2021 | 17:59 | NNCC | HOUSING_LOCATION | NNCC-U5-B-2-A | |
| 08/14/2021 | 17:41 | NNCC | TEMPORARY ABSENCE | FROM CTH TO NNCC | |

**ER078**                                    **ER078**                              NDOC **ER078**

Case: 25-6843   04/07/2026   DktEntry: 163   Page: 51 of 270

Case 3:23-cv-00231-ART-CLB   Document 38-1   Filed 01/21/25   Page 6 of 8

ABEUS                        **CENTRAL ADMINISTRATION**           OIRMOVEH.2
                                                  6.02.1.2

# O F F E N D E R   M O V E M E N T   H I S T O R Y   R E P O R T

**FROM: 11/08/2018      TO: 12/29/2023**

---

**ID#**      0001207166      **NAME:** JAMES,   SCOTT           **ADMIT DATE:** 12/20/2023

**BIRTH DATE:**    08/03/1988                                       **ADMIT TIME:** 15:52

---

| DATE | TIME | INST | TYPE | ASSIGNMENT | COMMENT |
|------|------|------|------|------------|---------|
| 08/14/2021 | 10:53 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTH | CTH-ER BY VAN |
| 08/10/2021 | 13:36 | NNCC | HOUSING_LOCATION | NNCC-U2-A-2-E | |
| 07/21/2021 | 00:00 | NNCC | Assessment | NNCC | Medium |
| 07/16/2021 | 09:50 | NNCC | HOUSING_LOCATION | NNCC-U7-A-10-A | |
| 07/16/2021 | 00:00 | NNCC | Assessment | NNCC | Close |
| 06/03/2021 | 14:58 | NNCC | HOUSING_LOCATION | NNCC-U10-A-3-C | |
| 06/03/2021 | 13:48 | NNCC | HOUSING_LOCATION | NNCC-U10-A-1-O | |
| 05/28/2021 | 15:10 | NNCC | HOUSING_LOCATION | NNCC-U4-C-2-B | |
| 05/28/2021 | 00:00 | NNCC | Assessment | NNCC | Medium |
| 04/29/2021 | 13:36 | NNCC | HOUSING_LOCATION | NNCC-U7-B-14-B | |
| 04/01/2021 | 00:00 | NNCC | Assessment | NNCC | Close |
| 03/31/2021 | 09:43 | NNCC | HOUSING_LOCATION | NNCC-U7-B-15-A | |
| 03/22/2021 | 00:00 | NNCC | Assessment | | Medium |
| 03/12/2021 | 14:05 | NNCC | HOUSING_LOCATION | NNCC-U2-B-2-M | |
| 02/26/2021 | 15:42 | NNCC | HOUSING_LOCATION | NNCC-U2-A-2-M | |
| 02/25/2021 | 13:21 | NNCC | HOUSING_LOCATION | NNCC-U2-C-7-J | |
| 02/08/2021 | 13:04 | NNCC | HOUSING_LOCATION | NNCC-U2-A-3-I | |
| 02/05/2021 | 13:45 | NNCC | HOUSING_LOCATION | NNCC-U2-A-7-H | |
| 08/28/2020 | 00:00 | NNCC | Assessment | NNCC | Medium |
| 05/18/2020 | 14:32 | NNCC | HOUSING_LOCATION | NNCC-U4-B-29-A | |
| 01/24/2020 | 00:00 | NNCC | Assessment | NNCC | Medium |
| 12/31/2019 | 13:40 | NNCC | HOUSING_LOCATION | NNCC-U2-A-2-C | |
| 12/31/2019 | 13:40 | NNCC | HOUSING_LOCATION | NNCC-U2-B-2-A | |
| 12/18/2019 | 15:00 | NNCC | TEMPORARY ABSENCE | FROM OUT TO NNCC | |
| 12/18/2019 | 10:59 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO OUT | *CALL FROM PARKING GARAGE /ASK FOR A NURSE 323-7500* WESTERN SURGICAL/ DR. JAQUISH   75 PRINGLE WAY # 1002   RENO   323-7500 |
| 12/09/2019 | 16:02 | NNCC | HOUSING_LOCATION | NNCC-U2-B-2-A | |
| 11/05/2019 | 13:01 | NNCC | HOUSING_LOCATION | NNCC-U5-B-13-A | |
| 11/05/2019 | 12:58 | NNCC | TEMPORARY ABSENCE | FROM CTH TO NNCC | |
| 11/05/2019 | 12:04 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTH | CTH   ST. 3   1600 MEDICAL PKWY   CC   445-5500 |
| 10/29/2019 | 15:10 | NNCC | HOUSING_LOCATION | NNCC-U8-A-2-A | |
| 10/29/2019 | 14:23 | NNCC | HOUSING_LOCATION | NNCC-RC | |
| 10/29/2019 | 14:23 | NNCC | ADMISSION OR RE-ADMISSION | FROM WMC TO NNCC | |
| 10/29/2019 | 14:23 | NNCC | TRANSFER | FROM WMC TO NNCC | |
| 10/16/2019 | 14:30 | NNCC | HOUSING_LOCATION | WMC-RC | |
| 10/16/2019 | 14:30 | NNCC | ADMISSION OR RE-ADMISSION | FROM NNCC TO WMC | |
| 10/16/2019 | 14:30 | NNCC | TRANSFER | FROM NNCC TO WMC | ADMITTED TO RENOWN SIERRA TOWER 634 |
| 10/16/2019 | 14:28 | NNCC | TEMPORARY ABSENCE | FROM CTH TO NNCC | ADMITTED TO RENOWN SIERRA TOWER 634 |

Case: 25-6843    Nevada Department of Corrections    52 of 270
Case 3:23-cv-00231-ART-CLB    Document 38-1    Filed 01/21/25    Page 7 of 8

**Nevada Department of Corrections**
**CENTRAL ADMINISTRATION**

# O F F E N D E R   M O V E M E N T   H I S T O R Y   R E P O R T

**FROM: 11/08/2018          TO: 12/29/2023**

**ID#**        0001207166      **NAME:** JAMES, SCOTT                **ADMIT DATE:** 12/20/2023
**BIRTH DATE:**  08/03/1988                                          **ADMIT TIME:** 15:52

| DATE | TIME | INST | TYPE | ASSIGNMENT | COMMENT |
|---|---|---|---|---|---|
| 10/16/2019 | 07:58 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTH | |
| 09/10/2019 | 14:10 | NNCC | HOUSING_LOCATION | NNCC-U10-B-4-V | |
| 09/04/2019 | 12:34 | NNCC | TEMPORARY ABSENCE | FROM CTH TO NNCC | |
| 09/04/2019 | 10:38 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTH | |
| 09/04/2019 | 10:16 | NNCC | TEMPORARY ABSENCE | FROM OUT TO NNCC | |
| 09/04/2019 | 09:40 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO OUT | *CALL FROM PARKING GARAGE /ASK FOR A NURSE 323-7500* WESTERN SURGICAL/ DR. JAQUISH    75 PRINGLE WAY # 1002  RENO  323-7500 |
| 08/27/2019 | 14:45 | NNCC | HOUSING_LOCATION | NNCC-U4-C-25-A | |
| 08/17/2019 | 14:44 | NNCC | HOUSING_LOCATION | NNCC-U6-B-10-A | |
| 08/16/2019 | 20:51 | NNCC | ADMISSION OR RE-ADMISSION | FROM WMC TO NNCC | |
| 08/16/2019 | 20:51 | NNCC | HOUSING_LOCATION | NNCC-U6-A-3-A | |
| 08/16/2019 | 20:49 | NNCC | TRANSFER | FROM WMC TO NNCC | return from hospital |
| 08/15/2019 | 19:42 | NNCC | HOUSING_LOCATION | WMC-RC | |
| 08/15/2019 | 19:42 | NNCC | ADMISSION OR RE-ADMISSION | FROM NNCC TO WMC | |
| 08/15/2019 | 19:41 | NNCC | TRANSFER | FROM NNCC TO WMC | 24 HOUR HOLD AT RENOWN POST SURGERY |
| 08/15/2019 | 19:40 | NNCC | TEMPORARY ABSENCE | FROM WMC TO NNCC | |
| 08/15/2019 | 09:18 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO WMC | RENOWN TAHOE TOWER  115 MILL ST. RENO (LATE RELEASE, IF NOT PLACED ON 24 HR OBSERVATION) |
| 08/14/2019 | 14:16 | NNCC | HOUSING_LOCATION | NNCC-U5-B-31-C | |
| 07/25/2019 | 13:15 | NNCC | TEMPORARY ABSENCE | FROM CTH TO NNCC | |
| 07/25/2019 | 06:58 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTH | CTH  ST 3  1600 Medical Pkwy  CC  445-5500 |
| 06/19/2019 | 15:50 | NNCC | HOUSING_LOCATION | NNCC-U5-B-8-A | |
| 06/14/2019 | 13:24 | NNCC | HOUSING_LOCATION | NNCC-U5-A-9-A | |
| 06/14/2019 | 11:31 | NNCC | TEMPORARY ABSENCE | FROM OUT TO NNCC | |
| 06/14/2019 | 07:42 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO OUT | *CALL 323-7500 and ask for a nurse* WESTERN SURGICAL/DR. JAQUISH   75 PRINGLE WAY, #1002  RENO |
| 06/07/2019 | 15:07 | NNCC | HOUSING_LOCATION | NNCC-U5-B-31-A | |
| 05/29/2019 | 16:38 | NNCC | HOUSING_LOCATION | NNCC-RC | |
| 05/29/2019 | 16:38 | NNCC | ADMISSION OR RE-ADMISSION | FROM WMC TO NNCC | |
| 05/29/2019 | 16:38 | NNCC | HOUSING_LOCATION | NNCC-U6-B-8-A | |
| 05/29/2019 | 16:25 | NNCC | TRANSFER | FROM WMC TO NNCC | |
| 05/21/2019 | 14:09 | NNCC | HOUSING_LOCATION | WMC-RC | |
| 05/21/2019 | 14:09 | NNCC | ADMISSION OR RE-ADMISSION | FROM NNCC TO WMC | |
| 05/21/2019 | 14:08 | NNCC | TRANSFER | FROM NNCC TO WMC | ADMITTED TO RENOWN ROOM ER BLUE 18 |
| 05/21/2019 | 14:08 | NNCC | TEMPORARY ABSENCE | FROM OUT TO NNCC | |

**ER080**                              **ER080**                              NDOC **ER080**

Case: 25-6843     04/07/2026     DktEntry: 183     Page: 53 of 270
Case 3:23-cv-00231-ART-CLB     Document 38-1     Filed 01/21/25     Page 8 of 8

**O F F E N D E R   M O V E M E N T   H I S T O R Y   R E P O R T**

**FROM: 11/08/2018          TO: 12/29/2023**

---

**ID#**      0001207166     **NAME:** JAMES,  SCOTT                    **ADMIT DATE:** 12/20/2023
**BIRTH DATE:**  08/03/1988                                          **ADMIT TIME:** 15:52

---

| DATE | TIME | INST | TYPE | ASSIGNMENT | COMMENT |
|---|---|---|---|---|---|
| 05/21/2019 | 10:48 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO OUT | SNV NEPHROLOGY ACCESS CENTER  932 RYLAND ST RENO 853-4166 |
| 05/20/2019 | 00:00 | NNCC | Assessment | | PREA ASSESSMENT SCORE |
| 05/17/2019 | 15:20 | NNCC | TEMPORARY ABSENCE | FROM CTH TO NNCC | |
| 05/17/2019 | 10:53 | NNCC | TEMPORARY ABSENCE | FROM NNCC TO CTH | |
| 05/16/2019 | 18:00 | NNCC | HOUSING_LOCATION | NNCC-U4-B-29-B | |
| 05/16/2019 | 17:33 | NNCC | HOUSING_LOCATION | NNCC-RC | |
| 05/16/2019 | 17:32 | NNCC | ADMISSION OR RE-ADMISSION | FROM HDSP TO NNCC | |
| 05/16/2019 | 08:03 | NNCC | TRANSFER | FROM HDSP TO NNCC | PER MEDICAL |
| 05/16/2019 | 00:00 | NNCC | Assessment | | PREA ASSESSMENT SCORE |
| 05/15/2019 | 21:06 | NNCC | HOUSING_LOCATION | HDSP-U13-A-3-A | |
| 05/15/2019 | 20:35 | NNCC | HOUSING_LOCATION | HDSP-RC | |
| 05/15/2019 | 20:34 | NNCC | ADMISSION OR RE-ADMISSION | FROM CHH TO HDSP | |
| 05/15/2019 | 20:34 | NNCC | TRANSFER | FROM CHH TO HDSP | |
| 05/15/2019 | 00:00 | NNCC | Assessment | NNCC | Medium |
| 04/30/2019 | 21:13 | NNCC | HOUSING_LOCATION | CHH-RC | |
| 04/30/2019 | 21:12 | NNCC | ADMISSION OR RE-ADMISSION | FROM HDSP TO CHH | |
| 04/30/2019 | 21:11 | NNCC | TEMPORARY ABSENCE | FROM OUT TO HDSP | |
| 04/30/2019 | 21:11 | NNCC | TRANSFER | FROM HDSP TO CHH | |
| 04/30/2019 | 14:36 | NNCC | TEMPORARY ABSENCE | FROM HDSP TO OUT | kidney specialists |
| 04/29/2019 | 14:11 | NNCC | HOUSING_LOCATION | HDSP-U6-C-13-B | |
| 02/28/2019 | 10:49 | NNCC | TEMPORARY ABSENCE | FROM OUT TO HDSP | |
| 02/28/2019 | 07:31 | NNCC | TEMPORARY ABSENCE | FROM HDSP TO OUT | kidney spc |
| 02/19/2019 | 13:51 | NNCC | HOUSING_LOCATION | HDSP-U7-C-32-B | |
| 12/28/2018 | 15:23 | NNCC | HOUSING_LOCATION | HDSP-U6-C-12-B | |
| 12/28/2018 | 01:59 | NNCC | HOUSING_LOCATION | HDSP-U13-A-8-A | |
| 12/10/2018 | 15:42 | NNCC | HOUSING_LOCATION | HDSP-U6-C-8-B | |
| 11/20/2018 | 00:00 | NNCC | Assessment | | PREA ASSESSMENT SCORE |
| 11/19/2018 | 00:00 | NNCC | Assessment | HDSP | Medium |
| 11/08/2018 | 15:44 | NNCC | HOUSING_LOCATION | HDSP-U1-D-16-B | |
| 11/08/2018 | 10:05 | NNCC | ADMISSION OR RE-ADMISSION | FROM CCDC TO HDSP | |
| 11/08/2018 | 10:05 | NNCC | HOUSING_LOCATION | HDSP-RC | |
| 11/08/2018 | 00:00 | NNCC | Assessment | | PREA ASSESSMENT SCORE |
| 11/08/2018 | 00:00 | NNCC | Assessment | | High |
| 11/08/2018 | 00:00 | NNCC | Assessment | | Associate |

# EXHIBIT C

## Inmate Grievance History

# EXHIBIT C

ER082                    ER082                    ER082



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| INMATE NAME | NDOC ID | BOOKING ID |
|---|---|---|
| SCOTT, JAMES | 1207166 | 2018-094488 |

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063160413 | 12/29/2023 | GRIEVANCE | AMER W/DISAB ACT |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/29/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: Upon being relocated from 7A-5A (ada cell) to 8B -21 (MHU) to 7B-8A (non ADA cell) I was placed into a non Ada cell and denied access to an ADA housing assignment despite the facr that I am a disabled person as defined by ADA housing assignment despite the fact that I am disabled cont..

Official Response: DOC 3098: No remedy, multiple in a week

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063160412 | 12/29/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/29/2023 | IF | | RAMBUR, JESSICA |

Proposed Response: After being subjected to excessive and unnessary force and suffering injuries to my face, shoulders, neck and nose therefrom on the date of 12/22/23 I was denied access to any form of follow up care to treat my injuries cont...

Official Response: Should be rejected for multiple in a week, no real remedy

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063160410 | 12/29/2023 | GRIEVANCE | PROPERTY |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/29/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: Staff are engaged in the cordinated practive of repeatedly siezing, dishandling, misplacing, shuffling, and relocating my legal religious and personal property and deliberately de;aying its return to my possesion all for the malious and harrassments cont...

Official Response: DOC 3098: Multiple in a week 60407 filed 12/24/23

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063160407 | 12/29/2023 | GRIEVANCE W/STAFF ISS | USE OF FORCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/29/2023 | IF | | GARRETT, TIM |

Proposed Response: On the date of 12-21-22 Thru 12-22-23 I was subjected to torture and extreme duress and/or threat and or coercion due to the facr that the NNCC placed me in "cray house" aslo known as Unit 8B but commonly reffere to by NNCC staff cont...

Official Response: Memo to warden

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063160317 | 12/26/2023 | GRIEVANCE | OTHER |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/26/2023 | IF | | SAWIN, CHRIS |

Proposed Response: On the date of 12-21-23 and 12-22-23 Inwas forced into mental health/sucide watch having as a alternative form of administrative segregation housing due to teh fact I demanded to have my legal access to my legal work while undergoing cont...

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

ER083

Page 1 of 153

ER083

NDOC ER083



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063160138 | 12/19/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/19/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response: You must stop protests by refusing dialysis treatment. You're causing your body harm. You've been treated and sent to CTH.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/19/2023 | IF | | FRATIS, TRAVIS |

Proposed Response: This is an emergency mandown. I have not had dialysis since Friday. I am suffering from chest pains, difficulty breathing, partial blindness, toxic overload, I taste urine in my tongue I have pastout twice, numbness in my left hand and left cheek, I hear strange sounds in my ears and my heart randomly starts beating fast. I need surgery to replace my dialysis cathetar which is not working and I need dialysis ASAP! My condition has grown significantly worse from earlier today. I need to be sent to the ER or I may die. I am also suffering from fluid overload and swelling.

Official Response:

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159905 | 12/12/2023 | GRIEVANCE | DISCIPLINE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/12/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The NNCC/ NDOC is engaging in the unlawful practice of creating policies that substantially and unnecessarily. or unlawfully hinder my access to the courts to petition the government fro redress of grievances. cont...

Official Response: DOC 3098: Wait for DSC pending G27 OIC 527673

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159332 | 11/21/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/21/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The warden, AW Henley, AW Hartman, Chaplain C. Dyer, Director James Dzundea, Lt Tolotti, Lt Flamm, Sgt Smith, Sgt Day, CO Omler, CO Bezotte, and CO Hogan, and CO Rippey have been engaging in a collectively cont...

Official Response: DOC 3098: Duplicate of multiple

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159331 | 11/21/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/21/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The warden, AW Henley, AW Hartman, Chaplain Dyer, Lt. Tolotti, LT Flamm, Sgt Day, Sgt Smith, and numerous custody staff are refusing to follow the islamic community to pray outside on the yard near the chapel cont....

Official Response: DOC 3098: Duplicate of multiple

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159330 | 11/21/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/21/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I am being deprived of my rights to religious freedom 1st, 14th amendment, and RLUIPA) collectiving by Warden, AW Hartman, AW Henley, Chaplain Dyer, Lt Tolotti, Lt Flamm, and Sgt Day as well as numerous staff memebers due to their forcing me to worship cont...

Official Response: DOC 3098: duplicate of multiple



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159328 | 11/21/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/21/2023 | IF | | TOLOTTI, DAVID |

Proposed Response: On the date of 11/16/23 my rights to religious freedom was violated by Warden, AW Hartmanm AW Henley and 4 of thir subordinates,)Sgt Day, CO Lagel, and CO Omler. Due to the fact that my relgion does not permit me to offer prayer cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/05/2023 | IF | | ESCUTIA, ADOLFO |

Proposed Response: On the date of 11/16/23 my rights to religious freedom was violated by Warden, AW Hartmanm AW Henley and 4 of thir subordinates,)Sgt Day, CO Lagel, and CO Omler. Due to the fact that my relgion does not permit me to offer prayer cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/19/2023 | IF | DENIED | TOLOTTI, DAVID |

Proposed Response:

Official Response: This matter has been referred to the Inspector General?s office. Grievance denied pending investigation.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159283 | 11/20/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/20/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The warden, AW Henley, AW Hartman, Chaplain C. Dyer, LT Tolotti, LT Flamm, Director James Dzurenda, Sgt Smith, Sgt Day, and numerous custody staff are continuely sadistitcally and intentionally in acts of willful cont...

Official Response: DOC 3098: Mailed in, Duplicate of multiple grievances

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159154 | 11/16/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/16/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: NNCC Staff, custody, administatration and Chaplain are forcing me (IE Muslimn) to worship in a chapel with christian symbols, icons, items, articles, and also with the same items of other religions, there is no policy that states that I cant remove cont...

Official Response: DOC 3098: Dup 59017 and 59018 both filed on 11/7/23. Multiple in a week as well
Will be receiving a NOC

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159033 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: It is the sincere and devout practice of Muslims to participate in Taleem (quranic and sunnah studies 5 days per week and to particiape in congrgatinoal salat (prayer) 5 times per day. I (muslum) are being deprived cont...

Official Response: Multiple in a week (22)
Offender will be receiving a NOC
Dup 2006-31-59017 and 59018 filed 11-3-23

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: This is not a duplicate of grievance #2006-31-59019, and 59018. Therefore, I stand by all claims and statments, made and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievances for more info

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted 59017. 59018 both involve no dedicated place of worship

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159032 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: Muslims (myself) are denied that right to sinceerly and decaoutly partake in food that is outline in our Islamic religious faith (dates, Honey, prunes unadultunsted) Un/Non processed beef, Un/non processed chicked, cont...

Official Response: Multiple in a week (22)
Offender will be receiving a NOC
Dup 2006-31-59015 filed 11-3-23 52528 filed 5/19/23

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: This grievance is not a duplicate of #'s 2006-31-59015, and 52528. Therefore, I stand all claims and statments and remedies sought in the attached grievance. For due process/notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted 59015 and 52528 both involve not being offered Hala diet



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159031 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: During a meeting on the date of approx 10/20/23 I duly informed the warden that her allowance of a christian chapain overseight os islamic affairs was an opression against my religion and my nights. Thios is still ongoing. cont...

Official Response: Multiple in a week (22)
Offender will be receiving a NOC
Dup 2006-31-59014 filed 11-3-23

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: This grievance is not a duplicare of 2006-31-59014. Therefore, I stand by all claims and remedies made and saought in the attached grievance. For due process/ Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted 59029 and 59012 both involve the chaplain being biased and overseeing muslim services

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159030 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I am being deined access to halal Muslim prayer oil of which is a sincere part of my islamic faith issues practice as a remedy I demand to be permitted to purchase and receive hala Muslim prayed oil from cont...

Official Response: Multiple in a week (22)
Offender will be receiving a NOC
Dup 2006-31-59013 filed 11-3-23 2006-31-49716 filed 3-10-23

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159029 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The chaplain is being allowed/permitted to walk arounf the instaition wearing crufix isignies and other christan lagos while operating in an offical/state capacity and while engaing in acts of anti-islamic bias cont...

Official Response: Multiple in a week (22)
Offender will be receiving a NOC
Dup 2006-31-59012 filed 11-3-23

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: This grievance is not a duplicare of 2006-31-59012. Therefore, I stand by all claims and remedies made and saought in the attached grievance. For due process/ Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted 59012 is about the christian chaplain overseeing muslim services

ER087                                    ER087                                    ER087

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159028 | 11/08/2023 | GRIEVANCE | GRIEVANCES |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The chaplain has engaged in the practice of using an outside religious institution (the northern Nevada islamic commuity) to illicit responses (partial slighted biased and or farasble responses) to religious grievances of which result in cont..

Official Response: Multiple in a week (22)
Offender will be receiving a NOC
Dup 59027 filed 11/4/23

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: This grievance is not a duplicate of #2006-31-59027. Therefore, I stand by all claims and statements made and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted
59027 involves chaplain answering relgious grievances

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159027 | 11/08/2023 | GRIEVANCE | GRIEVANCES |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The chaplin has engaged in the unlamful pratice of answering grievances of which he is the target of alleged violation. This unlawful and/on unethical pratice has resulted in the hiderence and/on denial of access to any cont..

Official Response: Multiple in a week (22)
Offender will be receiving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The chaplin has engaged in the unlamful pratice of answering grievances of which he is the target of alleged violation. This unlawful and/on unethical pratice has resulted in the hiderence and/on denial of access to any cont..

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159026 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: Muslims (myself) are being deprived access to islamic/religious clothing (hilbanas, Kamisas, larger kufis, simask, sticks, simonle paster, izor, themb, thiyshi, dhikr beads 99 ct, palestenian skarfs and nigerian bala cape etc cont....

Official Response: Duplicate 5922, 23, 24 filed 11/4/23
Multiple in a week (22)
Offender will be receiving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: This grievance is not a duplicate of either 20063159022, 59023, 59024, Therefore, I stand by all claims, statements, made and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievance for more info

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted
59026, 22, 23, 24 all involve being denied religious items/property to practice faith, this is still a duplicate



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159025 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: During and while searching for contraband staff has repeatedly defiled & descrated sacred islamic text by destroying and touching them without performing the solution of a believer Muslim accepted abluation cont....

Official Response: Multiple in a week (22)
Offender will be receiving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and statements and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159024 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: Muslim inmate myself are prhibited from building and maintaing our (My) own islamic library despote the fact the christians and the chaplin (an official member or the clergy) are permitted to do so. As a remedy, I demand that the muslims at NNCC/islamic community at NNCC, cont...

Official Response: Duplicate 59022, 59023 filed 11/4/23
Multiple in a week (22)
Offender will be receiving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: This grievance is not a duplicate of 2006-31-59022. Therefore, I stand by all claims and statements and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted
Grievance involves religious items/ property

# State of Nevada
# Department of Corrections
## Inmate Grievance History



| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159023 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I the islamic community have been subjected to the defilment and deseration of out islamic sacred materials sacred texts, religious items, musslas prayer rugs prayer oils halal kufies by way of destroying and the islamic cont..

Official Response: Duplicate 59022 filed 11/4/23
Multiple in a week (22)
Offender will be reciving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: This not a duplicate of #2006-31-59022, Although the remdies requested be the same, the issues are different. Therefore, I stand by all claims and statement made and remedies sought in the attached grievance.  For due process/notice purposes please see the attached grievances for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted grievance is involving religious property

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159022 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I muslims are prohibited from accessing sacred islamic text due to their being in hardcover form and/or due to their shear voluminosity despite the fact that the instituiton has granted access to such hardcovers sacred texts to other cont..

Official Response: Multiple in a week (22)
Offender will be reciving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and statements and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159021 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The state of nevada and other have violated the establishment clause, 1st amend, 14th amend, and RLUIPA by deleagating surpermr authority over all religious affairs to a chaplin defined as an offical memeber of the clergy and christain cont...

Official Response: Multiple in a week (22)
Offender will be reciving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and statements and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159020 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The chaplin has been deliberatly causing unnessarialy substantial delays and hindrances to muslim access to relgious services despite being made aware of own notice of intent to practice via religious delaration of faith cont...

Official Response: Multiple in a week (22)
Offender will be reciving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and statements and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159019 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The christian chaplin is engaging in an unlawful practice of removing muslims myself from the ju,ash and taleem service first to my dialysis/medical/ada complications and other potentiall unlawful reasonsons. cont...

Official Response: Multiple in a week (22)
Offender will be reciving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and statements and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159018 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: Other religious groups such as natures and pagans are provide their own sacred land to manship on However, the muslims are denied access to their accomadation despote the fact that the instiution is well aware of the fact that muslims dont have cont...

Official Response: dup 59019 filed 11-3-23
Multiple in a week (22)
Offender will be reciving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and statments made in the attached grievance as well as the remedies cited therein. this is not a duplicate of grievance 2006-31-59017. For due process/notice purposes please see the attached grievance resubmitted

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted
59017 and 59018 both invove claims of no place to worship faith this is a duplicate

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

Page 9 of 153

**ER091**

**ER091**

NDOC **ER091**



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159017 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The NNCC/NDOC has been violating my rights, im depriving me of an islamically samful place tto warship by forcing me to worship. Allah in a church and not a masque and by refusing to allow me concent the church into cont...

Official Response: Multiple in a week (22)
Offender will be reciving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and statements and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159016 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: Muslims Myself are being denied access to shariah complaint islamice based television, As a result were forced to view nudity, gambling, alcohol, drugs, vulgar language, government intangelments cont...

Official Response: Multiple in a week (22)
Offender will be reciving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and statements and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159015 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I am being subjected to the denial of a hala religious diet despite the fact that other religious groups are being offered one, as a remedy I demand to be allowed to access to a Hala diet and any other damages that be applicable

Official Response: Duplicate 52528 05/19/23
Multiple in a week (22)
Offender will be reciving a NOC



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159014 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The chaplain has enganged in RLUIPA violation by barring Muslims belonging to different secs from attending Jumaiah and Takeem together despite the fact that we are all muslims. By doing so he is cont...

Official Response: Multiple in a week (22)
Offender will be reciving a NOC

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and statements and remedies sought in the attached grievance. For due process/Notice purposes please see the attached grievance for more info.

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159013 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I muslims are living denied access to Hala Muslim Prayer oil. As a result my sincere faith based practice in being over fundered due to the NDOCs action and its refusal to comply with the courts ruling in Laustevion V Bake 2:15-CV-00884-JAD-NJK cont...

Official Response: DOC 3098: Duplicate 49716 filed 03/10/2023
Multiple in a week (22)
Offender will be reciving a NOC

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063159012 | 11/08/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The NDOC had enganged in the unlawful practice of hiring and interviewing candidates fror the chaplin postition but not the lama postion. As a remedy I demand that a devout, Imsm of the sunni faith be employed and interviewed to over see all islamice affairs and any other applicable damages

Official Response: DOC 3098: No harm or loss stated in grievance
WIII be reciving NOC for the 22 grievances.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/13/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: The NNCC is engagin int he discriminatory practice of delibertly considering intervining and hindering non muslims for the chaplin position. This is resulting in a deprivation of my religious rights cont....

Official Response: DOC 3098: Offender was not seen by unit CCS to be given grievances not accepted

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063158976 | 11/07/2023 | GRIEVANCE | DISCIPLINE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/07/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: On the date of 10/30/23 and 10/31/23 CO Hogan began subjecting me to highly unprofessional and religiously inciteful retaliatory acts and threats. CO Hogan threatended to "throw my quarn in the trash" refusing cont...

Official Response: DOC 3098: Pending MJ 31 OIC 527307

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063158568 | 10/25/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/25/2023 | IF | | FLAMM, MICHAEL |

Proposed Response: "An the date of 10/25/23 imas denied access to dialusis due to my engagement scheduled recreational exercise day of which I am entitled to listh ar a metter of law.  Dialysis is a mandatory life saving treatment of which I need in order to line . I Demand dislyris immediately."

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/25/2023 | IF | DENIED | FLAMM, MICHAEL |

Proposed Response:

Official Response: "Per A.R. 740, this does not constitute an emergency.  Per Dialysis Tech Mcgee, you were instructed to report dialysis at least 2 times, refusing both times and opting to participate in recreational yard time instead."

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/06/2023 | IF | | , |

Proposed Response:

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063156859 | 09/07/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/07/2023 | IF | | SAWIN, CHRIS |

Proposed Response: CO Beaver and CO Hogan are constantly interfering with my ability to make my prayers on time by keeping unit 1 on lockdown deapote the fact that count has been cleared through out the entire institution. This is being done without cont...

Official Response:



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/05/2023 | IF | DENIED | SMITH, ROBERT |

Proposed Response:

Official Response: Offender Scott #1207166, I am in receipt of your grievance number 2006-31-56859. In your grievance you state Officers Beaver and Hogan are constantly interfering with your ability to make your prayers on time by keeping Unit 1 locked down despite Institutional Count being cleared. Your remedy is a request of requiring Officers Beaver and Hogan to discontinue this practice if there is no threat to the safety and security to the Institution. You also stated this is a "ritual practice".

Offender Scott, I have reviewed all of the daily counts since you arrived in unit 1 on September 1st, 2023 through the date of this grievance (September 6th, 2023). Additionally, I have reviewed all the camera footage of Unit 1 B wing and spoke to Chaplin Dyer regarding your scheduled prayer days within the Chapel. According to Chaplin Dyer, approved prayer days for Muslim/Islam, are on Tuesday's at 1000 hours and Friday's at 1245 hours, however you had not signed up to attend Muslim/Islam prayer services until September 5th, 2023. You attended your first Muslim/Islam prayer service on September 12th, 2023 after approval and case note from Chaplin Dyer. The following dates and times are Institutional count times, the same date Institutional count cleared, and the time Unit 1 staff opened the Unit 1 B wing gate: 9/1/2023, 1200 hour count called at 1200 hours, cleared at 1233 hours, B wing gate opened at 1238 hours. 9/2/2023, 1200 hour count called at 1200 hours, cleared at 1218 hours, B wing gate opened at 1233 hours. 9/3/2023, 1200 hour count called at 1200 hours, cleared at 1230 hours, B wing gate opened at 1330 hours. 9/4/2023, 1200 hour count called at 1200 hours, cleared at 1227 hours, B wing gate opened at 1227 hours. 9/5/2023, 1200 hour count called at 1200 hours, cleared at 1219 hours, B wing gate opened at 1224 hours. 9/6/2023 (date of this grievance), 1200 hour count called at 1200 hours, cleared at 1222 hours, B wing gate opened at 1227 hours. Additionally, Officer Beaver only worked one day shift during the time period of the grievance, which was 9/5/2023 . According to Chaplin Dyer's case note from 9/5/2023 at 0928 hours, you were not approved to attend Muslim/Islam services until September 12th, 2023 (Tuesday service) and 9/15/2023 (Friday's service). The only date in question is 9/3/2023 where Institutional count cleared at 1230 hours and B wing gates were not open until 1330 hours. I spoke with Officer Hogan who stated he was working with Correctional Officer Trainee Morgan. Officer Hogan stated numerous offenders were out within the unit hallways between the time Institutional count was called (1200 hours) and Institutional count cleared. These times were noted as the following: (1215 hours, 1216 hours, 1217 hours, 1218 hours, 1220 hours, 1221 hours 1222 hours, 1223 hours, 1224 hours, and 1229 hours) for just C wing alone. Due to the blatant disregard for housing unit rules and regulations, Officer Hogan allowed all Unit 1 offenders out of their dorms after Institutional count cleared at 1230 hours, however he kept the rotunda off limits until he felt no other violations had occurred during the Institutional count period and there was no risk to the safety and health of Unit 1 offenders. Additionally, as a Muslim/Islamic offender, you are free to practice you religion/prayers wherever you have a space to do so. Such as you did on 9/5/2023 from 0447 hours to 0459 hours. Within your remedy, you state this is a "ritual practice", according to NNCC CCTV, this was proven to be false based on the time stamps mentioned above. Therefore, your grievance is DENIED



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063156789 | 09/06/2023 | GRIEVANCE | DENTAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/06/2023 | IF | | , |

Proposed Response: Late entry filed 09/05/2023
My wisdom tooth on my upper left back row is causing me excruciating pain that is a level 10 and is cousng me to vomit and is causing me mental and emotional anguish I cant sleep another night like this teh combanation od vomiting, nauses and level 10 pain is killing me. I need to see the dentist immediately it is an emergency.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/06/2023 | IF | PARTIALLY GRANTED | , |

Proposed Response:

Official Response: Exam antibioatics and pain medication NKOP, 9/5/23 visual exam in unit 1 decay on 16B recommended extraction this is non emergency to call inmated @ dental convience start antibiotics and apap nkop inmate asks for another emergency grievance.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063156758 | 09/05/2023 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/05/2023 | IF | | , |

Proposed Response: On the date of 8/11/23 @ approx 9:35am to 1010am after I had returned from a zoom video legal conference and back to my cell 7B-29, Lt Fonoimoana approached my cell door and asked "Scott, youre going to plead guitly to a G6 right? I then said NO! cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/12/2023 | IF | DENIED | HENLEY, JOHN |

Proposed Response:

Official Response: Offender Scott, James #1207166,
I am in receipt of your Informal Grievance which in effect alleges that Lieutenant Fonoimoana engaged in improper conduct that violated your due process rights prior to a disciplinary hearing for OIC #520808.

Response:

Offender Scott, James #1207166,
On August 30th, 2023 a disciplinary hearing was conducted on OIC #520808 where Lieutenant Fonoimoana, Caseworker II Adams and Correctional Officers Zobie and Royal were the committee members.   During this hearing found you not guilty of OIC #520808. This result is counter to your position that this hearing officer would not be fair and/or impartial.  Since completion of this OIC you have been returned to General Population.  Your grievance is denied as the presumption that the hearing Officer would not be impartial is clearly inaccurate.  Your suggested remedies are also denied as you have not suffered a loss/harm.



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063156485 | 08/25/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/25/2023 | IF | DENIED | DAY, KYLE |

Proposed Response:

Official Response: There is no ice issued to offenders unless bought from canteen, seek medical attention if your pain continues. Medical treatment received 08-25-23.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/25/2023 | IF |  | DAY, KYLE |

Proposed Response: Last night I began having severely irregular heartbeat. My body was paralyzed and I could not breath. And it could not speak. It felt as if I was dying. I believe this is due to overt fluid consumption. In order to mitigate this I demand that the Ice maker in the unit 8C supply closet be installed immediately by maintencese. The chest pain that I suffered last night and heart issues and paralysis was both scary and painful. As a remedy I demand that the Ice maker be installed and I demand 1 bag of ice daily.

Official Response:

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063154834 | 07/14/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/14/2023 | IF |  | RAMBUR, JESSICA |

Proposed Response: I have been denied access to my medical appointment consultation/assessments with a Kidney Specialist in order to avoid the cost of treatment/care and for other reasons. As a remedy, I demand an immediate consultation with an outside Kidney Specialists due to the adverse impact that this is having on my health.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/25/2023 | IF | RESOLVED | RAMBUR, JESSICA |

Proposed Response:

Official Response: Inmate Scott, James #1207166,

In response to your Informal grievance log number 2006-31-54834 with regards to seeing a kidney specialist. Since filing this grievance, you have been seen by a Nephrologist. Grievance resolved.



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063154075 | 06/26/2023 | GRIEVANCE | LAUNDRY/CLOTHING EXCHANG |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/26/2023 | IF | | FLUHRER, SHAWN |

Proposed Response: on the approximate date of 6/13/23 i turned in my laundry in unit 7B. It consisted of 3 pairs levi jeans, 1 short sleeve hard times, blue light denim shirt, 1 long sleeve shirt, 1 Beanie, 1 sweatshirt, 2 pairs of sweat pants cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/12/2023 | IF | DENIED | FLUHRER, SHAWN |

Proposed Response:

Official Response:

I am in receipt of your Grievance # 2006-31-54075 stating you had sent 3 pair of Levi?s pants, 1 short sleeve Hard Times shirt, 1 long sleeve blue denim shirt, 1 beanie, 1 sweat shirt and 2 sweat pants to the NNCC Laundry Facility and they were never returned on the approximate date of June 13th 2023.


Per AR 704.02.2.D ? No reimbursement will be provided to inmates for clothing lost or damaged via the laundry. Inmates will send personal clothing to institutional laundry at their own risk.

In conclusion I/M Scott, you send your clothing to the NNCC Laundry at your own risk.

 Grievance Denied

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/06/2023 | 1 | | SAWIN, CHRIS |

Proposed Response: I stand by all claims, statements and remedies saught at the original grievance at the informal level.

Official Response:



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/05/2023 | 1 | DENIED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: Offender Scott, James #1207166

I am in receipt of your First level Grievance log number #2006-31-54075 as it relates to NNCC Laundry allegedly losing your personal clothing.

After reviewing your Informal and First level grievances, and upon further inquiry of the above-mentioned Grievance. It has been determined; the response Sgt. Fluhrer provided at the informal level is deemed appropriate.
Per AR 704.02.2.D No reimbursement will be provided to inmates for lost or damaged via the laundry, Inmates will send personal clothing to Institutional Laundry at their own risk.
Offender Scott, in addition to the NDOC not being responsible for lost or damaged clothing, it should also be notated, you have failed to demonstrate continual ownership, nor provided any receipts for proof of purchase. Offender Scott, for future reference, The Grievance procedure is to resolve addressable claims, only if the Inmate can factually demonstrate a loss or harm. In the future I urge you to follow the proper channels and utilize the inmate request form (kite) prior to filing a Grievance, if you require further assistance on the Grievance process, or the Laundry and Clothing procedure, I encourage you to request a copy of AR 740 and AR 704 from the Law Library and familiarize yourself.

Offender Scott, to conclude, after reviewing your Informal and First level grievances, and upon further inquiry of the above-mentioned Grievance, based on the totality of the circumstances. It has been determined the information you provided was unable to be corroborated by any source.  Furthermore, you have failed to establish responsibility for any harm or loss, nor provided any substantial proof within the balance of probabilities supporting your claim; moreover, AR 704.02.2.D clearly states the NDOC is not liable for lost or damaged clothing via the laundry services. For these reasons your Grievance Log# 2006-31-54075 is Denied.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063153117 | 06/06/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/06/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response: You've been given your property and medications. This grievance is not the proper forum. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/06/2023 | IF | | FRATIS, TRAVIS |

Proposed Response: Today is the Seventh Day (Consecutive) that I have been forced to go without my chronic care medications due to all unit 5 Officers (Willhite, Stade, Gregory, Wolfe, etc.) failure to timely and reasonably inventory and deliver my property to unit 7B. As a result I am being punitively denied access o medical care (chronic) of which is causing me significant pain and suffering and loss of life due to my serious medical need. As a remedy, I am rquesting that my property and medications be immediately be turned over to unit 7B staff.

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152887 | 05/31/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/31/2023 | IF | | DAY, KYLE |

Proposed Response: My medical order for 1 bagged ice per day has not been abided for 12 consecutive days. Out of the month of May alone the entire institution has failed to comply with said medical order even 20 times. This is still engaging and amounts to deliberate indifference. I am suffering extensively because of this. As a remedy, I demand that my medication order be complied with immediately. Per Doctor Quigly my order was rewritten on 5/19/23. Step causing me pain and suffering my deliberately and intentionally refusing to comply with my medical order.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/31/2023 | IF | DENIED | DAY, KYLE |

Proposed Response:

Official Response: Per medical, you do not have an active order for ice. This does not constitute as an emergency per AR 740.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152631 | 05/22/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/22/2023 | IF | NOT ACCEPTED | SMITH, ROBERT |

Proposed Response:

Official Response: Per Northern Nevada Muslim, Community you do not need to pray at midnight, nor do you require a specific room to pray in. You cell should be clean enough for prayer. This is not an emergency per AR 740.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/22/2023 | IF | NOT ACCEPTED | SMITH, ROBERT |

Proposed Response: "I am being deprived of my right to freely exercise my religious practice by being forced to pray in my cell and being denied access during normal operations to perform my obligatory prayers. I am a Muslim and I am not permitted to pray in a room with a toilet in such close proximity. As a remedy, I am requesting to be permitted to perform my prayers (Fajr, Zhur, Asr, Maghrib, Isha, Shraaq, Dhuhr, Tajjshuud, Witr) in a day room area each day during normal operations and at midnight"

Official Response:



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152528 | 05/19/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/19/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I am a muslim of the AL islamic faith. i also have end stage renial disease patient. As a result from requesting access to a hala diet that also meets renal diet requirments The nncc has failed in the past to provided it as a remedy fro violing my 1st amendmnet rights cont....

Official Response: DOC 3098: GR #20063074734 is from 2018 regarding mail not food and this is not a kite

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/25/2023 | IF | | DYER, CARY |

Proposed Response: My 1st amendment right is being denied due to my being deprived of access to a Hala diet. I spoke with Chaplin Dyer about this matter just to no avail. As a remedy I demand  Hala diet be provided ASAP! This is a grievance

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/28/2023 | IF | DENIED | DYER, CARY |

Proposed Response:

Official Response: Offender Scott #1207166,

I am in receipt of your grievance #20063152528.  Specifically, you are grieving the fact that you are being deprived access to a Halal Diet.  You are demanding that a Halal diet be provided ASAP.  Halal is an Arabic word derived from the sacred text of the Muslim Holy faith Islam.  It is stated in Islamic legal sources (Al Qur?an for example) that something Halal is lawful and permitted for use or consumption for an adherent of the Islamic faith.   In the Qur?an, 5:4 talks about food that is forbidden for you, which is carrion, blood and swine, the way the killing of the animals takes place, things that are partially eaten by a predator and what is sacrificed on altars.   5:5 says ?Today all good, pure foods have been made lawful for you.  Similarly, the food of the People of the Book is permissible for you and yours is permissible for them.?  The footnote to 5:5 in the Qur?an says that ?the food of the People of the Book? here means the meat of the animals slaughtered by the Jews and Christians.  In 2019 NDOC received a letter from Imam Abu Ishaq Abdul Hariz, a retired Federal Bureau of Prison Chaplain of 22 years.  At the time of the letter, he was serving as the Chief Operating Officer of the Council of American Muslim Prisoners that provides all different kinds of assistance and religious leadership to Offenders of the Islamic Faith. In his letter he states that for a substance to be Halal, it must contain no alcohol of any kind and no pork or pork by product.  He also states that according to the Holy scripture of the Muslim faith, ?The Qur?an?, that the food from the people of the book is lawful for you.  Nevada Department of Corrections offers Common Fare, which is the same food that the people from the book consume, since that is considered lawful by the Qur?an and is available to you, your grievance is denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/06/2023 | 1 | | , |

Proposed Response: I stand by all claims, statements, and remedies sought on the orginal grievance at the informal level.

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152449 | 05/18/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/18/2023 | IF | | DAY, KYLE |

Proposed Response: On the date of 5/17/23 I modified C/Os during dialysis that I required medical treatment. I have a serious medical condition which in life threating. I received muiltiple forms of treatment for my serious medical. Upon requesting numerous times for the provision of proper and adeqte medical treatment a prescribed perdotctor the institution deliberately and indifferently faile to report my request for medical attention. As a result of the institutions deliberately indifferent axtions I am being forced to endure substantial pain & suffering of which increases my risk of death, hospitalization and conjestive heart failure. I demand proper and adeguste treatment or prescribed.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/18/2023 | IF | DENIED | DAY, KYLE |

Proposed Response:

Official Response: You are currently receiving medical care for your medical treatment plan put in place by the medical provider. This is not an emergency per AR 740.



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152448 | 05/18/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/18/2023 | IF | | DAVIS, GEORGE |

Proposed Response: As a result of my life threatening End stage renal disease hemo-dialysis dependency, hypertensive, and compromised urologic system. I was placed on a fluid restriction and given 1 bag of ice per day as a substitute for fluid in order to minimize my total fluid gain/ consumption as much as possible. (per Dr, Quigley). The doctors orders for my medical needs provided and ruled as essential due to the fact that fluid overload can result in respitory issues, angio,& pitting edema, headaches, sickness congestive heart failure, hospitalization, and death. Nurse Gaylene and NP Villegas discontinued this order without any form of medical assessment and despite neither of them being kidney specialist. My life is in danger due to the above and to the retentively excessive fluid gain I'm suffering because of this.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/18/2023 | IF | DENIED | DAVIS, GEORGE |

Proposed Response:

Official Response: Per AR 740, not an emergency. File through normal channels. Dr. order is for liquid restriction. You have access to fluids to prevent dehydration. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/19/2023 | IF | | RAMBUR, JESSICA |

Proposed Response: Lorenzo Villegas NP and Gaylene Fukagawa RN discontinued my medical order for 1 bag of ice as a means of medical retaliation as a result of my filing numerous grievances of whic  I man, cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/06/2023 | IF | DENIED | RAMBUR, JESSICA |

Proposed Response:

Official Response: Inmate Scott, James #1207166,

In response to your Informal grievance log number 2006-31-52488 with regards to you requesting ice. Since filing this grievance, the order for ice has been clarified. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/25/2023 | 1 | | SULLIVAN, MEGAN |

Proposed Response: I stand by all claims and statments made at the orginal level including all remedies sought

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/31/2023 | 1 | RESOLVED | SULLIVAN, MEGAN |

Proposed Response:

Official Response: Inmate Scott, James #1207166,
I am in receipt of first level grievance #2006-31-52448 regarding ice order. Upon review of your chart the order for ice was discontinued at the recommendation of Nephrology on 5/17/2023. This does not constitute deliberate indifference. Grievance resolved.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

ER104

ER104

Page 22 of 153

NDOCER104



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/06/2023 | 2 | | SULLIVAN, MEGAN |

Proposed Response: The order for ice was wrongfully discontinues due to the culinary ice maker being broken now the medical department purchased an ice machine, 2 months ago and has uncessarrily delayed installing the ice machine cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/03/2023 | 2 | RESOLVED | WILLIAMS, KENNETH |

Proposed Response:

Official Response: Scott, James #1207166

I am in receipt of your second level grievance # 2006-31-52448 as it relates to your medical issue.

Offender Scott, James #1207166, I am in receipt of your second level grievance #2006-31-52448 regarding ice. The answer you received on your informal and first level grievances are correct. The order for ice was discontinued by the nephrologist. The NDOC is currently following specialist recommendations.

Please continue to submit medical requests on a medical kite DOC 2500 for any other medical requests or medication refills per Medical Directive 443.01.

Grievance resolved.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152447 | 05/17/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/17/2023 | IF | | TOLOTTI, DAVID |

Proposed Response: Offender Scott demands ice. "D" Button for full grievance

Official Response: Not emergency. There is no current medical order for ice.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/17/2023 | IF | DENIED | TOLOTTI, DAVID |

Proposed Response:

Official Response: Not emergency. There is no current medical order for ice. Denied.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER105**

**ER105**

Page 23 of 153

NDOC **ER105**



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152342 | 05/15/2023 | GRIEVANCE | CLASSIFICATION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/15/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: My due process rights are being violated due to the fact that I was moved to restrictive housing Unit 5 without any form of due process or classification hearing of which notified me of anything As a remedy I demand a classification hearing and monetary compensation in the amoutn of $50,000

Official Response: DOC 3098: Out of 10 day time frames, moved to 5 03/29/2023 did not grieve until 5/11/23

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/01/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I disagree because I am not grieving classification but deprivation of my right to freely exercise my religion therefore the 10 day calendar does nto apply to grievance allegin a constitutional cont....

Official Response: NOT ACCEPTED - If not accepted due to any of the reasons in this box, the grievance may NOT proceed to the next level Per AR 740.03,5 and 740.04,G.
Untimely submission:
AR 740.08.4.B. Within ten (10) calendar days if the issue involves any other issues within the authority and control of the Department including, but not limited to, classification, disciplinary, mail and correspondence, religious items, and food. Your claim took place on 3/29/23 and you did not submit until 5/15/23 (initially, with current submission dated 5/25/23). Do Not resubmit.

Abuse of Inmate Grievance Procedure
Specific claims or incidents previously filed by the same inmate
Other specify: If this is grievance is not about classification, but about access to religious exercise, this grievance is also unable to be accepted. Per AR 740.04.2.B. Specific claims or incidents previously filed by the same inmate, constitutes abuse of the Grievance Procedure. Reference grievance 2006-31-51952 filed 5/5/2023.
Please review AR 740, available in the Law Library. DO NOT Resubmit.

DOC 3098: still 10 days out of time, if grieving religion duplicate of 51952 files 05/04/23

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/25/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and statments made at the orginal level including all remedies sought ...[CDUTTON, 09/06/2023 10:10:10] I stand by all claims and statements, and remedies saught at the informal level on the orginal grievance

Official Response: 4the rejection: 9/5/23: Still out of time frame

DOC 3098: still out of time issue happened on 03/29/23 filed 05/11/23

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152319 | 05/15/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/15/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response: Both staff and medical have affirmed they were not aware you required medical treatment. Utilize a man-do0wn in the future. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/15/2023 | IF | | FRATIS, TRAVIS |

Proposed Response: On the date of 5/14/23 @ 12:30pm I requested medical treatment numerous times from C/O's Willhite and C/O Neal. Both C/O's deliberately and indifferently disregarded my request for medical treatment and my serious medical needs. This Blatant disregard for my serious medical needs is causing me the unecessary and wonton infliction of pain & suffering and medical complications that increase my risk of congestive heart failure and death and hospitalization. If these actions continue it will lead to my d3eath and/or hospitalization. I demand medical treatment as perscribed per doctor's order once per day.

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

Page 25 of 153

NDOC

ER107    ER107    ER107    ER107



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152269 | 05/12/2023 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/12/2023 | IF | | , |

Proposed Response: On the date of March 28, 2023 I began exhibiting signaf chest pains and heart palpitation and dizziness and disoreientation; I realigned that these medical dialysis, having end stage renal diesase, ortho static hypotension and from cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/12/2023 | IF | DENIED | SMITH, ROBERT |

Proposed Response:

Official Response: I am in receipt of your grievance #20063152269. In your grievance, you state you have numerous medical conditions, such as dialysis, end stage renal disease, and ortho-static hypertension. You also state you were depleted of energy and fluids due to participating in Ramadan. You stated you were on your way back from Islamic class your medical issues began to rapidly intensify. You also state you and another offender went to unit 2 and spoke with Officer Zysman regarding your medical condition. You state when Officer Zysman opened the unit 2 door, he told you to return to your unit, however you stated you asked for medical to be called and Officer Zysman denied your request numerous times and shut the unit 2 door. You stated you were on your way to medical when the medical episode you were having ceased, so you returned to unit 4 and returned to your cell.

Offender Scott, I spoke with medical regarding this situation. I was informed you never spoke with medical of this emergence. By your own admittance, you stated "fearing that these complications may lead to heart attach, stroke, or fainting a fellow Muslim inmate helped escort you to the nearest unit". If you are fearing this situation, you should have made it a point to go to medical as soon as possible and tell them of what transpired on March 28th, 2023, however you failed to seek any medical attention before, during, or after this incident. You also had plenty of time to inform your unit Officer of the situation when you returned to unit 4, which you also failed to do. Additionally, you have never informed medical that participating in Ramadan causes you to deplete yourself of energy and fluids, which causes chest pains and heart palpitations.
I spoke with Officer Zysman who stated he walked out of the unit 2 main door and noticed you were hanging out with other offenders outside of unit 2. Officer Zysman stated you did not appear to be in distress of any kind and never asked for medical attention. Officer Zysman stated you were told you were in an unauthorized area and to return to your unit, to which you responded with "Ok Zysman, I got you" and returned to unit 4. You were written up twice within 30 minutes on that date for being in an unauthorized locations. Once in the Law Library and once by Officer Zysman. Offender Scott, due to the reasons above, your grievance is Denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/25/2023 | 1 | | SAWIN, CHRIS |

Proposed Response: I stand by all claims and statments made at the orginal level including all remedies sought

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/11/2023 | 1 | DENIED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: Offender Scott, James #1207166

I am in receipt of your First level Grievance log number #2006-31-52269 as it relates to Officer Zysman allegedly refusing to let you to call a ?Man-Down?.

After reviewing your Informal and First level grievances, and upon further inquiry of the above-mentioned Grievance. It has been determined; the response Sgt. Smith provided at the informal level is deemed appropriate.

Offender Scott, for future reference, Per AR 740.03: ?A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues, actions or conditions that they do not like but suffered no harm or loss.? The Grievance procedure is to resolve addressable claims, only if the Inmate can factually demonstrate a loss or harm. In the future I urge you to follow the proper channels and utilize the inmate request form (kite) prior to filing a Grievance, if you require further assistance on the Grievance process, I encourage you to request a copy of AR 740 from the Law Library and familiarize yourself.

Offender Scott, to conclude, after reviewing your Informal and First level grievances, and upon further inquiry of the above-mentioned Grievance. It has been determined, the information you provided was unable to be corroborated by any source. Furthermore, you have failed to establish responsibility for any harm or loss, nor provided any substantial proof within the balance of probabilities supporting your claim. For these reasons your Grievance Log# 2006-31-52269 is Denied.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152267 | 05/11/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/11/2023 | IF | | DAVIS, GEORGE |

Proposed Response: Today is the 7th concecutive day that the institution has deliberrtely indifferently violated and dissregarded my medical order for 1 bag of ice per day. This is causing extreme pain & suffering. As a remedy I demand, that my order be complied with immediately.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/11/2023 | IF | DENIED | DAVIS, GEORGE |

Proposed Response:

Official Response: Per Ar740, not an emergency. You have access to fluids that will prevent dehydration. Your grievance is denied.

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152228 | 05/11/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/11/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response: This is not an emergency and has been addressed several times (Grievance Log Number 2006-31-52141, 52201, & 52202.) Grievance denied!

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/11/2023 | IF | | FRATIS, TRAVIS |

Proposed Response: This is the 6th consecutive day that I have been deliberately and indifferently deprived of access to proper and adequate medical care as a result of the Culinary, Medical, Canteen, and the NNCC's blatant disregard for my doctor's prescribed medical order for 1 Bag of Ice per day. This is resulting in extreme pain and suffering. I demand that my medical diet be complied with immediately.

Official Response:

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152202 | 05/09/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/09/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response: This grievance has beed addressed. You have access to water and can therefore prevent dehydration. This is not an emergency. Grievance denied!

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/09/2023 | IF | | FRATIS, TRAVIS |

Proposed Response: I am being deprived of access to proper and adequate fluids due to my being on fluid restriction and due to Culinary's malicious and deliberately indifferent failure to abide by my medical diet and for 1 bag of ice per day. Despite culinary's claim that their ice maker is not functional it is still the duty of culinary to abide by this medical diet order due to my not being responsible for the provision of equipment, tools, staff, or facilities. This is the 4th consecutive day of violating my medical order. As a remedy, I demand that the functioning ice maker @ Warm Springs Correctional Center be brought to NNCC to replace the ice maker in the culinary. I will die from dehydration if this continues.

Official Response:



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152201 | 05/09/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/09/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response: Not receiving ice is not an emergency. You have access to water to prevent dehydration.Grievance denied!

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/09/2023 | IF | | FRATIS, TRAVIS |

Proposed Response: On the date of 5/9/23 the culinary and canteen has yet again failed to comply with my medical order for 1 bag of ice per day. This is the 4th within a 5-day period that this blatant disregard for my serious medical need has been committed. This is causing me to go without the proper & adequate fluids and leading to dehydration, dizziness, and excessive fainting (passing out). I have already exhausted all normal grievance channels and have prevailed at each level. However, culinary and canteen are still deliberately and indifferently failing to comply with my order. If this persist I may very well die. As a remedy, I want my bag of ice immediately.

Official Response:

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152141 | 05/07/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/07/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response: This is not an emergency. If your medical welfare becomes compromised, you have the right to request a man-down. Grievance denied!

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/07/2023 | IF | | FRATIS, TRAVIS |

Proposed Response: Today is the third consecutive day that I have been deprived of my medical order for 1 bag of ice per day. This deprivation is causing me dehydration and excessively large and hard stoolage which is causing me unecessary pain and suffering. As a remedy, I demand that my order be complied with. The normal channels have already been exhausted and have been ruled as granted per M. Sullivan.

Official Response:

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152120 | 05/06/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/06/2023 | IF | DENIED | ASHCRAFT, RICHARD |

Proposed Response:

Official Response: Per AR 740, not an emergency. File through normal channels.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/06/2023 | IF | | ASHCRAFT, RICHARD |

Proposed Response: My order is not for fluid restriction my order is for / Bag of ice daily. Normal channels have already been exhausted and M. Sullivan has declared my grievance as granted this is emergency.

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063152119 | 05/06/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/06/2023 | IF | DENIED | ASHCRAFT, RICHARD |

Proposed Response:

Official Response: Per AR 740, not an emergency. File through normal channels. Dr. order is for liquid restriction.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/06/2023 | IF | | ASHCRAFT, RICHARD |

Proposed Response: Once again the institution is deliberstely and intentionally failing to provide me with my bag of ice per day as prescribed per Doctors Order. This incident occurred yet again on 5-5-23 and Now on 5-6-23. I have already exhausted all administrative remedies and have successfully prensiled. However, the institution is failed to comply. As a result, I am forced to go without the proper fluids and thereby suffer from dehydration and excessively large and hard stoolage which causes me extreme pain and suffering. If this continues I will die.

Official Response:



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063151952 | 05/05/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/05/2023 | IF | | DYER, CARY |

Proposed Response: I am being housed in restrictive general population Unit 5 and I am being deprived of my right to excise relgion by attending Jumuiah services on fridays and taleem services on tuesdays. The warden Mr brietnebach, AW Mr Henley, AWO Robert Hartman, anc chaplin dyer are engaging in this violation of the free exerccise clause cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/10/2023 | IF | DENIED | DYER, CARY |

Proposed Response:

Official Response: Offender Scott #1207166,

I am in receipt of your grievance #20063151952.  Specifically, you are grieving the fact that you are being deprived of your rights to exercise your religion by not being allowed to attend Jummah services on Friday?s and attend the Taleem service on Tuesday?s since you are being housed in a restricted general population unit.  You are currently housed in Unit 5.  You state that we are in violation of the free exercise clause.  You are demanding the full reinstatement of your religious rights to exercise your religion freely by attending both the Tuesday and Friday services.  AR 810.3 Religious Manual Section 3A states:  Request for accommodation of certain religious practices and observances shall be considered from inmates as set forth within this NDOC Religious Practice Manual.  All requests for accommodation of religious practices shall be treated equally regardless of the religion involved.  Equal, consistent treatment of all religious requests does not always result in the same accommodations in all institutions/facilities or for all inmates.  3B states:  Special privileges on a one-time basis do not create a precedent.  The grant of any special request is decided on a case-by-case basis taking into consideration factors unique to a specific situation.  These factors include but are not limited to: security, custody levels of the requesting inmates, physical limitations of a particular institution/facility, and available staff.  Section 3C states:  The grant, limitation, and in some instances prohibition of religious privileges is subject to the custody and classification of the inmate, the disciplinary history of the inmate, the available resources at the prison, staffing levels and the security level of the institution/facility.  We have not stopped you from practicing your religion inside your cell at all, however due to the fact that you are in restricted housing and your classification, within the policies and procedures stated above, your grievance and remedies are denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/01/2023 | 1 | | HUGHES, NATHAN |

Proposed Response: I stand by all claims and statements and remedies sought at the intial/informal level

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER113**          **ER113**

Page 31 of 153

NDOC **ER113**



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063151524 | 04/24/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/24/2023 | IF | DENIED | CRAIG, DAVID |

Proposed Response:

Official Response: AR 740, this is not an emeregency. Please file @ the correct grievacne level bby submitting an informal grievance. You were given a bag of ice on this date.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/24/2023 | IF | | CRAIG, DAVID |

Proposed Response: Once again I am being deprived of my medical order for ice once per day.  This is causing me dizziness and faint spells due to me being on fluid restriction per doctor's order and me not having ice as a substitute as is also medically prescribed. I i have many numerous grievances on this issue as well as emergency grievacnes I am being made to suffer because of this medical deliberate indifference, as a remedy, I demand that full and abslute compliance with my medcial order for ice immediately and in the future. I need someone to enter the canteen the culinary in order to retrieve my medically ordered bag of ice.

Official Response:

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063151496 | 04/23/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/23/2023 | IF | | ASHCRAFT, RICHARD |

Proposed Response: I am an End Stage Renal patient of whom is an fluid restriction per Doctor?s order, and as a result I have a doctor?s order to receive ice once per day. The Culinary has failed to abide by the order for over 9 days and has cited a broken ice machine as being the reason for this failure to abide by my Doctor?s Order and 2 grievances of which ordered Culinary to abide by the Doctor?s Order (#2006-31-43639).  Culinary has ordered Canteen to provide the ice as medically prescribed, however, the canteen is not open on Saturdays & Sundays. As a result I have been forced to go days without fluids fluid as I am fluid restriction where ice is Medically substituted. I am dehydrated and have already fainted twice. I?m going to die if my order is not immediately complied with.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/23/2023 | IF | PARTIALLY GRANTED | ASHCRAFT, RICHARD |

Proposed Response:

Official Response: Medical has been advised and will assess you as soon as possible for determination if due to your medical condition if you are able to remain in unit 5 or be re-housed to Unit 8A.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063151495 | 04/22/2023 | GRIEVANCE | GRIEVANCES |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/22/2023 | IF | DENIED | ASHCRAFT, RICHARD |

Proposed Response:

Official Response: Per AR 740, not an emergency. File through normal channels.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/22/2023 | IF | | ASHCRAFT, RICHARD |

Proposed Response: In regards to emergency grievance #2006-31-51494, I received an innslid response saying that continuation forms are not allowed for emergency grievances per AR 740, however this is untrue therefore, I stand by all emergency claims, and statements and remedies sought on the initial emergency grievance #2006-31-51494 (Please See Original #2006-31-51494 and it?s attached continustion for more info)

Official Response:

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063151494 | 04/22/2023 | GRIEVANCE | FOOD |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/22/2023 | IF | | TOLOTTI, DAVID |

Proposed Response: Offender Scott is grieving not having ice. ...[DTOLOTTI, 04/22/2023 14:48:43] FULL GRIEVANCE AVAILABLE ON "D" BUTTON

Official Response: Continuation forms are not authorized on emergency grievance issues per AR 740.

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063150832 | 03/31/2023 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/31/2023 | IF | | , |

Proposed Response: See all attached affidavivit & declaractions, On 3/26/23 at approx 6:16am I and 3 other inmates Gardenhire 4A-27 Bill 4A-18 and davis 4A-6 were all engaged in Islamic group prayed aftering being released from our cells, by the previous shift due to Ramadan time cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/11/2023 | IF | PARTIALLY GRANTED | SAWIN, CHRIS |

Proposed Response:

Official Response: Offender Scott, James #1027166
Response to Informal level Grievance Log Number 2006-31-50832 as it relates to alleged Staff misconduct, indicating retaliation by means of Denying Religious prayer group and making unprofessional/Racially motivated comments.
The allegations of alleged Staff misconduct by Department Staff have been forwarded to the Office of the Inspector General for further review.
At this time your Grievance has been partially granted, pending the outcome of the internal investigation, your suggested remedies are denied at this time. No monetary compensation will be considered.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/12/2023 | 1 | | SAWIN, CHRIS |

Proposed Response: I stand by all claims, statements and remedies sought at the original grievance
Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/16/2023 | 1 | PARTIALLY GRANTED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: Offender Scott, James #1207166

Response to First level Grievance Log Number 2006-31-50832 as it relates to alleged Staff misconduct, indicating retaliation by means of Denying Religious prayer group and making unprofessional/Racially motivated comments.

The allegations of alleged Staff misconduct by Department Staff have been forwarded to the Office of the Inspector General for further review.

At this time your Grievance has been partially granted, pending the outcome of the internal investigation, your suggested remedies are denied at this time. No monetary compensation will be considered.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/21/2023 | 1 | | HARTMAN, ROBERT |

Proposed Response: I stand by all claim and statement and remedies saught at the original, and first level
Official Response: DOC 3098: missing previous documents dated 5/16/23

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/25/2023 | 2 | | HENLEY, JOHN |

Proposed Response: I stand by all claims and statements made at the original levelm including all remedies sought.

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063150747 | 03/30/2023 | GRIEVANCE | OTHER |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/30/2023 | IF | | ASHCRAFT, RICHARD |

Proposed Response: I am being held in a unit 5C that has contaminated water. I have been instructed that I can shower. However, It is life threatening for me to do so due to the fact that I have a dialysis port on my chest. If infected I will die due to a Blood Infection. I am as a result requesting the immediate transfer to another general population unit as a remedy. Again, this is a life-threatening issue as contaminated water will expose my dialysis port to deadly blood infection. Per AR 740 this is a clear and apparent danger that threat to my life. Please move me to an ADA unit where appropriate accommodations are present.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/30/2023 | IF | DENIED | ASHCRAFT, RICHARD |

Proposed Response:

Official Response: Per AR 740 not an Emergency per Medical device is to be covered when not in use. Contact Medical for a cover if needed.



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063150143 | 03/21/2023 | GRIEVANCE W/STAFF ISS | DISCRIMINATION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/21/2023 | IF | | , |

Proposed Response: Muslim J3s are being denied benefits of service that are being afforded to other similaryr accessible it is compulsory upon all Muslims to participate in group Salah during prayer times, Ramadan suhoor ID etc cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/11/2023 | IF | DENIED | DYER, CARY |

Proposed Response:

Official Response: Offender Scott #1207166,

I am in receipt of your grievance #20063150143.  Specifically, you are grieving the fact that Muslim Offenders are being denied benefits of services that are being afforded to other ?similarly situated? persons.  You state that it is compulsory upon all Muslims to participate in group Salah during prayer times, Ramadan, Suhoor, ID, Etc.  I spoke to Sharif, who is a Board Member for the Northern Nevada Muslim Community on March 14, 2023 regarding group prayers for Muslims during Ramadan.  He told me that it is better for you if you can pray in a group but it is not mandatory for you to pray in a group.  If a group prayer can not be accommodated, you can still pray alone in your cell.  Per AR 810.3 4 Z Worship Service definition is: A weekly meeting time for each Faith Group consisting of up to at least one (1) hour.  There is no entitlement beyond one (1) hour per week.  According to AR 810.3 10 B: Each institution/facility may attempt to accommodate all recognized Faith Groups in celebrating their AR 810 recognized holy days(as set forth in the Faith Group Overview) on the actual day on which they occur.  This option is considered in light of the institution/facility?s staffing, yard movement, impact on other programs, cost, resources, and safety and security issues.  No institution/facility is mandated to allow the celebration on the actual date, and may allow the holy day to be celebrated on an alternate date including during the Faith Group?s normally scheduled weekly worship day.  The Muslims have been permitted a half an hour a night, from 7:30pm-8pm each night through the end of Ramadan to have a group prayer and break their fast each night.  Muslims also are only one of two Faith Groups who have not only a one hour service on Friday?s but also a one hour class on Tuesday?s.  The other Faith Groups do not get this, so there is no Faith Group getting more time than the Muslim Faith Group and the Muslim Faith Group is not being discriminated against.  Considering the information received by the Faith Community Leaders for the Muslim Faith Group, the policies and procedures set forth in the AR and the fact that your Faith Group is receiving more than the minimum time stated in the AR,  your grievance is denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/12/2023 | 1 | | HUGHES, NATHAN |

Proposed Response: I stand by all claims and statements, and remedies sought at the original grievances

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER118**          **ER118**

Page 36 of 153

NDOC 0118  **ER118**



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063149798 | 03/14/2023 | GRIEVANCE | FOOD |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/14/2023 | IF | | FRATIS, TRAVIS |

Proposed Response: Culinary Free Staff deliberately and intentionallly interfering with my medical order for 1 bag of ice per day by only providing me with 2 cups of ice in a bag. This ice must last me for 24 hr period. My Medical order does not say 16-32 oz of ice, nor a quarter bag of ice, but 1 bag of ice daily due to my condition of which is covered by the ADA. Culinary Free Staff C/O Velez cannot modify, amend, taper, nor interfer with a medical order nor is such a medical ordersubject to his interpretation. I am requesting that I be provided with 1 bag of ice per day as prescribed this medical order, and that staff be prohibitied from placing unperscribed portions modifications to my medical orderdue to the fact that they are interfering with the prescribed plan of care and disregarding my serious medical need as the 1 bag of ice per day is essential (See Order) to my medical diet. When general population inmates purhcasse a bag of ice from canteen the fullness of the bag is filled with ice. My bag is only a lunch bag (standard) and it is deliberately and intentionally not being used to its intended fullness due to staff only putting 2 cups of ice in a lunch bag in bad faith and claiming to satisfy my medical order by doing so, despite the fact that 1 lunch bag can easliy hold anywhere between 8 to 10 cups of ice. As a remedy: I am requesting that culinary free staff and C/O Velez be prevented and prohibited from tampering with my medical order for 1 bag of ice per day by maliciously adding unprescribed portions of ice to my order.  as it clearly orders 1 bag of ice, and I am requesting that hte near fullness of the bag be filled with ice (8 to 10 Cups 16 oz each) for the purpose of fully  complying with the medical order in good faith instead of maliciously portioning  or limiting me to 1/4 or 1/5 of a bag of ice of which  is clearly not authorized in the medical injury of which is life threatening. A similar Emergency was filed regarding and it was ruled legitimate emergency per AR 740 as Custody Staff cannot interfere with a aprescribed medical order of which is deemed essential. Please resolve this matter so we can all move on.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/14/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response: Your order is to recieve ice. You've recieved your ice. This is not an emergency. Grievance Denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/24/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: On the date of 3/16/23 a senior officer informed me "Hey Scott, to be up front with you custody and administration are plotting to take your ice from you again" I was written a doctors order for 1 bag of ice per day

Official Response: DOC 3098: Grieving something that has not happened

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/12/2023 | IF | | RAMBUR, JESSICA |

Proposed Response: i stand by all claims, statements, and remedies sought at the initial grievance. ...[CDUTTON, 07/25/2023 13:40:40] I stand by all claims statments and remedies made and saught at the original level

Official Response: RE-SUBMIT 07/19/2023

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

ER119

ER119

Page 37 of 153

NDOC 0119
ER119



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/30/2023 | IF | | RAMBUR, JESSICA |

Proposed Response:
Official Response: DOC 3098. No harm/loss, action, or remedy

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/02/2023 | IF | | RAMBUR, JESSICA |

Proposed Response:
Official Response: DOC 3098. Other specify: Other:  This is your THIRD and FINAL rejection. If you choose to resubmit again, the documents will be confiscated and placed in your grievance file. No further action will be taken.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063149716 | 03/10/2023 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/10/2023 | IF | | DYER, CARY |

Proposed Response: 4 half ounce bottles of scented prayer oil every 3 months is not enough to make a mandatory muslim minimum of 35 prayers per week let alone the many additional witr Nafilach, sunrise Night tahjjahud etc cont...
Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/22/2023 | IF | DENIED | DYER, CARY |

Proposed Response:
Official Response: Offender Scott #1207166,

I am in receipt of your grievance #20063149716.  Specifically, you are grieving the fact that four 1/2oz bottles of oils every 3 months is not enough to make a mandatory Muslim minimum of 35 prayers per week let alone many additional prayers that you have to pray.  The directive came out in December 2022, from Brian Williams who was Deputy Director of Programs at the time, that starting January 1, 2023, you could buy four ? oz bottles the first fifteen days of every quarter through the canteen without the Chaplain?s approval.  Other members of the Muslim Faith Group previously mentioned to myself, Chaplain Dyer, since this memo came out that this amount of oil was not enough for your prayers. I reached out to the Northern Nevada Muslim Community for information and clarity. On February 1, 2023, I spoke with Dr. Shanaz Ahmad who is the Vice President of the Community.  She informed me that since you have access to water, to wash yourself you do not need oil to anoint yourself before prayers. She said if you did not have access to water, then yes, you would need oil that would be used to wash yourself in place of the water. On March 14, 2023, while speaking to Sharif, who is a Board Member for the NNMC on another issue, he told me the same thing, you do not need oil for your prayers. Therefore, since I received this information from the Muslim Faith Group Leaders in the community, and since the Memo that came out in December 2022 only allows four 1/2oz bottles, your grievance is denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/20/2023 | 1 | | HUGHES, NATHAN |

Proposed Response: I stand by all claims and statments made at the original level as the offical response is inaccurate and has no hearing on the free exercise clause.
Official Response:



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063148964 | 02/22/2023 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/22/2023 | IF | | , |

Proposed Response: On the date og 02/13/2023 @ approximately 6am on earlier CO Purmort popped my doot open and instructed me to head to dislysis" As I readied myself approximately 5 to 10 minutes later CO Purmort then come to my cell door and instructed cont...

Official Response: memo to warden

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/22/2023 | IF | DENIED | FLAMM, MICHAEL |

Proposed Response:

Official Response: Inmate Scott, you are attempting to grieve a Notice of Charges (ref: OIC# 516934), the outcome of which has not yet been determined.  Per Administrative Regulation 707.1, ?Following a finding of guilty, an offender shall be advised that they may appeal this decision to the Warden via the grievance process outlined within AR 740??  As the results of this particular disciplinary event have yet to be decided, per the disciplinary process, this event is not yet subject to be grieved.  If, during the Disciplinary Hearing, you receive a finding of guilty, then you are free to appeal the decision via the disciplinary process, as outlined in AR 740.

As a result of the fact that you are attempting to grieve a Notice of Charges which has yet to be resolved, this grievance is denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/20/2023 | 1 | | SAWIN, CHRIS |

Proposed Response: I am not grieving a disciplinary matter as I stated in a previous grievance I am grieving retaliation the appeal is not applicable in this matter,

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/02/2023 | 1 | DENIED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: Offender Scott, James #1207166

I am in receipt of your First level Grievance log number #2006-31-48964 as it relates to alleged Staff retaliation.

After reviewing your Informal and First level grievances, and upon further inquiry of the above-mentioned Grievance. It has been determined; the response Lt. Flamm provided at the informal level is deemed appropriate.
Offender Scott, please present your statement and evidence to the Disciplinary Hearing Committee. Do not resubmit.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/01/2023 | 2 | | HENLEY, JOHN |

Proposed Response: I stand by all claims and statements and remedies sought at the informal and first level.

Official Response:

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/23/2023 | 2 | DENIED | TRISTAN, DAVID |

Proposed Response:

Official Response: Offender Scott,

I am in receipt of your grievance #2006-31-48964 wherein summary you state the following: On February 13th, 2023, you had a verbal conflict with a staff member which resulted in a Notice of Charges. You further state that this verbal dispute was due to you being denied access to the grievance procedure by the staff member when they denied you access to a stapler.

Requested Remedies:
1. Disciplinary Action for the involved staff.
2. $499.99

Response: The response issued at the informal and second level is appropriate and you have failed to elaborate or argue your position further. The Notice of Charges OIC #516934 has since been resolved with a finding of Not Guilty. The use of a stapler does not preclude you from engaging in the grievance process and your escalation of the situation documented in the staff report gives enough concern for the denial of issuance of the stapler.

Furthermore, Administrative Regulation 707.1.D.1 states "Following a finding of guilt an offender shall be advised that they may appeal this decision to the Warden via the grievance process outlined within AR 740 Offender Grievance Procedure within 10-calendar days of the finding of guilt. Submit one appeal to the Warden using the offender grievance processes outlined in AR 740 with 10-calendar days of the finding of guilt."

Offender Scott you were found Not Guilty of OIC #516934. For the above listed reasons your grievance and suggested remedies are denied. Monetary compensation is denied and will not be considered.

Your grievance is denied.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063148579 | 02/09/2023 | GRIEVANCE | AMER W/DISAB ACT |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/09/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I am a end stage renal patient and i am also a hemodialysis dependent patient. i am protected under ADA title 1 and title 2. My disabilitys have rendered me unable to work and unable to attend camp as a result of the major cont....

Official Response: DOC 3098: Mail bag submission

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/10/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and remedies sought on the initial grievance. Please forward this grievance to the ADA cheif Complnoance officer Not ada coordinator

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/31/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: Due to not receiving a timely response from the initial grievances filed on 2/2/23 a kite was submitted to the grievance condintionas per the AR 740 and caseworker was consulated to no avail I am therefore proceeding to the next cont....

Official Response: DOC 3098: Rejected 02/09/23 inmate submitted an informal on 03/10/2023 not out of times

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/11/2023 | 1 | | HARTMAN, ROBERT |

Proposed Response: I was given permission to proceed to the next level by the grievance coordinator (see attached kite) As of 5/9/23 i have met with the caseworker Barrazza and she returned to me all of the grievances in her possesion cont...

Official Response:



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063147461 | 01/09/2023 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2023 | IF | | HENLEY, JOHN |

Proposed Response: On the date of 12/23/22 @ approx 2:30pm I was removed from the dislysis machine and began expoercing complications as a result. CO Ortzel then ordered me to relocated in holding cells in front of 8C I then informed him due to the complications I was experiencing cont...

Official Response: More than one (1) grievance per week, Monday through Sunday.
AR 740.03.4.C. An inmate may not file more than one (1) grievance per seven (7) day week, Monday through Sunday. More than one (1) grievance filed during the seven day week period will not be accepted. Reference Grievance 2006-31- 47452 filed 12/26/2022.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/14/2023 | IF | | SAWIN, CHRIS |

Proposed Response: I stand by all claims and remeideis sought on the intial greivance. All defciencies corrected.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/27/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response: Inmate Scott, James #1207166. I am in receipt of Grievance Log Number 20069-31-47461 as it pertains to allegations against an officer who you claim to have berated you with demeaning words. You claim it is in retaliation due to his knowledge of grievances you filed against him. Your remedy is to redress all forms of discipline against you.

After careful consideration of your grievance, I conducted interviews with the listed person as well as a nurse who was working Dialysis on the date provided. Both interviewees were unaware of my intent to interview them and were done separately. Both interviewees state that no confrontation with demeaning language occurred. My investigation ended with these two interviewees?. Allegations will always be investigated; however, anecdotal testimony is unreliable without substantiating evidence. You have been unsuccessful in providing evidence beyond an anecdotal testimony to substantiate your claim. Without evidence or witness accounts to validate your claim, your grievance is denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/13/2023 | 1 | | SAWIN, CHRIS |

Proposed Response: Sgt Fratis investigatory interview wasa not conducted until 91 days after the incident this allowed intervies recollection of the events to decay over times. However James Bumpus was present and other dialysis patients and logged the incident in a journal cont...

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

ER124

ER124

Page 42 of 153

NDOC0014

ER124

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/22/2023 | 1 | DENIED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: Offender Scott, James #1207166

I am in receipt of your First level Grievance log number #2006-31-47461 as it relates to alleged Staff misconduct.

After reviewing your Informal and First level grievances, and upon further inquiry of the above-mentioned Grievance. It has been determined, a preliminary investigation was completed; subsequently, Resulting with no verifiable claims of Staff misconduct. Additionally, the information you provided was unable to be corroborated by any source. Furthermore, you have failed to establish responsibility for any harm or loss, nor provided any substantial proof within the balance of probabilities supporting your claim. For these reasons your Grievance Log# 2006-31-47461 is Denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/20/2023 | 2 | | HENLEY, JOHN |

Proposed Response: I stand by all claims and statements made at the orginal level.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/02/2023 | 2 | DENIED | TRISTAN, DAVID |

Proposed Response:

Official Response: Offender Scott,

I am in receipt of your Second level Grievance log number #2006-31-47461 as it relates to alleged Staff misconduct.

After reviewing your Informal, First level, and Second level grievances, and upon further inquiry of the above-mentioned Grievance. It has been determined, a preliminary investigation was completed; subsequently, Resulting with no verifiable claims of Staff misconduct. Additionally, the information you provided was unable to be corroborated by any source. Furthermore, you have failed to establish responsibility for any harm or loss, nor provided any substantial proof within the balance of probabilities supporting your claim.

Your grievance is DENIED.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-20-23 01:59 PM

ER125                                    ER125

Page 43 of 153

NDOC ER125



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063147452 | 01/09/2023 | GRIEVANCE | OTHER |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2023 | IF | | HENLEY, JOHN |

Proposed Response: On numerous instances from the year 202 to the end of 2022 the adminstrative staff deliberalty, intentionally, and maliciously and in bad faith engaged in the uncontiutional interference with the grievance procedure by purposely cony....

Official Response: More than one issue
AR_740.03.4.D The inclusion of more than one grievance issue, per form will be cause for the grievance to not be accepted. You are currently grieving: Staff interfering with your grievances, Staff removing forms from your grievances, Medical answering medical grievances, not being notified of the changes to AR 740, and the time frames of your grievances being answered

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/14/2023 | IF | | SAWIN, CHRIS |

Proposed Response: Although I did infact detail multiple instances of the same issue, I am only grieving interference with the grievance procedure.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/27/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response: Inmate Scott, James #1207166. I am in receipt of Grievance Log Number 20069-31-47452 as it pertains to allegations against the NDOC administration. You allege the NDOC administration is ?deliberately?, ?maliciously?, and ?intentionally? interfered with the grievance process by misconstruing your grievances or utilizing the 3098 ?Improper Grievance Memo? to stall your progress through the grievance process. You later summarize that the one issue you are grieving that is associated with Grievance Log Number 20069-31-47452 is the interference by the NDOC administration with your grievances. You list many remedies to include making all state documents carbon copies, continuing memo?s updating offenders of changes in AR?s, the end to partisanship among grievance responders, the inclusion of a grievance staff member, that all of your grievances are handled by the IG?s office, that grievances are answered within the allotted timeframes, that grievances are managed using the F.I.F.O system, and that all previously filed grievances be considered exhausted.

After careful consideration of the contents associated in and with your grievance, I remain unconvinced that the NDOC administration is intentionally and maliciously interfering with your grievances as you have been unable to substantiate your claims. Despite you grieving one issue (which was later identified), you scribed several issues in your original grievance. AR 740.03.5.D prohibits an offender from listing more than one grievable issue in a grievance. Therefore, the intervention of a 3098 ?Improper Grievance Memo? is warranted as you listed several grievable issues.
In response to the allegation that the NDOC administration is stalling progress by allowing your grievances to go overdue, AR 740.03.9.B states, ?The offender may proceed to the next grievance level if a response is overdue.? Despite anecdotal evidence, you have not provided empirical evidence to prove beyond a reasonable doubt that the NDOC administrators are maliciously and deliberately interfering with your grievances or the grievance process. Your grievance is denied.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER126**                          **ER126**

Page 44 of 153

NDOC 00126   **ER126**

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/13/2023 | 1 | | SAWIN, CHRIS |

Proposed Response: Becasue the SGT Fratis ised beyone reasonable doubt standard as the evidene statard despote the ninth circuit only allows the prepandemic standard to be used in such matter regarding ones civil cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/22/2023 | 1 | DENIED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: Offender Scott, James #1207166
Response to First level Grievance Log Number 2006-31-47452 as it relates to the grievance process.
 After reviewing your Informal and First level grievances, and upon further investigation of the above-mentioned Grievance. It has been determined the response Sgt. Fratis provided at the informal level is deemed appropriate.
Offender Scott, there is no indication of any deliberate, malicious, or intentional interference with your submitted grievances. It should also be notated; DOC-3098?s are to inform Offenders of any deficiencies within the grievance as outlined in AR 740.03 ?Grievance issues?. In the future, if you require further assistance on the Grievance process, I encourage you to request a copy of AR 740 from the Law Library and familiarize yourself.
Offender Scott, Per AR 740.03: The Grievance procedure is to resolve addressable claims, only if the Inmate can factually demonstrate a loss or harm. Furthermore, you have failed to establish responsibility for any harm or loss, nor provided any substantial proof within the balance of probabilities supporting your claim. For these reasons your Grievance Log# 2006-31-47542 is Denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/20/2023 | 2 | | HENLEY, JOHN |

Proposed Response: I stand by all claim and statements made at the original grievance,
Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-20-23 01:59 PM

Page 45 of 153

NDOC

ER127   ER127   ER127

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/02/2023 | 2 | DENIED | TRISTAN, DAVID |

Proposed Response:

Official Response: Offender Scott,

After reviewing your Informal, First, and second level grievances, and upon further investigation of the above-mentioned Grievance. It has been determined that the response Sgt. Fratis provided at the informal level is deemed appropriate.

There is no indication of any deliberate, malicious, or intentional interference with your submitted grievances. It should also be notated; DOC-3098s are to inform Offenders of any deficiencies within the grievance as outlined in AR 740.03 "Grievance issues." In the future, if you require further assistance on the Grievance process, I encourage you to request a copy of AR 740 from the Law Library and familiarize yourself.

Per AR 740.03: The Grievance procedure is to resolve addressable claims, only if the Inmate can factually demonstrate a loss or harm. Furthermore, you have failed to establish responsibility for any harm or loss, nor provided any substantial proof within the balance of probabilities supporting your claim.

Your grievance is DENIED.

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063147271 | 01/04/2023 | GRIEVANCE | GRIEVANCES |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/04/2023 | IF | | HENLEY, JOHN |

Proposed Response: Per AR 740 this matter has been discussed with caseworker Harris. On numerous instances dailing from 1/2019 to 1/2023 Jessica Rambur, John Henley, Robert Hartman, Perry Russell, Lt Clark, Lt Sawin. M sullivan Mike Minev and other John and Jane Does

Official Response: DOC 3098: Admin claim form TBD needs exact amount

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/14/2023 | IF | | AGLE, OLIVIA |

Proposed Response: All deficiencies are corrected

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/15/2023 | IF | DENIED | AGLE, OLIVIA |

Proposed Response:

Official Response: Inmate Scott, James #94796,

I am in receipt of Informal Grievance 2006-31-47271 in which you are claiming on numerous instanced from 01/2019 to 1/2023 several NDOC employees are "abusing their discretion by making impartial , slighted, and biased based decision making with in the grievance procedure."

According to AR 740.04.4 a review of all supporting of the alleged abuse should be conducted.  Inmate Scott, you failed to provide supporting documentation and factual information to support your claim.

Your grievance regarding NDOC employees abuse of the grievance procedure is unfounded.

Grievance DENIED.



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063146776 | 12/22/2022 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/22/2022 | IF | | FRAZIER, FERNANDEIS |

Proposed Response: I am writing this grievance due to a HIPPA violations of which the nurse Melissa and Dr Quigley intentionally knowingly and deliberatley subject the plantif to during each of his medical consulations they keep conducting my consultations outside of my cell in unit 7A and 7B cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/01/2023 | IF | DENIED | RAMBUR, JESSICA |

Proposed Response:

Official Response: Inmate Scott, James #1207166,

In response to your Informal grievance log number 2006-31-46776 with regards to you requesting the location of your medical visits. It is always the medical departments intent to see offenders in a medical exam room. In the case with the lockdown unit, it is up to custody staffing and availability to make these accommodations possible. If this cannot be coordinated other arrangements must be made. You always have the right to refuse your appointment if you don?t feel comfortable with the situation. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/13/2023 | 1 | | , |

Proposed Response: the medical department refused to see me in the medical exam room despite the fact that staff was availble and so was the exam room it is not up to custody staff to make medical decision and therefore custody cannot prevent inmates in 7A/7B cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/15/2023 | 1 | RESOLVED | SULLIVAN, MEGAN |

Proposed Response:

Official Response: Inmate Scott, James #1207166,
I am in receipt of first level grievance #20063146776, regarding medical appointments. The answer you received at the informal level is correct. It is always medicals intent to see offenders in the exam rooms. We rely on custody to move inmates in the event of needed medial treatment. We will continue to work with custody and continue to conduct medical appointments in the medical exam rooms as long as safety and security procedures are able to be followed. Please continue to use the medical kite system for your future needs. Grievance resolved.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/20/2023 | 2 | | KEAST, JOHN |

Proposed Response: I stand by all claims and statements made at the original grievance
Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER130**

Page 48 of 153

NDOC ER130

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/09/2023 | 2 | RESOLVED | RIVAS, DAVID |

Proposed Response:

Official Response: Offender Scott,

I am in receipt of your second level grievance number 2006-31-46776.

Offender Scott, upon review of the informal and first level grievance responses to you, I find those responses appropriate. Exams should be conducted in exam rooms and if for some reason this cannot be accomplished due to Custody constraints and you feel uncomfortable or that there is not a significant privacy, you can refuse the appointment and request for another day to see the provider.
If you have further questions or concerns, please kite medical.

Grievance resolved.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063146153 | 12/09/2022 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/09/2022 | IF | | , |

Proposed Response: On the date of 11/17/22 During a private Consultation with Kidney Speacialst Dr Quigley I engaged in activity protected by the 8th amendment Access to proper and adequate medical care  by requesting that Dr quilgley reinstate cont... ...[CDUTTON, 03/13/2023 09:51:37] I stand by all claims and statements and remedies sought at the original grievance.

Official Response: Inmate re-submitted 03/07/23
Inmate re-submitted 05/09/23

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/03/2023 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: More than one issue DOC 3098.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/03/2023 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098. No harm/loss, action, or remedy

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/30/2023 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098. No harm/loss, action, or remedy Other:  This is your THIRD and FINAL rejection. If you choose to resubmit again, the documents will be confiscated and placed in your grievance file. No further action will be taken. Do not resubmit.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

ER131

Page 49 of 153

NDOC ER131

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145927 | 12/01/2022 | GRIEVANCE | DISCIPLINE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/01/2022 | IF | | HENLEY, JOHN |

Proposed Response: For tracking purposes only

Official Response: Missing documents : missing disciplinary form 1
Abuse of Inmate Grievance Procedure
More than one (1) grievance per week, Monday through Sunday.
AR 740.03.4.C. An inmate may not file more than one (1) grievance per seven (7) day week, Monday through Sunday. More than one (1) grievance filed during the seven day week period will not be accepted.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/16/2023 | IF | | SAWIN, CHRIS |

Proposed Response: Tracking purpose only
Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/16/2023 | 1 | | SAWIN, CHRIS |

Proposed Response: I attempted to abtain a copy of disciplinary form 1 from LT Fonoimoana but to no avail. However, this should not me from the appeal process when the staff who is addressing the appeal can access it via NOTIS system.

Official Response:



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/07/2023 | 1 | DENIED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: After reviewing the Notice of Charges Statement and available evidence, I have found that there is sufficient evidence to support the findings. I have found that the policies were followed in relation to the Disciplinary Process and the sanctions imposed are in accordance with the Disciplinary Sanctions outlined in AR 707.2. Therefore, I find you were charged appropriately and within the guidelines of the Code of Penal Discipline.
You were seen at your Disciplinary Hearing by Lt Miller, CCS2 Harris and C/O Carrete. You were offered and called no witness and you presented no evidence to support your claim of innocence. The disciplinary Hearing Committee took into account all witness statements and supporting evidence to render a decision.
Per AR 707.02 Section 1: All Offences listed below in this section 707.02.3 through 6, shall also include an attempt or conspiracy to commit that violation.
It should be noted that AR 707 states that the reliability and relevancy of the evidence is within the discretionary determination of the Disciplinary Hearing Committee and the formal rules of evidence do not apply in Disciplinary Hearings. In determining reliability of evidence, the Disciplinary Hearing Committee shall consider the integrity of the person offering the information, the quality of the persons memory, the perceptive abilities, and the ability of the person to communicate the information. Reliable evidence need not be corroborated by any other source. Disciplinary proceedings are an administrative process, unrelated to and not bound by the rules for criminal procedure, Civil trials, Administrative Codes or procedures.
It should also be noted that your appeal was based on claiming you had ordered meals from the hospital in the past. Offender Scott, you never attempted to refute the fact you became argumentative with the Officer and Hospital Staff when you were advised of the policy stating you cannot order off the menu. Furthermore, you created a disturbance at the Hospital demanding to speak with the Doctor. Once the Doctor arrived you attempted to compromise the Doctor by manipulating him into allowing the meal order. Offender Scott, the Nevada Dept. Of Corrections does not condone this type of behavior, especially outside within the community.
Offender Scott, you also stated you have not seen any policies or Memo?s stating you cannot order meals at the Hospital. Offender Scott, Operational Procedures are confidential and Offender access is strictly prohibited. Let it be known that Offenders assigned to any community hospital are to receive the ?standard? meal for the diet which is ordered for them by their health care provider. Custody staff are prohibited from calling in food orders to the kitchen on behalf of offenders. If hospital staff offer a menu to the offender, custody staff are to return the menu and advise them that the offender is to receive the ?standard? meal for their assigned diet.
Additionally, AR 707 clearly outlines that the reliability and relevancy of the evidence is within the discretionary determination of the Disciplinary Hearing Committee and the formal rules of evidence do not apply in Disciplinary Hearings; reliable evidence need not be corroborated by any other source. Furthermore, you have failed to establish any substantial proof or evidence within the balance of probabilities supporting your claim of innocence. For these reasons along with the additional witness statements was sufficient evidence to support the guilty finding.
Your appeal is DENIED.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/30/2023 | 2 | | HENLEY, JOHN |

Proposed Response: I stand by all arguments made at inital appeal

Official Response:



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/17/2023 | 2 | DENIED | TRISTAN, DAVID |

Proposed Response:

Official Response: Offender Scott,

In reviewing your First Level and subsequent second level grievance I have determined that the response issued at the First level is whole and appropriate and does not need to be expounded upon.

In reviewing the Notice of Charges Statement and available evidence, I have found that there is sufficient evidence to support the findings. I have found that the policies were followed in relation to the Disciplinary Process and the sanctions imposed are in accordance with the Disciplinary Sanctions outlined in AR 707.2. Therefore, I find you were charged appropriately and within the guidelines of the Code of Penal Discipline.

You were seen at your Disciplinary Hearing by Lt Miller, CCS2 Harris and C/O Carrete. You were offered and called no witness and you presented no evidence to support your claim of innocence. The Disciplinary Hearing Committee took into account all witness statements and supporting evidence to render a decision. Per AR 707.02 Section 1: All Offences listed below in this section 707.02.3 through 6, shall also include an attempt or conspiracy to commit that violation.

It should be noted that AR 707 states that the reliability and relevancy of the evidence is within the discretionary determination of the Disciplinary Hearing Committee and the formal rules of evidence do not apply in Disciplinary Hearings. In determining reliability of evidence, the Disciplinary Hearing Committee shall consider the integrity of the person offering the information, the quality of the persons memory, the perceptive abilities, and the ability of the person to communicate the information. Reliable evidence need not be corroborated by any other source. Disciplinary proceedings are an administrative process, unrelated to and not bound by the rules for criminal procedure, Civil trials, Administrative Codes, or procedures.

It should also be noted that your appeal was based on the claim you ordered meals from the hospital in the past. You never attempted to refute the fact you became argumentative with the Officer and Hospital Staff when you were advised of the policy stating you cannot order off the menu. Furthermore, you created a disturbance at the Hospital demanding to speak with the Doctor. Once the Doctor arrived you attempted to compromise the Doctor by manipulating him into allowing the meal order. The Nevada Dept. Of Corrections does not condone this type of behavior, especially outside within the community.

You also stated you have not seen any policies or memos stating you cannot order meals at the Hospital. Offender Scott, Operational Procedures are confidential and Offender access is strictly prohibited. Let it be known that Offenders assigned to any community hospital are to receive the "standard" meal for the diet which is ordered for them by their health care provider. Custody staff are prohibited from calling in food orders to the kitchen on behalf of offenders. If hospital staff offer a menu to the offender, custody staff are to return the menu and advise them that the offender is to receive the "standard" meal for their assigned diet.

Additionally, AR 707 clearly outlines that the reliability and relevancy of the evidence is within

# State of Nevada
## Department of Corrections
### Inmate Grievance History

the discretionary determination of the Disciplinary Hearing Committee and the formal rules of evidence do not apply in Disciplinary Hearings; reliable evidence need not be corroborated by any other source. Furthermore, you have failed to establish any substantial proof or evidence within the balance of probabilities supporting your claim of innocence. For these reasons along with the additional witness statements was sufficient evidence to support the guilty finding.

Your grievance is DENIED.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER136**              **ER136**

Page 54 of 153

NDOC **ER136**

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145926 | 12/01/2022 | GRIEVANCE | DISCIPLINE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/01/2022 | IF | | HENLEY, JOHN |

Proposed Response: For tracking purposes only
Official Response: Missing documents : missing disciplinary form 1 and 2
Abuse of Inmate Grievance Procedure
More than one (1) grievance per week, Monday through Sunday.
AR 740.03.4.C. An inmate may not file more than one (1) grievance per seven (7) day week, Monday through Sunday. More than one (1) grievance filed during the seven day week period will not be accepted.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/16/2023 | IF | | SAWIN, CHRIS |

Proposed Response: For tracking purpose
Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/16/2023 | 1 | | SAWIN, CHRIS |

Proposed Response: Disciplinary forms 1, 2, 3 all attached. All deficiencies are corrected. Resubmitted.
Official Response:



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/07/2023 | 1 | DENIED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: On November 8, 2022, you were found guilty of a MJ-57 Failure/Refused to Cell as Assigned.  Your appeal was reviewed by me.  Please note that, per AR707, I am to consider three factors when deciding an appeal:

1.  Whether there was substantial compliance with requirements of the Inmate Disciplinary Manual,
2.  Whether the Disciplinary Hearing Committee?s decision was based on some evidence, and,
3.  Whether the sanctions imposed are appropriate.

After reviewing the Notice of Charges Statement and available evidence, I have found that there is sufficient evidence to support the findings.  I have found that the policies were followed in relation to the Disciplinary Process and the sanctions imposed are in accordance with the Disciplinary Sanctions outlined in AR 707.2.  Therefore, I find you were charged appropriately and within the guidelines of the Code of Penal Discipline.

You were seen at your Disciplinary Hearing by Lt Miller, CCS2 Harris and SC/O Brendel. You were offered and called no witness and you presented no evidence to support your claim of innocence. The disciplinary Hearing Committee took into account all witness statements and supporting evidence to render a decision.

Per AR 707.02 Section 1: All Offences listed below in this section 707.02.3 through 6, shall also include an attempt or conspiracy to commit that violation.

It should be noted that AR 707 states that the reliability and relevancy of the evidence is within the discretionary determination of the Disciplinary Hearing Committee and the formal rules of evidence do not apply in Disciplinary Hearings. In determining reliability of evidence, the Disciplinary Hearing Committee shall consider the integrity of the person offering the information, the quality of the persons memory, the perceptive abilities, and the ability of the person to communicate the information. Reliable evidence need not be corroborated by any other source. Disciplinary proceedings are an administrative process, unrelated to and not bound by the rules for criminal procedure, Civil trials, Administrative Codes or procedures.

It should also be noted that your appeal was based on claiming you were unable to return to your cell for medical reasons. Upon further review of the aforementioned incident, you called a ?Man-Down?, Medical staff arrived on scene, you were afforded Medical attention and received a Medical evaluation. Upon completion of the evaluation, it was determined by Medical Staff that you were cleared to remain in the unit and return to your assigned Cell.  At this time, you were given numerous orders to return to your cell under your own volition. Due to your blatant disregard of direct orders, force was required  to compel your compliance by Officers physically carrying you into your assigned housing location.

# State of Nevada
# Department of Corrections
## Inmate Grievance History

To conclude, AR 707 clearly outlines that the reliability and relevancy of the evidence is within the discretionary determination of the Disciplinary Hearing Committee and the formal rules of evidence do not apply in Disciplinary Hearings; reliable evidence need not be corroborated by any other source. Additionally, you created a disturbance effectively disrupting institutional operations. Offender Scott, the Nevada Dept. Of Corrections does not condone this type of behavior.  Furthermore, you have failed to establish any substantial proof or evidence within the balance of probabilities supporting your claim of innocence. For these reasons along with the additional witness statements was sufficient evidence to support the guilty finding.



Your appeal is DENIED.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/30/2023 | 2 | | HENLEY, JOHN |

Proposed Response: I stand by all arguments made at inital appeal
Official Response:



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/17/2023 | 2 | DENIED | TRISTAN, DAVID |

Proposed Response:

Official Response: Offender Scott,

I am in receipt of your Second Level Grievance which provided no additional information or evidence pertaining to your disciplinary appeal.  In review of the response issued at the First Level I have deemed it appropriate and whole.

On November 8, 2022, you were found guilty of a MJ-57 Failure/Refused to Cell as Assigned.  Your appeal was reviewed by me.  Please note that, per AR707, I am to consider three factors when deciding an appeal:

1.  Whether there was substantial compliance with requirements of the Offender Disciplinary Manual,

2.  Whether the Disciplinary Hearing Committee's decision was based on some evidence, and

3.  Whether the sanctions imposed are appropriate.

After reviewing the Notice of Charges Statement and available evidence, I have found that there is sufficient evidence to support the findings.  I have found that the policies were followed in relation to the Disciplinary Process and the sanctions imposed are in accordance with the Disciplinary Sanctions outlined in AR 707.2.  Therefore, I find you were charged appropriately and within the guidelines of the Code of Penal Discipline.

You were seen at your Disciplinary Hearing by Lt Miller, CCS2 Harris, and SC/O Brendel. You were offered, yet called no witness and you presented no evidence to support your claim of innocence. The disciplinary Hearing Committee considered all witness statements and supporting evidence to render a decision.  Per AR 707.02 Section 1: All Offences listed below in this section 707.02.3 through 6, shall also include an attempt or conspiracy to commit that violation.

It should be noted that AR 707 states that the reliability and relevancy of the evidence is within the discretionary determination of the Disciplinary Hearing Committee and the formal rules of evidence do not apply in Disciplinary Hearings. In determining reliability of evidence, the Disciplinary Hearing Committee shall consider the integrity of the person offering the information, the quality of the persons memory, the perceptive abilities, and the ability of the person to communicate the information. Reliable evidence need not be corroborated by any other source. Disciplinary proceedings are an administrative process, unrelated to and not bound by the rules for criminal procedure, Civil trials, Administrative Codes, or procedures.

It should also be noted that your appeal was based on claiming you were unable to return to your cell for medical reasons. Upon further review of the incident, you called a "Man-Down," Medical staff arrived on scene, you were afforded medical attention and received a medical evaluation. Upon completion of the evaluation, it was determined by Medical Staff that you were cleared to remain in the unit and return to your assigned cell.  At this time, you were given numerous orders to return to your cell under your own volition. Due to your blatant disregard of direct orders, force was required to compel your compliance by Officers physically carrying you into your assigned housing location.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

To conclude, AR 707 clearly outlines that the reliability and relevancy of the evidence is within the discretionary determination of the Disciplinary Hearing Committee and the formal rules of evidence do not apply in Disciplinary Hearings; reliable evidence need not be corroborated by any other source. Additionally, you created a disturbance effectively disrupting institutional operations. Offender Scott, the Nevada Dept. Of Corrections does not condone this type of behavior.  Furthermore, you have failed to establish any substantial proof or evidence within the balance of probabilities supporting your claim of innocence. For these reasons along with the additional witness statements was sufficient evidence to support the guilty finding.

Your grievance is DENIED.



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145925 | 12/01/2022 | GRIEVANCE | MAIL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/01/2022 | IF | | HENLEY, JOHN |

Proposed Response: I was unduly deprived of my first class mail, my family photos, and legal mail unlawfully soley becasue I am an disciplinary segreagtion I have no been sanctioed with the loss of any these items and it s no institutional policy cont...

Official Response: Abuse of Inmate Grievance Procedure
More than one (1) grievance per week, Monday through Sunday.
AR 740.03.4.C. An inmate may not file more than one (1) grievance per seven (7) day week, Monday through Sunday. More than one (1) grievance filed during the seven day week period will not be accepted.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/14/2023 | IF | | SAWIN, CHRIS |

Proposed Response: Harm/Loss, action and remedy is clearly stated due to the fact that these actions predated the namly revised and unsigned AR 507. No existing deficiencies.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/27/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response:
Inmate Scott, James #1207166. I am in receipt of Grievance Log Number 20069-31-45925 as it pertains to not receiving first class mail because you are in disciplinary segregation. A 3098 nullified the original grievance on the basis of your inability to factually demonstrate harm or loss and for violating AR 740.03.5.C which prohibits an offender from filing more than one grievance per 7-day week.
Harm is defined as a ?physical injury, especially that which is deliberately inflicted? and loss is defined as, ?the act or fact of being unable to keep or maintain something or someone.? You are unable to demonstrate being afflicted by either of these conditions. Your grievance is denied at this level.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/13/2023 | 1 | | SAWIN, CHRIS |

Proposed Response: Because loss as defined was cleary stated I was unable to keep and maintain my first class mail as a result being placed indisciplinary segregation. I stand by all claims and remedies sought

Official Response:



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/22/2023 | 1 | DENIED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: Offender Scott, James #1207166

I am in receipt of your First level Grievance log number #2006-31-45925 as it relates to alleged denial of correspondence.

After reviewing your Informal and First level grievances, and upon further inquiry of the above-mentioned Grievance. It has been determined; the response Sgt. Fratis provided at the informal level is deemed appropriate.
Offender Scott, it should be notated, all Offenders are authorized to receive/send mail regardless of classification status or housing assignment. Additionally, NNCC processes and distributes correspondence daily in accordance with AR 750.
Offender Scott, it should also be noted that the burden of proof rests with the inmate to establish that the correspondence was lost or devalued. Based on the written testimony in your grievance you have failed to provide any proof to indicate any deliberate, malicious, or intentional interference with your correspondence.
To conclude, the Grievance procedure is to resolve addressable claims, only if the Inmate can factually demonstrate a loss or harm. Furthermore, you have failed to establish responsibility for any harm or loss, nor provided any substantial proof within the balance of probabilities supporting your claim. For these reasons your Grievance Log# 2006-31-45925 is Denied.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145924 | 12/01/2022 | GRIEVANCE | DISCIPLINE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/01/2022 | IF | | HENLEY, JOHN |

Proposed Response: For tracking purposes

Official Response: Abuse of Inmate Grievance Procedure
Other specify: Per AR 707 you cannot appeal Disciplinary if you were found not guilty. DO NOT RE-SUBMIT

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145923 | 12/01/2022 | GRIEVANCE | DISCIPLINE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/01/2022 | IF | | HENLEY, JOHN |

Proposed Response: For tracking purposes only

Official Response: Other specify: Per AR 707 you cannot appeal Disciplinary if you plead Guilty. Do not resubmit.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/14/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: I never plead guilty as AW Henley friviously and enernously claim. The disciplinary forms 1 2 3 reflect clearly and as obviously that I plead guilty at all staged without misivering 2 once again henly has engaged in malicious tactics cont...

Official Response: DOC 3098: Wrong level

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/07/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: For tracking purposes, Because this is an appeal, not a grievance ...[CDUTTON, 03/21/2023 09:06:53] 4th rejection: 03/21/23
For tracking purposes only,
I stand by all claims and statements made in all of the attached documents.

Official Response: 4th rejection information: DOC 3098, AR 707.1 A plead down charge may not be appealed, charge was plead down to G9 from MJ 25

DOC 3098: Wrong level again

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145922 | 12/01/2022 | GRIEVANCE | DISCIPLINE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/01/2022 | IF | | SAWIN, CHRIS |

Proposed Response: For tracking purpose only
In regards OIC 512194 the charges is an MJ 25 threats however I didnt make any threats of verbal nature nor threatening posture nor did I use any form of profanity or obscenties cont....

Official Response: Abuse of Inmate Grievance Procedure
More than one (1) grievance per week, Monday through Sunday.
AR 740.03.4.C. An inmate may not file more than one (1) grievance per seven (7) day week, Monday through Sunday. More than one (1) grievance filed during the seven day week period will not be accepted. Reference Grievance 2006-31-45921 filed 11/11/2022.
Missing documents: Disciplinary forms 1 and 2

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/16/2023 | IF | | SAWIN, CHRIS |

Proposed Response: Tracking purposes only
Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/16/2023 | 1 | | SAWIN, CHRIS |

Proposed Response: Disciplinary forms 1, 2, and 3 attached. All deficiencies corrected I stand by all claims and remedies sought at the orginal grievance level.
Official Response:



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/07/2023 | 1 | DENIED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: After reviewing the Notice of Charges Statement and available evidence, I have found that there is sufficient evidence to support the findings. I have found that the policies were followed in relation to the Disciplinary Process and the sanctions imposed are in accordance with the Disciplinary Sanctions outlined in AR 707.2. Therefore, I find you were charged appropriately and within the guidelines of the Code of Penal Discipline.

You were seen at your Disciplinary Hearing by Lt Miller, CCS2 Harris and SC/O Brendel. You were offered and called no witness and you presented no evidence to support your claim of innocence. The disciplinary Hearing Committee took into account all witness statements and supporting evidence to render a decision.

Per AR 707.02 Section 1: All Offences listed below in this section 707.02.3 through 6, shall also include an attempt or conspiracy to commit that violation.

It should be noted that AR 707 states that the reliability and relevancy of the evidence is within the discretionary determination of the Disciplinary Hearing Committee and the formal rules of evidence do not apply in Disciplinary Hearings. In determining reliability of evidence, the Disciplinary Hearing Committee shall consider the integrity of the person offering the information, the quality of the persons memory, the perceptive abilities, and the ability of the person to communicate the information. Reliable evidence need not be corroborated by any other source. Disciplinary proceedings are an administrative process, unrelated to and not bound by the rules for criminal procedure, Civil trials, Administrative Codes or procedures.

It should also be noted that your appeal was based on you stating you did not make any threats, therefore the charge of a MJ-25 for threats is unwarranted. Upon further investigation, it was determined Lt. Miller mistakenly selected the incorrect ?Resulting? charge in NOTIS.
Offender Scott, a clerical error is not enough evidence to overturn the disciplinary on a technicality. This error has been corrected, and you have been served the updated Disciplinary Hearing Form III reflecting the correct charge for a MJ-28 for Work Stoppage as stated on the Official record at the time of your Disciplinary Hearing.

To conclude, you created a disturbance effectively disrupting institutional operations. Offender Scott, the Nevada Dept. Of Corrections does not condone this type of behavior. Additionally, you were given numerous orders to return to your cell under your own volition. Due to your blatant disregard of direct orders, force was required to compel your compliance by Officers physically carrying you into your assigned housing location. Furthermore, you have failed to establish any substantial proof or evidence within the balance of probabilities supporting your claim of innocence. For these reasons along with the additional witness

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

ER146                          ER146

Page 64 of 153

NDOCER0146    ER146

**State of Nevada**
**Department of Corrections**
**Inmate Grievance History**

| | | | |
|---|---|---|---|
| statements was sufficient evidence to support the guilty finding. | | | |
| Your appeal is DENIED. | | | |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/30/2023 | 2 | | HENLEY, JOHN |
| Proposed Response: I stand by all arguements made at initial appeal | | | |
| Official Response: | | | |

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER147**

Page 65 of 153

NDOC **ER147**



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/17/2023 | 2 | DENIED | TRISTAN, DAVID |

Proposed Response:

Official Response: Offender Scott,

I am in receipt of your grievance #20063145922 which is a disciplinary appeal for OIC #512194.  Your appeal was responded to appropriately at the First Level and does not need to be expounded upon.  After reviewing the Notice of Charges Statement and available evidence, I have found that there is sufficient evidence to support the findings.  I have found that the policies were followed in relation to the Disciplinary Process and the sanctions imposed are in accordance with the Disciplinary Sanctions outlined in AR 707.2.  Therefore, I find you were charged appropriately and within the guidelines of the Code of Penal Discipline.

You were seen at your Disciplinary Hearing by Lt Miller, CCS2 Harris and SC/O Brendel. You were offered and called no witness and you presented no evidence to support your claim of innocence. The disciplinary Hearing Committee considered all witness statements and supporting evidence to render a decision.  Per AR 707.02 Section 1: All Offences listed below in this section 707.02.3 through 6, shall also include an attempt or conspiracy to commit that violation.

It should be noted that AR 707 states that the reliability and relevancy of the evidence is within the discretionary determination of the Disciplinary Hearing Committee and the formal rules of evidence do not apply in Disciplinary Hearings. In determining reliability of evidence, the Disciplinary Hearing Committee shall consider the integrity of the person offering the information, the quality of the persons memory, the perceptive abilities, and the ability of the person to communicate the information. Reliable evidence need not be corroborated by any other source. Disciplinary proceedings are an administrative process, unrelated to and not bound by the rules for criminal procedure, Civil trials, Administrative Codes, or procedures.

It should also be noted that your appeal was based on you stating you did not make any threats, therefore the charge of a MJ-25 for threats is unwarranted. Upon further investigation, it was determined Lt. Miller mistakenly selected the incorrect "Resulting" charge in NOTIS.

A clerical error is not enough evidence to overturn the disciplinary on a technicality. This error has been corrected, and you have been served the updated Disciplinary Hearing Form III reflecting the correct charge for a MJ-28 for Work Stoppage as stated on the Official record at the time of your Disciplinary Hearing.

To conclude, you created a disturbance effectively disrupting institutional operations. Offender Scott, the Nevada Dept. Of Corrections does not condone this type of behavior. Additionally, you were given numerous orders to return to your cell under your own volition. Due to your blatant disregard of direct orders, force was required to compel your compliance by Officers physically carrying you into your assigned housing location.  Furthermore, you have failed to establish any substantial proof or evidence within the balance of probabilities supporting your claim of innocence. For these reasons along with the additional witness statements was sufficient evidence to support the guilty finding.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER148**                    **ER148**

Page 66 of 153

NDOC **ER148**



# State of Nevada
# Department of Corrections
## Inmate Grievance History

Your appeal is DENIED.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER149**

Page 67 of 153

NDOC **ER149**

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145921 | 12/01/2022 | GRIEVANCE | DISCIPLINE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/01/2022 | IF | | SAWIN, CHRIS |

Proposed Response: For tracking purposes only

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/01/2022 | 1 | | SAWIN, CHRIS |

Proposed Response: In regards to OIC 51120 I was battling a potentially life threatening blood infection of which required me to possess ciprafloxcin 20 pills to be taken on Mon, Wed, Fri once after each dialysis cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/19/2022 | 1 | RESOLVED | FRAZIER, FERNANDEIS |

Proposed Response:

Official Response: CHARGES AND FINDINGS:   On August 16, 2022, you were charged with a G-24 Possession of Unauthorized Medication.  On November 8, 2022, you were found guilty of a G-24 Possession of Unauthorized Medication and sanctioned with the following:

? Verbal Reprimand

INMATES BASIS FOR APPEAL:  You are requesting the charge be dismissed because the medication you had in your possession was prescribed to you, therefore the charges should be dismissed.

WARDEN?S FINDINGS AND DECISION: .  On November 8, 2022, you were found guilty of a G-24 Possession of Unauthorized Medication.  Your appeal was reviewed by me.  Please note that, per AR707, I am to consider three factors when deciding an appeal:

1.  Whether there was substantial compliance with requirements of the Inmate Disciplinary Manual,
2.  Whether the Disciplinary Hearing Committee?s decision was based on some evidence, and.
3.  Whether the sanctions imposed are appropriate.

After reviewing the Notice of Charges Statement and available evidence, It has been determined the medication in your possession was prescribed to you as Keep on Person medication; therefore, resulting in no violations of misconduct. The findings of OIC#511520 has been changed to Not Guilty

Offender Scott in the future I urge you to kite medical to request proper disposal of unused medications.

Your appeal is RESOLVED.



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145880 | 12/01/2022 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/01/2022 | IF | | , |

Proposed Response: The defendants Nurse Melissa Michell, Nurse Gaylene Fulagawa, Nurse Kathy, Nurse Vanessa, Nurse Chelsea, Nurse Jane Does 1-5 Nurse John Doess 1-5 Nurse Practicioner Lorenzo Villegas, John Keast DONS and nurse Mallory all did in fact engage in retaliation and/or a conspiriacy to cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/19/2022 | IF | DENIED | BENNINGTON, MACKENZIE |

Proposed Response: Becasue there was evidence of an unecessary delay of which was intentionally imposed upon me due to the fact that I was litigating against the very people whose were in charge of scheduling me to view their records cont....

Official Response: I see no evidence of deliberate, retaliatory or malicious interference in Offender Scott's provision of care or right to review of medical files.  He will be afforded the opportunity to review his medical file today as per AR 639.03.  I see two requests in his file requesting review of his medical chart - dated 11/23/2022 and 12/1/2022.  Today was the earliest Unit 7 schedule day in 8C, as he is housed in lockdown and cannot mix with general population in 8C during his chart review.   Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/10/2023 | 1 | | SULLIVAN, MEGAN |

Proposed Response: Becasue there was evidence of an unecessary delay of which was intentionally imposed upon me due to the fact that I was litigating against the very people whose were in charge of scheduling me to view their records cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/13/2023 | 1 | RESOLVED | SULLIVAN, MEGAN |

Proposed Response:

Official Response: Inmate Scott, James #1207166,
I am in receipt of first level grievance #20063145880, regarding review of your medical file. Your kites were received, and you were scheduled accordingly for your chart review. You were able to review your chart on 12/14/2022. There is no indication of deliberate, retaliatory or malicious interference with your ability to review your medical file. Grievance resolved.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/07/2023 | 2 | | KEAST, JOHN |

Proposed Response: I stand all claims and remedies sought at the intital level. I disagree with the officials response.

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

ER151                    ER151

Page 69 of 153

NDOC 0051   ER151

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/31/2023 | 2 | RESOLVED | RIVAS, DAVID |

Proposed Response:

Official Response: Offender Scott,

I am in receipt of second level grievance response number 2006-31-45880.

Upon review of the informal and the first level frievance responses to you, your grievance is resolved.
Your claim for deliberate indifference is unfounded as you were seen in a timely manner.
Please kite medical if you have medical concerns or questions.

Grievance resolved.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145478 | 11/19/2022 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/19/2022 | IF | | FONOIMOANA, KRISTY |

Proposed Response: The Supervisor is grave error by alleging that I have been treated by multiple providers for these issues. There is no provider who has treated me for any of these issues. Again, no provider has treated me for any of these issues. The providers of whom she wrongfully alleges are the Dialysis Manger and the Dialysis Nurse and the Dialyss Bio Technician all of whom can confirm that due to my dysfunctional dialysis cathetar I was not treated for any of these issues and treatment was unsuccessful. Check with these people, please . The supervisor is in major error by asserting wrongfully tthat this not an emergency PER AR 740 PER MD 412 it is.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/19/2022 | IF | DENIED | FONOIMOANA, KRISTY |

Proposed Response:

Official Response: Medical makes that decision NOT the supervisor. If you are in need of emergent medical attention call mandown to your unit officer. Per AR 740 this is not an emergency.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER152**              **ER152**

Page 70 of 153

NDOC 2015 **ER152**

# State of Nevada
## Department of Corrections
### Inmate Grievance History



| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145477 | 11/19/2022 | GRIEVANCE | AMER W/DISAB ACT |
| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
| 11/19/2022 | IF | DENIED | DAVIS, GEORGE |

Proposed Response: Offender Scott # 1207166 states" For 2 weeks I have been subjected to an excruciating level of pain of which is causing me to faint or reach near levels of fainting due to the severely excruciating amountof painby two compounding issues which are over fluidgain which is beyound my control ability, and from lack of efficiant an sufficient dialysis. For approximately 2 weeks my ability and the efficiency and sufficiency of my mandatory life-saving dialysis has been greatly compromised as a result of inadequate dialysis and excuiating severe levels of pain. These are issues in which Iam Deliberately and Intentionaly, and Maliciosly beiong subject to by Dr, Quigley, Nurse Mellisa Mitchell, and Gaylene Fukagawa, as well as other jane doeand/ or John Doestaff and Independent medical personel or outside medical kidney specialist, are maliciousley, punitively, deliberately, intentionally, and reprobatively being undulylevied upon the grievant as a result of his filling of numerous complaints, grievances, and civil actions against these defendants of whom are already under investigation bythe state board of nursing and the state moard of medical examiners. These defendants are deliberately and intentionaly causing the grievant cruel and unusaul degrees of pain and suffering by denying my access to propper and adequate medical care and to benefits of this service(s) by intentionally and delibertely denying me access to functional dialysis permacathetar and various other "medical aids" wich will mittigate the extreme pain and suffering that the grievant is subjected by the actions and inactions of the defendants. The defendants have been made aware for multiple weeks that the grievant was in the need of a new fully functional permacathetar or he wouldnt be able to undergo adequate dialysis treatmentof wich he refuses to live. The defendants delibertely and intentionaly ignored the advisement of dialysisprofessionals while knowing it would cause the greivant substantial amounts of pain and suffering, and dennied and/or unecessarily delayed the grievant acces to this medical car despite immediately offering and providing it to other similarly situated Inmates of whom also had defectiv edialysis cathetars. As a result of the extreme and excruciating severe level of pain and suffering that tyhe grievant is subjected to by the deliberate an intentional actions of the defendants, the grievant is unduly and unlawfully placed under threat, durees, and/or coersion which is causing dialysis treatment due to the mental, emotional, and physical threat of paionthat he has made to suffer before, during and after dialysis . Iam being denied access to mandatory , and life- saving dialysis treatment by way of the totality of the defendantsactions. Therfore, if the institutiondoes not intervene to end the deliberate, intentional, punitivereprobative, malicious, retalitory,discriminative, life threatning, and sadistic actionsof the defendents mentioned here in they will (or it will) undoubtedly be liable by the way of acquiscence and complicity due to the withstanding fact that the grievant's condition is so clearly obvious that even a lay person would be respnd accordingly."

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/19/2022 | IF | DENIED | DAVIS, GEORGE |

Proposed Response:

Official Response: responded by Nurse Weston: Patient already treated by multiple providers for these issues, Non emergency per AR 740

Report Name: NVRIGH

Reference Name: NOTIS-RPT-OR-0128.4

Run Date: DEC-29-23 01:59 PM

**ER153**          **ER153**

Page 71 of 153

NDOC **ER153**



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145145 | 11/10/2022 | GRIEVANCE | OTHER |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/10/2022 | IF | | HENLEY, JOHN |

Proposed Response: I have been constaly subjected to ADA discrimination due to my disability NNCC custody staff has continuously failed to serve me NOCs with the 14 day allotted period and serve me disciplinary within the alloted 30 period cont...

Official Response: More than one issue
AR_740.03.4.D The inclusion of more than one grievance issue, per form will be cause for the grievance to not be accepted. You are currently grieving: ADA, Medical, and delayed Disciplinary hearings

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/27/2022 | IF | | SAWIN, CHRIS |

Proposed Response: I am grieving only ADA due to medical and disciplinary proceudres failure to recongning my disability and the major life activited that it impacts I therefore stand by all claims abd remedies intially made and saught

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2023 | IF | | HENLEY, JOHN |

Proposed Response: I am grieving only ADA due to medical and disciplinary proceudres failure to recongning my disability and the major life activited that it impacts I therefore stand by all claims abd remedies intially made and saught

Official Response: Other specify: Inmate Scott #1207166, you have blacked out the dates on your grievance form to reflect a different date from when you originally signed them. Upon review of the casenotes in NOTIS and speaking to your unit caseworker, your caseworker asked the grievance coordinator to come speak with you on 12/06/22, you were seen for your monthly AD-SEG review on 12/12/22 and were told the grievance coordinator would come speak with you and told we can adjust the dates on the grievances but you will need to wait to speak with the grievance coordinator. You did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. This grievance is considered abandon and you may not re-submit. DO NOT RE-SUBMIT

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/13/2023 | IF | | HENLEY, JOHN |

Proposed Response: 1) Caseworker Harris gave me explicit permission to process the 19 or more unprocessed grievance for her due to her not having time to process them herself. 2) Caseworker Harris had erroneously signed the unprocessed grievances claiming ot witness me sign them despite the fact that I had not yet signed any of them, 3.) Caseworker Harris had erroneously dated the unprocessed grievances to falsely reflect that she witnessed cont.

Official Response: NOT ACCEPTED - If not accepted due to any of the reasons in this box, the grievance may NOT proceed to the next level Per AR 740.03,5 and 740.04,G.
Specific claims or incidents previously filed by the same inmate
Other specify: As noted on the prior DOC 3098, you did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. Because of that, this grievance is still considered abandoned and you may not re-submit. DO NOT RE-SUBMIT

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063145024 | 11/08/2022 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2022 | IF | | KLEYMANN, CHRISTOPHER |

Proposed Response: I have a dysfunctional dialysis cathetor that is substantially impairing my ability to receive adequate mandatory life saving treatment. As a result my KT/Visbelone the threshold and is causing me to pass-out frequently. I need adequate and proper dialysis to live, and without a fully functional dialysis cathetor. I need to be sent to an access center for a PVC procedure to rectify this life threatening matter for without dialysis I can not live and side effects from inadequate and improper dialysis is significantly escolating. If this reasonable accomodation and medical accomodation is not met I will die. It's affecting my thinking, concentration, and memory.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2022 | IF | DENIED | KLEYMANN, CHRISTOPHER |

Proposed Response:

Official Response: Per AR 740 this does not constitute and emergency. Medical has been notified. If emergent utilize man down procedure.



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063144599 | 10/31/2022 | GRIEVANCE | OTHER |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/31/2022 | IF | | HENLEY, JOHN |

Proposed Response: From the period 2/11/22 thru and to 6/22/22 and 8/13/22 to the filing of this grievance and the duration ongoing of my being housed in unit 7 I have been denied outdoor exercises for 7 months and counting this is in violation of my rights as a remedy I demand monetary compensation and out door exercises 7 hours per week.

Official Response: No harm/loss, action, or remedy
AR 740.03.1.A. If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed.  Please provide factual evidence of loss or harm.
AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested. Resubmit Informal Grievance with a clearly defined remedy.
Not a KITE
AR 740.08.1 At the Informal Level, an inmate shall file a grievance (Form DOC-3091) after failing to resolve the matter by other means such as discussion with staff or submitting an Inmate Request Form (DOC 3012).
AR 740.03.1.B. A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/27/2022 | IF | | SAWIN, CHRIS |

Proposed Response: I attempted to formally and verbally resolve this matter with unit 7 staff to AR 740 gives me the option of filing a DOC 3012 or talking to the formal discussion apprach it does not mandate that I do cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2023 | IF | | HENLEY, JOHN |

Proposed Response: I attempted to formally and verbally resolve this matter with unit 7 staff to AR 740 gives me the option of filing a DOC 3012 or talking to the formal discussion apprach it does not mandate that I do cont....

Official Response: Inmate Scott #1207166, you have blacked out the dates on your grievance form to reflect a different date from when you originally signed them. Upon review of the casenotes in NOTIS and speaking to your unit caseworker, your caseworker asked the grievance coordinator to come speak with you on 12/06/22, you were seen for your monthly AD-SEG review on 12/12/22 and were told the grievance coordinator would come speak with you and told we can adjust the dates on the grievances but you will need to wait to speak with the grievance coordinator. You did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. This grievance is considered abandon and you may not re-submit. DO NOT RE-SUBMIT

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER156**          **ER156**

Page 74 of 153

NDOCER156

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/13/2023 | IF | | HENLEY, JOHN |

Proposed Response: 1) Caseworker Harris gave me explicit permission to process the 19 or more unprocessed grievance for her due to her not having time to process them herself. 2) Caseworker Harris had erroneously signed the unprocessed grievances claiming ot witness me sign them despite the fact that I had not yet signed any of them, 3.) Caseworker Harris had erroneously dated the unprocessed grievances to falsely reflect that she witnessed cont.

Official Response: NOT ACCEPTED - If not accepted due to any of the reasons in this box, the grievance may NOT proceed to the next level Per AR 740.03,5 and 740.04,G.
Specific claims or incidents previously filed by the same inmate
Other specify: As noted on the prior DOC 3098, you did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. Because of that, this grievance is still considered abandoned and you may not re-submit. DO NOT RE-SUBMIT

# State of Nevada
## Department of Corrections
### Inmate Grievance History



| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063144503 | 10/26/2022 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/26/2022 | IF | | FRAZIER, FERNANDEIS |

Proposed Response: On the date of 8/1/22 I notified the instituational staff that I was suffering from signs of blood infection. After the Blood cultures were taken and it was indeed confinemed that I had a blood infections Nurse melissa, Nurse gaylene, Nurse villegas, Nurse Kathy cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/30/2022 | IF | DENIED | RAMBUR, JESSICA |

Proposed Response:

Official Response: Inmate Scott, James #1207166,

In response to your Informal grievance log number 2006-31-44503 with regards to you requesting monetary compensation. Your claims for monetary compensation are denied. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/10/2023 | 1 | | SULLIVAN, MEGAN |

Proposed Response: Offical response is so usgue as to it fails to state the actual reason why it was denied and thereby prevents me from providing an adequete reason of why I disagree with the official response. I disagree becasue I belive cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/13/2023 | 1 | DENIED | SULLIVAN, MEGAN |

Proposed Response:

Official Response: Inmate Scott, James #1207166,
I am in receipt of first level grievance #20063144503, regarding your request for monetary compensation. Upon further review of your chart you were seen by medical prior to 8/1/2022 for possible infection. Orders were written and were followed. Your request for monetary compensation is unfounded. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/07/2023 | 2 | | KEAST, JOHN |

Proposed Response: Because they had knowledge as early as 7/21/22 and failed to get me the paper treatment

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/31/2023 | 2 | RESOLVED | RIVAS, DAVID |

Proposed Response:

Official Response: Offender Scott,

Your second level grievance does not provide any additional information to resolve your original issue and has been responded to at the prior levels. Your condition was addressed appropriately at the time and as explained, monetary compensation is not part of the grievance process.

Grievance resolved.



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063144208 | 10/20/2022 | GRIEVANCE | RELIGION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/20/2022 | IF | | VENTERS, CHAD |

Proposed Response: I am unable to attend Jumah Services which is an aliligstory Islamic Service. I have attempted to receive television on vieo Jumah Services via institutional channel since may 30, 2022 and was denied. As a remedy I demand either video televised Jumash services cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/04/2022 | IF | DENIED | VENTERS, CHAD |

Proposed Response:

Official Response: The channels provided by cable services are not decided at the institutional level, so to add Islamic programming would require an addition at the state level to cable programming. As for playing services on the institutional channel, NNCC does not have a video library of Jum?ah services available at this time. However, even if the institution did have such videos, the current hardware and software are not conducive to establishing a continued rotation of newly broadcasted religious material. NNCC would also risk copyright and/or trademark infringement on commercial broadcast material, creating the need for legal consent for such materials.
Based on these circumstances, the grievance is denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/22/2022 | IF | | HENLEY, JOHN |

Proposed Response: I have yet to receive any form of response in retaliation to the grievance pertaining to religious discrimination that was filed on 16/16/22 about inmates being deprived of abligator jumash servises cont....

Official Response: Missing documents
AR 740.05.5A. All documentation and factual allegations available to the inmate must be submitted at this level with the grievance.
 When re-submitting, you must include ALL documentation regarding this issue.
Please see your unit caseworker for further assistance before re-submitting.
Per NOTIS this grievance was answered on 11/04/22, if you have not received your response please kite your caseworker.
Other:
Resubmission to include all previously submitted grievance documents including response(s) and/or Improper Grievance Memo(s), Inmate Request Form(s).

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/10/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: Due to the fact that this has been an issue at the NDOC level and/or state level. Therefore, the state has therefore been subjecting me to relgious discrimination. There channels can also be streamed from online and relayed cont....

Official Response: DOC 3098: Fail to date, missing 1st rejection dated 12/22/22



# State of Nevada
# Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/16/2023 | IF | | HARTMAN, ROBERT |

Proposed Response: Due to caseworker harris failure to timely delivers unto me the grievance the response to the initial grievances has already been submitted therefore, sincethis 3093 qualifications Documentation regarding this issue it should be attached to the docuements cont...

Official Response: 4th Rejection: Missing previous grievance docs dated 2/10 and again 2/16

DOC 3098: Can only submit one level at a time.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063143930 | 10/12/2022 | GRIEVANCE | SANITATION / LIVING COND |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/12/2022 | IF | | CRAIG, DAVID |

Proposed Response: I can't breathe. I have been choking and coughing all night from the excess Bear Mace that was sprayed all over the Unit from 18 plus cell extractions that have been taking place since yesterday @ 07:30 AM abd if which is still ongoing.  Now that the air has been shut off this just this morning @ 10:30 AM, it far worse I am now vomiting and can't breathe. I demand medical treatment, immediate access to clean air, and monetary compensation.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/12/2022 | IF | DENIED | CRAIG, DAVID |

Proposed Response:

Official Response: Per AR 740, this iis not an emergency. If you need to call a man down, you have the right to. NNCC does not use Bear Mace.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/20/2022 | IF | | HENLEY, JOHN |

Proposed Response: I cant breath. I have been choking and coughing all night due to the excess Bear mace spray that has been sprayed from an excess cell extraction 18+ total that has been taking place since approximately 7:45am I am chocking cant cont....

Official Response: Per AR 740.03(5)(B): Claims for which the offender lacks standing will not be accepted but not limited to: The offender filing the grievance was not a direct participant in the matter being grieved, except for a third-party allegation of sexual abuse.?
You were not extracted from your cell, nor were you directly sprayed therefore you were not involved in the incident being grieved



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063143902 | 10/11/2022 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/11/2022 | IF | | FRAZIER, FERNANDEIS |

Proposed Response: On the date of 10/05/22 @ approx 3:23pm after submitting 2 emergency grievances began calling me the name Kyle I then said I dont get it He then reponded by saying Klye is the black male version of Karen I cant releate was my response cont....

Official Response: Inmate re-submitted 02/08/2023

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/03/2022 | IF | | COLTRIN, JEREMY |

Proposed Response:

Official Response: No harm/loss and/or remedy requested. AR 740.03.1.A. If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed. AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested. Resubmit Informal Grievance with a clearly defined remedy.
Offender Scott, In the future I urge you to follow the proper channels and utilize the inmate request form (kite) prior to filing a Grievance. Per AR 740.03: ?A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues, actions or conditions that they do not like but suffered no harm or loss.? The Grievance procedure is to resolve addressable claims.  If you require further assistance on the Grievance process, I encourage you to request a copy of AR 740 from the Law Library and familiarize yourself.
Other: Please review AR 740, available in the Law Library.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/22/2023 | IF | DENIED | COLTRIN, JEREMY |

Proposed Response:

Official Response: Offender Scott, James # 1207166
Response to Grievance Log Number 20063143902 as it relates to being called ?Kyle? while in dialysis and chilling your access to the grievance procedures and claiming Officers are spreading rumors about you.
Per AR 740.03.1.A
If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed.

Offender Scott, the grievance you submitted lacks no standing and you have suffered no loss or harm because of it. You were given access to the grievance process and were afforded any medical attention needed. Your feelings on the matter are not relevant and any hearsay regarding rumors from other officers about you is just that.
The grievance remedy you provided is denied.
Grievance Denied.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063143640 | 10/05/2022 | GRIEVANCE | OTHER |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/05/2022 | IF | DENIED | FONOIMOANA, KRISTY |

Proposed Response:

Official Response: Per AR 740 this does not constiute a medical emergency prev. disscused, please kite for further consideration for this mattter.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/05/2022 | IF | | FONOIMOANA, KRISTY |

Proposed Response: On the approx date of 08/22/22 Dr Halki punitively and purposlt despite knowing that I had a leg injury which prevents me from walking inmate me a medical order for a walker to be used but only for transport to dialysis. Despite me constantley cont... SEE G-FILE

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/11/2022 | IF | | RAMBUR, JESSICA |

Proposed Response: I have been subjected to cruel and unusal punishment by Dr halki and other medical staff by subjecting me to a punitelevly writeen medical order due to my filing numerous complaints on their staff cont... ...[CDUTTON, 02/14/2023 09:17:27] I stand by all claims and statments made at the initial greivance level. Admin Claim 3095 attached. Deficiencies are corrected.

Official Response: inmate resubmitted 02/08/2023
Inmate resubmitted 03/08/2023

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/30/2022 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098.More than one (1) grievance per week, Monday through Sunday

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/01/2023 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098 No remedy

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/05/2023 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098. No remedy, Other:  This is your THIRD and FINAL rejection. If you choose to resubmit again, the documents will be confiscated and placed in your grievance file. No further action will be taken. Do not resubmit.



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063143639 | 10/05/2022 | GRIEVANCE | OTHER |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/05/2022 | IF | DENIED | FONOIMOANA, KRISTY |

Proposed Response:

Official Response: Per AR 740 this does not constiute a medical emergency you can kite for further consideration for this mattter.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/05/2022 | IF | | FONOIMOANA, KRISTY |

Proposed Response: I was approved for to get one bag of ice per medical and by Dr Quigley howeverafter receiving as prescribed only to change order the order was changed due to the illeagal pressure in which Dr Quilgey was subjected cont.... SEE G-FILE

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/12/2022 | IF | | FRAZIER, FERNANDEIS |

Proposed Response: I was given a medical order by Dr Quingley to receive 1 bag of ice per day soley due to me being on fluid restriction as a result of my ESRD. When the order was originally written there were no reasonal facts cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/30/2022 | IF | RESOLVED | RAMBUR, JESSICA |

Proposed Response:

Official Response: Inmate Scott, James #1207166,

In response to your Informal grievance log number 2006-31-43639 with regards to you requesting your daily bag of ice. You have a current order for this and culinary should be providing this daily. Grievance resolved.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/10/2023 | 1 | | SULLIVAN, MEGAN |

Proposed Response: Becasue culinary is failing to provide the ice (1 Bag Daily) as prescribed per medical order and is therefore putting my health in jeporday. CO Hodge informed me that he made multiple notices in the NOTIS system regarding this issue

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/13/2023 | 1 | RESOLVED | SULLIVAN, MEGAN |

Proposed Response:

Official Response: Inmate Scott, James #1207166,
I am in receipt of first level grievance #20063143639, regarding your medical ordered diet. Your diet with the addition of a 1 bag of ice daily was approved and forwarded to culinary on 8/1/2022 and entered the computer. As of this grievance this diet will be forwarded to culinary again. It is responsibility of culinary to follow the medical approved diets. Please attempt to resolve your diet issue with culinary as medical does not delivery the diet trays. Grievance resolved.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/10/2023 | 2 | | KEAST, JOHN |

Proposed Response: Because culinary failed to provide the corresponding medically approves diet still.

Official Response:



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/11/2023 | 2 | RESOLVED | RIVAS, DAVID |

Proposed Response:

Official Response: Offender Scott,

I am in receipt of your second level grievance number 2006-31-436939 as it relates to your to your request of ice.

Per DONS Keast, medical will be contacting the nephrologist who manages the dialysis patients at NNCC to clarify the order for ice. The original order was written with the intention that ice should only be issued during warmer months (May thru September) as a substitute for a regular fluid to avoid fluid overload for dialysis patients. Once the exact amount of ice is clarified, new orders will be written for each patient specifying ice to be issued once daily thru culinary from May 1 to Septemeber.  Medical will inform you of the new order.

Please kite medical if you have further questions or concerns.

Grievance resolved.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063143036 | 09/21/2022 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/21/2022 | IF | | HENLEY, JOHN |

Proposed Response: I have a medical order to be transported from my cell to dialysis due to my inability to walk resulting from a psterior ligimentaion of which was confirmed by dr halki and dr lorenzo howerver the correctional staff are refusing to provide me with this cont....

Official Response: No harm/loss, action, or remedy

AR 740.03.1.A. If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed.

AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested. Resubmit Informal Grievance with a clearly defined remedy.

Upon review of you grievance package, the Administrative Claim Form (DOC 3095) has TBD in the claim amount.  You must fill in the specific amount that would settle your claim. Please correct before resubmitting.

Not a KITE

AR 740.08.1 At the Informal Level, an inmate shall file a grievance (Form DOC-3091) after failing to resolve the matter by other means such as discussion with staff or submitting an Inmate Request Form (DOC 3012).

AR 740.03.1.B. A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues.



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063143007 | 09/21/2022 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/21/2022 | IF | | FRAZIER, FERNANDEIS |

Proposed Response: On the date of 9/5/22 i called a man down in retalatin to my leg injury that I suffered at Carson Tahoe Health hospital and due to the complications that I was expriencing due to NNCC staffs refusal to provide wheelchair or vehicular transport for me to dialysis due to my inability to walk cont...

Official Response: Inmate re-submitted 12/13/22 CD

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/19/2022 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098. Missing Adminastrative claim form. More than one isuue, Specific claims previously filed. Other specify: Alteration of the grievance forms. AR 740.04.2.H. Alteration of the grievance forms or continuation forms. This includes writing more than one line, on each line provided on the grievance form.It is also considered abuse of the grievance process when an inmate modifies the Grievance document by writing in the margins

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2023 | IF | | HENLEY, JOHN |

Proposed Response:

Official Response: Other specify: Inmate Scott #1207166, you have blacked out the dates on your grievance form to reflect a different date from when you originally signed them. Upon review of the casenotes in NOTIS and speaking to your unit caseworker, your caseworker asked the grievance coordinator to come speak with you on 12/06/22, you were seen for your monthly AD-SEG review on 12/12/22 and were told the grievance coordinator would come speak with you and told we can adjust the dates on the grievances but you will need to wait to speak with the grievance coordinator. You did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. This grievance is considered abandon and you may not re-submit. DO NOT RE-SUBMIT

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/13/2023 | IF | | HENLEY, JOHN |

Proposed Response: For grievant's statement(s) please see grievance #44599 and #42716 as the matter regarding the 3098 forms are correlated, and the statements are the same.

Official Response: NOT ACCEPTED - If not accepted due to any of the reasons in this box, the grievance may NOT proceed to the next level Per AR 740.03,5 and 740.04,G.
Specific claims or incidents previously filed by the same inmate
Other specify: As noted on the prior DOC 3098, you did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. Because of that, this grievance is still considered abandoned and you may not re-submit. DO NOT RE-SUBMIT

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142887 | 09/16/2022 | GRIEVANCE W/STAFF ISS | DISCRIMINATION |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/16/2022 | IF | | FRAZIER, FERNANDEIS |

Proposed Response: On 8/9/22 @ carson tahoe health hospital in the emergency room #14 CO zyfelt was the officer in charge of the keeping in my custody. Which in the ER #14 CO Millum was in charge of the keeping of my custody also @ 1246pm I began my partial cont...

Official Response: Inmate re-submitted 12/13/22 CD

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/27/2022 | IF | | HENLEY, JOHN |

Proposed Response: On 8/9/22 @ carson tahoe health hospital in the emergency room #14 CO zyfelt was the officer in charge of the keeping in my custody. Which in the ER #14 CO Millum was in charge of the keeping of my custody also @ 1246pm I began my partial cont...

Official Response: Other:
AR 740.01.2 Grievances will be treated as legal correspondence.
As such, your grievance will not be accepted as you have failed to submit with the correct Date.
Inmate signed 08/09/2022, it was picked up from unit on 09/12/2022. Resubmit on an Informal DOC 3091 with proper date.
Please review AR 740, available in the Law Library.
Resubmission to include all previously submitted grievance documents, including Improper Grievance
Memo(s) DOC 3098. Please review AR 740, available in the Law Library.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/20/2022 | IF | | , |

Proposed Response: The date is correct and proper. Resubmitted I stand by all claims and statments made, and remdies sought Re-submitted

Official Response: Other:
AR 740.01.2 Grievances will be treated as legal correspondence.
As such, your grievance will not be accepted as you have failed to submit with the correct Date.
Inmate signed 8/12/22, it was picked up from unit on 10/17/22. Resubmit on an Informal DOC 3091 with proper date.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2023 | IF | | HENLEY, JOHN |

Proposed Response: Date on orginal was correct 8/12/22 I stand by all claims and remedies sought at the original level. ...[ECHERPESKI, 02/13/2023 14:50:51] 4th submission 2/13/23:
For grievant's statement(s) please see grievance #44599 and #42716 as the matter regarding the 3098 forms are correlated, and the statements are the same.

Official Response: 4TH REJECTION:
Abuse of Inmate Grievance Procedure
1
Other specify:  This is your 4th rejection. You have been told 3 other times how to properly submit a grievance along with being told to check out AR 740 from the Law Library. Do not re-submit. If you choose to re-submit you may be written up for abuse of the inmate grievance procedure per AR 740 and 707.

Other specify: Inmate Scott #1207166, you have blacked out the dates on your grievance form to reflect a different date from when you originally signed them. Upon review of the casenotes in NOTIS and speaking to your unit caseworker, your caseworker asked the grievance coordinator to come speak with you on 12/06/22, you were seen for your monthly AD-SEG review on 12/12/22 and were told the grievance coordinator would come speak with you and told we can adjust the dates on the grievances but you will need to wait to speak with the grievance coordinator. You did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. This grievance is considered abandon and you may not re-submit. DO NOT RE-SUBMIT

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142886 | 09/16/2022 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/16/2022 | IF | | CLARK, BENU |

Proposed Response: On the date of 8/12/22 @ carson tahoe health hospital in room 364 I was praying in my room while praying in my room while facing east I placed my prayer rug delibertaly in front of the dialysis machine becasue I knew I couldnt be disturbed once my prayer commenced cont...
...[CDUTTON, 10/20/2022 11:24:10] The date is correct and proper. Resubmitted I stand by all claims and statements made and remedies sought re-submmitted

Official Response: Inmate re-submitted 10/14/2022 CD
Inmate re-submitted 12/13/22 CD

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/27/2022 | IF | | HENLEY, JOHN |

Proposed Response: No harm/loss, action, or remedy
AR 740.03.01.A If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate.
Please resubmit to include any of the following documents that apply to the issue. i.e. Property Transfer Sheets, Canteen Receipts, Unauthorized Property Form, Inmate Property Claim Forms and Proof of continuous ownership receipts, Store Order Form, Inmate Bank Statement, applicable Administrative Claim Form or Property Claim Form and any other relevant documentation in support of the claim must be included.

Official Response: AR 740.01.2 Grievances will be treated as legal correspondence.
As such, your grievance will not be accepted as you have failed to submit with the correct Date.
Inmate signed 08/12/2022, it was picked up from unit on 09/12/2022. Resubmit on an Informal DOC 3091 with proper date.
Please review AR 740, available in the Law Library.
Resubmission to include all previously submitted grievance documents, including Improper Grievance
Memo(s) DOC 3098. Please review AR 740, available in the Law Library.

# State of Nevada
## Department of Corrections
### Inmate Grievance History



| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/04/2022 | IF | | SAWIN, CHRIS |

Proposed Response:

Official Response: More than one issue: AR_740.03.4.D The inclusion of more than one grievance issue, per form will be cause for the grievance to not be accepted. You are currently grieving: Retaliation and discrimination.
No harm/loss, action, or remedy
AR 740.03.1.A. If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed.
AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested. Resubmit Informal Grievance with a clearly defined remedy.
Not a KITE
AR 740.08.1 At the Informal Level, an inmate shall file a grievance (Form DOC-3091) after failing to resolve the matter by other means such as discussion with staff or submitting an Inmate Request Form (DOC 3012).
AR 740.03.1.B. A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2023 | IF | | HENLEY, JOHN |

Proposed Response: 1) Caseworker Harris gave me explicit permission to process the 19 or more unprocessed grievance for her due to her not having time to process them herself. 2) Caseworker Harris had erroneously signed the unprocessed grievances claiming ot witness me sign them despite the fact that I had not yet signed any of them, 3.) Caseworker Harris had erroneously dated the unprocessed grievances to falsely reflect that she witnessed cont.

Official Response: 4TH REJECTION:
Abuse of Inmate Grievance Procedure
1
Other specify:  This is your 4th rejection. You have been told 3 other times how to properly submit a grievance along with being told to check out AR 740 from the Law Library. Do not re-submit. If you choose to re-submit you may be written up for abuse of the inmate grievance procedure per AR 740 and 707.

Other specify: Inmate Scott #1207166, you have blacked out the dates on your grievance form to reflect a different date from when you originally signed them. Upon review of the casenotes in NOTIS and speaking to your unit caseworker, your caseworker asked the grievance coordinator to come speak with you on 12/06/22, you were seen for your monthly AD-SEG review on 12/12/22 and were told the grievance coordinator would come speak with you and told we can adjust the dates on the grievances but you will need to wait to speak with the grievance coordinator. You did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. This grievance is considered abandon and you may not re-submit. DO NOT RE-SUBMIT



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142717 | 09/12/2022 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/12/2022 | IF | | FRAZIER, FERNANDEIS |

Proposed Response: On the date of 08/11/12 or 08/12/22 while at carson tahoe health hospital in room #364 while CO collins and CO Ortegle were in charge of my room Nurse Nicole walked in my room with Nurse Monica and whi;le setting me up with care she stated " I mean its just my opinion cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/27/2022 | IF | DENIED | CLARK, BENU |

Proposed Response:

Official Response: Inmate Scott #1207166, I am in receipt of your grievance #20063142717. In it you state that that you overheard nursing staff from Carson Tahoe Regional Medical center remark that "...prisoner's access to health care is a privilege not a right." You further claim that while you were engaged in prayer, you were unable to respond when nursing staff arrived to provide you medication. You state that you were unable to "break the connection" in your prayer, resulting in a refusal of medications. You further state that your requested medication from the nurse's station after the completion of your prayer. Your requested resolution is monetary compensation and reprimands for all parties involved.

The assertion that you are unable to break from prayer is not accurate. You were in the hospital for a potentially life threatening condition.

According to CAIR's A Correctional Institution's Guide to Islamic Practices, "During the prayer time, the Muslim is fully engaged. He or she may not respond to a ringing telephone or conversation. Supervisory staff should not take offense if the worshiper does not answer their call during the prayer. However, in the case of an emergency, the Muslim will respond to an announcement by stopping the prayer immediately." Stopping to take medications would have been perfectly acceptable according to this and numerous other Islamic sources.

For this reason, your grievance is, Denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/20/2022 | 1 | | SAWIN, CHRIS |

Proposed Response: No emergency was prelavent at the time. The medication was not in retalation to any life threatening of which I was being treated for at the hosptial.

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

**ER170**            **ER170**

Page 88 of 153

NDOC **ER170**



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/04/2022 | 1 | DENIED | FRAZIER, FERNANDEIS |

Proposed Response:

Official Response: Offender Scott, James #1207166

I am in receipt of your First level Grievance log number #2006-31-4217 as it relates to Health Care at Carson Tahoe Regional Medical Center (CTRMC) and religious prayer.

After reviewing your Informal and First level grievances, and upon further investigation of the above-mentioned Grievance. It has been determined the response Lt. Clark provided at the informal level is deemed appropriate.
Offender Scott, In the future I urge you to follow the proper channels and utilize the inmate request form (kite) prior to filing a Grievance. Per AR 740.03: ?A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues, actions or conditions that they do not like but suffered no harm or loss.? The Grievance procedure is to resolve addressable claims, only if the Inmate can factually demonstrate a loss or harm.  If you require further assistance on the Grievance process, I encourage you to request a copy of AR 740 from the Law Library and familiarize yourself.
Offender Scott, you have failed to establish responsibility for any harm or loss, nor provided any substantial proof within the balance of probabilities supporting your claim. For these reasons your First level Grievance Log#2006-31-42717 is DENIED.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/27/2022 | 2 | | ASHCRAFT, RICHARD |

Proposed Response: Despite hospitlaztion for an bacteria staph infection by this time of incident the condition been cured and I was medically stable and well. Therefore no emegency exsisted more than the medications cont....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2023 | 2 | | HENLEY, JOHN |

Proposed Response: Despite hospitlaztion for an bacteria staph infection by this time of incident the condition been cured and I was medically stable and well. Therefore no emegency exsisted more than the medications cont....

Official Response: Other specify: Inmate Scott #1207166, you have blacked out the dates on your grievance form to reflect a different date from when you originally signed them. Upon review of the casenotes in NOTIS and speaking to your unit caseworker, your caseworker asked the grievance coordinator to come speak with you on 12/06/22, you were seen for your monthly AD-SEG review on 12/12/22 and were told the grievance coordinator would come speak with you and told we can adjust the dates on the grievances but you will need to wait to speak with the grievance coordinator. You did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. This grievance is considered abandon and you may not re-submit. DO NOT RE-SUBMIT

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/13/2023 | 2 | | HENLEY, JOHN |

Proposed Response: 1) Caseworker Harris gave me explicit permission to process the 19 or more unprocessed grievance for her due to her not having time to process them herself. 2) Caseworker Harris had erroneously signed the unprocessed grievances claiming ot witness me sign them despite the fact that I had not yet signed any of them, 3.) Caseworker Harris had erroneously dated the unprocessed grievances to falsely reflect that she witnessed cont.

Official Response: NOT ACCEPTED - If not accepted due to any of the reasons in this box, the grievance may NOT proceed to the next level Per AR 740.03,5 and 740.04,G.
Specific claims or incidents previously filed by the same inmate
Other specify: As noted on the prior DOC 3098, you did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. Because of that, this grievance is still considered abandoned and you may not re-submit. DO NOT RE-SUBMIT

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/07/2023 | 2 | | HARTMAN, ROBERT |

Proposed Response: I stand by all claims and statments and remedies sought on the previous grievance

Official Response: 4th rejection: Still abandon

Other specify: As noted on the prior DOC 3098, you did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. Because of that, this grievance is still considered abandoned and you may not re-submit. DO NOT RE-SUBMIT

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

Page 90 of 153

NDOC 2022

ER172



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142716 | 09/12/2022 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/12/2022 | IF | | FRAZIER, FERNANDEIS |

Proposed Response: On the date of 08/12/22 while CO Brittany Smallwood refused to allow me to use the restroom, and to get water and to perform my prayer. J Collins while at CTH did the exact same acts and also admitted religious 1st amendment violation Both engaged in a cont.....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/27/2022 | IF | DENIED | CLARK, BENU |

Proposed Response:

Official Response: Inmate Scott #1207166, I am in receipt of your grievance #20063142716. In it you state that that while assigned to Carson Tahoe Regional Medical Center, custody staff of Northern Nevada Correctional Center refused to allow you to complete your required Islamic prayer and associated rituals. You also state that numerous unprofessional remarks were made by NNCC Staff. Your proposed resolution is the termination of all parties involved and monetary compensation.

Regarding the complaint of not being allowed to get out of bed to perform the prayers:

According to Administrative Regulation 430.03 Section 8: Restraints, security equipment, and staff, to be used for medium custody inmate transportation are as follows: B. Waist and Leg Restraints are required.

According to Administrative Regulation 460.02 Section 7, Inmates who are medium custody or higher shall be restrained to the hospital bed in a manner compatible with medical treatment.

As such, any time you are not in the hospital bed and restrained to it, in accordance with AR 460, you are to have waist and legs restraints applied.

Regarding the complaint of not being allowed to engage in rituals at the hospital I would reference the above Administrative Regulations, as well as the following citation from Al-Islam.org:

If one is unable to perform prayers in a spiritually clean state, then he must perform them in a spiritually unclean state.

You could have requested cleaning supplies from the nursing staff at Carson Tahoe Regional Medical Center, but you did not. You could have also conducted your prayers from the bed by facing east or by doing the best you can in the circumstances. Our staff?s primary function is to provide security so that you can receive treat for a potentially life-threatening condition.

The Nevada Department of Corrections does not discriminate in policy or practice against any individual based on race, creed, gender, religion, gender identity or expression.

You have failed to provide any evidence to support and allegations of unprofessional remarks or comments.

For these reasons, your grievance is, Denied.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/20/2022 | IF | | , |
| Proposed Response: | Because the offical response is in error their assessment. | | |
| Official Response: | Other specify:<br>The purpose of the 3 grievance levels is to provide a platform to resolve issues. Grievance forms are not to be used as a platform for rebuttal. Each level is bound by the same AR 740 regulations regarding structure & content.<br>AR 740.09.3 At this level the inmate shall provide a justification to continue to the first level. Resubmission to include all previously submitted grievance documents, including Improper Grievance<br>Memo(s) DOC 3098. Please review AR 740, available in the Law Library. | | |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/27/2022 | 1 | | SAWIN, CHRIS |
| Proposed Response: | Due to the fact that the offical response statement is inconsitent with my practicie of islam I must make WuDU on Taysmmum I was restricted from both | | |
| Official Response: | | | |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2023 | 1 | | HENLEY, JOHN |
| Proposed Response: | Due to the fact that the offical response statement is inconsitent with my practicie of islam I must make WuDU on Taysmmum I was restricted from both | | |
| Official Response: | Other specify: Inmate Scott #1207166, you have blacked out the dates on your grievance form to reflect a different date from when you originally signed them. Upon review of the casenotes in NOTIS and speaking to your unit caseworker, your caseworker asked the grievance coordinator to come speak with you on 12/06/22, you were seen for your monthly AD-SEG review on 12/12/22 and were told the grievance coordinator would come speak with you and told we can adjust the dates on the grievances but you will need to wait to speak with the grievance coordinator. You did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. This grievance is considered abandon and you may not re-submit. DO NOT RE-SUBMIT | | |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/13/2023 | 1 | | HENLEY, JOHN |
| Proposed Response: | 1) Caseworker Harris gave me explicit permission to process the 19 or more unprocessed grievance for her due to her not having time to process them herself. 2) Caseworker Harris had erroneously signed the unprocessed grievances claiming ot witness me sign them despite the fact that I had not yet signed any of them, 3.) Caseworker Harris had erroneously dated the unprocessed grievances to falsely reflect that she witnessed cont. | | |
| Official Response: | NOT ACCEPTED - If not accepted due to any of the reasons in this box, the grievance may NOT proceed to the next level Per AR 740.03,5 and 740.04,G.<br>Specific claims or incidents previously filed by the same inmate<br>Other specify: As noted on the prior DOC 3098, you did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. Because of that, this grievance is still considered abandoned and you may not re-submit. DO NOT RE-SUBMIT | | |

**ER174**           **ER174**           NDOC **ER174**



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142591 | 09/07/2022 | GRIEVANCE | MEDICAL |
| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
| 09/07/2022 | IF | NOT ACCEPTED | SMITH, ROBERT |

Proposed Response: "I am experiencing chest pain complications and heart polpiations. There has been moments when my heart is polpitating and I am unable to move or speak. There is also times when I am praying and my ability to speak is greatly imoaired. I have chronic nausea that won't stop. My headaches are extremely severe. Due to a leg injury that I suffered as a result of a slip and fall at the hospital I am unable to walk to dialysis without extreme pain and great difficulty. I need (blacked out) or wheelchair assistance. I have already filed a request to the provider to be seen about the injury (leg). However, nurse Kellen (Corsline) told me that the medical department is 6 to 10 weeks behind on answering non-emergent (Blacked out) requests for medical care. Therefore, until the request is answered and due to my inability to walk to dialysis because of my leg injury. I need the institution to transport me to dialysis via wheelchair or state vehicle. The institution had originolly agreed to provide this transport and had already been doing so for weeks (blacked out) and suddenly changed their decision to provide this accomadtion most likely for convent and/or (blacked out) vicarious retaliatory reasons. The institution's intentianol and deliberate failure to provide vehicaular wheelchair transport to my dialysis treatment sessions directly resulted in their (blacked out) maliciaurly, (illegible) refusal to provide me with (illegible) acess to mandatory life saving chronic treatment. In bad faith and evil intent the N-N-C-C/NDOC staff cruelly and unusually (Large blacked out area) misconstrued and misconstructed my inability to walk to dialysis without great pain & suffering as a refusal to accept making escort by a female C/O Bories (Large blacked out area) and refusal of medical treatment when in all truth I was physically incapable of participatina walking escort. Willing but incapable. I have now not had dialysis as a result and I am slowly but surley (blacked out) dying. I have not and will not under any circumstances or conditions refuse my treatment and I consider your refusal to provide vehicular or wheelchair transport to dialysis as a refusal to provide me treatment due to inability to walk. As a result of not having dialysis treatment I am in pain, I am suffering, and I am dying slowly but surely. My next dialysis session is on Wednesday (9/7/22) and I am still unable to walk the distance from unit 7 to dialysis without vehicular of wheelchair assistance. Will you kill me by continuing to deny me treatment knowing that it is my absolute desire to attend? Even a (illegible) person can see that I amunable to (blacked out) walk without great pain & difficulty. Will you continue to cause me pain & suffering and slow death & sickness because I can't walk to dialysis treatment on my own. Will you continue to deny me a reasonable accomadation that is available and within your means to provide and which poses no threat to the institution's safety, health, and security? Will you continue to treat me punitively and (illegible) while you provide the same accomadation I'm requesting to other "similary situated" inmates who aren't even requesting said accomadation? I am dying due to your unconstitutional deprivation of "available" access to a mandatory scheduled life-saving treatment session that I have repeatedly and explicitly expressed that it is my absolute wish to attend. How long will you continue to engage in (blacked out) this coldly calulated and murderaus behavior and actions of which you know will inevitally result in my death> Is this your cruel way of escaping libaility and culpalibilty of the D.O.J complaints and (illegible) that I have rightfully brought against the NDOC and it's staff? How long will you continue to treat me with such heartless actianslibe expressions of inhumanity? How long will you perrist in levying there convent assaulty of (blacked out) reprisals and retaliations against me?" continued.....

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

ER175                    ER175

Page 93 of 153

NDOC ER175



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/07/2022 | IF | NOT ACCEPTED | SMITH, ROBERT |

Proposed Response:

Official Response: Per Nurse John Weston, you had an e-ray which showed no reason to provide you with walking assistance or a transport to dialysis by van or any other state vehicle. Per AR 740 this is not an emergency.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142480 | 09/06/2022 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/06/2022 | IF | | GREEN, CYNTHIA |

Proposed Response: I am experiencing complications from lack of dialysis. I am experiencing chest pain, breathing issues, nausea, vomiting, confusion, diarreah, twitching, and pitting edema issues. I havent had dialisys in four days. The institution who had agreed to accomodate my injury by transporting me to dialysis all of a sudden without any notice discontinued the accomodation. as a result I was denied transport to dialysis and due to my inability to be able to walk without great pain and further greater risk of injury I denied dialysis by NNCC despite the fact that a state vehicle was available. I feel like I am dying. I need dialysis at the hospital. The NNCC wont be able to give me dialysis until Wednesday. therefore I need emergency dialysis. this can't wait until next sick call or clinic.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/06/2022 | IF | DENIED | GREEN, CYNTHIA |

Proposed Response:

Official Response: I/M refused dialysis 9/5/2022. Is in noemergent condition @ present. Go to dialysis on 9/7/2022 as scheduled.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142435 | 09/05/2022 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/05/2022 | IF | | HERZOG, CHRISTOPHER |

Proposed Response: On 95/22 @ 1:55 PM C/O Bories who I have an active retaliation claim against came to my cell door and told me that we were going to have to walk to dialysis. I told her that due to my leg injury that I suffered @ the Carson Tahoe Health Hospital I am unable to walk that distance without great pain and difficulty to my leg. I need an emergency accomodation for my leg injury. I am not and will not refuse my dialysis treatment, is what I told her. In bad faith she chose to construe my inability to walk as a refusal to do dialysis. I am suffering from complications from lack of dialysis which can result in my death. I need dialysis. It is not my fault that the medical department in 10 weeks on average behind in providing healthcare to non emergent request for healthcare and/or that the Carson Tahoe Health Hospital refused to provide me with an MRI when I reported the injury to them. I need dialysis which without I will die. Per Medical Directive 412 this is a medical emergency.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/05/2022 | IF | DENIED | HERZOG, CHRISTOPHER |

Proposed Response:

Official Response: Medical looked at your chart and your leg "injury" has been looked at and was notated there is no injury or reason that you can not walk for your dialysis treatment. You can not dictate how you are to be sent to dialysis. Failure to comply with normal orders to walk like eveyone else w/o an order by the doctor for mobility issues. This reults as a refusal to comply.



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142423 | 09/05/2022 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/05/2022 | IF | DENIED | FLUHRER, SHAWN |

Proposed Response: "Due to the fact that lack of dialysis can result in mydeath. Failure to get me to dialysis treatment each session is associated with a 30% greater risk of death and a greater risk of hospitalization according to a study reported in the American Journal for kidney disesse. I did not refuse my dialysis treatment neither implicity nor explicity. I do not and will not refuse my session. NNCC's refusal to provide dialysis transport from unit 7 as is noraml practice cannot be contrued as me refusing dialysis because I am unable to walk that distance due to my injury. I am experiencing complication from failure to provide dialysis treatment and transport. This can and will result in my death."

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/05/2022 | IF | DENIED | CONTRERAS, NORMA |

Proposed Response: `

Official Response: Entered on behalf of CN2 Contreras, "This is nota medical emergency. Please submit to medical for provider evaluation. This does not require special transportaion to or from dialysis."

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142394 | 09/04/2022 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/04/2022 | IF | DENIED | FLAMM, MICHAEL |

Proposed Response:

Official Response: "As of the time of this response - your ice has been sent by the Culinary."

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/04/2022 | IF | | FLAMM, MICHAEL |

Proposed Response: "Emergent Attention Required or Death Is Immenent I have a medical order that is essential to recieve 1 bag of ice per day from the Culinary due to may fluid restriction and because my kidneys urine production being comprimised. The Culinary has been intentionally violating my medical diet order and in putting my life in Jespardy. Due to the Culinary'r refusalto abide by my medical diet order of 1 bag of ice per day (Morning) due to my fluid restriction I have not had fluid in 2 days and I am dehydrated as a result. I will only consume fluid in accorance with my prescribed medically essential diet order. My life is potentially in immenent danger because I con and mill die from dehydration due to Culinary'r refusal to alisle by my prescribed medical diet order of which they are aware of. Per Medical Directive 412 "Urgent / Emergent Care Services " as medical emergency is defined as "An accident, injury, or manifestation of an illness that threatens or potentially threstens loss of life or limb. An acute illness ([Dehydration]), or an unexpected health need, that cannot be deferred until the next scheduled sick call or clinic". The human body can only go a few days without fluid. I'm already on day 2. Without the ice or prescribed I mill die freom dehydration. Per AR 740 this is an Emergency that requires Emergent attention for without emergent and immediate action I mill die from dehydration.

As a remedy : I demand that my medical diet order be complied with everyday and that Culinary be compelled to comply with the order and [illegible] from thestening my life and health."

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

Page 95 of 153

ER177

ER177

NDOCER0177

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142229 | 08/31/2022 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/31/2022 | IF | | , |

Proposed Response: On the date of 8/12/22 while at carson tahoe health hospital in room #364 COs brittaney smallwood and J Collins denied alternating duels of health and psychological assulat that were unrelenting. As they continued informed them that I was going to write there asses up cont...

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142228 | 08/31/2022 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/31/2022 | IF | | FRAZIER, FERNANDEIS |

Proposed Response: On the date of 8/12/22 while @ the carson tahoe health hospital Lt fonoimoana, CO J collins, and CO Brittany Smallwood and carson tahoe health nurse staff under instruction of CO Collins and CO Brittany Smallwood Rebecca repeadtely refused me access to drinking water, a urinal, a bed pan cont... ...[CDUTTON, 02/14/2023 09:23:29] I stand by all claims and remedies sought at the intial greivance level all DOCs are attached. Admin Claim is also attached, all deficiencies corrected. Re-submitted

Official Response: Inmate re-submitted 02/08/2023

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/03/2022 | IF | | SAWIN, CHRIS |

Proposed Response:

Official Response: Missing administrative claim form.
Per AR 740.08.7.  If the inmate?s remedy to their grievance includes monetary restitution or damages, then the inmate will get the following forms from unit staff, unit caseworker, or law libraries: B. Form DOC ? 3095, Administrative Claim Form, which Shall be completed and submitted in addition to the grievance for all personal injury, tort, or civil rights claims.
Other specify:
Please review AR 740, available in the Law Library.
Resubmission to include all previously submitted grievance documents, including Improper Grievance
Memo(s) DOC 3098. Please review AR 740, available in the Law Library.



# State of Nevada
# Department of Corrections
## Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/27/2023 | IF | DENIED | FRATIS, TRAVIS |

Proposed Response:

Official Response: Inmate Scott, James #1207166. I am in receipt of Grievance Log Number 20069-31-42228 as it pertains to claims of misconduct by staff against you during your stay at the community hospital. In your grievance, you allege that Officer Collins and Smallwood refused to provide you water during your stay at the hospital. You also allege they refused to give you an opportunity to shower and an opportunity to use the manual urinal. You also state they corroborated with the nursing staff to remove your bed-side call button to prevent you from requesting medical treatment. Your resolution is to receive $65,000 in compensation as well as disciplinary action against all parties listed in your grievance.

After careful review of the contents within your grievance, I took the liberty to investigate by interviewing most parties listed and contacting Carson Tahoe Hospital to inquire about policies and/or common practices.

Interviewee?s were interviewed separately and without prior knowledge to an interview. Each interviewer?s accounts matched each other?s. The interviewee?s stated you were abusing the call-button system at the hospital. They each affirmed that the Nurse on duty requested the call button be removed from you due to your abuse of the system. In lieu of the call button, the nurse would conduct 15-minute checks on you. Interviewee?s stated you were prohibited from having a bucket of water, which was supported by the chaplain, but you were always given access to drinkable water.

An administrator from Carson Tahoe Hospital was also questioned about the practice of removing the call button. The administrator stated that patients who abuse the call button system lose the privilege which is replaced by 15 minute checks on the patient. AR 460.15.A states, ?If the attending physician indicates that specific treatment is necessary, correctional officers are to assist in any way possible,?? Therefore, when the RN requested the removal of the call button, the officers obliged as guided in the AR.

As a result of my investigation, your grievance is denied at this level because you are unable to substantiate your claims that you suffered from cruel and unusual punishment at the hands of NDOC custody staff or CTRMC nursing staff. You will also be denied the monetary compensation listed in your resolution and none of the listed staff warrant disciplinary action.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/13/2023 | 1 | | SAWIN, CHRIS |

Proposed Response: I was not given access to drinkable nor water for religious exercise purpose not hand washing sink a bed pan a unrinal and a toliet nor sanitation miser I was deprived for the intended purpose cont....

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/22/2023 | 1 | DENIED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: Offender Scott, James #1207166

I am in receipt of your First level Grievance log number #2006-31-42228 as it relates to alleged Staff misconduct.

After reviewing your Informal and First level grievances, and upon further inquiry of the above-mentioned Grievance. It has been determined; the response Sgt. Fratis provided at the informal level is deemed appropriate.
Offender Scott, a Preliminary investigation of the alleged allegations was completed; subsequently, resulting in the in no indication of Staff misconduct. Additionally, the information you provided was unable to be corroborated by any source. Furthermore, you have failed to establish responsibility for any harm or loss, nor provided any substantial proof within the balance of probabilities supporting your claim. For these reasons your Grievance Log# 2006-31-42228 is Denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/20/2023 | 2 | | HENLEY, JOHN |

Proposed Response: I stand all claims and statements made at the initial level as it is in clear that the Preliminary investigation was blamed and partial.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/02/2023 | 2 | DENIED | TRISTAN, DAVID |

Proposed Response:

Official Response: Offender Scott,

I am in receipt of your Second level Grievance log number #2006-31-42228 as it relates to alleged Staff misconduct.

After reviewing your Informal, First, and Second level grievances, and upon further inquiry of the above-mentioned Grievance. It has been determined; the response Sgt. Fratis provided at the informal level is deemed appropriate.

A preliminary investigation of the alleged allegations was completed; subsequently, resulting in no indication of Staff misconduct. Additionally, the information you provided was unable to be corroborated by any source. Furthermore, you have failed to establish responsibility for any harm or loss, nor provided any substantial proof within the balance of probabilities supporting your claim.

Your grievance is DENIED.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142115 | 08/29/2022 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |
| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
| 08/29/2022 | IF | | KEAST, JOHN |

Proposed Response: Signed 7/21/22 recvd 08/24/22
On 7-18-22 i attended GP feeding dinner Pill call. During this pill call nurse Waters who is a new nurse delibertaly and intentionally refused to all me to take my phosphour finders as they were both prescribed and intended to be taken which is during breakfast, lunch, and dinner while eating cont....

Official Response:

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063142100 | 08/29/2022 | GRIEVANCE W/STAFF ISS | DISCRIMINATION |
| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
| 08/29/2022 | IF | | FRAZIER, FERNANDEIS |

Proposed Response: On 8-4-22 Culinary free staff intentionally and delibertely failed by a doctor orders orders for an essential medical dietary requirment by intentionally failing to provide me with one bag of ice daily despite the fact I presented culinary free staff Jacob cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/18/2022 | IF | DENIED | WYATT, TOM |

Proposed Response:

Official Response: NNCC was issuing out 1 bag of ice on a daily. All the dialysis patients had been informed that as of the end of September there would be no more ice. Grievance Denied

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063141915 | 08/23/2022 | GRIEVANCE | AMER W/DISAB ACT |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/23/2022 | IF | | HARTMAN, ROBERT |

Proposed Response: For medical exemption and ADA exemption request purposes. i have end stage renal disease and I am hemidialysis despendent with hypertension. These disabilitied have also created derinmate chroin disabilites cont...

Official Response: No harm/loss, action, or remedy
AR 740.03.1.A. If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed.
AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested. Resubmit Informal Grievance with a clearly defined remedy.
Not a KITE
AR 740.08.1 At the Informal Level, an inmate shall file a grievance (Form DOC-3091) after failing to resolve the matter by other means such as discussion with staff or submitting an Inmate Request Form (DOC 3012).
AR 740.03.1.B. A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/13/2022 | IF | | HENLEY, JOHN |

Proposed Response: This grievance is about the NNCC Denying me access to a reasonable accomodatin due to my disability. This a grievance in which I have stated a loss, harm, and remedy. Therefore, your 3098 cont....

Official Response: Missing documents
Submit an Inmate Request Form (DOC 3012) to consult with the MEDICAL STAFF for assistance. Per Medical a DOC 2734 needs to be submitted as a kite and is a non-grievable issue until there has been a decision made.
No harm/loss, action, or remedy
AR 740.03.1.A. If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed.
AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested.
Not a KITE AR 740.08.1 At the Informal Level, an inmate shall file a grievance (Form DOC-3091) after failing to resolve the matter by other means such as discussion with staff or submitting an Inmate Request Form (DOC 3012).
AR 740.03.1.B. A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues.
Other specify: You have been told multiple times how to properly file a grievance, If this behavior continues it could end with disciplinary action in accordance with AR 740 and AR 707.


Please review AR 740, available in the Law Library.
Do not resubmit until the Inmate Request Form process has been exhausted.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

Page 101 of 153

ER183          ER183          NDOCER183

Page 101 of 153

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063141910 | 08/23/2022 | GRIEVANCE | AMER W/DISAB ACT |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/23/2022 | IF | | , |

Proposed Response: On this date of 8/12/22 @ carson tahoe health hospital I was determined to be a fall risk level 5 by medical staff 3 days prior. All custody were made aware of this as well personally by medical staff were made ex change notice on my patient information board cont....
...[CDUTTON, 09/21/2022 15:57:08] I stand by all claims made at the informal level on the initial grievance see attached rejected grievance for info and I stand by all statements and remedies requested cont...

Official Response: Re-submitted 09/21/22 CD

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/06/2022 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098. Missing Adminastrative claim form. More than one isuue, Specific claims previously filed. Other specify: Alteration of the grievance forms. AR 740.04.2.H. Alteration of the grievance forms or continuation forms. This includes writing more than one line, on each line provided on the grievance form.It is also considered abuse of the grievance process when an inmate modifies the Grievance document by writing in the margins

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/03/2022 | IF | DENIED | RAMBUR, JESSICA |

Proposed Response:

Official Response: Inmate Scott, James #1207166,

In response to your Informal grievance log number 2006-31-41910 with regards to you requesting monetary compensation. Your claims for monetary compensation are denied. Grievance denied

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/20/2022 | 1 | | SULLIVAN, MEGAN |

Proposed Response: Because the institutions staff and policies are liable.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/02/2022 | 1 | DENIED | SULLIVAN, MEGAN |

Proposed Response:

Official Response: Inmate Scott, James #1207166,
I am in receipt of first level grievance #20063141910, regarding your request for monetary compensation. I agree with the answer you received at the informal level. Carson Tahoe is a separate organization from the NDOC and have their own established policies and procedures. Your request for compensation is unfounded. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/27/2022 | 2 | | KEAST, JOHN |

Proposed Response: Due to the fact that NDOC makes policies and procedures and custom that influence CTHs treatment towards prisoners my injuries was casued by staff and NNCC policies and practices

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2023 | 2 | | HENLEY, JOHN |

Proposed Response: Due to the fact that NDOC makes policies and procedures and custom that influence CTHs treatment towards prisoners my injuries was casued by staff and NNCC policies and practices

Official Response: Other specify: Inmate Scott #1207166, you have blacked out the dates on your grievance form to reflect a different date from when you originally signed them. Upon review of the casenotes in NOTIS and speaking to your unit caseworker, your caseworker asked the grievance coordinator to come speak with you on 12/06/22, you were seen for your monthly AD-SEG review on 12/12/22 and were told the grievance coordinator would come speak with you and told we can adjust the dates on the grievances but you will need to wait to speak with the grievance coordinator. You did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. This grievance is considered abandon and you may not re-submit. DO NOT RE-SUBMIT

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/13/2023 | 2 | | HENLEY, JOHN |

Proposed Response: 1) Caseworker Harris gave me explicit permission to process the 19 or more unprocessed grievance for her due to her not having time to process them herself. 2) Caseworker Harris had erroneously signed the unprocessed grievances claiming ot witness me sign them despite the fact that I had not yet signed any of them, 3.) Caseworker Harris had erroneously dated the unprocessed grievances to falsely reflect that she witnessed cont.

Official Response: NOT ACCEPTED - If not accepted due to any of the reasons in this box, the grievance may NOT proceed to the next level Per AR 740.03,5 and 740.04,G.
Other specify: As noted on the prior DOC 3098, you did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. Because of that, this grievance is considered abandoned and you still may not re-submit. DO NOT RE-SUBMIT

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063141907 | 08/23/2022 | GRIEVANCE W/STAFF ISS | PREA STAFF ISSUE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/23/2022 | IF | | , |

Proposed Response: On the date of 08/10/22 after 1st shift change in the AM at the carson tahoe health hospital CO Brittany Smallwood was walking a past in my room #364 by herself CO Taitano as a never posted in another room approx 2 doors down cont.....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/07/2022 | IF | | , |

Proposed Response: On the date of 08/10/22 after 1st shift change in the AM at the carson tahoe health hospital CO Brittany Smallwood was walking a past in my room #364 by herself CO Taitano as a never posted in another room approx 2 doors down cont.....

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/31/2022 | IF | PARTIALLY GRANTED | HENLEY, JOHN |

Proposed Response:

Official Response: Inmate Scott #1207166,
Your grievance #2006-31-41907 has been partially granted as it has been sent to the IGs office for review

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/31/2022 | IF | | HENLEY, JOHN |

Proposed Response: NNCC Prea Complinance officer has failed to respond to the intial grievance in pertance to the voyensm and 4th amendment violation to privacy and unreasonable intrusive committed by staff while at carson tahoe hospital cont...

Official Response: 1
Missing documents
Submit an Inmate Request Form (DOC 3012) to consult with the Unit Caseworker or grievance coordinator for assistance, prior to moving on to the next level.
Please also include your gold copy of grievance as proof or submission.
1
Other specify:

Please review AR 740, available in the Law Library.
Do not resubmit until the Inmate Request Form process has been exhausted.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/27/2022 | 1 | | SAWIN, CHRIS |

Proposed Response: AR 740 does not require me to submit a DOC 3012 to the unit caseworker or grievance coordinator for assistance prior to moving to the next level???? It does state that I may proceed to he next level in the instance which you fail cont....

Official Response: Inmate re-submitted 03/07/23

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/11/2023 | 1 | | HARTMAN, ROBERT |

Proposed Response:

Official Response: No harm/loss, action, or remedy
AR 740.03.1.A. If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed.
AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested. Resubmit Informal Grievance with a clearly defined remedy.
Upon review of you grievance package, the Administrative Claim Form (DOC 3095) has TBD in the claim amount.  You must fill in the specific amount that would settle your claim. Please correct before resubmitting.
Not a KITE
AR 740.08.1 At the Informal Level, an inmate shall file a grievance (Form DOC-3091) after failing to resolve the matter by other means such as discussion with staff or submitting an Inmate Request Form (DOC 3012).
AR 740.03.1.B. A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/22/2023 | 1 | DENIED | BREITENBACH, NETHANJAH |

Proposed Response:

Official Response: Offender Scott, James #1207166

I am in receipt of your First level Grievance log number #2006-31-41907 as it relates to alleged PREA violation at Carson Tahoe Regional Medical Center (CTRMC).

After reviewing your Informal and First level grievances, and upon further inquiry of the above-mentioned Grievance. It has been determined, a Preliminary investigation was completed; subsequently, resulting in the Allegations being unfounded for any staff on offender sexual abuse (voyeurism). Grievance Denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/20/2023 | 2 | | HENLEY, JOHN |

Proposed Response: I stand by all statements and claims made on the orginal grievance
Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/02/2023 | 2 | DENIED | TRISTAN, DAVID |

Proposed Response:

Official Response: Off ender Scott,
I am in receipt of your second level grievance log number 2006-31-41907 as it pertains to alleged PREA violation at Carson Tahoe Regional Medical Center (CTRMC).

After reviewing your informal, first level, and second level grievances; it has been determined a Preliminary investigation was completed, subsequently resulting in the allegations being unfounded for any staff-on-offender sexual abuse (voyeurism).

Your grievance is DENIED.

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063141904 | 08/23/2022 | GRIEVANCE | AMER W/DISAB ACT |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/23/2022 | IF | | RAMBUR, JESSICA |

Proposed Response: On the date of 8/12/22, I was given access to take a shower at the Carson tahoe health hospital in room #364. However, the hospital knew that I was fall risk level 5 and failed to provided me with a nurse cont..... ...[CDUTTON, 09/21/2022 15:53:23] I stand by all claims statements made and remedies saught at the informal level on the initial rejected grievances see attached grievances for more info cont...

Official Response: Re-submitted 09/21/22 CD

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/06/2022 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098. Missing administrative claim form. Other specify: Alteration of the grievance forms. AR 740.04.2.H. Alteration of the grievance forms or continuation forms. This includes writing more than one line, on each line provided on the grievance form.It is also considered abuse of the grievance process when an inmate modifies the Grievance document by writing in the margins

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/03/2022 | IF | DENIED | RAMBUR, JESSICA |

Proposed Response:

Official Response: Inmate Scott, James #1207166,

In response to your Informal grievance log number 2006-31-41904 with regards to you requesting monetary compensation. Your claims for monetary compensation are denied. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/20/2022 | 1 | | SULLIVAN, MEGAN |

Proposed Response: Because the instiutions staff and policies are liable

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/01/2022 | 1 | DENIED | SULLIVAN, MEGAN |

Proposed Response:

Official Response: Inmate Scott, James #1207166,
I am in receipt of first level grievance #20063141904, regarding your request for monetary compensation. I agree with the answer you received at the informal level. Carson Tahoe is a separate organization from the NDOC and have their own established policies and procedures. Your request for compensation is unfounded. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 12/27/2022 | 2 | | , |

Proposed Response: Due to the fact there issues do arise to the level of a constituional violation and due to the fact these violations stemmed from the institutions staff misconduct and its own policies cot....

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2023 | 2 | | HENLEY, JOHN |

Proposed Response: Due to the fact there issues do arise to the level of a constituional violation and due to the fact these violations stemmed from the institutions staff misconduct and its own policies cot....

Official Response: Inmate Scott #1207166, you have blacked out the dates on your grievance form to reflect a different date from when you originally signed them. Upon review of the casenotes in NOTIS and speaking to your unit caseworker, your caseworker asked the grievance coordinator to come speak with you on 12/06/22, you were seen for your monthly AD-SEG review on 12/12/22 and were told the grievance coordinator would come speak with you and told we can adjust the dates on the grievances but you will need to wait to speak with the grievance coordinator. You did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. This grievance is considered abandon and you may not re-submit. DO NOT RE-SUBMIT

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/14/2023 | 2 | | KEAST, JOHN |

Proposed Response: 1) Caseworker Harris gave me explicit permission to process the 19 or more unprocessed grievance for her due to her not having time to process them herself. 2) Caseworker Harris had erroneously signed the unprocessed grievances claiming ot witness me sign them despite the fact that I had not yet signed any of them, 3.) Caseworker Harris had erroneously dated the unprocessed grievances to falsely reflect that she witnessed cont.

Official Response: As noted on the prior DOC 3098, you did not wait like you were instructed to do and adjusted the dates yourself on 12/13/22 and were seen by the grievance coordinator on 12/22/22. Because of that, this grievance is still considered abandoned and you may not re-submit. DO NOT RE-SUBMIT

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063141636 | 08/16/2022 | GRIEVANCE | OTHER |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/16/2022 | IF | DENIED | FONOIMOANA, KRISTY |

Proposed Response:

Official Response: Per AR 740 this is not an emergency you were seen by a nurse @ pill call and will again for PM meds. You may file an an informal level- DENIED.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/16/2022 | IF | | FONOIMOANA, KRISTY |

Proposed Response: Officer Holtz campaigned for act of violence agains because flooded my cell as to it being my only recoourse to them denying me healthcare by not answering my medical button for emergency health care. He told the inmate porter, "Hey if you guys want to know inmate flooded the tier his name is James Scott and he lives in Units 1, 5 and 4. It appears that the institution must take extreme disciplinary measures to elimiinate Officer Hotsz egregious and malicious behavior. The only recourse is immediate termination. I will defend myself agains this malicious attack by any and all means necessary. BISMALLAHI-RAHMAN-I-RAHIM. The key witess is MOHAMED MAHMOUD 1222377 who witness this and ANTONIO FARRELL.

Official Response:

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063141590 | 08/15/2022 | GRIEVANCE | FOOD |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/15/2022 | IF | | COLTRIN, JEREMY |

Proposed Response: Low potassium levels are life threating (per AR 740) and they cause severe risk of strokes it also creates a deprivation of needed electrolytes. On top of that there is no such thing as a renal diet for dialysis inmates. Pre-renal dialysis diets are the only that exist for patients with kidney disease. They don not exist for dialysis inmates. If you force me to exhaust the 740 procedure it will take 6 months to exhaust the procedure. By then I will most likely die due to stroke from low potassium. You must respond now. This clearly life threatening.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/15/2022 | IF | DENIED | COLTRIN, JEREMY |

Proposed Response:

Official Response: Per Ar 740 this does not constitute an emergency. After speaking with medical you are on a renal diet and will be receive said diet during meal times. You may send a kite to the doctor to request a re evaluation of your nutritional needs. Grievance denied. Please feel free to submit an informal grievance.

ER191                    ER191

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063141275 | 08/06/2022 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/06/2022 | IF | | , |

Proposed Response: On the date of 7-18-22 @ approx 530pm Nurse waters refused me access to proper and adequnte to medical treatment by intentionally, and deliberately disregarded my serious medical need and the risks associated with such diagnos cont... ...[CDUTTON, 10/20/2022 13:53:57] Deficiency connected i therfore standby all claims, statments made and remedies sought in the attached grievances admin. claim form attached re-submitted

Official Response: inmate re-submitted 10/14/22 See append

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/22/2022 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098. : Missing  Administrative Claim Form DOC 3095, which Shall be completed and submitted in addition to the grievance for all personal injury, tort, or civil rights claims.
AR 740.08.7. If the inmate?s remedy to their grievance includes monetary restitution, or damages, then the inmate will get the following forms from unit staff, unit caseworker, or law libraries: B. Form DOC 3095

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/21/2022 | IF | | HENLEY, JOHN |

Proposed Response: Inmate submitted inf on 10/14/22 and resubmitted a 1st level on 10/18/22, RJD 2 is for the 1st level submitted on 10/18/22. CD
Due to the instituitons failuer to timely respond to the grievance that I filed 8/3/22 in regards to medical staffs failure to provide me with adeqeate and proper care I am proceeding to the first level cont....

Official Response: You submitted another informal grievance for the same grievance number on 10/14/22, you must wait for a response prior to submitting to the next level.
Other specify:
AR740.03.5 In the event an inmate?s claim is not accepted or not within the intended scope of this regulations, the inmate may not appeal that decision to the next procedural level.
Please NOTE: a DOC 3098 is not a response, it is an Improper Grievance Notification. This grievance is still at the Informal Level.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/03/2022 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098. More than one issue.Other specify: Missing  Administrative Claim Form DOC 3095, which Shall be completed and submitted in addition to the grievance for all personal injury, tort, or civil rights claims.
AR 740.08.7. If the inmate?s remedy to their grievance includes monetary restitution, or damages, then the inmate will get the following forms from unit staff, unit caseworker, or law libraries: B. Form DOC 3095 Administrative Claim Form. This is your THIRD and FINAL rejection. If you choose to resubmit again, the documents will be confiscated and placed in your grievance file. No further action will be taken. Do not resubmit.

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063141087 | 08/02/2022 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/02/2022 | IF | | FONOIMOANA, KRISTY |

Proposed Response: On 82/22 at approx. 3:30 pm I informed C/O Kobrick in unit 4 that I need to have my permacathetar dressing changed because it was wet from sweat. C/O Kobrick then called medical and relayed my request for proper care to C/O Bories and Nurse Waters and Nurse Shanon who responded by saying "No!" And effectively denying me proper care. I then contacted shift command Tierney via C/O Kobrick. And he relayed the message that the nurse staff said that I "has his own supplies and that he can do it himself." C/O Bories also re-layed this same message to C/O Kobrick via telephone. I then informed them all that I had no supplies. They then ordered a cell search to be conducted on my cell which yielded that I indeed had no such supplies. I was then ordered to goto the infirmary for the dressing change. Once I arrived I was denied a dressing change by medical staff and thefore denied access to proper medical treatment.
As a remedy I demand that nursing perform these dressing change as I may require them.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/02/2022 | IF | PARTIALLY GRANTED | FONOIMOANA, KRISTY |

Proposed Response:

Official Response: Per AR 740 This is not defind as an emergency. Medical agreed to see you tonight and get you what you need.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/06/2022 | IF | | RAMBUR, CANDIS |

Proposed Response: On 8-2-22 @ approx 3:30pm I returned from recreation to unit 4A-12. I noticed that my permacathater was completly soaked from sweat and that I was clearly in need of a dressing change. I then informed CO Kobrick cont...

Official Response: Inmate re-submitted 03/16/23

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/22/2022 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098.: Missing  Administrative Claim Form DOC 3095, which Shall be completed and submitted in addition to the grievance for all personal injury, tort, or civil rights claims.
AR 740.08.7. If the inmate?s remedy to their grievance includes monetary restitution, or damages, then the inmate will get the following forms from unit staff, unit caseworker, or law libraries: B. Form DOC 3095

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/11/2023 | IF | | HARTMAN, ROBERT |

Proposed Response:

Official Response: No harm/loss, action, or remedy
AR 740.03.1.A. If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed.
AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested.
Resubmit Informal Grievance with a clearly defined remedy.
Upon review of you grievance package, the Administrative Claim Form (DOC 3095) has TBD in the claim amount.  You must fill in the specific amount that would settle your claim. Please correct before resubmitting.
Not a KITE
AR 740.08.1 At the Informal Level, an inmate shall file a grievance (Form DOC-3091) after failing to resolve the matter by other means such as discussion with staff or submitting an Inmate Request Form (DOC 3012).
AR 740.03.1.B. A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/12/2023 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098. No harm/loss, action, or remedyOther:  This is your THIRD and FINAL rejection. If you choose to resubmit again, the documents will be confiscated and placed in your grievance file. No further action will be taken. Do not resubmit.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

Page 112 of 153

NDOC

ER194     ER194     ER194

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063140949 | 07/30/2022 | GRIEVANCE | SANITATION / LIVING COND |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/30/2022 | IF | | CRAIG, DAVID |

Proposed Response: The NNCC is delibertely creating cruel and unusually harsh conditions of confinement refusing to fix the air conditioning despite being aware that we are under heat wave alert and that triple digit heat poses a life threatening risk to our health. NNCC has functional AC units working in all areas wher it's employees are stationed. This is a direct disregard to my serious medical needs. I have a dialysis cathetor that can't get wet and I have an active Staphylaccus Infection (Blood) and these are cruel conditions are creating an environment that is ripe for the spread of infection and poses substantial elevation of risk of having a stroke and/or siezure especially for inmates such as myself who has ESRD, who is dialysis dependent, and who has medical conditions that already enhance my risk of stroke and/or siezure. The triple digit heat is an aggravating factor to my already compounding issues. This a life threatening matter without question.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/30/2022 | IF | DENIED | CRAIG, DAVID |

Proposed Response:

Official Response: Maintenance has investigated the air conditioning complaint in Unit 4. Maintenance has determined the air conditioning is in proper working order. The current temperature of Unit 4 is within the proper range. Maintenance has determined that offender?s windows being open in the cells is causing stress on the air conditioner to maintain a cooler environment. Once the windows are closed by the offenders, in their cells, the air conditioner should maintain a more comfortable temperature. Per AR 740, this is not an emergency.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063140716 | 07/26/2022 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/26/2022 | IF | | , |

Proposed Response: On the date of 7-18-22 I was subjected to retaliation on the basisi of engaging in a protected medical activity The culprits in this matter were correctinal officers Bories and Wing. During dinner feeding pill call for unit 4 I was at pill call window cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/19/2022 | IF | | HENLEY, JOHN |

Proposed Response: On the date of 7-18-22 I was subjected to retaliation on the basisi of engaging in a protected medical activity The culprits in this matter were correctinal officers Bories and Wing. During dinner feeding pill call for unit 4 I was at pill call window cont...

Official Response: AR_740.03.4.D The inclusion of more than one grievance issue, per form will be cause for the grievance to not be accepted.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/02/2022 | IF | | , |

Proposed Response: there are not more than 1 issue in my grievance dueto the fact this is a frivoulus 3098 I stand by all claims made on the intial grievance that is attached. I also stand by all statements and remedies sought. Re-submitted

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/02/2022 | IF | PARTIALLY GRANTED | HENLEY, JOHN |

Proposed Response:

Official Response: Inmate Scott,
Your grievance is partially granted as it has been sent to the IGs for review.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063138272 | 06/10/2022 | GRIEVANCE | PROPERTY |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/10/2022 | IF | | MALM, KAYTLYN |

Proposed Response: During a property settlement I was awarded a 2019 July manufactured flat screen TV by SGT Wood. Due to the fact that the original TV had only one previous owner ad alsobecasue it was a newer version the TV was vauled at a price of $250.00 to which sGT wood and I both agreed to. cont... ...[CDUTTON, 09/13/2022 08:38:32] This grievance does not require a canteen receiept as it is in regards to a property settlement. Had you properly scanned this grievance you would know that. If these frivolous 3098 forms continue cont....

Official Response: Inmate re-submitted 09/02/22

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/23/2022 | IF | | HARTMAN, ROBERT |

Proposed Response: During a property settlement I was awarded a 2019 July manufactured flat screen TV by SGT Wood. Due to the fact that the original TV had only one previous owner ad alsobecasue it was a newer version the TV was vauled at a price of $250.00 to which sGT wood and I both agreed to. cont...

Official Response: No harm/loss, action, or remedy
AR 740.03.01.A If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate.
Please resubmit to include any of the following documents that apply to the issue. i.e. Property Transfer Sheets, Canteen Receipts, Unauthorized Property Form, Inmate Property Claim Forms and Proof of continuous ownership receipts, Store Order Form, Inmate Bank Statement, applicable  Administrative Claim Form or Property Claim Form and any other relevant documentation in support of the claim must be included.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/23/2022 | IF | | , |

Proposed Response: During a property settlement I was awarded a 2019 July manufactured flat screen TV by SGT Wood. Due to the fact that the original TV had only one previous owner ad alsobecasue it was a newer version the TV was vauled at a price of $250.00 to which sGT wood and I both agreed to. cont... ...[CDUTTON, 09/13/2022 08:38:32] This grievance does not require a canteen receiept as it is in regards to a property settlement. Had you properly scanned this grievance you would know that. If these frivolous 3098 forms continue cont....

Official Response: No harm/loss, action, or remedy
AR 740.03.01.A If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate.
Please resubmit to include any of the following documents that apply to the issue. i.e. Any and all documentation from the original property settlement.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/20/2022 | IF | | HENLEY, JOHN |

Proposed Response: Harm, loss, and remedy stated. This is a frivoulous 3098 I therfire stand by all claims and statements made and remedies sough on the attached grievance. resubmitted. I do not have the orginal property settlement documentation. Please contact property sergeant malm for verification.

Official Response: Failure to correct deficiencies: Inmate Scott #1207166, You were instructed to submit proof of property settlement, and continues ownership such as canteen receipts, unauthorized forms, property sheets and you have failed to do so. It is the inmate?s responsibility to provide all factual evidence and documentation when filing a grievance. You may kite property asking for a copy of documentation. Do not resubmit without proper documentation.
This is your THIRD rejection.
Please review AR 740, available in the Law Library

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063136997 | 05/02/2022 | GRIEVANCE | AMER W/DISAB ACT |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/02/2022 | IF | | HENLEY, JOHN |

Proposed Response: Inmate signed 4/22/22

Lt. Mill, Lt. Ryer, Sgt. Herzog, Sgt. Smith, Sgt. Fleuerher, and Sgt craig, C/O cornwell, C/O Kibbe, C/O Rose, C/O Omler, C/O Klein, C/O Collins, and C/O Rolston, and night shift nurse Jane Doe, and the NDOC violated the ADA by denying me access to reasonable accomedation(s) protected by the ADA when those accomodations were readily available, they also violated the 8th amendment of the US constitiution and Article 1 Section 6 of the Nevada State Constitution by subjecting me to cruel and unusal punishment and medical deliberate indifference by making me suffer pain, humiliation, embarrassment, and by delaying me medical treatment and by maliciously denying me access to drinking water, food, a bed with clean bedding and clean linens, by subjecting me to over-lighting and sleep deprivation, by denying me access to a restroom for over 12 hours, by subjecting me to unecessary and excessive force, and by forcing me to lay and sit in urine & feces for 8 to 10 hours, an by subjecting me to constant harrasment, abuse, and retailation, and discrimination due to my my disability (ESRD) and due to my filing od grievance and PREA complints.  This all occurred on the dates of 4-18-22, 4-19-22, and 4-20-22, and is ongoing and reoccurring. (cont)

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/12/2022 | 1 | | HENLEY, JOHN |

Proposed Response: The institution has exhasuted the alloted amount of time required to responde to a grievance that I lifted on 4-22-22 with an attached declration. As of today it has now been 76 days and counting cont...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/20/2022 | 1 | | HENLEY, JOHN |

Proposed Response: The institution has exhasuted the alloted amount of time required to responde to a grievance that I lifted on 4-22-22 with an attached declration. As of today it has now been 76 days and counting cont...

Official Response: Missing documents
AR 740.05.5A. All documentation and factual allegations available to the inmate must be submitted at this level with the grievance.
 When re-submitting, you must include ALL documentation regarding this issue. Please re-submit with gold copies as proof of filing informal grievance.
Please see your unit caseworker for further assistance before re-submitting.
Other:
Resubmission to include all previously submitted grievance documents including response(s) and/or Improper Grievance Memo(s), Inmate Request Form(s).

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/20/2022 | 1 | | HENLEY, JOHN |

Proposed Response: By remaining most an all matters in pertaining to their issue at all levels. I have moved to the second level of their process. I therefore standly all claims and statements med and remdies sought.

Official Response: Missing documents
AR 740.05.5A. All documentation and factual allegations available to the inmate must be submitted at this level with the grievance.
When re-submitting, you must include ALL documentation regarding this issue. Please re-submit with gold copies as proof of filing informal and 1st level grievance.
Please see your unit caseworker for further assistance before re-submitting.
Other:
Resubmission to include all previously submitted grievance documents including response(s) and/or Improper Grievance Memo(s), Inmate Request Form(s).

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/20/2022 | 1 | | HENLEY, JOHN |

Proposed Response: Inmate signed 4/22/22
Lt. Mill, Lt. Ryer, Sgt. Herzog, Sgt. Smith, Sgt. Fleuerher, and Sgt craig, C/O cornwell, C/O Kibbe, C/O Rose, C/O Omler, C/O Klein, C/O Collins, and C/O Rolston, and night shift nurse Jane Doe, and the NDOC violated the ADA by denying me access to reasonable accomedation(s) protected by the ADA when those accomodations were readily available, they also violated the 8th amendment of the US constitiution and Article 1 Section 6 of the Nevada State Constitution by subjecting me to cruel and unusal punishment and medical deliberate indifference by making me suffer pain, humiliation, embarrassment, and by delaying me medical treatment and by maliciously denying me access to drinking water, food, a bed with clean bedding and clean linens, by subjecting me to over-lighting and sleep deprivation, by denying me access to a restroom for over 12 hours, by subjecting me to unecessary and excessive force, and by forcing me to lay and sit in urine & feces for 8 to 10 hours, an by subjecting me to constant harrasment, abuse, and retailation, and discrimination due to my my disability (ESRD) and due to my filing od grievance and PREA complints. This all occurred on the dates of 4-18-22, 4-19-22, and 4-20-22, and is ongoing and reoccurring. (cont)

Official Response: More than one issue
AR_740.03.4.D The inclusion of more than one grievance issue, per form will be cause for the grievance to not be accepted. You are currently grieving: ADA violation, and staff retaliation

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063136614 | 04/15/2022 | GRIEVANCE | AMER W/DISAB ACT |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/15/2022 | IF | DENIED | FLUHRER, SHAWN |

Proposed Response:

Official Response: Per AR 740, this is not an emergency. You chose not to go to dialysis. You stated to myself, (Sgt. Fluhrer) you were going to go after you brushed your teeth, then opted not to go. At no time did you make any complaints of restraints. Grievance denied. Resubmit at the informal level. Your medical refusal was observed by two Sergeants and one Senior officer.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/15/2022 | IF | DENIED | FLUHRER, SHAWN |

Proposed Response: "The insitution has *illegible* and intentially created a situation that has caused me to fear for my life and safety and has therefore induced me with fear of attending dialysis due to fear for my life, safety and due to fear and suffering. The NDOC is violating the NRS by placing ADA patients who pose no threat to themselves or others in full body retraints while undergoing dialysis treatment. I am one of those patients. the unecessary and unlawful use of the restriaints while undergoing medical treatment almost always results in unecessary pain & suffering caused by extreme muscle crampsof which the unlawful use of full body restraints for ADA patients during medical treatment makes *illegible* The unlawful use of these full body restraints while undergoing medical treatmentis also a safety and health code and or fire code violation due to the faxct that it hinders my and others ability to perform the "Cut clamps& crank procedure" in the instance of emergency storm, fire or earthquake evacuation. The "Cut clamp and Cut procudure" is intended to be performed by dialysispatients in the event of an emergency. I and others are trained in this procedure. It alsothe common sense standard for the patients (myself) to be able perform this procedure in the eventof an emergency without any form of hinderance whatsoever. The unlawful use of full body restraints an ADA patients such as myslef prevents the performance of this procedure and therefore their unlawful use causes me to fear for my life and safety and results in my fear in attending dialysis at the NDOC until such unlawful and/or unsafe practices cease and desist. It is my desire to undergo my much needed lifesaving dialysis treatment, however this institutions unlawful, unsafe, painful life threating overly *illegible* use of full body restraints on ADA patients(myself) while undergoing medical dialysistreatment causes me significant fear from harm, fear for my life, fear for my safety, anxiety, depression and hoplessness. The institution deliberatly created this situation. Without dialysis treatment I will surely die. I don't want to die. This situation caused by the NDOC deliberatly is a direct threat to my safety and life and has a direct correlation to my to my fear (as well as others)  of undergoing dialysis treatment at the NNCC. As a remedy to this life threatening matter I demand that institution cease & desistthe unlawful unsafe, painful life threatening and over burdensome use of full body restraints on ADA patients undergoingmedical dialysis treatment so that may feel safe during treatment, or transfer me to a higher form of care where such restrictions won't be *illegible* . Life threatening matter Per AR 740"

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC-29-23 01:59 PM

ER201                    ER201

Page 119 of 153

NDOC ER201

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/18/2022 | IF | DENIED | HERZOG, CHRISTOPHER |

Proposed Response:

Official Response: In accordance with OP_507.20.8 (Segregation Unit Operations), all inmate movement outside of the Segregation Unit requires inmates (offenders) to be unclothed body searched in the unit showers prior to departing the unit AND upon arriving to the unit.

AR 422.04 Inmates are subject to pat-down searches, frisk, strip visual body cavity, intrusive body cavity, and property searches, if necessary, for the safety and security of the institution/facility. AR 422.04.2 In specific instances the warden may order the inmate be placed in a dry cell.

Talked with medical supervisor who checked your medical chart. You have no medical restrictions nor any medical devices that are considered to make you ADA. You do not require any ADA assistance and do not require to be placed in an ADA shower for required strip outs.

Grievance is denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/18/2022 | IF | | HERZOG, CHRISTOPHER |

Proposed Response: Inmate signed 4/16/22 Ever since 3/16/22 my constittional rights (4th amendment right to be free from unreasonable search and siezures) have been violated prepeated and the matter is still ongoing.  Every single Monday I a forced to be subjected to a 4th Amendment violation in order to be allowed to return to my cell atfer an already exhausting 4 hour dialysis procedure. (cont)

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/12/2022 | 1 | | HENLEY, JOHN |

Proposed Response: Inmate signed 5/6/22. Recvd 5/10/22.
I am an inmate shoes disability has been identified since 5-16-2019. I do require ADA shower to minimize fall risk and I believe that the strip searches maybe unconstitutional- I disagree with official response and I stand by all statement s and requested remedies in the attached Informal grievance.

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/16/2022 | 1 | DENIED | OLSEN, KYLE |

Proposed Response:

Official Response: Offender Scott, James #1207166 I am in receipt of your grievance in which you state allege that you have been subjected to "strip searches that maybe unconstitutional" and that these searches were completed in a Non-ADA shower area.

Response:
The response issued at the Informal level is appropriate. Operational Procedure 507.20.8 (Segregation Unit Operations), all inmate movement outside the Segregation Unit requires inmates (offenders) to be unclothed body searched in the unit showers prior to departing the unit and upon arriving to the unit.

When you exit/enter the Segregation Unit you are subject to an un-clothed body search. This will be completed in the Unit showers.

AR 422.04 Inmate are subject to pat-down searches, frisk, strip, visual body cavity, an property searches, if necessary, for the safety and security of the institution/facility.

A review of your medical classification codes reveals that you do have some impairment however this impairment does not require the ADA accommodation you are requesting. Your statements that you were forced to be in the shower for an extended period of time is without merit as at any point if you complied with the un-clothed body search you would have been moved to your assigned cell. Your grievance and suggested remedies are denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/26/2022 | 2 | | ASHCRAFT, RICHARD |

Proposed Response: I disagree becasuse of multiple reasons I am an inmate who has end stage renal disease and most importantly who is hemo dialysis dependent i require both mind and body toxing form of treatment cont...

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC 29 23 01:59 PM

ER203

ER203

Page 121 of 153

NDOC ER203 ER203

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063136508 | 04/14/2022 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/14/2022 | IF | | SAWIN, CHRIS |

Proposed Response: Inmate signed 4/11/22. Recvd 4/14/22.
On the date of4//8/22 Lt. Miller continuously engaged in adverse actions against me after I had informed hi that I filed a PreA complaint and a grievance against him for his ordering disproportionate unclothed body searches on me and for his disproportionate treatment against me. After informing him of the protected activitys that I engage in , he immediately began gripping my
(cont)

...[CDUTTON, 08/23/2022 14:34:10] I disagree with the improper grievance memos there never was time issue on morein the inital grievance 1st 3098 and there is already an adminstartive claim form attached cont....

Official Response: See append 08/23/22

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/21/2022 | IF | | JONES, JAMES |

Proposed Response:
Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/28/2022 | IF | | SAWIN, CHRIS |

Proposed Response: Inmate signed 4/11/22. Recvd 4/14/22.
On the date of4//8/22 Lt. Miller continuously engaged in adverse actions against me after I had informed hi that I filed a PreA complaint and a grievance against him for his ordering disproportionate unclothed body searches on me and for his disproportionate treatment against me. After informing him of the protected activitys that I engage in , he immediately began gripping my
(cont)

Official Response: The grievance contains more that one appropriate issues.  Only 1 is allowed per grievance.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/26/2022 | IF | | HARTMAN, ROBERT |

Proposed Response: i disagree with the improper grievance memo and I therefore stnd by all statements made and remedies requested.

Official Response: Missing administrative claim form.
Per AR 740.08.7.  If the inmate?s remedy to their grievance includes monetary restitution or damages, then the inmate will get the following forms from unit staff, unit caseworker, or law libraries: B. Form DOC ? 3095, Administrative Claim Form, which Shall be completed and submitted in addition to the grievance for all personal injury, tort, or civil rights claims.
Other specify:
Please review AR 740, available in the Law Library.
Resubmission to include all previously submitted grievance documents, including Improper Grievance
Memo(s) DOC 3098. Please review AR 740, available in the Law Library.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/07/2022 | IF | DENIED | FLAMM, MICHAEL |

Proposed Response:

Official Response: Inmate Scott, an official Use of Force Review has been completed for the incident which you are referencing and the use of force was deemed both necessary and limited to the minimum amount required to gain control of the situation.  You also admit in your grievance, ?I managed to snatch my arm free??  Department standards dictate that restrained inmates are required to have a hands-on escort, for their own safety as well as the safety of those around them.  It is also department standard that the actions of the inmate determine the level of force required to control them.  For this reason, it is a reasonable conclusion that you to acted in a way that force was required to compel your compliance.  As a result, this grievance is denied.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063136212 | 04/06/2022 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/06/2022 | IF | | HARTMAN, ROBERT |

Proposed Response: Inmate signed 4/3/22. Recvd 4/5/22.
On the starting date of 2-11-22 and up to present all C/Os working during this duration including Caseworker Mears, Lt. Miller, AW, All Psychologists, all Psychiatrists, C/O Bartlett, C/O Holtz, C/O Smallwood, C/O Medina violated 17 total sections in AR 507.01. These 17 sections are as follows: 5077.01 (1)(C), 507.01(2)(A), 507.01(2)(E), 507.01(2)(F), 507.01(2)(H), 507.01(2)(I), 507.01(4)(A), 507.01(4)(A)(1), 507.01(4)(A)(2), 507.01(4)(A)(3), 507.01(4)(A)(4), 507.01(4)(A)(5), 507.01(4)(A)(6), 507.01(4)(A)(7), 507.01(0), 507.01(0)(1), 507.01(4)(P).
(cont)

Official Response: No harm/loss, action, or remedy.
AR 740.03.1.A. If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed.
AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested.
Resubmit Informal Grievance with a clearly defined remedy.
Inmate Scott, This submission is missing dates, times, Name of Staff and description of the alleged actions relevant to the AR 507 violations eluded to in this submission.
Not a KITE
AR 740.08.1 At the Informal Level, an inmate shall file a grievance (Form DOC-3091) after failing to resolve the matter by other means such as discussion with staff or submitting an Inmate Request Form (DOC 3012).
AR 740.03.1.B. A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/22/2022 | IF | | HERZOG, CHRISTOPHER |

Proposed Response: Inmate signed 4/12/22. Recvd 4/14/22.
I stand by all claims and statements made in the attached documents. I suffered a violation of due process which resulted in me unduly detained in ad seg from 2/11/22 up to the ongoing present, I suffered undue loss of liberty and/or privileges as a result of unjustifiable restriction such as being denied access to electricity which cause d Paranoia, Anxiety, Depression and Mental & Emotional Anguish,
(cont)

Official Response: Reject 2
DOC 3098

AR_740.03.4.D The inclusion of more than one grievance issue, per form will be cause for the grievance to not be accepted.
You have more than one grievable offense listed in your Grievance: Medical issues not being addresses, Due process violations and AR 507 disputes.



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/12/2022 | IF | | HARTMAN, ROBERT |

Proposed Response: Inmate signed 5/6/22. Recvd 5/10/22.
As a result of 17 violations of AR 507 that I was subjected bo by C/Os Rose, Holtz, Smallwood, Caseworker Meares, Lt. Miller, AWP Hartman, AWO Henley, c/O?s Medina, and Bartlett, All NNCC Psychologists, All NNCC Psychiatrists, and all other John & Jane Doe staff that worked in unit 7A from the date of 2/11/22 up to that this grievance was (contd)

Official Response: The Informal Level submission signed by inmate and dated 4/3/22, contains a list of alleged violations of 17 sections of Administrative Regulation 507 and a start date of 2//11/22 to present. Present is understood to be the date of the Informal Level Grievance signed by the inmate on 4/3/22.Was already rejected for more than one issue, which consist of unsubstantiated allegations of violations of AR 507 by every Staff Member at NNCC from every department, without providing any verifiable, factual information or documentation in support of allegations, such as the Date, Time, Staff names, location and detailed description of the alleged violations for each alleged incidents. You were already advised of this requirement in the Improper Grievance Memo DOC 3098 dated April 6, 2022. The Informal Level submission signed and dated 4/12/22 and the Informal Level submission signed and dated 5/6/22, do provide some additional information. However, they are still missing the requirement of Date, Time, Staff names, location and detailed description of the alleged violations for each alleged incidents. These submissions do not support allegations that you were unduly detained in Segregation. Nor do these submissions provide support of allegations that you suffered any harm or loss as a result of being housed in Segregation. You mention injures, but do not provide the date, time or a description of the incident or the nature of the injuries. You have not provided any documentation to show that you submitted a request for Medical Assistance, Mental Health Assistance, Custody Staff Supervisor, or Unit Caseworker Assistance. On 2/10/22 You filed an Emergency Grievance regarding food. On 3/19/22 You filed an Emergency Grievance regarding Housing. On 3/30/22 You filed an Emergency Grievance regarding Housing. However, from 2/11/22 to-date 5/12/2022 you have not submitted an Emergency Grievance for Medical attention regarding any injuries.
Missing documents-
AR 740.05.5A All documentation and factual allegations available to the inmate must be submitted at this level with the grievance.
MISSING Inmate Request Form (DOC 3012) to consult with the CUSTODY SUPERVISOR, MEDICAL STAFF, MENTAL HEALTH STAFF OR UNIT CASEWORKER for assistance.
Not a KITE-
AR 740.03.1.B. A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues.
AR 740.08.1. At the informal level, an inmate shall file a grievance (Form- 3091) after failing to resolve the matter by other means such as discussion with staff or submitting an Inmate Request Form (DOC 3012).
Submit an Inmate Request Form (DOC 3012) to consult with the UNIT CASEWORKER for assistance.
More than one issue
AR_740.03.4.D The inclusion of more than one grievance issue, per form will be cause for the grievance to not be accepted.
Still more than 1 issue.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

1. Violations of AR 507 by Custody Staff, John & Jane Doe(s) from 2/11/22 to 4/3/22.
2. Injury not reported by C/O Rose.
3. Violations of AR 507 by Medical Staff, John & Jane Doe(s) from 2/11/22 to 4/3/22.
4. Issue appears to be with regard to Segregation Housing
Multiple dates and multiple alleged incidents by person present or not present, yet named or identified as John and Jane Doe(s) requires separate grievances for Medical Staff  and separate grievance for Custody Staff.
Other:
This is your THIRD and FINAL rejection. Do not resubmit.
You may not continue to use the Grievance Process to resolve these issues, now or at a future date.
You may continue to seek assistance through working directly with applicable staff members, such as Custody Staff, Medical Staff and your Unit Caseworker.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC 29-23 01:59 PM

Page 126 of 153

NDOC

ER208          ER208          ER208

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063136013 | 03/31/2022 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/03/2022 | IF | | JONES, JAMES |

Proposed Response:

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/04/2022 | IF | | SAWIN, CHRIS |

Proposed Response: Inmate signed 3/27/22. Recvd  3/29/22
After being escorted to dialysis by Lt. Miller, he refused to allow me to take off my jacket before stepping on the scale to get my total fluid gain so that may I would know what to pull of during dialysis treatment. Upon entering He said step onto the scale. I then said, I have to take my jacket off first. He them attempted to use minimal force in order get on the scale by grabbing and
 (cont)

Official Response: Duplicate of Grievance.  Your grievance is not accepted.  This is a duplicate of grievance number 2006-31-36508.  Per AR 740, it is considered abuse of the inmate grievance procedure when an inmate files a grievance that contains specific claims or incidents previously filed by the same inmate.  Your issue will be addressed on grievance #2006-3-36508. .If you require further assistance, See your caseworker for help on the grievance process.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/12/2022 | IF | | HARTMAN, ROBERT |

Proposed Response: Inmate signed 5/6/22. Recvd 5/10/22.
I STAND BY ALL STATEMENTS MADE AND REMEDIES REQUESSTED IN THE ATTACHED GRIEVANCE. I DISAGREE WITH THE ATTACHED 3098 FORM, THAT THIS IS A SUPLICATE OF #grv 2006-31-36508. Therefore, I must exhaust still
(no cont doc)

Official Response: Duplicate of Grievance.  Your grievance is not accepted.  This is a duplicate of grievance number 2006-31-36508.  Per AR 740, it is considered abuse of the inmate grievance procedure when an inmate files a grievance that contains specific claims or incidents previously filed by the same inmate.  Your issue will be addressed on grievance #2006-3-36508. .If you require further assistance, See your caseworker for help on the grievance process.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/26/2022 | IF | | HARTMAN, ROBERT |

Proposed Response: I disagree with the improper grievance memo that this is a duplicate of #2006-31-36508. I therefore stand by all claims and remedies requested

Official Response: No harm/loss, action, or remedy
AR 740.03.01.A If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate.
Please resubmit to include any of the following documents that apply to the issue. i.e. Property Transfer Sheets, Canteen Receipts, Unauthorized Property Form, Inmate Property Claim Forms and Proof of continuous ownership receipts, Store Order Form, Inmate Bank Statement, applicable  Administrative Claim Form or Property Claim Form and any other relevant documentation in support of the claim must be included

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063135904 | 03/30/2022 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/30/2022 | IF | DENIED | MALM, KAYTLYN |

Proposed Response:

Official Response: Per AR 740 this does not constitute an emergency. You were assessed by mental health and you will be referred to a psychologist. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/30/2022 | IF | | MALM, KAYTLYN |

Proposed Response: The AR 740 states that any matter that is life threatening is in fact a matter that can be addressed via emergency grievance form. Although no injunction that I am aware of has been ordered in order to instruct the NDOC to revise the language of AR 740 as to what constitutes an emergency the courts have ruled that emergency ( as used in AR 740) does not just mean matters that are lifer-threatening. But also matter where loss or harm to life or limb is imminent. The fact that my current form of housing poses a risk to my life does constitute an emergency Per AR 740. Psychologists have in fact confirmed that death can occur from ones psychological state of mind. Therefore, this is an emergency, and is an emergency that Sgt. Fluher is not qualified to speak on whether it is or isn't due to not being a docter (PHD) Therefore, I stand by my statements in emergency grievance #20063135483. Sgt. Fluher is wrong in his response. If the institution will not rehouse me in a cell with electrical access then I reasonably demand that I be allowed to utilize the wall plug outside my cell door via surge protector so that I may receive mental stimulation. This onset of depression and anxiety that is resulting from this undue form of housing is interfering with my life-saving dialysis treatment by depriving of the emotional state and psychological state of mind needed to undergo full treatment. This is contributing to my refusing dialysis treatment which I want to do but am mentally and emotionally unable to undergo. This is life-threatening per AR 740. Therefore as remedy, I am requesting to be allowed to use the wall plug outside of my cell via surge protector, or to be placed in a cell with access to electricity.

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063135607 | 03/23/2022 | GRIEVANCE W/STAFF ISS | STAFF BEHAVIOR |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/23/2022 | IF | | FONOIMOANA, KRISTY |

Proposed Response: Inmate signed 3/20/22. Recvd 3/22/22.
On 3-20-22 @ 9:00 am C/O Smallwood, Brianna along with C/O Tierney, and C/O Aguilar (Aggie) , and Psychiatric Nurse approached my cell and conducted a psychiatric evaluation , after I engaged in the protected activity once again C/O Smallwood took additional adverse action against me and thereby continuing in her retaliatory pattern of practice. After I engaged in my
(cont)

Official Response: inmate re-submitted 07/22/22

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/07/2022 | IF | | FONOIMOANA, KRISTY |

Proposed Response:
Official Response: DOC 3098-The grievance contains more than one (1) appropriate issue.
AR 740.03.4.DThe inclusion of more than one grievance issue, per form will be cause for the grievance to not be accepted.
Resubmission to include all previously submitted grievance documents, including Improper Grievance
Memo(s) DOC 3098.  Please review AR 740, available in the Law Library. Include Property Transfer sheets, Canteen receipts, Unauthorized Property Administrative Claim and/or property claim form.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/01/2022 | IF | | FONOIMOANA, KRISTY |

Proposed Response:
Official Response: No harm/loss, action, or remedy
AR 740.03.01.A If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate.
Please resubmit to include any of the following documents that apply to the issue. i.e. Property Transfer Sheets, Canteen Receipts, Unauthorized Property Form, Inmate Property Claim Forms and Proof of continuous ownership receipts, Store Order Form, Inmate Bank Statement, applicable  Administrative Claim Form or Property Claim Form and any other relevant documentation in support of the claim must be included.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/12/2022 | IF | | HENLEY, JOHN |

Proposed Response: Again this is a frivilous 3098. A loss. harm, action. and/or remedy to the grievance already. Please take time to review my grievances throught becasue these frivoulous 3098 pages are hindring me from the grievance procedure and cont...

Official Response: Failure to correct deficiencies: Inmate Scott, you were instructed to re-submit with proper documentation such as canteen receipts, property transfer sheets, or proof of settlement. This is your THIRD rejection Do not re-submit.
You have been told multiple times how to properly file a grievance, If this behavior continues it could end with disciplinary action in accordance with AR 740 and AR 707.
Please review AR 740, available in the Law Library.

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063135483 | 03/19/2022 | GRIEVANCE | HOUSING |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/19/2022 | IF | DENIED | FLUHRER, SHAWN |

Proposed Response: "I have a mental health histroy of ADHD, Bi-Polar disorder, panic attacks, mild-depression and anxiety, all of which I have been tested for as a free citizen. allthough, I do not have any history of institutional violence, starting fires or threats to staff nor myself, it is absolutely apparent to me that my current type of housing (with no access to electrical power) if allowed to perrist will cause a substantially significant digression in my psychological rehabilitation in such a way that has been proven by science to be life threatning (AR 740). It is a violation of the 8th Amendment to deprive any mentally disabled person of any mental stimulation especially in instances where such mental stimulation as TV and/or appliance access and access to electricity for appliance use is a uniform privlege that that is provided access all institutions accross the state of Nevada. Therefore, since I have not received any due process hearings or sanctions for which I am housed in such a way the institution is thereby engaging in a prohibited activity by prescribing and ordering puntive sanction and/or pppunishment without any formal due process hearings on the matter. These actions pose a threat to my psychological stabiltiy in such a way that could bring almost life threatening implications. Science has in fact proven that depriving a person of TV and smartphones once attached to them can cause and exacerbate psychological instabiltity which could even become life threatning in persons with a history of mental health issues. In my entire history in this institition I have only "captured the flap" in two instances each of when I need to speak with a ranking officer (as the AR permits). I have never became violent to staffor inmates, nor do I have histroy of institutional threatning or intimidating behavior, nor a history of "popping the socket" or starting fires. Therefore, the institution is not reasonably justified inhousing me in a cell that punitvely restrictsaccess to electricity for the use of appliances without any due process hearing or procedure. however, the NDOC is reasonably justified in placing a "Redbox" on my door flap as in the " pattern of practice". Although the "NDOC" may be able to cite a "legitimate penalogical intrest" for punitely housing me in a cell with no access to electricity once such action arises to the level of "harsh conditions of confinement" or to such a level that can be life threatening or cause undue psychological harm, the such an act becomes illegitimate and as a result renders the "legitimate penelogical intrest" not withstanding. The (my) psychological instabiltity that can result from housing me an (an inmate not fit to be housed in such a manner) in such a way is reasonably immenent and can carry long term  psychlogically life-threatening inplications. The institution has not successfully demonstated that I pose a threat by having access to electricity for appliance usage. Therefore, as a remedy, in order to preventthe institution from engaging in punitive acts likened to psychological torture that pose a substantially significant risk of long term psychologically life threatening implications to myself who already has a history of mental health issues, I am rightfully and reasonably demanding to be placed in a cell with access to electricity for appliance usage so that I may no longer be deprived of the mental stimuli that is scientifcally proven to be beneficial to my psychocally stability and no longer subjected to such puntive form of psychologically life-threatening conditions of confinement. Your swift action is appreciated."

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/19/2022 | IF | DENIED | FLUHRER, SHAWN |

Proposed Response:

Official Response: "Go through the proper channels for a bed move. Per AR 740, this is not an emergency. Resubmit at the appropriate level."

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063135317 | 03/15/2022 | GRIEVANCE | FINANCES |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/15/2022 | IF | | HARTMAN, ROBERT |

Proposed Response: Inmate signed 3/4/22, recvd 3/10/22.
I am currently undergoing extremely complex and confusing litigation and as a result I require an attorney. Therefore, it is my desire to exercise my protected and guaranteed right to an attorney. In order to retain an attorney I need to be able to access the funds held within my savings account 321.54 dollars that can assist with the costs.

Official Response: Other:  Per AR 740.08 1 At the informal level, an inmate shall file a grievance (Form- 3091) after failing to resolve the matter by other means such as discussion with staff or submitting an inmate request form(DOC 3012).  This is a matter to be address with the unit caseworker prior to submitting an Informal Grievance.  Please see the unit caseworker for assistance with the Grievance Procedure. Inmate Scott, You cannot use the grievance process to submit a brass slip for processing. If you feel your brass slip needs additional explanation, you can attach a kite to the brass slip. Do not resubmit this grievance until you have a verifiable harm or loss to resolve.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/24/2022 | IF | | HARTMAN, ROBERT |

Proposed Response: Inmate signed 3/22/22. Recvd 3/24/22.
I have discussed this matter extensively with Caseworker Mears and was unable to resolve the matter. Please contact Caseworker to verify, as is required per AR 740.08.1. Therefore, DOC 3012 is not needed in this matter. The brass Slip that is attached is not for being processed but as an exhibit as it is clearly labeled Exhibit A and the DOC 515 form is labeled Exhibit B. They are for showing
 (cont)

Official Response: AR 740.03.1.A. If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed.
AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested. Resubmit Informal Grievance with a clearly defined remedy.
AR 740.08.1 At the Informal Level, an inmate shall file a grievance (Form DOC-3091) after failing to resolve the matter by other means such as discussion with staff or submitting an Inmate Request Form (DOC 3012).
AR 740.03.1.B. A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues.
Exhibit A does not prove that procedures were followed. If the intent is to prove procedures were followed, the Pink Copy of the DOC 509 needs to be provided. Also, the dates on Exhibits A & B is 3/3/22 and the date the grievance was filed is 3/4/22. It is required that you allow Inmate Banking sufficient time to respond to the Brass Slip Request.
AR 740 the inmate must file an appeal within five (5) days of receipt of the response.
You have 5 days to provide the Pink Copy of the DOC 509 and other relevant documentation that proves you have given Inmate Banking sufficient time to respond to the original Brass Slip request.
Please review AR 740, available in the Law Library.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063134931 | 03/04/2022 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/04/2022 | IF | | CLARK, BENU |

Proposed Response: Inmate signed 2/15/22 recvd 2/22/22On 2-12-22 officer Kibbe retalisted against me for a Prea violation that I recently filed against him by intentionally and deliberately failing to secure my fan and by intentionally authorizing my skull candy headphones all of which are on my property card. When I filed the prea complaint via prea hotline and informal grievance as a remedy , cont

Official Response: Other:  Per AR 740.08 1 At the informal level, an inmate shall file a grievance (Form- 3091) after failing to resolve the matter by other means such as discussion with staff or submitting an inmate request form(DOC 3012).  This is a matter to be address with the unit caseworker prior to submitting an Informal Grievance.  Please see the unit caseworker for assistance with the Grievance Procedure. Inmate Scott, You cannot use the grievance process to submit a brass slip for processing. If you feel your brass slip needs additional explanation, you can attach a kite to the brass slip. Do not resubmit this grievance until you have a verifiable harm or loss to resolve.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/30/2022 | IF | RESOLVED | CLARK, BENU |

Proposed Response:

Official Response: Inmate Scott #1207166, I am in receipt of your grievance #20063134931. In it you allege that an officer retaliated against you for filing a PREA allegation by intentionally unauthorizing a pair of head phones and failing to secure your fan. Your proposed resolution is the return of the fan and the headphones.


On March 21, 2022 Property Sergeant Wood returned the head phones which had been taken in error, and issued you a fan. While an error was made the allegation of retaliation is unsubstantiated. Your grievance is RESOLVED.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063134561 | 02/24/2022 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/31/2022 | IF | | MILLER, WILLIAM |

Proposed Response: Inmate signed: 02/14/22
On the date of 2/13/22. I was a victim of retaliatory, disciplinary, and harassment time self-search which is conduct that is prohibited by AR-339 and they are governing prohibitions and penalties. During unit 7 days yard time at approximately 10:00 AM to 12:00 PM C/O Owens Was making his rounds in the transport van. During this time C/O Owens was escorting nurses Megan and John doe, as the unit 7 cameras will clearly show during C/O Owen?s rounds, as he approached the rear of unit 8A it became apparent to some inmates including myself that C/O Owens have been making his rounds in order to visit and converse with his sexual dating partner C/O Smallwood I?m aware of their sexual dating relationship through multiple admissions from various other CEOs including C/O Owens and C/O Smallwood. Their relationship is confirmed by multiple staff in inmates. {cont}

Official Response: More than one issue
AR_740.03.4.D The inclusion of more than one grievance issue, per form will be cause for the grievance to not be accepted.
The multiple issues indicated in your informal grievance are (1) being the victim of malicious retaliatory acts and (2) reporting an unauthorized relationship between two Officers.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/12/2022 | IF | | HERZOG, CHRISTOPHER |

Proposed Response: Inmate signed 5/7/22. Recvd 5/10/22.
For the sake correcting the deficiencies in the attached grievance as advised in the attached 3098 form and complying with AR 740.03.4. D, this grievance is in regards to retaliatory and harrassmentative acts by C/O Owens (C/O Abrianna Smallwoods Lover.) due to my making him aware of the fact that he was engaged in an unauthorized relationship with C/O Smallwood which.
(contd)

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC 29-23 01:59 PM

ER215

ER215

Page 133 of 153

NDOC ER215

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063134544 | 02/24/2022 | GRIEVANCE | ADMIN TORT |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/24/2022 | IF | | MILLER, WILLIAM |

Proposed Response: Inmate signed: 02/19/22
On the date of 02/18/22 @ approx. 2 to 3 pm I was made a victim of disciplinary, harassment, and malicious retaliatory acts of [unknown] by c/o Smallwood for engaging in a protected activity ( Filing a grievance on 02-14-22 appoint C/O?s Owens and for C/O Smallwood for engaging in an unauthorized relationship resulting in retaliation) I notified C/O Owens that I would be engaging in a protected activity on 2-13-22, 2-14-22 and C/O Smallwood of the {cont}

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/31/2022 | IF | | MILLER, WILLIAM |

Proposed Response:

Official Response: There is a pending MJ26 Disciplinary/Notice of Charges (OIC# 505434) for the items listed in your grievance.  Depending on the outcome of the Disciplinary Committee Hearing, you may be eligible for an appeal.  The Disciplinary Appeal process is outlined in AR_740, which is available to you via the Law Library, and will be explained at the time of the Disciplinary Hearing.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063134146 | 02/10/2022 | GRIEVANCE | FOOD |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/11/2022 | IF | DENIED | TOLOTTI, DAVID |

Proposed Response:

Official Response: Grievance not qualified Emergency and submitted with duplicate reporting. DENIED.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/11/2022 | IF | | , |

Proposed Response:
Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/11/2022 | IF | | TOLOTTI, DAVID |

Proposed Response: Inmate Scott submitted Emergency grievance and Inmate request form with same information. pertaining to justification for ignoring of Officers orders

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063134046 | 02/08/2022 | GRIEVANCE W/STAFF ISS | PREA STAFF ISSUE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/08/2022 | IF | | CLARK, BENU |

Proposed Response: On February 2nd 2022 at approximately 11:00 to 11:25 AM PREA violation by C/O Kibbe and Rose. Returning from dialysis treatment. Upon my return C/O Kibbe and Rose would have me into the restroom B wing dorm 2 on the left side of the tier. Upon entering I was in this unsecured area despite the fact that C/O Kibbe and Rose new that it was an unsecured area. During the strip search while I was fully naked multiple inmates walked into dorms to restroom and seeing my body naked and fully exposed this was absolutely embarrassing. To add insult to the injury no inmates are calling me names like ?little dick?, ?shrimp dick?, ?peckerwood?, ?tallywacker?, ect. I?ve been absolutely humiliated beyond reason. When I was once confident I am now extremely subconscious in ways that have already begun to take a substantially significant on me psychologically and personally. My reputation as a prisoner is ruined beyond repair period all the names that I?ve been told , Little-Dick Leroy is deplorably insulting Due to the fact that information travels rapidly between intuitions, these monikers will now be a part of not only my prison life but my life outside as well . As a result of C/O Kibbe and Rose actions I have been sexually wronged and harassed to the point where my confidence and esteem is broken. As soon as the incident happened I reported this violation on the PREA hotline as already I strongly demand monetary compensation in a way that is fair and just, and I equally demand protection from various, , direct, and convert form of retaliation, and harassment (cont)

Official Response: No remedy requested. Inmate Scott, your grievance does not provide a Remedy that satisfies your claim. Per AR 740.03.1A ?If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted?. Please see your unit Caseworker for further assistance. Any claims of staff misconduct or PREA are referred to the Office of the Inspector General.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/04/2022 | IF | | CLARK, BENU |

Proposed Response:

Official Response:

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063132722 | 01/18/2022 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/18/2022 | IF | | RAMBUR, JESSICA |

Proposed Response: Inmate signed 12/23/21
I have recently filed for a reversal of medical charged due to improper medical co-pay charges. I am a chronic care patient and I have never received medical attention for any issues that was not linked to complications form my chronic conditions (except dental). Therefore I demand all of the current and past medical co-pay charges be reversed and returned to my inmate trust account. (cont)

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/14/2022 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098. Duplicate of Grievance #2006-31-32336

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063132336 | 01/12/2022 | GRIEVANCE | MEDICAL ADMIN |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/12/2022 | IF | | RAMBUR, JESSICA |

Proposed Response: Inmate signed 12/11/21
I filed a reversal of medical charges on the date of 10/22/21.  I am a chronic care patient who suffers from End Stage Kidney Failure and I am on dialysis.  My condition is a chronic condtion and also cause an array of additional chronic issues.  On top of that my dialysis treatment also causes an array of additional chronic issues.  Collectively these issues are as follows: Muscle cramps, headaches, nausea, exhaustion, weakness, fatigue, vomiting, diarreah, dizziness, chest pains, and respiratory issues and even fainting and distorted vision and cognitive disfunction. (cont)

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/14/2022 | IF | DENIED | RAMBUR, JESSICA |

Proposed Response:

Official Response: Inmate Scott, James #1207166. In response to your informal grievance #2006-31-32336 with regards to a reversal of your medical charges. Your DOC 2578 has been sent over to Medical Administration for review and for a final decision. Medical has no way to see the process or decision made by Medical Administration until we receive the finalized returned original DOC 2578. At that point we will provide it to you for your records. Grievance denied.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063132127 | 01/11/2022 | GRIEVANCE W/STAFF ISS | STAFF PERFORMANCE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/11/2022 | IF | | SAWIN, CHRIS |

Proposed Response: Inmate signed 1/4/2022
I am filling this grievance due to Hippa violations that occured at the Carson Tahoe Hospital.  C/O's revealed my personal medical info to other custody staff and aided and assisted in the dissemination of prinate medical information to another inmate.  the involved parties consist of C/O Taitano, C/O Flamm, and inmate Fredrico Edwards. (cont)

Official Response: 3/8/ reassigned to Lt. Sawin.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/07/2022 | IF | DENIED | BLOOMFIELD, JAMES |

Proposed Response:

Official Response: Inmate Scott #1207166,
   I am in receipt of your grievance 2006-31-32127 stating a Hippa Violation at Carson Tahoe Hospital with C/Os revealed your personal medical info to other custody staff and violated your medical privacy while being in the room with Doctors and physicians.
Per A.R. 460 "Security At Community Hospitals".01.4. "The inmate must be visible to the officer at all times in or out of bed. (.05) Supervising correctional staff will sit in a position in which they can observe both the inmate and the door at all times."
Your issue concerning staff overhearing medical information is superseded the Security procedure set forth in A.R 460.
As for the issue with information being disseminated to another inmate you failed to provide any details or written affidavit attached or  a date that this event occurred.
Grievance is denied.

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063132031 | 01/09/2022 | GRIEVANCE | PROPERTY CLAIM |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2022 | IF | | MALM, KAYTLYN |

Proposed Response: Inmate signed 11/29/21, I am writing to grieve my improper property settlement. I was given a property settlement for a total value of approximately $830 worth of property. However,, I was never made aware that this property could later be deemed as excessive and there by warrant it's confiscation. Therefore, since the property was deemed as being excessive that means the property that was authorized by Sgt. Wood means that the property settlement was improper

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/14/2022 | IF | DENIED | MALM, KAYTLYN |

Proposed Response:

Official Response: Inmate Scott #1207166, I am in receipt of your grievance 2006-31-32031.

Specifically you are grieving that you believe that your property settlement was mishandled resulting in your property being unauthorized.

Remedy sought to have all of your property returned to you.

Per AR 711 you are responsible for keeping your personal property in compliance. AR 711. 01.2. states that Items which may be retained in their possession are at their own risk. AR 711.01.3 Property limits: inmates may possess personal property not to exceed that which will fit into one approved foot locker and one fire retardant box. The authorized fire retardant box must be purchased by the inmate if he wishes to possess additional property.

It is your responsibility to maintain your property within these limits. You state that a settlement caused you to be out of compliance. You are given options such as shipping out property at your own expense or destroying property with the property sergeant. Your settlement did not result in you having excess property your negligence in maintaining your personal property in the outlined limitations of space resulted in property being unauthorized. Grievance DENIED.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063131996 | 01/09/2022 | GRIEVANCE | OTHER |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 01/09/2022 | IF | | SAWIN, CHRIS |

Proposed Response: Inmate signed 11/24/2021, "The yard is not ADA compliant due to the fact that it doesn't have Port-A-Potty's nor does it have anyway to alert staff in a timely manner in the event that there is a medical emergency due to the fact that are not any staff members available or attending the and during yard time."

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/03/2022 | IF | RESOLVED | CRAIG, DAVID |

Proposed Response:

Official Response: 3/2/2022 Response to unit caseworker for IM to sign. tt
Inmate: Scott, James Edward III NDOC 1207166

In response to your Grievance Log #2006-31-31996 date 11-24-2021, 23:46 hours, regarding claim of Yard not ADA compliant

Grievance Resolved. The Gymnasium will be made available in lieu of the athletic field.  The Gymnasium usage will be authorized only when the coach is present and/or if the gym is available (not being occupied due to the following but not limited to: vaccine clinics, construction, etc?) Regular turnarounds will remain the same, 30 minute intervals.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/22/2022 | 1 | | HARTMAN, ROBERT |

Proposed Response: Inmate signed 3/3/22. Recvd 3/10/22.
This institutions gymnasium is not under construction, due to the fact that there is no handwashing facilities, or restroom facilities on the yard or anyway to obtain emergency medical attention, and that the coach is almost never present view logs since covid year 2020-2022, and due the fact S&E never arrives in 30 minutes but instead 1 hours as in the pattern of practice.
 (cont)

Official Response: Alteration of the grievance forms. AR 740.04.2.H. Alteration of the grievance forms or continuation forms. This includes writing more than one line, on each line provided on the grievance form. It is also considered abuse of the grievance process when an inmate modifies the Grievance document by writing in the margins.
Other examples of unacceptable alterations include, but are not limited to; puncturing, folding, tearing, applying foreign objects (such as tape or other adhesive material), string (or, any material fashioned into a string.
TAPE is considered contraband and possession of it may result in disciplinary action. This is your final notice regarding the possession and use of TAPE.



# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/24/2022 | 1 | | HUGHES, NATHAN |

Proposed Response: Inmate signed 3/22/22. Recvd 3/24/22.
I standby all statements and remedies cited in the attached improper grievance.  See the attached forms for more info. Also AWP Harman is in error when statin gin the Improper grievance Memo that there is an Inmate Property Claim Form and Commissary Receipt #103110065 attached to this as this grievance (s) clearly have nothing to do with such  items.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/25/2022 | 1 | DENIED | OLSEN, KYLE |

Proposed Response:

Official Response: Inmate Scott, I am in receipt of your 1st Level grievance which states you have requested the gymnasium to remain open during your designated Yard time. In accordance to AR 830, the Gymnasium has remained open during all scheduled Yard Times as an option for Recreational Activities as long as it is staffed by the Recreational Specialist. Grievance denied.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063130220 | 11/12/2021 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/12/2021 | IF | | RAMBUR, JESSICA |

Proposed Response: Inmate Signed 10/28/2021. Rcvd 11/12/2021.
I have attempted on multiple occasions to gain the provisions of an adequate Post Renal Diet from the NNCC Medical Staff and NNCC Culinary. Although I am listed as being on the Renal Diet it is the improper renal diet (pre renal diet). My past renal diet consists of high protein, little to no Phosphorous, little to no potassium, No Beans, No sprouts, No Oranges, No Bananas, No Melons, No Tomatoes, No Potatoes, No Prunes, No Plumbs, and No Peanuts. However the culinary has contentiously failed to provide an adequate Post Renal Diet. (Cont)

Official Response:

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063130094 | 11/07/2021 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/07/2021 | IF | DENIED | CRAIG, DAVID |

Proposed Response:

Official Response: This is not an emergency. We do not provide medical information of other people.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/07/2021 | IF | | CRAIG, DAVID |

Proposed Response: Per AR 740 I am writing this grievance for the incapacitated inmate James Scott who  has been incapacitated since Fri 11/5/21 the nurses arrived and attempted to force the unresponsive Scott to respond coherently to questions regarding his condition and and to ingest medications that he is physically unable to ingest.  His condition is so apparent that I know he should be seen by a physician immediately.  The nurses told me and others this is his fault for not be able to take his medication.

Official Response:

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC 23-23 01:59 PM

**ER221**

**ER221**

Page 139 of 153

NDOC **ER221**

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063129718 | 10/26/2021 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/08/2021 | IF | | RAMBUR, JESSICA |

Proposed Response: Inmate signed 10/24/21. Rcvd 10/26/21.
On the date of 8/13/21 I went to the infirmary during pill call and chow to let the medical staff know that my fistuls had just stopped working and that if I received medical attention in a timely manner the AV fist7uls could be salvaged. I was refused medical attention and I then filed an Emergency Grievance. The emergency grievance was then improperly ruled as a non-emergency per AR 740
(cont)
...[OAGLE, 01/09/2022 08:25:06] Inmate signed 11/19/21
On 8/13/21 I went to the infirmary during pill call/chow to olet the medical staff know that my fistula(right arm) had just stopped working and that if I received medical attention in a timely manner the fistula could be salvaged.  I was refused medical attention and I then filed an emergency Grievance.  The emergency grievance was the improperly ruled a non-emergency per AR 740 despite the fact that despite the fact that grievance # 2006-31-26573 was a legitimate emergency for failure to act would enevitably resulting in further harm, pain, suffering, loss of life and/or loss of limb. (cont)

Official Response: DOC 3098. Missing  Administrative Claim Form DOC 3095, which Shall be completed and submitted in addition to the grievance for all personal injury, tort, or civil rights claims.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 02/08/2022 | IF | DENIED | RAMBUR, JESSICA |

Proposed Response:

Official Response: Inmate Scott, James #1207166,

In response to your Informal grievance log number 2006-31-29718 with regards to you requesting monetary compensation. Your claims for monetary compensation are denied. Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/10/2022 | 1 | | RAMBUR, CANDIS |

Proposed Response: Inmate signed 3/3/22 recvd
I disagree because the institution and  the medical department is directly liable for my pain and suffering by forcing me to receive a J&J vaccine under threat, duress, and coercion , and by delaying medical treatment unnecessarily. There for, I stand by the remedies as requested it the informal level.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/10/2022 | IF | | RAMBUR, JESSICA |

Proposed Response: Inmate signed 11/19/21 recvd  12/5/21
On 8/13/21 I went to the infirmary during pill call/(illegible) to let the medical staff know that my fistula right arm had just stopped working and that if I received medical attentiion in a timel manner the fistula could be salvaged.

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/17/2022 | 1 | DENIED | RAMBUR, CANDIS |

Proposed Response:

Official Response: Inmate Scott, James # 1207166,

I am in receipt of your medical grievance log number 2006-31-29718 with regards to requesting monetary compensation for being forced to take the Johnson & Johnson vaccine, and a month later ending up with a blood clot in your fistula and having to have a new fistula. On 5/6/2021 you signed a consent giving NDOC medical permission to give you the Johnson & Johnson vaccine.  Fistula issues are very common, and cannot be blamed on any one cause.  Your request for monetary compensation is unfounded at this time.  Grievance denied.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/04/2022 | 2 | | KEAST, JOHN |

Proposed Response: Inmate signed 3/29/22. Recvd  3/31/22
Despite that a consent form may have been signed, it was signed only under the threat, duress, and coercion as a memo was posted stating that if I did not take the vaccine that I would not be able to enjoy my visitation rights and /or privileges. Has that memo not been posted then I would not have agree to a consent form giving NDOC permission to give me the J&J vaccine. Also, the improper ruling of my Emergency
(cont)

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/06/2022 | 2 | RESOLVED | MINEV, MICHAEL |

Proposed Response:

Official Response: Inmate Scott,

As explained in prior responses, ,monetary compensation is not part of the grievance resolution process. COVID vaccinations were not forced on any population within the NDOC however, as with community standards, certain events where and are afforded to individuals who are fully vaccinated as a means to protect as many individuals as possible.

Grievance resolved.

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC 29-23 01:59 PM

ER223

ER223

Page 141 of 153

NDOC ER223

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063129640 | 10/23/2021 | GRIEVANCE | FOOD |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/23/2021 | IF | NOT ACCEPTED | SMITH, ROBERT |

Proposed Response:

Official Response: Per the culinary, you received bean sprouts, rice, salad, and vegetables. All of those are approved for renal diets. If you have further medical diet needs, speak or kite medical.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/23/2021 | IF | NOT ACCEPTED | SMITH, ROBERT |

Proposed Response: "I am on a medical diet known a post renal diet It consists of the following: No beans, No peanuts, No potatoes, No tomatoes, no bananas, No oranges, No plums, No prunes, Low sodium, low potassium, low phosphaus, high protein. i am being denied a proper medical diet which is putting my life in danger of stroke, heart attack, congestive heart failure, and death. (Emergency per AR740). I cannot exhaust the grievance procedure with this issue because I will be either hospitalized or dead before I get through the informal stage. I have written an emergency grievance on this issue many times before. Due to the fact that I have no kidney function whatsoever my kidneys are unable to filter out any phspharus or potassium and/or toxins of any kind. Therefore if consummed my heart beat will produce irregularties, my PK levels will raise and i will either go into a stroke or a heart attack and die. If the culinary is having trouble conforming what a post renal diet consists of then please do one of the following: Contact the dialysis manager Brittany (Overseer of all renal patients), Arnold Laparte dialydid bio-med, Go online to the kidney foundation.com and print out a renal diet food list, or just simply google food items that "end stage renal failure patients should avoid". this is depriving me of my need food and nutrition and starving me. This is the 2nd day in a row that I've gone without food because the culinary staff is delibertely failing to provide me with the prescribed renal diet. I have also written the AW Childress about this. Whoever is responding to this emergency grievance please contact the nearest Da Vito Dialysis Clinic and they will easily confirm that everything that i have written is true. You can also contact the nearest hospital and simply ask what does a renal diet consist of. I don't want to die here due to improper dieting. A perpetual regimen of the kind of food that the culinary is serving me will result in me dying in just a dew days to a week at most. Please resolve this issue immediately as any further delay will result in further loss, harm, loss of life, loss of limb, and/or eath. As a remedy Please get me the proper diet. I am hungry.

Official Response: Per the culinary, you received bean sprouts, rice, salad, and vegetables. All of those are approved for renal diets. If you have further medical diet needs, speak or kite medical.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063129613 | 10/21/2021 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/21/2021 | IF | | RAMBUR, JESSICA |

Proposed Response: Inmate signed 10/21/21: I am experiencing a pulasting ache-like sharp and unbearable pain in my upper neck and upper spine. The more bearable levels of the pain began going on 5 days ago. However I woke up this morning from an unbearable pain level that is overtly severe and extreme causing me to scream out in pain. Another inmate had to notify the on duty c/o this morning @ approx. 3:30am. The c/o of unit 2 at the time then called the nurse to provide emergency medical assistance. However when the nurse arrived she said that she was only able to check my vitals. I then informed her that my vitals are not the problem and that it is the unbearable pain in my neck and spine. She then told me there's nothing I can do. I think requested a neck brace in order to stabilize my neck. She then replied, I am unable to provide you with one without a doctors order. I then requested to have emergency and/or temporary pain treatment. She replied, There is nothing I can give you. This is a denial of medical care that is adequate according to the common standard. Not only was I denied a neck brace but I was also denied effective pain treatment and any pain treatment at all. This is a constitutional violation . It is not my job to provide the NNCC infirmary with the appropriate tools and facilities necessary to provide medical care that is adequate. As a remedy I demand the following things, 1:) effective & proper pain treatment, 2) a neck brace to be provided to me, 3) to be immediately be sent to the ER to see a specialist without any further delay, and 4) Monetary compsensation if I am unduly forced to endure this pain for an unreasonable period of time without being provided with any proper appropriate, adequate and effective pain treatment.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 10/21/2021 | IF | DENIED | RAMBUR, JESSICA |

Proposed Response:

Official Response: per AR 740 this is not a medical emergency. You will be scheduled to see a provider

Report Name: NVRIGH
Reference Name: NOTIS-RPT-OR-0128.4
Run Date: DEC 29 23 01:59 PM

**ER225**    **ER225**

Page 143 of 153

NDOC **ER225**

# State of Nevada
# Department of Corrections
## Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063128760 | 10/04/2021 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 03/29/2022 | IF | | RAMBUR, JESSICA |

Proposed Response: Originally entered 10/13/21 - reentered to make corrections
Inmate signed 9/26/21. Rcvd 10/4/21.
On or around the dates or 8/12 and/or 9/6/12 on Friday my AV Fistula stopped working around the approximate time of 4:30pm. I, during chow & pill call, then proceeded to the Infirmary in order to request emergency medical attention. When I arrived to the Inner doors of the Infirmary C/O Kleymann and 2 nurses assistants were present. One of the nurse assistants was in the process of issuing out doses of incilin and the other was not bust at all. I then notified C/O Kleymann & the 2 nurse assistants
(cont)


 ...[OAGLE, 01/12/2022 17:42:31] Inmate signed 12/17/21
I am forced under threat, duress, and coercion to take the J&J COVID-19 vaccine due to a memo that was released and later pulled which stated [ if we don't take the vaccine then we can't get visitstion privileges]. Once I got the vaccine it resulted in a slew of adverse medical complications.  As a remedy I demand the same demands in the attached "improper grievance." For more info and to get an understanding of the whole chronological sequence of events, as it directl related to  this matter, in its full entirety and complexity please see the attached grievance #2006-31-28760.(cont)

Official Response: DOC 3098. The grievance contains more than one (1) appropriate issue.  Only 1 issue is allowed per grievance.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/04/2022 | IF | | RAMBUR, JESSICA |

Proposed Response: Inmate signed 12/17/21. Recvd  12/22/21
I was forced under threat, duress, and coercion to take the J& J covid vaccine.

Official Response: DOC 3098. No harm/loss, action, or remedy

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 04/14/2022 | IF | | RAMBUR, JESSICA |

Proposed Response: Inmate signed 4/12/22. Recvd 4/14/22.
I was forced under threat, duress, and coercion to take the J&J Covid-19 vaccine due to a memo that was released and later pulled which stated if we don?t that the vaccine then we cant get visitation privileged. Once I got the vaccine it resulted in a slew of adverse effects and medial complication. I suffered clotting in my right arm which caused the loss of my AV Fistual and the
(cont)

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/12/2022 | IF | | RAMBUR, JESSICA |

Proposed Response:

Official Response: DOC 3098. More than one issue. This is your THIRD and FINAL rejection. If you choose to resubmit again, the documents will be confiscated and placed in your grievance file. No further action will be taken. Do not resubmit.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063127770 | 09/10/2021 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/10/2021 | IF | | CROSS, JULIA |

Proposed Response: At approximately 2:02 pm I and 5 other inmates arrived for pill call after it was called over the radio to CO Killion at approximately 1:55 pm(late due to emergency count). I went ot pill call specifically because my blood pressure (hyoertension) has been unusually high, Ive been suffering from chest pains and sever headache cloudy vision and numbness on my left side as a result of not having my medication for over a week now. I take chronic medication including heart pills as a result of my Stage 5 Chronic Kidney Disease. I have beeen advised according to the Medical Caution Notice on my pills that I should consult a doctor before abruptly discontinuing my heart meds and blood pressure medication and that doing so could cause life threatening injuries such as stroke and/or death. When I arrived at pill call nurse Christy was working along with another nurse inside of the pill call room.  She refused to provide me with my chronic medications when I requested them despite the fact that she was available to provide them to me and the additional fact that my meds were no more than 10-25 feet away from her and the fact that there were only 5 inmates in line. not having these medications I in fact pose a life threatening health risk to my well being. I am having chest pains, severe headaches, and numbness on my left side and my blood pressure is unusually high. These are pre-signs of a stroke which would be due to my lack of medical care of not receiving my chronic medications. Denial of Chronic are treatment is in fact life threatening and puts me at risk of life and/or limb. In order to resolve this issue I demand immediate meidcal attention to which I a entitled of which will be in the form of providing me wiht my chronic medications. Due to the fact that this is a life threatnening issue it does in fact satisfy the requirements set and defined in AR 740. Please get my chronic medication today at and during pill call during chow time. That is the only medical treatment that I am requesting.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/10/2021 | IF | DENIED | CROSS, JULIA |

Proposed Response:

Official Response: You arrived at KOP @1410. KOP closes at 1400. You can come on your next day which is Monday.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063127769 | 09/10/2021 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/10/2021 | IF | | BENEDICT, SANDRA |

Proposed Response: Due to the life threatening nsture of this issue and the fact that my grievance that is attached is this emergency grievance was ruled to be in comoliance with AR 740, past paning and delaying my medical care would in fact be a violation of my constitutional right to medical according to the common standard. I am rightfully demanding that I be able to recieve an emergency supply of my medication will last me until Monday. I want I want this medication during chow times pill call. This grievance is in response...

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 09/11/2021 | IF | RESOLVED | BLOOMFIELD, JAMES |

Proposed Response:

Official Response: You were seen around 9:30 pm on 9/10/21 in the medical area for eval, and given your medication to last throughout the weekend, Plus a PRN Hydralazine for hypertension. Per CNII SBenedict
Infirmary Nurse has given yu your requested Emergency supply of Medication . Resolved.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063126578 | 08/14/2021 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/14/2021 | IF | | WALKER, SANDRA |

Proposed Response: I am filing another emergency grievance that is in pertenance to emergency grievance #20063126573 due to the fact that #2006316573 was wrongfully declared as a non-emergency per AR 740. I was told to exhaust the informal grievance procedure, however, that is not possible because I will without be dead due to excessive toxin build up in the blood stream which is fast acting. Your failure to take emergency action to ensure that I can be dialyzed will result in my death. I demand healthcare according to the common standard. Get me to a dialysis nurse and a hospital.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/14/2021 | IF | GRANTED | WALKER, SANDRA |

Proposed Response:

Official Response: Medical has assessed your medical emergency and you are being sent to Carson Tahoe Regional Medical Center on 8/14/21 at 11:00am.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063126573 | 08/14/2021 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/14/2021 | IF | | MACCARTY, BENJAMIN |

Proposed Response: Inmate states that he went to pill call and asked for medical care. Inmate states that he was denied care and went to his Unit and asked Officer Jacobs to call a man down. Inmate states that he was then taken to medical and recieved care from nursing staff.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 08/14/2021 | IF | DENIED | MACCARTY, BENJAMIN |

Proposed Response:

Official Response: Per Nurse MacCarty "Patient seen by Nurse MacCarty, doctor was notified". Not an emergancy per AR 740. Please utilize informal grievance. Grievance uloaded to documents tab.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063123468 | 06/16/2021 | GRIEVANCE | DISCIPLINE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/16/2021 | IF | | BRANNON, IRA |

Proposed Response: Inmate signed 5/28/21. Recvd 6/15/21.
For tracking purposes

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/16/2021 | 1 | | BRANNON, IRA |

Proposed Response: Inmate signed 5/28/21. Recvd 6/15/21.
I am appealing this disciplinary hearings finding of guilty for OIC # 49356 for MJ 21 Theft and also the sanctions that were administered as a result on the following grounds: 1) None of the 3 camera angles of video footage shows myself causing any damage to the canteen cart for which I am wrongfully being charged $1,200 in (cont)

Official Response:

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 06/21/2021 | 1 | DENIED | RUSSELL, PERRY |

Proposed Response:

Official Response: In response to Disciplinary Appeal/Grievance 20063123468,

AR 707.1.3.D.3.b. In deciding an Disciplinary Appeal the Warden or designee shall consider three (3) factors"
i. Whether there was substantial compliance with the requirements of the Inmate Disciplinary Manual;
ii. Whether the finding of guilt by the Disciplinary Hearing Officer/Full Disciplinary Hearing Committee decision was based on some evidence (regardless of the amount); and
iii. Whether, under the circumstances, the sanction was imposed in accordance with the Chart of Disciplinary Sanctions - Attachment A.
The first and second issues you address in your appeal is none of the cameras show your involvement, the cameras do not specifically show anyones involvement as the action occurred outside their view. Video evidence is not necessary in a finding of guilt.
AR 707.1.3.C.7.a. Any finding of guilt must be based on some evidence, regardless of the amount and the evidence used shall be documented.
AR 707.1.10.A. An inmate may be found guilty of a disciplinary offense on the basis of information form a source whose identity is not disclosed to the inmate at the Disciplinary Hearing.
The third issue you claim is there are no reports or redacted reports available to you.
AR 707.1.10.D.2. The details of the informant's testimony may be withheld from the accused inmate if disclosure would place the informant at risk by indirectly revealing their identity.
AR 707.1.10.A. An inmate may be found guilty of a disciplinary offense on the basis of information form a source whose identity is not disclosed to the inmate at the Disciplinary Hearing.
The fourth claim you make is the report "was horribly written and lacked any factual substance," the report is purposely vague and lacks detail as to not endanger the inmate?s witnesses that informed on you.
AR 707.1.10.D.2. The details of the informant's testimony may be withheld from the accused inmate if disclosure would place the informant at risk by indirectly revealing their identity.
Your fifth claim of there was other people in the area on camera was addressed and is the same reasoning as the first and second claim.
AR 707.1.3.C.7.a. Any finding of guilt must be based on some evidence, regardless of the amount and the evidence used shall be documented.
AR 707.1.10.A. An inmate may be found guilty of a disciplinary offense on the basis of information form a source whose identity is not disclosed to the inmate at the Disciplinary Hearing.
Lastly, your sixth claim is there was a lack of evidence and this is addressed throughout the answers to your other claims being addressed.

The finding of the Disciplinary Hearing Committee has been AFFIRMED, Grievance DENIED.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/12/2021 | 1 | | BREITENBACH, NETHANJAH |

Proposed Response: Inmate signed 6/8/21. Recvd 7/12/21. No attachments. Already submitted at the First Level. Now at the Second Level.
For Tracking Purposes.

Official Response: Inmate signed 6/8/21. Recvd 7/12/21. No attachments. Already submitted at the FIRST Level-now at the Second Level. For Tracking Purposes. DO NOT RESUBMIT.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/12/2021 | 1 | | BREITENBACH, NETHANJAH |

Proposed Response:

Inmate signed 6/8/21. Recvd 7/12/21. Second Level submission. 4 Continuation Pages.
1). AR 707.1.3.C.7.A. states, Any finding of guilt must be based on some evidence, regardless of the amount and the evidence used shall be documented. However, any lay person will see that the cameras don?t show me committing any wrongful action consistent with the charges levied against me. Therefore, since the video camera footage used as evidence DOES NOT contain any evidence, (cont)

Official Response: No more than 2 continuation pages permitted per AR 740.04.2.G.
Other:
Resubmission to include all previously submitted grievance documents, including Improper Grievance
Memo(s) DOC 3098. Please review AR 740, available in the Law Library.

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/12/2021 | 1 | | BREITENBACH, NETHANJAH |

Proposed Response: Inmate signed 6/8/21. Recvd 7/12/21. No attachments. Already submitted at the Informal Level- now at the Second Level.
For Tracking Purposes.

Official Response: Inmate signed 6/8/21. Recvd 7/12/21. No attachments. Already submitted at the Informal Level- now at the Second Level. For Tracking Purposes. DO NOT RESUBMIT.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 07/23/2021 | 2 | | WILLIAMS, BRIAN |

Proposed Response: Inmate signed 7/21/21. Recvd 7/23/21.

Im not arguing that withholding the reports not the identity of the source of such reports is the issue. Im arguing the fact that no such report(s) of any informants testimony exists in the OIC#493566 files record. This can be clearly observed by reviewing all documents in the OIC#493566 file. Once done you see that no such informant reports are in that files record. Due to the fact that these alleged reports were the sole foundation for targeting me for investigation and subjecting me to 29 days of Ad Seg. They must be attached to the OIC # 493566

(cont)

Official Response: 12/12/21 RCVD from CGTH for signature
7/27/21 to Warden for review.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 11/12/2021 | 2 | DENIED | WILLIAMS, BRIAN |

Proposed Response:

Official Response: Inmate Scott,

I have reviewed your grievance #2006-31-23468 as it relates to your disciplinary appeal.  In your second level grievance you state that you disagree with the first level response and you would like a review at the second level.  Your requested remedy is for the charge to be dismissed and expunged from your record.

Per AR707, I am to consider three factors when deciding an appeal:
 1. Whether there was substantial compliance with requirements of the Inmate Disciplinary Manual;
 2. Whether the Disciplinary Hearing Committee's decision was based on some evidence, and
 3. Whether the sanctions imposed are appropriate.

On March 30, 2021 Yard Investigator Coltrin was informed by several confidential informants (who will remain confidential) that you were observed tampering with the canteen delivery cart within Unit 2.   Camera footage was viewed and you were observed tampering with the canteen delivery cart.  Therefore, you were charged with an MJ21 - Theft. (Class C).  On May 26, 2021 you were found guilty of the charge and sanctioned with the following:

 * 10 days Disciplinary Segregation
 * 15 days Stat Loss Referral
 * Restitution
 * Property Forfeiture

You have failed to provide any relevant or compelling evidence that establishes a contradiction to the finding of guilt.  Based on all available documents and information provided, I find no reason to grant your appeal.  Per AR707, a finding of guilt must be based on some evidence regardless of amount.  After reviewing Lt. Miller DH presentation, Sgt. Fratis PH presentation and SC/O Coltrin?s initial notice of charges, I find no reason to grant your disciplinary appeal.

Sanctions are upheld.  Your appeal and your grievance are denied.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063122254 | 05/23/2021 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/23/2021 | IF | | PHILLIPS, DANIEL |

Proposed Response: The nerves on the back bottom row of my teeth on the right sideed are causing me excruciating pain.  The nurse gave me 4 IBU's and Tylenols for the pain. However,, the "Pain treatment" is not even slightly effective at treating the severly excruciating level of ongoing pain.  The pain is now beginning to cause me sleep deprivation, and mental & emotional anguish.  THe only thning that seems to alleviate the pain is ice or putting cold water on the area in my mouth.  Due to the fact that the water in my mouth won't stay cold long, I have to change the water in my mouth every sec. I can't stop because if I do, the unbearable pain will instantly resurface. This makes it impossible for me tp go to sleep. I cannot wait to see a dentist until Monday because the severe pain and I can't stay awake from now until Monday. I really need a doctor to send me to the hospital.  I can't wait until Monday with all of this pain. Please help me. Just stop the pain All I want is the pain to stop.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/23/2021 | IF | DENIED | PHILLIPS, DANIEL |

Proposed Response:

Official Response: This is not a life threatening medical episode. This does not constitute a emergency nor hospitalization.

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063122252 | 05/22/2021 | GRIEVANCE | MEDICAL |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/22/2021 | IF | | PHILLIPS, DANIEL |

Proposed Response: I am having absolutely unbearable nerve pain sourced in my tooth (moler/right side). The pain is so severe that it is causing me to vomit.  The entire rightside of my face is in severe pain. I cannot maintain my sanity without either oral jel, novocain, or the tooth being pulled.  I can't eat, I am very nousted from the pain. It is the worse pain that I've ever felt in my life. I feel like I'm dying.  The nurses are refusing to call the on call doctor, they are also refusing to give me oral gel, or anything effective for pain treatment. I really need to go to the hospital. Please take me to the hospital. I need to see a doctor I am really suffering from excruciating amount of pain.

Official Response:

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/22/2021 | IF | DENIED | PHILLIPS, DANIEL |

Proposed Response:

Official Response: I Daniel Phillps RN CN II upon arriving Unit 7 B for a "man down" for a tooth ache.  Vital signs taken were within normal limits (WNL). When offered tylenol, he repsonded "I already had some, it doesn't work." I asked inmate if it may look inside his mouth a flashlight, IM stated "OK." I told him to shut his/ I Wishualised no S/S (Sings or symptoms) of what could be causing any pain or discomfort.  I asked if I could touch his mouth and right side of his face. He said "Yes." I pulled his inner cheek outward for further examining and he had no observable pain When doing so When palpating R Cheek for swelling he did not flinch in pain, no/swelling. This writer is not say-This IM is not in pain. I told IM we don't jave orajel. He argued, we gave him tylenol ibuprofen x2 doses of amytrol.

# State of Nevada
## Department of Corrections
### Inmate Grievance History

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063122247 | 05/21/2021 | GRIEVANCE | DISCIPLINE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/21/2021 | IF | | BREITENBACH, NETHANJAH |

Proposed Response: Inmate signed 5/6/21. Recvd 5/19/21.
Lt Miller is failing to perform his duty to conduct disciplinary hearings in unit 7B despite the fact that he has a caseworker, Mr. Vicarro, working 4 days a week with him in an office directly next to Lt. Miller?s. Mr. Vicarro has openly stated numerous times that, I am ready to knock these disciplinary hearings (cnt)

Official Response:

| ISSUE ID | DATE REPORTED | ISSUE TYPE | ISSUE REASON |
|---|---|---|---|
| 20063122245 | 05/21/2021 | GRIEVANCE | STORE |

| DATE RETURNED | LEVEL | FINDING | ASSIGNED TO |
|---|---|---|---|
| 05/21/2021 | IF | | BREITENBACH, NETHANJAH |

Proposed Response: Inmate signed 5/15/21. Recvd 5/19/21.
The Director has violated AR 507 and/or AR 740 by restricting administrative segregative housed inmates from ordering canteen food items and special order items. He has also violated the NRSs and the United States constitution Denial of Due Process, Presumption of Innocence, and undue loss of Liberty clause. I have not been found guilty of any charges an I am not on disciplinary segregation. (cont)

Official Response: No harm/loss and/or remedy requested.
AR 740.03.1.A. If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what is missing in order for the grievance to be processed.
AR 740.03.1.C. A Grievance must be legible, with a clearly defined remedy requested.
Missing Inmate Request Form (DOC 3012) submission in accordance with AR 740.08.1 & AR 740.03.1.B.
It is required that you first exhaustion the remedies available to you by submitting a kite before   beginning the Grievance Process. Please review AR 740, available in the Law Library.
Submit an Inmate Request Form (DOC 3012) to consult with the Custody Supervisor for assistance
AR 740.08.1 At the Informal Level, an inmate shall file a grievance (Form DOC-3091) after failing to resolve the matter by other means such as discussion with staff or submitting an Inmate Request Form (DOC 3012).
AR 740.03.1.B. A grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues.
Do not resubmit until the Inmate Request Form process has been exhausted.

# AUTHENTICATING

# DECLARATION

# OF

# Robert Hartman

**ER236**                    **ER236**                    **ER236**

AARON D. FORD
  Attorney General
KYLE L. HILL, (Bar No.16094)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-0429 (phone)
(702) 486-3768 (fax)
Email: khill@ag.nv.gov

*Attorneys for Defendants Melissa Mitchell,
Gaylene Fukagawa, Vanessa Timbreza,
Kellen Prost, and Lorenzo Villegas*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III, | Case No. 3:23-cv-00231-ART-CLB |
| Plaintiff, | |
| v. | **DECLARATION OF ROBERT HARTMAN** |
| MICHELL, *et al.*, | |
| Defendant. | |

I, ROBERT HARTMAN, being first duly sworn, under penalty of perjury pursuant to the laws of the United States deposes and says:

1.     I am employed as an Associate Warden of Programs at Northern Nevada Correctional Center (NNCC), a correctional facility within the statewide prison system operated by the Nevada Department of Corrections (NDOC), having my place of employment in Carson City, Nevada.

2.     In my capacity as an Associate Warden at NNCC, I have knowledge of the processes by which inmate administrative regulations, institutional grievances and institutional files are received, indexed, stored, maintained, archived, and subsequently searched and retrieved within the NDOC and NNCC, whether in electronic form or paper form, in the ordinary course of the operations of prison administration.

///

3.    In connection with the filing of this Declaration, I was contacted by the Attorney General's Office, who represents Defendants (Melissa Mitchell, Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, and Lorenzo Villegas) in the matter *James Edward Scott, III v. Mitchell, et al.,* now proceeding in the United States District Court, District of Nevada as Case Number 3:23-cv-00231-ART-CLB. It was requested that I provide truthful and accurate information, including the authentication of certain documents in support of a brief Defendants intend to file with the Court and for other proper purposes.

4.    I am not named as a Defendant in this lawsuit.

5.    I hereby certify that I have reviewed what is marked as Ex. A, Offender Movement History Report, and this is a true and accurate copy of the NDOC movement history for offender James Edward Scott #1207166 as of the run date December 29, 2023.

6.    I hereby certify that I have reviewed what is marked as Ex. C, Inmate Grievance History, and this is a true and accurate copy of the NDOC Grievance History for offender James Edward Scott #1207166 as of the run date December 29, 2023.

FURTHER, I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

EXECUTED this 21st day of January, 2025.

Robert Hartman
Associate Warden of Programs
NNCC

ER238          ER238          ER238

# AUTHENTICATING

# DECLARATION

# OF

# Christy Coss

ER239              ER239              ER239

AARON D. FORD
  Attorney General
KYLE L. HILL, (Bar No.16094)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-0429 (phone)
(702) 486-3768 (fax)
Email: khill@ag.nv.gov

*Attorneys for Defendants Melissa Mitchell,
Gaylene Fukagawa, Vanessa Timbreza,
Kellen Prost, and Lorenzo Villegas*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III, | Case No. 3:23-cv-00231-ART-CLB |
| Plaintiff, | |
| v. | **DECLARATION OF CHRISTY COSS, DIRECTOR OF NURSING SERVICES I, NORTHERN NEVADA CORRECTIONAL CENTER** |
| MICHELL, *et al.*, | |
| Defendant. | |

I, CHRISTY COSS, being first duly sworn, under penalty of perjury pursuant to the laws of the United States deposes and says:

1.    The statements contained in this Declaration, except where otherwise indicated to be upon information and belief, are based on my personal knowledge and experience.

2.    In connection with the filing of this Declaration, I was contacted by the Attorney General's Office, who represents Defendants (Melissa Mitchell, Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, and Lorenzo Villegas) in the matter *James Edward Scott, III v. Mitchell, et al.*, now proceeding in the United States District Court, District of Nevada as Case Number 3:23-cv-00231-ART-CLB. It was requested that I provide truthful and accurate information, including the authentication of documents in support of a brief Defendants intend to file with the Court and for other proper purposes.

ER240                           ER240                           ER240

3.    This Declaration provides information to be used by the Court when determining the authenticity of medical records provided by Defendants.

4.    I am not a named Defendant in the current action.

5.    I am the Director of Nursing Services I at Northern Nevada Correctional Center.

6.    I personally reviewed the medical files for the Plaintiff, James Edward Scott #1207166, labeled as Ex. B Relevant Medical Records. These documents are true and accurate copies of medical records pertaining to offender Scott #1207166.

FURTHER, I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

EXECUTED this 21st day of January, 2025.

*Christy Coss*

Christy Coss
Director of Nursing Services I
NNCC

Page 2

ER241                    ER241                    ER241

AARON D. FORD
  Attorney General
KYLE L. HILL, (Bar No.16094)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada  89101
(702) 486-0429 (phone)
(702) 486-3773 (fax)
Email: khill@ag.nv.gov

*Attorneys for Defendants Melissa Mitchell,*
*Gaylene Fukagawa, Vanessa Timbreza,*
*Kellen Prost, Kathy Morales, and Lorenzo Villegas*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>                Plaintiff,<br><br>v.<br><br>MICHELL, *et al.*,<br><br>                Defendant. | Case No. 3:23-cv-00231-ART-CLB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT ECF NO. 6**<br><br>**Jury Trial Demanded** |

Defendants Melissa Mitchell, Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, Kathy Morales, and Lorenzo Villegas, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Kyle L. Hill, Deputy Attorney General, hereby demands a jury trial and answers Plaintiff's Civil Rights Complaint (ECF No. 6) as follows:

## A.    JURISDICTION

1.    In answering paragraph 1, on page 1, of Plaintiff's complaint, the responding Defendants admit that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.

2.    In answering paragraph 2, on page 1, of Plaintiff's complaint, the responding Defendants admit that Plaintiff is housed at Northern Nevada Correctional Center (NNCC).

/ / /

3. In answering paragraph 3, on page 1, of Plaintiff's complaint, the responding Defendants deny that any violation occurred at Northern Nevada Correctional Center (NNCC).

**B.   DEFENDANTS**

4. In answering paragraph 1, on page 2, of Plaintiff's complaint, the responding Defendants admit that Melissa Mitchell (believed to be sued as Melissa Michell) was formerly employed by NDOC as a Correctional Nurse II. Defendants deny all remaining allegations in this paragraph.

5. In answering paragraph 2, on page 2, of Plaintiff's complaint, the responding Defendants admit that Gaylene Fukagawa is currently employed by NDOC as a Certified Nursing Assistant II. Defendants deny all remaining allegations in this paragraph.

6. In answering paragraph 3, on page 2, of Plaintiff's complaint, the responding Defendants admit that Vanessa Timbreza (believed to be sued as Vanessa "Doe") is currently employed by NDOC as a Correctional Nurse III. Defendants deny all remaining allegations in this paragraph.

7. In answering paragraph 4, on page 2, of Plaintiff's complaint, the responding Defendants admit that Kellen Prost (believed to be sued as Kellen Nomura/Prost) is currently employed by NDOC as a Correctional Nurse III. Defendants deny all remaining allegations in this paragraph.

8. In answering paragraph 5, on page 2, of Plaintiff's complaint, the responding Defendants admit that Kathy Morales (believed to be sued as Kathy "Doe") was formerly employed by NDOC as a Correctional Nurse III. Defendants deny all remaining allegations in this paragraph.

9. In answering paragraph 8, on page 3, of Plaintiff's complaint, the responding Defendants admit that Mallory Etchison (believed to be sued as Mallory "Doe") was employed by NDOC as a Registered Nurse or Pill Nurse at NNCC.

/ / /

/ / /

10.    In answering paragraph 16, on page 4, of Plaintiff's complaint, the responding Defendants admit that Lorenzo Villegas is currently employed by NDOC as a Senior Physician. Defendants deny all remaining allegations in this paragraph.

11.    Paragraphs 6, 7, 9, 10, 11, 12, 13, and 14 on page 3, and paragraphs 15, 17, and 18 on page 4 of Plaintiff's complaint do not require responses as these proposed Defendants were dismissed by the Court in ECF No. 5. To the extent the Court finds these paragraphs need a response, the Defendants deny each and every allegation contained in these paragraphs.

**C.    NATURE OF THE CASE**

12.    Responding to page 2 of Plaintiff's complaint, the answering Defendants deny the allegation of medical deliberate indifference.

**D.    CAUSE(S) OF ACTION**

**Claim 1**

13.    Pages 5, 6, 7, 8, 9, 10, 11, 12, and 13, of Plaintiff's complaint, do not require responses as the proposed claim alleged on these pages was dismissed by the Court in ECF No. 5. To the extent the Court finds these paragraphs need a response, the Defendants deny each and every allegation contained in these paragraphs.

**Claim 2**

14.    Pages 14, 15, 16, 17, 18 and 19, of Plaintiff's complaint, do not require responses as the proposed claim alleged on these pages was dismissed by the Court in ECF No. 5. To the extent the Court finds these paragraphs need a response, the Defendants deny each and every allegation contained in these paragraphs.

**Claim 3**

15.    In answering paragraphs 1-4, on page 20, of Plaintiff's complaint, the answering Defendants admit that Plaintiff has rights under the Eighth Amendment to the United States Constitution, however Defendants deny the allegation contained in these paragraphs that any violation occurred.

///

16.    In answering paragraph 12, on page 21, of Plaintiff's complaint, the answering Defendants deny each and every allegation contained in this paragraph.

17.    In answering the paragraph on lines 8-9, on page 21, of Plaintiff's complaint, the answering Defendants deny each and every allegation contained in this paragraph.

18.    In answering paragraph 1, on page 21, of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

19.    In answering paragraph 2, on page 21, of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

20.    In answering paragraph 3, on page 21, of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

21.    In answering paragraph 4, on page 22, of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

22.    In answering paragraph 5, on page 22, of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

23.    In answering paragraph 6, on page 22, of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

24.     In answering paragraph 7, on page 22, of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

25.     In answering paragraph 8, on page 22, of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

26.     In answering paragraph 9, on page 23, of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

27.     In answering paragraph 10, on page 23, of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

28.     In answering paragraph 11, on pages 23 and 24, of Plaintiff's complaint, the answering Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

29.     In answering paragraph 12, on page 24, of Plaintiff's complaint, the answering Defendants deny each and every allegation contained in this paragraph.

**E.     PREVIOUS LAWSUITS**

30.     In answering paragraphs 1-3, on page 25, of Plaintiff's complaint, the Defendants admit that Plaintiff has filed other lawsuits while incarcerated, however to the remaining allegations Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph, and therefore denies each and every allegation made in this paragraph.

## F.   REQUEST FOR RELIEF

31.   Defendants deny that Plaintiff is entitled to any of the relief set forth in his Request for Relief on page 25 of the complaint.

32.   Each and every allegation in Plaintiff's complaint not specifically admitted is hereby denied.

### DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants deny any and all liability in this matter and asserts the following affirmative defenses:

1.   Plaintiff has failed to state a claim for which relief can be granted.

2.   Plaintiff has failed to state a cognizable constitutional claim pursuant to 28 U.S.C. § 242, 28 U.S.C. § 1343 (a)(3), 42 U.S.C. §1983, and/or NRS 41.0322, 441A.220 and NRS 209.885.

3.   At all times mentioned in Plaintiff's Complaint, Defendants did not personally participate in any of the alleged violations and/or were neither the cause-in-fact nor the proximate cause of Plaintiff's damages, if any.

4.   Defendants are not legally responsible for the actions and/or omissions of other third parties.

5,   Defendants are entitled to qualified immunity.

6.   Defendants are entitled to discretionary act immunity.

7.   Plaintiff's claims are barred pursuant to the doctrine of sovereign immunity and the Eleventh Amendment of the United States Constitution.

8.   Plaintiff's claims are barred as Plaintiff has failed, refused, or neglected to take reasonable steps to mitigate his damages, therefore barring or diminishing his ability to recover.

9.   Plaintiff failed to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act, NRS 41.0322 and/or NRS 209.243, and NDOC Administrative Regulation (AR) 740.

/ / /

10.     Defendants held an objective good faith belief that they were acting reasonably and that their actions were privileged and legally justified.

11.     There can be no recovery for damages under 42 U.S.C. § 1983 against government officials acting in their official capacity.

12.     Defendants at all relevant times acted with due care and circumspection in the performance of their duties.

13.     Plaintiff's claims for relief are barred as Plaintiff's damages are speculative and cannot be calculated with any certainty or reliability.

14.     Defendants are not the direct or proximate cause of the alleged constitutional deprivations or tortious actions as alleged.

15.     Defendants are immune from liability pursuant to Nevada Revised Statutes §§ 41.031- 41.032 et. seq.

16.     Defendants at all relevant times acted in good faith toward Plaintiff and possessed a good faith belief that they were acting reasonably, and that their actions were privileged and legally justified, and Defendants are entitled to qualified good faith immunity from damages.

17.     Plaintiff is barred from seeking punitive damages pursuant to Nevada law.

18.     Plaintiff is barred from seeking an award of attorney fees pursuant to 42 U.S.C. § 1988 and § 1998.

19.     Each purported claim for relief is barred by the doctrines of *res judicata* and/or collateral estoppel.

20.     Each purported claim for relief is barred as Plaintiff is estoped from pursuing any claim against Defendants in accordance with equitable principles of jurisprudence.

21.     Plaintiff's claims for relief are barred by the applicable statute of limitations.

22.     Each purported claim for relief is barred as Defendants are not legally responsible for the actions and/or omissions of third-parties, including but not limited to other named or Doe Defendants.

/ / /

23. Each purported claim for relief is barred pursuant to the doctrine of unclean hands.

24. Plaintiff's claims, or parts thereof, are barred due to the fact there is no causation between the alleged facts and the damages sought in the Complaint.

25. Plaintiff is barred from receiving Court costs arising under 42 USC 1988 and 1997e.

26. Plaintiff is not entitled to prejudgment interest from the date of filing of his initial Complaint.

27. Plaintiff has failed to provide for any cognizable damages.

28. Plaintiff's claims are barred, all or in part, because Defendants did not breach any duty owed to Plaintiff.

29. Plaintiff's claims are barred, all or in part, due to a failure to satisfy a condition precedent.

30. Plaintiff's claims are barred because, at all relevant times, Defendants acted in accordance with applicable law and prison procedures.

31. Defendants presently have insufficient knowledge or information upon which to form a belief as to whether it may have other, as yet unstated, defenses available. In the event further investigation or discovery reveals the applicability of any additional defenses, including but not limited to those affirmative defenses identified in Rule 8 of the Nevada Rules of Civil Procedure, Defendants reserve the right to amend this Answer to specifically assert such additional affirmative defenses.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## DEFENDANTS' PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for judgment and relief of this Court as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff take nothing by virtue of his Complaint;

3. For Defendants' attorneys' fees and costs of suit;

4. A jury trial is demanded; and

5. For such other relief as this Court may deem just and proper.

DATED this 3rd day of May, 2024.

AARON D. FORD
Attorney General

By:   */s/ Kyle L. Hill*
KYLE L. HILL, Bar No. 16094
Deputy Attorney General

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada and that on this 3rd day of May, 2024, I electronically filed the foregoing, **DEFENDANTS' ANSWER TO PLAINTIFF'S CIVIL RIGHTS COMPLAINT ECF NO. 6 Jury Trial Demanded,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, addressed to the following:

James Edward Scott #1207166
C/O NNCC Law Librarian
Northern Nevada Correctional Center
P.O. Box 7000
Carson City, NV 89702
lawlibrary@doc.nv.gov

An employee of the
Office of the Attorney General

JAMES E. SCOTT III
Name and Inmate Booking Number

NORTHERN NEVADA CORRECTIONAL CENTER
Place of Confinement

P.O. BOX 7000
Mailing Address

CARSON CITY, NEVADA
City, State, Zip Code

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

JAMES EDWARD SCOTT III ,
                              Plaintiff

vs.

(1) MELISSA MICHELL ,

(2) GAYLENE FUKAGAWA ,

(3) VANESSA "DOE" ,

(4) KELLEN NOMURA OR PROST ,

(5) KATHY DOE          ETAL ,
                          Defendant(s).

Case No. _____
(To be supplied by Clerk of Court)

## CIVIL RIGHTS COMPLAINT
## BY AN INMATE

☐ Original Complaint

☐ First Amended Complaint

☐ Second Amended Complaint

☐ Jury Trial Demanded

### A.    JURISDICTION

1)     This Court has jurisdiction over this action pursuant to:

☒ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)

☐ Other: _____

2)     Institution/city where Plaintiff currently resides: NNCC/ CARSON CITY

3)     Institution/city where violation(s) occurred: NNCC/ CARSON CITY

## B.   DEFENDANTS

1.   Name of first Defendant: Melissa Michell . The first Defendant is employed as:
Registered Nurse at NNCC .
(Position of Title)                                        (Institution)

2.   Name of second Defendant: Gaylene Fukagawa . The second Defendant is employed as:
Registered Nurse at NNCC .
(Position of Title)                                        (Institution)

3.   Name of third Defendant: Vanessa "Doe" . The third Defendant is employed as:
Registered Nurse at NNCC .
(Position of Title)                                        (Institution)

4.   Name of fourth Defendant: Kellen Nomura/Prost . The fourth Defendant is employed as:
Registered Nurse at NNCC .
(Position of Title)                                        (Institution)

5.   Name of fifth Defendant: Kathy "Doe" . The fifth Defendant is employed as:
Registered Nurse at NNCC .
(Position of Title)                                        (Institution)

If you name more than five Defendants, answer the questions listed above for each additional Defendant on a separate page (CONTINUED ON PAGE 2A § 2B)

## C.   NATURE OF THE CASE

Briefly state the background of your case.

Deliberate Indifference (Medical)

2

ER253                    ER253                    ER253

6. Name of sixth defendant: Sharon "Doe". The sixth Defendant is employed as: Registered Nurse or Pill Nurse at NNCC.

7.) Name of seventh defendant: "Jane" Waters. The seventh Defendant is employed as: Pill Nurse at NNCC.

8.) Name of eighth defendant: Mallory "Doe". The eighth Defendant is employed as: Registered Nurse at NNCC.

9.) Name of ninth defendant: Meghan "Doe" or Sullivan. The ninth Defendant is employed as: Medical Staff at NNCC.

10.) Name of tenth defendant: Cindy Pertney. The tenth Defendant is employed as: Registered Nurse at NNCC.

11.) Name of eleventh defendant: John Weston. The eleventh Defendant is employed as: Medical Staff at NNCC.

12.) Name of twelvth defendant: John Doe. The twelvth Defendant is employed as: Medical Staff at NNCC.

13.) Name of thirteenth defendant: Jane Doe(s) (1-8). The thirteenth Defendant is employed as: Medical Staff at NNCC.

14.) Name of fourteenth defendant: Mike Minev. The fourteenth Defendant is employed as: Director of Medical Services at NNCC.

15.) Name of fifthteenth defendant: John Kease. The fifthteenth Defendant is employed as: Director of Nursing Services at NNCC.

16) Name of sixteenth defendant: Lorenzo Villegas. The sixteenth Defendant is employed as: Nursing Practitioner at NNCC

17) Name of seventeenth defendant: Nurse Mckenzie (or MACKENZIE). The seventeenth Defendant is employed as: Registered Nurse at NNCC

18) Name of eighteenth defendant: C/O or Seargent Kleymann. The eighteenth Defendant is employed as: Seargent Correctional Officer at NNCC

## D.   CAUSE(S) OF ACTION

### CLAIM 1

1.  State the constitutional or other federal civil right that was violated: 8TH AMENDMENT MEDICAL DELIBERATE INDIFFERENCE

2.  **Claim 1.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

    ☐ Basic necessities     ☒ Medical care     ☐ Mail

    ☐ Disciplinary proceedings    ☐ Exercise of religion    ☐ Property

    ☐ Access to the court     ☐ Excessive force by officer    ☐ Retaliation

    ☐ Threat to safety     ☐ Other: _____.

3.  **Date(s) or date range** of when the violation occurred: 5/16/19 TO 11/29/22 .

4.  **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 1. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

    Claim 1 Begins on page 3A

3

**ER256**         **ER256**         **ER256**

Case: 25-6843, 04/07/2026, DktEntry: 18.3, Page 229 of 270
Case 3:23-cv-00231-ART-CLB Document 6 Filed 12/04/23 Page 6 of 25
Case 3:22-cv-00564-ART-CLB Document 10 Filed 05/26/23 Page 9 of 124

Violation of the Taking Clause, Religious Discrimination, Harsh Conditions of Confinement with Urine and Feces Infested Biohazardous Conditions, False Reporting, Abuse of Discretion, Violation of the 8th Amendment, Mental and Emotional Suffering with Physical Injury.

### D. Causes of Action
### Claim 1
### Deliberate Indifference
### Count 1

Dates when violation occurred; on and between 05/16/19 to 11/29/22

### Supporting Facts:

1.) The Plaintiff was identified as a End Stage Renal Disease patient with, Hemo-Dialysis Dependancy, and who required Hemo-Dialysis Treatment Therapy via Hemo-Dialysis Perma-Cathetar 3 times per week (Mon., Wed., and Friday), 4 hours and 15 minutes per session. On the date of 5/16/19 this happened.

2.) All registered nursing staff at NNCC, including but not limited to Defendants: Melissa Michell, Gaylene Fukagawa, Vanessa "Doe", Kellen or Caroline "Doe", Kathy Doe, Sharon "Doe", "Jane" Waters, Mallory "Doe", Meghan "Doe", Cindy Pertney, John Weston, and Nurses "John and Jane Doe's," were all aware that moist, wet, damp, sweaty, and/or fully or partially exposed Dialysis Permacathetars should be cleaned, sterilized, properly and adequately dressed, and all while

Case: 25-6843  04/07/2026  DktEntry: 18.3  Page 230 of 270
Case 3:23-cv-00231-ART-CLB  Document 6  Filed 12/04/23  Page 7 of 25
Case 3:22-cv-00564-ART-CLB  Document 10  Filed 05/26/23  Page 10 of 124

UTILIZING STERILE EQUIPMENT (STERILE GLOVES, MASKS FOR BOTH THE PATIENT AND THE LICENSED MEDICAL PROFESSIONAL(S), AND OTHER NEEDED STERILE EQUIPMENT), AND DOING SO IN A STERILE AND/OR MEDICAL SETTING TO AVOID CREATING AGGREVATING FACTORS OF WHICH WOULD ELEVATE ANY RISKS OF INFECTION.

3.) FOR A SIGNIFICANT PORTION OF THE YEAR OF 2019, THE DEFENDANTS MENTIONED ON PAGE 9 LINES 23, 24, 25, 26, AND OTHER NURSING STAFF DID IN FACT FACILITATE THESE NECESSARY DRESSING CHANGES FOR THE PLAINTIFF, WHENEVER DIALYSIS STAFF WERE UNAVAILABLE.

4.) DURING THIS PERIOD OF 2019 WHEN THE DEFENDANTS (MENTIONED ON PAGE 9 LINES 23, 24, 25, 26 AND OTHER NURSING AND MEDICAL STAFF) DID FACILITATE THESE PERMACATHETAR DRESSING CHANGES FOR THE PLAINTIFF, THE PLAINTIFF DID NOT CONTRACT ANY STAPHYLOCCUS NOR BACTERIUM BLOOD INFECTIONS.

5.) THEN SUDDENLY IN THE YEAR OF 2020 THE DEFENDANTS (MENTIONED ON PAGE 9 LINES 23, 24, 25, 26 AND OTHER NURSING AND MEDICAL STAFF) ABRUPTLY DISCONTINUED THE PRACTICE OF FACILITATING THE PLAINTIFF'S REQUIRED DRESSING CHANGES FOR HIS PERMACATHETAR DESPITE THE FACT THAT THEY KNEW THAT THE PLAINTIFF NEEDED THESE DRESSING CHANGES IN ORDER TO PREVENT HIS EXPOSURE TO INFECTION RISK AS MUCH AS POSSIBLE, SAYING, "SINCE YOU LIKE TO FILE GRIEVANCES HERE'S THE SUPPLIES DO IT YOURSELF."

6.) TO MAKE MATTERS EVEN WORSE ALL DEFENDANTS NOT ONLY REFUSED TO PROVIDE THE PLAINTIFF WITH THESE MEDICALLY NECESSARY DRESSING CHANGES FOR HIS PERMACATHETAR IN ORDER TO AVOID A GREATER INFECTION RISK, BUT ALL DEFENDANTS (MENTIONED ON

PAGE 9 LINES 23, 24, 25, 26) INITIATED THE HARMFUL AND POTENTIALLY LIFE-THREATENING PRACTICE OF PROVIDING THE GAUZES, LIQUID ANTI-BACTERIAL SOAP, AND TAGADERM ████ ADHESIVES DIRECTLY TO THE PLAINTIFF AND EACH OF THE FOREMENTIONED DEFENDANTS SAYING, "HERE THE SUPPLIES, DO IT YOURSELF", OR TO THAT EFFECT, SINCE YOU WANNA FILE GRIEVANCES SO MUCH".

7.) TO MAKE MATTERS WORSE, THE DEFENDANTS MENTIONED ON PAGE 9 LINES 23, 24, 25, 26 ████ REFUSED TO EVEN INSTRUCT THE PLAINTIFF ON HOW TO PERFORM THE REQUIRED STERILE PROCEDURE DESPITE THEIR KNOWING THAT THE PLAINTIFF WAS NOT A LICENSED MEDICAL PROFESSIONAL AND THEY DID SO DELIBERATELY. THESE VERY SAME DEFENDANTS ALSO DELIBERATELY AND INTENTIONALLY FAILED TO PROVIDE THE PLAINTIFF WITH ADEQUATE AND PROPER SUPPLIES TO SUCCESSFULLY PERFORM THE PROCEDURE CORRECTLY.

8.) DESPITE THE PLAINTIFF'S ADAMANT REJECTIONS TO THESE DEFENDANTS' HARMFUL AND DANGEROUS METHOD OF "CARE", THESE VERY SAME DEFENDANTS DELIBERATELY AND INTENTIONALLY STILL REFUSED TO PERFORM THESE PERMACATHETAR DRESSING CHANGES DESPITE PHYSICALLY OBSERVING THAT THE PLAINTIFF'S PERMACATHETAR WAS EITHER WET OR EXPOSED.

9.) THE PLAINTIFF WAS FORCED TO PERFORM THESE "STERILE" PROCEDURES ON HIMSELF WITH INSUFFICIENT MEDICAL SUPPLIES TO PERFORM THE PROCEDURE PROPERLY, WITHOUT MEDICALLY LICENSED TRAINING TO PERFORM THE PROCEDURE CORRECTLY, AND WAS FORCED TO PERFORM THE PROCEDURE IN A NON-STERILE AND NON-MEDICAL SETTING (THE PLAINTIFF'S CELL).

Case: 25-6843  04/07/2026  DktEntry: 18.3  Page 232 of 270
Case 3:23-cv-00231-ART-CLB  Document 6  Filed 12/04/23  Page 9 of 25
Case 3:22-cv-00564-ART-CLB  Document 10  Filed 05/26/23  Page 12 of 124

10.) Over the span of 2020, 2021, and 2022 the Plaintiff attempted to access the appropriate medical care (Permacathetar Dressing Changes) from each Defendant (mentioned on Page 9 lines 23, 24, 25, and 26) in excess of 10 to 20 times each. And, like reading off of the script each Defendant above would refuse to perform the sterile procedure and then say, "Here's the supplies do it yourself," and even threaten the Plaintiff with a Notice of Charges if he didn't leave the infirmary and return to his unit. Over this same span of time the Plaintiff was forced to perform this medically licensed procedure on himself countless times, while in his cell.

11.) As a result of the Defendants' (mentioned on Page 9 lines 23, 24, 25, and 26) medically unethical, unprofessional, harmful, wreckless, and dangerous denial of adequate and proper medical treatment, the Plaintiff was hospitalized over 5 times for Staphyloccus Blood Infection and 1 time or more for a Bacterium Blood Infection(s).

12.) After each instance of the Plaintiff contracting a blood infection the Plaintiff began experiencing severely intense Headaches, Optical Migraines, Ceaseless Chills, Profuscious Vomiting, Sore and Aching Muscles and Joints, and Fevers as high as 103.8.

13.) Repeatedly the Defendants' would delay the emergency care that the Plaintiff clearly needed for days (up to 21) and by doing so would force the Plaintiff to undergo Hemo-Dialysis Therapy while being infected. This caused these life-threatening infections to be RAPIDLY pumped and spread throughout the

PLAINTIFF'S BODY CAUSING THE ALREADY UNBEARABLE PAIN & SUFFERING TO SUBSTANTIALLY WORSEN.

14.) AS A RESULT OF BEING SUBJECTED TO DELIBERATE AND INTENTIONAL DENIALS OF MEDICAL CARE, REPEATED PAIN & SUFFERING, CONSTANT CONTRACTION OF THESE LIFE-THREATENING BLOOD INFECTIONS AS A RESULT OF INADEQUATE AND IMPROPER MEDICAL CARE, AND THE NUMEROUS AMOUNT OF HOSPITALIZATIONS, ALL OF WHICH WERE CAUSED BY THE DELIBERATE, MALICIOUS, AND INTENTIONAL ACTIONS OF THE DEFENDANTS (MENTIONED ON PAGE 9 LINES 23,24,25,26) THE PLAINTIFF SUFFERED A GREAT DEAL OF MENTAL AND EMOTIONAL PAIN & SUFFERING, AND PHYSICAL INJURY

15.) DESPITE BEING HOSPITALIZED FOR NUMEROUS POTENTIALLY LIFE-THREATENING BLOOD INFECTIONS, INSTEAD OF DISCONTINUING THEIR WHOLLY INADEQUATE AND COMPLETELY IMPROPER METHODS OF "MEDICAL CARE", THESE DEFENDANTS DOUBLED DOWN ON THEIR PROVISION OF INADEQUATE AND IMPROPER MEDICAL TREATMENT TO THE PLAINTIFF.

16.) EVEN AT THE DRAFTING OF THIS COMPLAINT THE PLAINTIFF IS STILL BEING SUBJECTED TO THE SAME ACT(S) OF DELIBERATE INDIFFERENCE BY ALL AND EACH DEFENDANT MENTIONED ON PAGE 9 LINES 23, 24,25,26. THE PLAINTIFF'S CONTINUED SUFFERING IS INEVITABLE.

17.) DUE TO THE FACT THAT THE DEFENDANTS (MENTIONED ON PAGE 9 LINES 23,24,25, AND 26) IDENTIFIED THE PLAINTIFF'S DISABILITIES (END STAGE RENAL DISEASE, AND HEMO-DIALYSIS DEPENDENCY REQUIRING DIALYSIS TREATMENT VIA PERMACATHETAR), THE DEFENDANTS WERE INDEED AWARE OF THE PLAINTIFF'S SERIOUS MEDICAL NEED.

18.) THESE VERY SAME DEFENDANTS (SEE PAGE 9 LINES 23,24,25,26) WERE ALSO VERY AWARE THAT THE PLAINTIFF HAD A LIFE-THREATENING CONDITION (E.S.R.D) AND REQUIRED MANDATORY LIFE-SAVING DIALYSIS TREATMENT OR HE WOULD MOST SURELY DIE WITHOUT IT.

19.) THESE VERY SAME DEFENDANTS (SEE PAGE 9 LINES 23,24,25,26) WERE ALSO VERY AWARE THAT THE PLAINTIFF ONLY HAD ONE DIALYSIS ACCESS POINT, WHICH IS HIS PERMACATHETAR ▓▓▓ TO RECEIVE HIS DIALYSIS TREATMENT THROUGH AND THAT WITH OUT IT HE WOULD DIE AS A RESULT FROM NOT HAVING AN ACCESS TO DIALYZE THROUGH.

20.) THESE VERY SAME DEFENDANTS (SEE PAGE 9 LINES 23,24,25,26) WERE ALSO VERY AWARE THAT THE PLAINTIFF'S DIALYSIS PERMA CATHETAR HAD TO REMAIN FREE FROM MOISTURE, DAMPNESS, SWEAT, CONTAMINATION, NON-STERILE CONTACT, AND TO REMAIN FREE FROM EXPOSURE IN ORDER MITIGATE INFECTION RISK AS MUCH AS IS REALISTICALLY AND MEDICALLY POSSIBLE.

21.) THESE VERY SAME DEFENDANTS ▓▓▓ (SEE PAGE 9 LINES 23,24,25,26) WERE ALSO AWARE THAT FAILURE TO CHANGE PERMACATHETAR(S) ▓▓▓ DRESSINGS THAT SHOWED SIGNS OF MOISTURE, DAMPNESS, SWEAT, CONTAMINATION, NON-STERILE CONTACT, AND/OR EXPOSURE WOULD RESULT IN A DANGEROUSLY SHARP INCREASE OF RISK OF INFECTION

22.) THESE VERY SAME DEFENDANTS (SEE PAGE 9 LINES 23,24,25,26) WERE ALSO VERY AWARE THAT THE PLAINTIFF WAS NOT A LICENSED MEDICAL PROFESSIONAL.

23.) These very same Defendants (see page 9 lines 23,24,25,26) were also very aware that the Plaintiff, and other non-▒ licensed ▒ non-medical persons, should not be performing any medical and/or sterile procedures on his or themselves.

24.) These very same Defendants (see page 9 lines 23,24,25,26) were also very aware that it was there medical duty to provide the Plaintiff with proper and adequate medical care and to do so in a way that would medically and reasonably be in the Plaintiff's best interest.

25.) These very same Defendants (see page 9 lines 23,24,25,26) were also very aware that it is absolutely unethical and medically unacceptable to require or compel a non-licensed non-medical person [Plaintiff] to perform medical/sterile procedures on himself and, at that, to do so in a non-medical and non-sterile setting (the Plaintiff's cell), and that by doing so could very well result in the revocation of their medical license.

26.) By forcing, requiring, and/or compelling the Plaintiff to perform this "sterile" procedure on himself in a non-sterile and non-medical enviornment (his cell) without the adequate and proper supplies on virtually countless instances, all of which caused the Plaintiff to be hospitalized over 5 times for Staphyloccus and Bacterium Blood Infections which caused the Plaintiff a substantial amount of physical, emotional, and mental suffering, the Defendants failed to reasonably ▒▒▒ respond to the Plaintiff's serious medical. These Defendants' (see page 9 on

LINES 23,24,25,26) DELIBERATE INDIFFERENCE CAUSED MY INJURY(S) AND HOSPITALIZATIONS.

## CLAIM 2

1. State the constitutional or other federal civil right that was violated: _8TH AMENDMENT MEDICAL DELIBERATE INDIFFERENCE_

2. **Claim 2.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

   ☐ Basic necessities     ☒ Medical care     ☐ Mail

   ☐ Disciplinary proceedings     ☐ Exercise of religion     ☐ Property

   ☐ Access to the court     ☐ Excessive force by officer     ☐ Retaliation

   ☐ Threat to safety     ☐ Other: _____.

3. **Date(s) or date range** of when the violation occurred: _7/20/22 THRU 8/10/22_ .

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 2. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

_Claim 2 begins on Page 4A_

4

ER265        ER265        ER265

Lines 23, 24, 25, 26) Deliberate Indifference caused my injury(s) and hospitalization(s).

## Count 2
## Deliberate Indifference

Date when violation occurred: 7/20/22 thru 8/10/22

### Supporting Facts:

1) On the late night of Tuesday at approx 11:30pm on the Date of 7/19/22 the Plaintiff had begun experiencing signs and symptoms of a Blood infection(s).

2) These symptoms consisted of ceaseless chills, intensely severe headaches, painful optical migraines, abnormally high fever, painfully sore muscles & aching bones & joints, nausea, vomiting, dizziness, confusion, weakness, fatigue, and exhaustion.

3) On the early morning of Wednesday 7/20/22 @ 5:30am the Plaintiff arrived at the Northern Nevada Correctional Center's infirmary in order to undergo his scheduled mandatory life-saving dialysis treatment.

4) Due to the fact that no NNCC medical staff were present at or in the infirmary (Unit 8C), I was unable to report my serious medical need. As a result, I reported the matter to the Independently contracted dialysis staff.

Case: 25-6843  04/07/2026  DktEntry: 18.3  Page 239 of 270
Case 3:23-cv-00231-ART-CLB  Document 6  Filed 12/04/23  Page 16 of 25
Case 3:22-cv-00564-ART-CLB  Document 10  Filed 05/26/23  Page 17 of 124

5.) After alerting the Independantly Contracted Dialysis Staff of my symptoms, in addition to his Permacathetar being sore and that the Plaintiff believed that these symptoms were the result of a Blood Infection, the Independantly Contracted Dialysis Staff then took the appropriate and adequately proper steps of taking a blood culture test and sending them off to Carson Tahoe Health Hospital to be analyzed for results.

6.) Later that same day, after recieving mandatory life-saving dialysis treatment, the Plaintiff was sent to the Carson Tahoe Health Hospital where his symptoms were confirmed and his fever was treated and brought under control. Carson Tahoe Health Hospital's Medical Staff informed the Plaintiff that they were "Awaiting Blood Culture Test Results" and that they would "Notify the NNCC within the next 48 hours of the results." They then stated, "If you're test results come back positive for Blood Infection within 48 hours we will then order the NNCC to get you back here [C.T.H] to undergo proper medical procedures. For now, due to the lack of bed space, we're going to discharge you back to your institution."

7.) After returning to the NNCC and the Plaintiff was seen by Nurse Melissa Michell [The Defendant], she asked the Plaintiff "So, what did they say?" The Plaintiff then gave the Defendant Melissa Michell a full recap of the events that occurred and the statements made as well the CTH Staff's plan of care. The Plaintiff then notified the Defendant that his fever was under control, that he was experiencing the remaining symptoms still,

AND THAT HE WAS CERTAIN HE HAD CONTRACTED A BLOOD INFECTION. THE DEFENDANT THEN STATED, "WELL, WE'LL SEE IN THE 48 HOURS". THE PLAINTIFF WAS THEN SENT BACK TO HIS HOUSING LOCATION.

8.) ON FRIDAY AT APPROXIMATELY 5:35AM ON 7/22/22, AFTER A PREVIOUS NIGHT OF SUFFERING FROM THE VERY SAME SYMPTOMS FROM THE BLOOD INFECTION, THE PLAINTIFF RETURNED TO THE NNCC's INFIRMARY FOR HIS SCHEDULED MANDATORY LIFE-SAVING DIALYSIS TREATMENT.

9.) THERE, THE PLAINTIFF WAS INFORMED THAT THE BLOOD CULTURE TEST RESULTS WERE IN. THE INDEPENDANTLY CONTRACTED DIALYSIS STAFF THEN INFORMED THE PLAINTIFF THAT THE TEST RESULTS WERE INDEED POSITIVE FOR A BLOOD INFECTION, AND THAT THE TYPE OF BLOOD INFECTION THAT THE TEST RESULTS REVEALED WAS ENTERO BACTER STAPHYLOCCUS. THE PLAINTIFF ALSO LEARNED THAT THESE RESULTS HAD CONFIRMED AS EARLY AS THE DATE OF 7/20/22.

10.) DUE TO THE FACT THAT THE DEFENDANTS MIKE MINEV, JOHN KEASE, MELISSA MICHELL, GAYLENE FUKAGAWA, LORENZO VILLEGAS, KATHY "DOE", VANESSA "DOE", KELLEN OR CAROLINE "DOE", MALLORY "DOE", McKENZIE "DOE", AND NURSE JANE DOE(S) (1-8) AND NURSE JOHN DOE(S) (1- ) KNEW THAT THE PLAINTIFF'S BLOOD CULTURE TEST RESULTS REVEALED THAT THE PLAINTIFF TESTED POSITIVE FOR ENTERO BACTER STAPHYLOCCUS BLOOD INFECTION, THAT THE PLAINTIFF'S PERMA CATHETAR WOULD HAVE TO BE REMOVED AND REPLACED DUE TO THE INFECTION, THAT THE PLAINTIFF WAS SUFFERING FROM THE PAINFUL SYMPTOMS STEMMING FROM OF THE BLOOD INFECTION, THAT THE PLAINTIFF AFTER AND BEFORE

ER268                    ER268                    ER268

4c

Case: 25-6843, 04/07/2026, DktEntry: 18.3, Page 241 of 270
Case 3:23-cv-00231-ART-CLB   Document 6   Filed 12/04/23   Page 18 of 25
Case 3:22-cv-00564-ART-CLB   Document 10   Filed 05/26/23   Page 19 of 124

SURGERY WOULD REQUIRE ANTI-BIOTICS TO FIGHT OFF THE ENTERO BACTER STAPHYLOCCUS BLOOD INFECTION, THAT THE PLAINTIFF SHOULD NOT BE DIALYZING WITH AND/OR THROUGH AN INFECTED HEMO-DIALYSIS PERMACATHETAR (ACCORDING TO THE COMMON STANDARD OF CARE) AND THAT FORCING HIM TO DO SO WOULD RAPIDLY PUMP AND SPREAD THE ENTERO BACTER STAPHYLOCCUS INFECTION THROUGHOUT THE PLAINTIFF'S ENTIRE BODY OF WHICH WOULD NOT ONLY WORSEN THE SYMPTOMS BUT ALSO POTENTIAL-LY CAUSE DEATH TO THE PLAINTIFF, THAT THEY WERE NOT EQUIPPED TO PROVIDE THE LEVEL OF CARE THAT THE PLAINTIFF REQUIRED, AND THAT THE PLAINTIFF DID IN FACT REQUIRE HOSPITALIZATION, THE FOREMENTIONED DEFENDANTS WERE ABSOLUTELY AWARE OF THE PLAINTIFF'S SERIOUS MEDICAL NEED(S).

11.) DESPITE BEING AWARE OF THE PLAINTIFF'S SERIOUS MEDICAL NEED(S) THE DEFENDANTS (SEE PAGE 18 LINES 19, 20, 21, 22) DELIBERATE-LY AND INTENTIONALLY FAILED TO SEND THE PLAINTIFF BACK TO THE HOSPITAL TO RECEIVE PROPER AND ADEQUATE MEDICAL TREATMENT AND DID SO FOR APPROXIMATELY 21 DAYS. THIS ABSOLUTELY UN-NECESSARY DELAY OF CARE CAUSED THE PLAINTIFF TO SUFFER FROM THE PAINFUL EFFECTS OF THE ENTERO BACTER STAPHYLOCCUS BLOOD INFECTION. TO MAKE MATTERS EVEN WORSE THE PLAINTIFF WAS FORCED TO DIALYZE THROUGH AN INFECTED PERMACATHETAR WHICH CAUSED THE PLAINTIFF'S SYMPTOMS TO WORSEN AS A RESULT OF THE RAPID DISTRIBUTION OF THE ENTERO BACTER STAPHYLOCCUS BLOOD INFECTION THROUGHOUT THE PLAINTIFF'S BODY. THE FOREMENTIONED DEFENDANTS ENGAGED IN THIS DELIBERATE AND INTENTIONAL DISREGARD TO THE PLAINTIFF'S SERIOUS MEDICAL NEED(S) FOR A PERIOD SPANNING FROM 7/21/22 TO 8/10/22.

ER269                          ER269                          ER269

4D

12.) The Defendants (See Page 4c Lines 19, 20, 21, 22) did in fact, after being aware of the Plaintiffs serious medical need(s), deliberately & intentionally fail to respond reasonably to those need(s) and caused further and/or extended injury to the Plaintiff, Injury was both Physical, Emotional, and Mental.

ER270                                   ER270                                   ER270

4.E

## CLAIM 3

1. State the constitutional or other federal civil right that was violated: <u>8TH Amendment Medical Deliberate Indifference</u>

2. **Claim 3.** Identify the issue involved. Check **only one.** State additional issues in separate claims.

   ☐ Basic necessities          ☒ Medical care          ☐ Mail

   ☐ Disciplinary proceedings   ☐ Exercise of religion  ☐ Property

   ☐ Access to the court        ☐ Excessive force by officer  ☐ Retaliation

   ☐ Threat to safety           ☐ Other: _____.

3. **Date(s) or date range** of when the violation occurred: _____.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 3. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

   Claim 3 begins on Page 5A

**If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.**

5

**ER271**          **ER271**          **ER271**

12.) THE DEFENDANTS' (SEE PAGE 18 LINES 19, 20, 21, 22) DID IN FACT, AFTER BEING AWARE OF THE PLAINTIFF'S SERIOUS MEDICAL NEED(S), DELIBERATELY; INTENTIONALLY FAIL TO RESPOND REASONABLY TO THOSE NEED(S) AND CAUSED FURTHER AND/OR EXTENDED INJURY TO THE PLAINTIFF, INJURY WAS BOTH PHYSICAL, EMOTIONAL, AND MENTAL

## COUNT 3
### DELIBERATE INDIFFERENCE

DATE WHEN VIOLATION OCCURRED : 5/1/21 THRU 10/1/21

## SUPPORTING FACTS :

1.) ON THE DATE OF 5/1/21 @ APPROX 4:40PM THE PLAINTIFF NOTICED THAT HIS AV FISTULA, WHICH WAS LOCATED IN HIS RIGHT ARM, HAD SLOWLY BEGAN CLOTTING OFF. THE PLAINTIFF KNEW THIS TO BE TRUE DUE TO THE DECREASING STRENGTH OF THE THRILL (THE VIBRATION OF THE BLOOD THAT FLOWS OR RUSHES FROM THE ARTERY AND THROUGH AN ATTACHED VEIN) OF HIS AV FISTULA.

2.) DUE TO THE FACT THE PLAINTIFF REQUIRED THE AV FISTULA IN ORDER TO RECEIVE MANDATORY LIFE-SAVING DIALYSIS TREATMENT, IMMEDIATELY THE PLAINTIFF HASTEFULLY MADE HIS WAY TO THE NNCC INFIRMARY (UNIT 8C) IN ORDER SEEK EMERGENT/URGENT MEDICAL TREATMENT.

3.) UPON ARRIVAL C/O KLEYMANN (THE DEFENDANT) WAS WORKING THE NNCC INFIRMARY POST AND WAS IN THE PROCESS OF CONDUCTING CUSTODIAL OVERSIGHT FOR THE INDIVIDUALS WHO RECEIVE INSULIN. ALSO PRESENT WERE A MALE AND FEMALE NURSING ASSISTANT'S.

ER272    ER272    ER272

5A

Case: 25-6843, 04/07/2026, DktEntry: 18.3, Page 245 of 270
Case 3:23-cv-00231-ART-CLB Document 6 Filed 12/04/23 Page 22 of 25
Case 3:22-cv-00564-ART-CLB Document 10 Filed 05/26/23 Page 21 of 124

4.) The Plaintiff then alerted the Defendant C/O Kleymann and the Defendants Jane Doe and John Doe of the emergent and urgent medical issue. The Plaintiff even went as far as even advising these Defendants on the proper and medical actions that should be taken. The Plaintiff stated that his "Fistula is clotting off and that it needed to be checked with a stethiscope" and that "If you guys get me to a hospital immediately then the fistula can be salvaged."

5.) The Defendants C/O Kleymann and Jane Doe and John Doe all refused to get me medical treatment and to even radio/call other nurses in the back of the infirmary (8A area) who could have came and provided me with the necessary care.

6.) When it became apparent that these Defendants were not going to provide the Plaintiff with the care that he needed, the Plaintiff then hastefully made his way to Unit 3's hospice area in order to seek medical treatment from that Unit's nursing staff. However, no medical personnel was present in that Unit.

7.) The Plaintiff then notified John Doe staff of the medical complications. The John Doe staff then radioed C/O White in Unit 8A infirmary and notified him of the matter. C/O White instructed the John Doe staff to send me back to the infirmary.

8.) Upon arrival the Plaintiff was taken to the 8A area where it was confirmed that the Plaintiff's AV Fistula had indeed clotted off. The Plaintiff did in fact advise this Defendant Nurse John Doe of his need to act in order to salvage the Plaintiff's fistula.

ER273          ER273          ER273

5B

9.) The Defendant John Doe (Nurse) failed to reasonably respond to the Plaintiff's serious medical need by having the Plaintiff transported to the hospital for treatment in order to salvage the Plaintiff's AV Fistula, despite knowing that by doing so the risk of the Plaintiff permanently losing the functionality of his AV Fistula could have been easily abated.

10.) The following day the Plaintiff then notified the already aware Defendants Melissa Michell, Gaylene Fukagawa, Vanessa "Doe", Mallory "Doe", Kellen or Caroline "Doe", Kathy "Doe", Lorenzo Villegas, John Doe (Cardiologist), and other John and Jane Does that his AV Fistula had ceased functioning and that I cannot undergo dialysis treatment without it. Plaintiff also advised these Defendants that if he was transported to the nearest hospital to undergo the proper medical procedures that would salvage the Fistula to which they (the Defendants) unanimously agreed. These were also very aware of the risks that dialyzing through a Perma cathetar versus an AV Fistula would pose to the Plaintiff's health and safety. However, these Defendants deliberately and intentionally failed to respond reasonably and thereby abate the risk(s) despite knowing that the longer that the AV Fistula clot was left untreated the greater the risk of unsalvagability became.

11.) These very Defendants each delayed the Plaintiff the proper and adequate medical care for approximately 40 days. The deliberate indifference of these very Defendants resulted in the Plaintiff being forced to use a Hemo-Dialysis Permacathetar of

ER274                              ER274                              ER274

5c

WHICH SUBJECTED THE Plaintiff TO AN INFERIOR FORM OF DIALYSIS PERMANENTLY, NUMEROUS Entero Bacter Staphyloccus Blood Infections, NUMEROUS SURGICAL PROCEDURES THAT CAUSED BOTH PAIN & SUFFERING, AND NUMEROUS HOSPITALIZATIONS. These Defendants' UNECESSARY DELAY OF MEDICAL CARE, OF WHICH THEY KNEW THE Plaintiff NEEDED, RESULTED AND/OR SUBSTANTIALLY CONTRIBUTED TO THE Plaintiff BEING SUBJECTED TO A FAILED THROMBDECTOMY SURGICAL PROCEDURE, A GRUESOME SCAR, 17 Staples GOING DOWN HIS RIGHT FOREARM, AND SUBSTANTIAL PAIN & SUFFERING AND Mental & Emotional Trauma.

12.) Had THESE Defendants RESPONDED REASONABLY TO THE OBVIOUSLY SERIOUS MEDICAL NEEDS OF THE Plaintiff, HIS INJURIES COULD HAVE BEEN EASILY AVOIDED.

ER275                          ER275                          ER275

5D

## E.    PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while incarcerated?        ☒ Yes        ☐ No

2.  Has this Court or any other court designated you as subject to "three strikes" under 28 U.S.C. § 1915(g)?        ☐ Yes        ☒ No

3.  If you have "three strikes" under 28 U.S.C. § 1915(g), does this complaint demonstrate that you are "under imminent danger of serious physical injury?"        ☐ Yes        ☐ No

## F.    REQUEST FOR RELIEF

I believe I am entitled to the following relief: _____

ALL COMPENSATORY RELIEF I MAY BE ENTITLED TO

ALL DECLATORY RELIEF I MAY BE ENTITLED TO

ALL PUNITIVE RELIEF I MAY BE ENTITLED TO

ALL NOMINAL RELIEF I MAY BE ENTITLED TO

ALL INJUNCTIVE RELIEF I MAY BE ENTITLED TO

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See* 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____
(name of person who prepared or helped
prepare this complaint if not the plaintiff)

_____
(signature of plaintiff)

6/1/23
_____
(date)

## ADDITIONAL PAGES

You must answer all questions concisely in the proper space on the form. Your complaint may not be more than 30 pages long. It is not necessary to attach exhibits or affidavits to the complaint or any amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. If you need to file a complaint that is more than 30 pages long, you must file a motion seeking permission to exceed the page limit and explain the reasons that support the need to exceed 30 pages in length.

6

**ER276**                    **ER276**                    **ER276**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES EDWARD SCOTT, III,

Plaintiff,

v.

MICHELL, et al.,

Defendants.

Case No. 3:23-cv-00231-ART-CLB

SCREENING ORDER

*Pro se* Plaintiff James Edward Scott, III, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983 and filed an application to proceed *in forma pauperis.* (ECF Nos. 1-1, 4). Scott contends that prison medical staff and NDOC officials violated his rights under the Eighth Amendment when they refused to change the dressings covering his catheter site, delayed treating his resulting bacterial infection, and delayed treating the clot that formed in his AV fistula, resulting in permanent loss of the fistula for dialysis treatment. (ECF No. 1-1).

The Court now screens Scott's civil-rights complaint under 28 U.S.C. § 1915A. Having done so, the Court dismisses without prejudice the Eighth Amendment claims about indifference to the need for help changing catheter-site dressings (Claim 1) and delay treating bacterial infections (Claim 2) because Scott also brings those claims in the action styled *Scott v. Fukagawa*, Case No. 3:23-cv-00254-RCJ-CLB, and they will be addressed in that action. The Court finds that Scott states a colorable Eighth Amendment claim about delay treating the clot that formed in his AV fistula. So the Court allows that claim to proceed, refers this action to the Court's Inmate Early Mediation Program, stays this action for 90 days, and defers ruling on Scott's application to proceed *in forma pauperis.*

ER277                          ER277                          ER277

## I.   SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for

failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker,* 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.,* 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe,* 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels, conclusions, or a formulaic recitation of a claim's elements. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations, like fantastic or delusional scenarios. *See Neitzke v. Williams,* 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block,* 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

### A.   Scott's factual allegations

The events of the Complaint happened while Scott was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 1). Scott was diagnosed with end-stage kidney disease on May 16, 2019. (*Id.* at 6). To treat this condition, Scott received dialysis through an AV fistula in his right arm. (*Id.* at 21). On May 1, 2021, Scott noticed that his fistula was clotting. (*Id.*) Scott immediately sought emergency care at the infirmary in housing unit 8A. (*Id.*)

Scott explained the situation to Corrections Officer Kleymann and the John and Jane Doe nurses who were in the infirmary providing insulin to other inmates. (*Id.* at 21–22). Scott emphasized that he needed medical staff to verify with a stethoscope that his fistula was clotting and, if so, to be immediately transported to the hospital for surgery to salvage it. (*Id.* at 22). Kleymann and the nurses refused to provide Scott care or even radio for other medical staff to help him. (*Id.*) Scott then sought help in unit 3's hospice area and spoke with a John Doe there who radioed Corrections Officer White in unit 8A. (*Id.*) White instructed Scott to return to the unit 8A infirmary. (*Id.*)

Upon his arrival at the infirmary, medical staff confirmed that Scott's AV fistula had "clotted off." (*Id.*) Scott advised Nurse John Doe that he needed emergency care at a hospital to salvage the fistula. (*Id.* at 22–23). John Doe failed to respond. (*Id.* at 23). The next day Scott confirmed with Melissa Michell, Gaylene Fukagawa, Vanessa, Malory, Kellen/Caroline, Kathy, and Lorenzo Villegas that his fistula had clotted, and he could not receive his life-saving dialysis treatment through it unless he quickly received hospital care to salvage it. (*Id.*) All agreed that Scott required hospital care on an emergency basis if he hoped to save his fistula. (*Id.*) Each of them was aware that receiving dialysis through a perma-catheter as opposed to an AV fistula exposed Scott to health and safety risks. (*Id.*)

4

Despite their knowledge of Scott's need for emergency treatment to repair his AV fistula, these Defendants waited 40 days before sending him to the hospital. (*Id.*) At the hospital, Scott received a thrombectomy that failed to remove the clot but resulted in a "gruesome scar, 17 staples going down his right forearm, and substantial pain and suffering and mental and emotional trauma." (*Id.* at 24). Because the hospital was unable to save Scott's AV fistula, he now receives dialysis through a perma-catheter. (*Id.* at 24). This is an "inferior form of dialysis" and a "permanent" change for treating Scott's kidney condition. (*Id.*)

Scott is highly susceptible to infection through his perma-catheter site, so he must keep it clean and dry with sterile dressings. (*Id.* at 6–13). Prison medical staff initially changed Scott's catheter-site dressings when the medical staff who performed his dialysis treatment could not. But prison medical staff eventually refused to change Scott's dressings, stating he can do the procedure himself because "you wanna file grievances so much." (*Id.* at 8). Scott has contracted a staphylococcus bacterial infection of his blood on numerous occasions because he is forced to change his dressings himself and, in his cell, which is not a sterile environment. (*Id.* at 6–13). On at least one occasion, medical staff delayed treating Scott's bacterial infection for 21 days, which resulted in worse symptoms. (*Id.* at 15–19).

### B.    Scott's claims

Based on these allegations, Scott contends that prison medical staff have violated his rights under the Eighth Amendment. (*See id.* at 2). Scott sues Melissa Michell, Gaylene Fukagawa, Vanessa, Kellen/Caroline/Kellen Norma Prost, Kathy, Sharon, Waters, Mallory, Meghan Sullivan, Cindy Pertney, John Weston, Mike Minev, John Kease, Lorenzo Villegas, McKenzie, and Kleymann. (*Id.* at 1–4). He seeks declaratory, injunctive, and monetary relief. (*Id.* at 25). The Court liberally construes the Complaint as bringing claims under the Eighth Amendment based on three different theories of liability: (1) indifference to need

for help replacing catheter-site dressings, (2) delay treating bacterial infections, and (3) delay treating clotted AV fistula.

### 1. Claims 1 and 2 are dismissed without prejudice because Scott brings them in another action.

Scott has filed dozens of lawsuits challenging the conditions of his confinement at NNCC. Here, Scott contends under Claim 1 that NNCC medical staff violated the Eighth Amendment when they were indifferent to his need for help changing the dressings protecting his perma-catheter site. (*Id.* at 6–13). Scott contends under Claim 2 that NNCC medical staff violated the Eighth Amendment when they delayed treating his bacterial infection by about 21 days. (*Id.* at 14–19). Scott brings Claims 1 and 2 against the medical staff at NNCC, including Melissa Michell, Gaylene Fukagawa, Vanessa, Kellen/Caroline, Kathy, Waters, Mallory, Meghan Sullivan, Cindy Pertney, and John Weston. (*Id.* at 6).

Scott has filed at least one other lawsuit based on the same allegations and against the same defendants, which is styled *Scott v. Fukagawa*, Case No. 3:23-cv-00254-RCJ-CLB ("*Fukagawa*"). The *Fukagawa* action was filed after this action, but Scott seeks to bring additional claims based on these allegations in that action. *See Fukagawa*, ECF No. 1-1 at 2–9 (also bringing claims under the Americans with Disabilities Act and the Rehabilitation Act based on these allegations). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.,* 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell,* 553 U.S. 880 (2008) (quoting *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir. 1977). To avoid duplicative litigation, the Court dismisses Claims 1 and 2 without prejudice to Scott's' ability to pursue those claims in his *Fukagawa* action. What remains is Scott's Eighth Amendment claim about delay treating his clotted AV fistula, which the Court addresses below.

**2. Scott arguably states a colorable Eighth Amendment medical-indifference claim about delay treating his clotted AV fistula.**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (cleaned up). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Scott alleges that he has end-stage kidney disease for which he received dialysis treatment through an AV fistula. Dialysis can be administered through a perma-catheter site, but it is more effective and safer to administer it through an AV fistula. Scott received dialysis treatment through the AV fistula in his right arm for around two years.

On May 1, 2021, Scott suspected that his AV fistula was clotting and sought medical care to confirm his suspicion. Corrections Officer Kleymann turned Scott away at the infirmary because nursing staff was busy delivering insulin to other inmates. Soon after Scott was turned away from the infirmary, Nurse John Doe confirmed that Scott's AV fistula had closed. Nurse John Doe did not take any action to address Scott's medical need. NNCC medical staff, including Melissa Michell, Gaylene Fukagawa, Vanessa, Mallory, Kellen/Caroline/Kellen Norma Prost, Kathy, and Lorenzo Villegas, knew that Scott's AV fistula had clotted, he needed it to receive the most effective and safest form of dialysis treatment, and he needed immediate hospital care to have the best chance of salvaging his AV fistula.

Despite this knowledge, Scott did not receive medical care until 40 days after his AV fistula first clotted. Scott received a thrombectomy at the hospital, but it was not effective in salvaging his AV fistula. Thereafter, Scott has received dialysis treatment through a perma-catheter, which makes him more susceptible to contracting bacterial infections. Scott contracted a staphylococcus bacterial infection of the blood on several occasions because he now receives dialysis treatment through a perma-catheter, which prison nursing staff do not help him keep clean and dry with properly applied dressings.

The Court finds that these allegations arguably state that the 40-day delay treating Scott's clotted AV fistula led to further injury like more intense surgery, permanent loss of the AV fistula for dialysis treatment, and infection at perma-catheter site subsequently used for dialysis treatment. Scott sufficiently alleges

for screening purposes that Melissa Michell, Gaylene Fukagawa, Vanessa, Mallory, Kellen/Caroline/Kellen Nomura Prost, Kathy, and Lorenzo Villegas were responsible for the delay treating his AV fistula. But the factual allegations are not enough to plausibly state that Scott was harmed by the short delay diagnosing the blood clot that Kleymann and the nurses in unit 8A's infirmary caused. And there are no factual allegations that Sharon, Waters, Meghan Sullivan, Cindy Pertney, John Weston, Mike Minev, John Kease, or McKenzie knew that Scott's AV fistula had clotted and he needed emergency treatment to salvage it, and were responsible for the delay providing him that treatment. The Eighth Amendment medical-indifference claim about delay treating clotted AV fistula can therefore proceed against Melissa Michell, Gaylene Fukagawa, Vanessa, Mallory, Kellen/Caroline/Kellen Norma Prost, and Lorenzo Villegas.

## III.   CONCLUSION

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 4) is deferred.

It is further ordered that the Eighth Amendment medical-indifference claim about delay treating clotted AV fistula can proceed against Melissa Michell, Gaylene Fukagawa, Vanessa, Mallory, Kellen/Caroline/Kellen Norma Prost, and Lorenzo Villegas.

It is further ordered that Defendants Sharon, Waters, Meghan Sullivan, Cindy Pertney, John Weston, Mike Minev, John Kease, McKenzie, and Kleymann are dismissed without prejudice from this action.

It is further ordered that, given the nature of the claim that the Court has permitted to proceed, this action is stayed for 90 days to allow Scott and Defendants an opportunity to settle their dispute before the $350 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties may not engage in any discovery, nor are the

parties required to respond to any paper filed in violation of the stay unless specifically ordered by the court to do so. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order about that matter. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General must file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered before the end of the 90-day stay. If the parties to not settle and instead proceed with this action, the Court will then issue an order about service under Federal Rule of Civil Procedure 4 and set a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Scott's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

It is further ordered that if the case does not settle, Scott will be required to pay the full $350 statutory filing fee for a civil action. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Scott's application to proceed *in forma pauperis*. If Scott is allowed to proceed *in forma pauperis*, the fee will be paid in installments from his prison trust account. *See* 28 U.S.C. § 1915(b). If Scott is not allowed to proceed *in forma pauperis*, the full $350 statutory filing fee for a civil action plus the $52 administrative filing fee, for a total of $402, will be due immediately.

It is further ordered that if any party seeks to have this case excluded from the mediation program, that party must file a "motion to exclude case from mediation" no later than 21 days before the date set for mediation. The

responding party will have seven days to file a response. No reply may be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

It is further ordered that if Scott needs an interpreter to participate in the mediation program, Scott will file a notice identifying the interpretation language and the need for the interpreter within 30 days from the date of this order.

It is further ordered that the Attorney General's Office must advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of the Interested Party identified below for the purpose of participating in the mediation program. No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

The Clerk of Court is further directed to (1) file the Complaint (ECF No. 1-1); (2) send Plaintiff Scott a courtesy copy of the Complaint (ECF No. 1-1); (3) update the dockets to reflect that this action and 3:23-cv-00254-RCJ-CLB are related; (4) add the Nevada Department of Corrections to the docket as an Interested Party; and (5) electronically serve a copy of this order and a copy of the Complaint (ECF No. 1-1) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the Interested Party on the docket. This does not indicate acceptance of service.

DATED THIS 30th day of November 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES EDWARD SCOTT, III,

        Plaintiff,

    v.

MELISSA MICHELL, et al.,

        Defendants.

Case No. 3:23-cv-00231-ART-CLB

REPORT OF ATTORNEY GENERAL
RE: RESULTS OF 90-DAY STAY

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL WILL FILE THIS FORM.  THE INMATE PLAINTIFF MAY NOT FILE THIS FORM.**

On _____, the Court issued its screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report 90 days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**
[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.**  [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

_____ A mediation session with a court-appointed mediator was held on _____, and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

_____ A mediation session with a court-appointed mediator was held on _____, and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

**ER288**          **ER288**          **ER288**

_____ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case. (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

_____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____.

_____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

_____ None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General is filing a separate document detailing the status of this case.

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

_____ The parties engaged in settlement discussions and reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

_____ The parties engaged in settlement discussions but have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ The parties have neither engaged in settlement discussions nor reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ None of the above three statements describes the status of this case. Contemporaneously with this report, the Office of the Attorney General is filing a separate document detailing the status of this case.

Date:_____     _____
                                    Signature of attorney

                                    _____
                                    Printed name

_____
Address

_____        _____
Telephone number                  Email address

2

ER289                              ER289                              ER289

AARON D. FORD
  Attorney General
KYLE L. HILL, (Bar No.16094)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Ste. 100
Las Vegas, Nevada 89119
(702) 486-0429 (phone)
(702) 486-3768 (fax)
Email: khill@ag.nv.gov

*Attorneys for Defendants Melissa Mitchell, Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, and Lorenzo Villegas*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EDWARD SCOTT, III,<br><br>Plaintiff,<br><br>v.<br><br>MICHELL, *et al.*,<br><br>Defendant. | Case No. 3:23-cv-00231-ART-CLB<br><br>**NOTICE OF APPEAL** |

Defendants Melissa Mitchell, Gaylene Fukagawa, Vanessa Timbreza, Kellen Prost, and Lorenzo Villegas, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Kyle L. Hill, Deputy Attorney General, pursuant to Fed R. App. P. 3 & 4 and 28 U.S.C. § 1291, appeal this Court's order (EFC No. 51), filed and entered on September 26, 2025, denying Defendants' motion for summary judgment asserting qualified immunity as a matter of law, which ruling is immediately appealable and once appealed divests the

///

///

///

///

///

///

district court of jurisdiction. *See Villanueva v. California*, 986 F.3d 1158, 1164–65 (9th Cir. 2021); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

DATED this 27th day of October, 2025.

AARON D. FORD
Attorney General

By:  */s/ Kyle L. Hill*
KYLE L. HILL, Bar No. 16094
Deputy Attorney General

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada and that on this 27th day of October, 2025, I electronically filed the foregoing, **NOTICE OF APPEAL,** via this Court's electronic filing system. Parties that are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, addressed to the following:

James Edward Scott #1207166
3800 NW 63rd Drive
Gainesville, FL 32606

An employee of the
Office of the Attorney General

**United States District Court**
**District of Nevada (Reno)**
**CIVIL DOCKET FOR CASE #: 3:23-cv-00231-ART-CLB**

Scott v. Michell et al
Assigned to: District Judge Anne R. Traum
Referred to: Magistrate Judge Carla Baldwin
 Case: 3:23-cv-00254-MMD-CLB
Case in other court:  Ninth Circuit, 25-06843
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 06/01/2023
Jury Demand: Defendant
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**James Edward Scott, III**                 represented by **James Edward Scott, III**
1207166
3900 Meadows Lane
Las Vegas, NV 89107
725-346-2366
PRO SE

**Law Library - Northern NV CC**
c/o Librarian
Email: nncclawlibrary@doc.nv.gov
*TERMINATED: 12/18/2024*

V.

**Defendant**

**Melissa Michell**                 represented by **Aaron D. Ford-AG**
Nevada Attorney General
100 North Carson Street
Carson City, NV 89701
775-684-1100
Fax: 775-684-1108
Email: usdcfilings@ag.nv.gov
*TERMINATED: 04/01/2024*

**Kyle Lee Hill**
AGNV - Nevada Office of the Attorney General (Las Vegas)
1 State of Nevada Way
Ste. 100
Las Vegas, NV 89119
702-486-0429
Fax: 702-486-3768
Email: khill@ag.nv.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gaylene Fukagawa**                 represented by **Kyle Lee Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Vanessa**                 represented by **Kyle Lee Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kellen Nomura Prost**                 represented by **Kyle Lee Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ER293**                 **ER293**                 **ER293**

**RN Kathy**                                                      represented by   **Kyle Lee Hill**
                                                                                   (See above for address)
                                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**RN Sharon**
*Dismissed per ECF No. 5*
*TERMINATED: 11/30/2023*

**Defendant**

**Waters**
*Dismissed per ECF No. 5*
*TERMINATED: 11/30/2023*

**Defendant**

**Mallory Etchison**
*updated name ref. #28 Order*

**Defendant**

**Meghan Sullivan**
*Dismissed per ECF No. 5*
*TERMINATED: 11/30/2023*

**Defendant**

**Cindy Pertney**
*Dismissed per ECF No. 5*
*TERMINATED: 11/30/2023*

**Defendant**

**John Weston**
*Dismissed per ECF No. 5*
*TERMINATED: 11/30/2023*

**Defendant**

**Mike Minev**
*Dismissed per ECF No. 5*
*TERMINATED: 11/30/2023*

**Defendant**

**John Kease**
*Dismissed per ECF No. 5*
*TERMINATED: 11/30/2023*

**Defendant**

**Lorenzo Villegas**                                             represented by   **Kyle Lee Hill**
                                                                                   (See above for address)
                                                                                   *ATTORNEY TO BE NOTICED*

**Defendant**

**McKenzie**
*Dismissed per ECF No. 5*
*TERMINATED: 11/30/2023*

**Defendant**

**Sgt. Kleymann**
*Dismissed per ECF No. 5*
*TERMINATED: 11/30/2023*

**Interested Party**

**Nevada Department of Corrections**                             represented by   **Aaron D. Ford-AG**
                                                                                   (See above for address)
                                                                                   *TERMINATED: 04/01/2024*

                                                                                   **Kyle Lee Hill**
                                                                                   (See above for address)
                                                                                   *ATTORNEY TO BE NOTICED*

**ER294**                                    **ER294**                                    **ER294**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2023 | | Case randomly assigned to District Judge Anne R. Traum and Magistrate Judge Carla Baldwin. (DRM) (Entered: 06/02/2023) |
| 06/01/2023 | 1 | RECEIPT of Initiating Documents by Court on behalf of Plaintiff. No Application to Proceed IFP or Filing Fee received. (Attachments: # 1 Complaint) (DRM) (Entered: 06/02/2023) |
| 06/02/2023 | 2 | ADVISORY LETTER to litigant. (DRM) (Entered: 06/02/2023) |
| 06/20/2023 | 3 | ORDER - Plaintiff has until **August 21, 2023** to either pay the full filing fee or file a fully complete IFP Application. The Clerk of Court is **directed** to send Plaintiff the approved IFP Application form for an inmate and instructions, and retain the complaint (ECF No. 1 ) but not file it at this time. **(Attached hereto for distribution to P via NNCC Law Library).** Signed by Magistrate Judge Carla Baldwin on 6/20/2023. (Attachments: # 1 Inmate IFP and Instructions)(Copies have been distributed pursuant to the NEF - DLS) (Entered: 06/21/2023) |
| 06/23/2023 | 4 | MOTION/APPLICATION for Leave to Proceed in forma pauperis by Plaintiff James Edward Scott, III. (LG) (Entered: 06/23/2023) |
| 11/30/2023 | 5 | Screening Order - A decision on the IFP application (ECF No. 4 ) is **deferred**. Claims will proceed as detailed herein. Defendants Sharon, Waters, Meghan Sullivan, Cindy Pertney, John Weston, Mike Minev, John Kease, McKenzie, and Kleymann are **dismissed** without prejudice from this action. This action is **stayed** 90 days to allow parties to settle. 90-day report due by **3/3/2024**. If case does not settle, Plaintiff will be required to pay the full filing fee. AG shall advise within 21 days of the date of the entry of this order **(12/25/2023)** re acceptance of service for the purpose of participation in the Early Mediation Program. The Clerk of Court is further directed to: (1) file the Complaint (ECF No. 1 - 1); (2) send Plaintiff Scott a courtesy copy of the Complaint (ECF No. 1 -1); **(ATTACHED HERETO FOR DISTRIBUTION TO P VIA NNCC LAW LIBRARY)** (3) update the dockets to reflect that this action and 3:23-cv-00254-RCJ-CLB are related; (4) add the Nevada Department of Corrections to the docket as an Interested Party; and (5) electronically serve a copy of this order and a copy of the Complaint (ECF No. 1 -1) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the Interested Party on the docket. (E-service of Order & Complaint 12/4/2023). Signed by District Judge Anne R. Traum on 11/30/2023. (Attachments: # 1 Complaint)(Copies have been distributed pursuant to the NEF - DLS) (Entered: 12/04/2023) |
| 12/04/2023 | 6 | COMPLAINT against Gaylene Fukagawa, Kathy, Mallory, Melissa Michell, Kellen Nomura Prost, Vanessa, Lorenzo Villegas by James Edward Scott, III. (Filed per ECF No. 5 screening order). (DLS) (Entered: 12/04/2023) |
| 12/20/2023 | 7 | LIMITED NOTICE of Appearance by attorney Kyle Lee Hill on behalf of Interested Party Nevada Department of Corrections. *Limited Notice of Appearance* (Hill, Kyle) (Entered: 12/20/2023) |
| 01/29/2024 | 8 | ORDER SCHEDULING VIRTUAL GLOBAL SETTLEMENT CONFERENCE. A global settlement conference utilizing Zoom video conferencing technology is scheduled to commence on **Tuesday, February 27, 2024, at 9:00 a.m.** before United States Magistrate Judge Carla Baldwin. The settlement conference statements must be mailed to Judge Baldwin's Chambers at 400 S. Virginia St., Room No. 404, Reno, Nevada 89501. The settlement conference statements are due by no later than **Tuesday, February 20, 2024. DO NOT DELIVER OR MAIL THEM TO THE CLERK'S OFFICE; DO NOT SERVE A COPY ON OPPOSING COUNSEL.** Signed by Magistrate Judge Carla Baldwin on 1/29/2024. (Copies have been distributed pursuant to the NEF - DLS) (Entered: 01/29/2024) |
| 02/27/2024 | 9 | MINUTES OF PROCEEDINGS - Virtual Global Settlement Conference held on 2/27/2024 before Magistrate Judge Carla Baldwin. Crtrm Administrator: *LGM*; Pla Counsel: *James Edward Scott, III*; Def Counsel: *Kyle Hill and Randy Gilmer with Nancy Katafias, Brian Williams, Kenneth Williams, and Dana Everage*; Time of Hearing: *9:00 a.m. - 12:29 p.m.*; Courtroom: *1*; The Court and the parties confer privately. The parties advise the Court that they are unable to negotiate a settlement at this time. Therefore, this case shall return to the litigation track at the procedural posture it was at prior to this global settlement conference. IT IS SO ORDERED. **(no image attached)** (Copies have been distributed pursuant to the NEF - LGM) (Entered: 02/27/2024) |
| 02/28/2024 | 10 | STATUS REPORT *Report of the Office of the Attorney General Re: Results of the 90-Day Stay* by Interested Party Nevada Department of Corrections.. (Hill, Kyle) (Entered: 02/28/2024) |
| 02/28/2024 | 11 | NOTICE *Notice Regarding Status of This Case Following Global Settlement Conference* by Nevada Department of Corrections.. (Hill, Kyle) (Entered: 02/28/2024) |
| 03/04/2024 | 12 | ORDER - Plaintiff's IFP Application (ECF No. 4 ) is **GRANTED**. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office and the attention of Chief |

**ER295**          **ER295**          **ER295**

of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov. (Emailed to Finance and NDOC on 3/4/2024).

Clerk shall **e-SERVE** AG this order and copy of Plaintiff's complaint (ECF No. 6 ) by adding AG to docket. (E-service of order 3/4/24; NEF Regenerated for Complaint).

Service must be perfected within **90 days** from the date of this order **(6/2/2024)**.

AG shall advise within **21 days** of date of entry of this order **(3/25/2024)** re acceptance of service; and file under seal addresses for Ds for which service not accepted. P shall file a motion re unserved Ds.

If AG accepts service then answer due within **60 days** from the date of this order **(5/3/2024)**. Henceforth P shall serve Ds or Ds counsel a copy of every pleading submitted for consideration, together with a certificate of service.

This case is no longer stayed.

Signed by Magistrate Judge Carla Baldwin on 3/4/2024. (Copies have been distributed pursuant to the NEF - DLS) (Entered: 03/04/2024)

| 03/25/2024 | 13 | ACCEPTANCE OF SERVICE by Lorenzo Villegas, Kellen Nomura Prost, Melissa Michell, Gaylene Fukagawa, Vanessa on 3/25/2024 executed by Lorenzo Villegas, Kellen Nomura Prost, Melissa Michell, Gaylene Fukagawa, Vanessa. *Notice of Acceptance of Service* (Hill, Kyle) (Entered: 03/25/2024) |
|---|---|---|
| 03/28/2024 | 14 | MOTION to *Identify the Unserved Defendants,* by Plaintiff James Edward Scott, III. (P is referring to ECF No. 12 ). Responses due by 4/11/2024. (GA) (misc) (nondispositive) (Entered: 03/29/2024) |
| 03/28/2024 | 15 | **WRONG CASE. PLEASE DISREGARD** MOTION to *Identify the Unserved Defendants,* by Plaintiff James Edward Scott, III. Responses due by 4/11/2024. (P is referring to ECF No. 10 ). (GA) (misc) (nondispositive) Modified on 3/29/2024 Wrong case. Regenerated NEF (GA). (Entered: 03/29/2024) |
| 03/28/2024 | 16 | **WRONG CASE. PLEASE DISREGARD** MOTION to *Identify Unserved Defendants,* by Plaintiff James Edward Scott, III. (P is referring to ECF No. 11 ). Responses due by 4/11/2024. (GA) (misc) (nondispositive) Modified on 3/29/2024 Wrong case. Regenerated NEF (GA). (Entered: 03/29/2024) |
| 03/28/2024 | 17 | **WRONG CASE. PLEASE DISREGARD** MOTION to Identify Unserved Defendants by Plaintiff James Edward Scott, III. (P is referring to ECF No. 9 ). Responses due by 4/11/2024. (GA) (misc) (nondispositive) Modified on 3/29/2024 Wrong case. Regenerated NEF(GA). (Entered: 03/29/2024) |
| 04/02/2024 | 18 | ORDER **GRANTING in part and DENYING in part** ECF No. 14 Motion : OAG shall advise re acceptance of service on behalf of Kathy Doe Nurse by **4/24/2024**; and file under seal address if service not accepted. Service must be perfected by **6/2/2024**. (See pdf order for additional specifics.) Signed by Magistrate Judge Carla Baldwin on 4/2/2024. (Copies have been distributed pursuant to the NEF - DRM) (Entered: 04/03/2024) |
| 04/05/2024 | 19 | *MOTION Requesting that this Honorable Court Issue a Scheduling Order and Open Up Discovery in Regards to this Matter*, by Plaintiff James Edward Scott, III. Responses due by 4/19/2024. (DLS) (misc) (discovery) (Entered: 04/05/2024) |
| 04/05/2024 | 20 | *MOTION to Provide Identity or True Name of Unserved Defendant,* by Plaintiff James Edward Scott, III. Responses due by 4/19/2024. (DLS) (misc) (nondispositive) (Entered: 04/05/2024) |
| 04/08/2024 | 21 | *MOTION to Identify the True Name of Defendant Mallory*, by Plaintiff James Edward Scott, III. Responses due by 4/22/2024. (DLS) (misc) (nondispositive) (Entered: 04/08/2024) |
| 04/23/2024 | 22 | ACCEPTANCE OF SERVICE by Lorenzo Villegas, Kathy, Kellen Nomura Prost, Melissa Michell, Gaylene Fukagawa, Vanessa on 4/23/2024 executed by Lorenzo Villegas, Kathy, Kellen Nomura Prost, Melissa Michell, Gaylene Fukagawa, Vanessa. *Amended Notice of Acceptance of Service* (Hill, Kyle) (Entered: 04/23/2024) |
| 04/23/2024 | 24 | NOTICE *Notice of Under Seal Submission of Last Known Address* by Gaylene Fukagawa, Kathy, Melissa Michell, Kellen Nomura Prost, Vanessa, Lorenzo Villegas. (Hill, Kyle) (Entered: 04/23/2024) |
| 05/03/2024 | 25 | ANSWER to 6 Complaint with Jury Demand *Defendants' Answer to Plaintiff's Civil Rights Complaint* filed by Gaylene Fukagawa, Kathy, Melissa Michell, Kellen Nomura Prost, Vanessa, Lorenzo Villegas. Certificate of Interested Parties due by 5/13/2024. Discovery Plan/Scheduling Order due by 6/2/2024.(Hill, Kyle)<br><br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 05/03/2024) |
| 05/06/2024 | 26 | SCHEDULING ORDER AND DISCOVERY PLAN RE: PRO SE § 1983 ACTIONS - Discovery due by 11/4/2024. Dispositive Motions due by 12/4/2024. Proposed Joint Pretrial Order due by 1/3/2025. Signed by Magistrate Judge Carla Baldwin on 5/6/2024. (Copies have been distributed pursuant to the NEF - DLS) (Entered: 05/06/2024) |
| 05/06/2024 | 27 | NOTICE PURSUANT TO LOCAL RULE IB 2-2: In accordance with 28 USC § 636(c) and FRCP 73, the parties in this action are provided with a link to the "AO 85 Notice of Availability, Consent, and Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge" form on the Court's website - www.nvd.uscourts.gov. **AO 85 Consent forms should NOT be electronically filed.** Upon consent of all parties, counsel are advised to manually file the form with the Clerk's Office. (A copy of form AO 85 has been mailed to parties not receiving electronic service.) (DLS) (Entered: 05/06/2024) |
| 05/06/2024 | 28 | ORDERED that Plaintiff's motion requesting that the Court issue a scheduling order, (ECF No. 19 ), is DENIED as moot; Plaintiff's motion to provide identity of unserved defendant, (ECF No. 20 ), is DENIED as moot; Plaintiff's motion to identify true name, (ECF No. 21 ), is DENIED as moot. |

**ER296**                    **ER296**                    **ER296**

|  |  | FURTHER ORDERED Clerk shall ISSUE a summons for Defendant Mallory Etchison and send the same to the U.S. Marshal with the address provided under seal. (ECF No. 23 ) The Clerk shall also SEND sufficient copies of the complaint, (ECF No. 6 ), the screening order, (ECF No. 5 ), and this order to the U.S. Marshal for service on the Defendant. (Email to USMS 5/6/2024.) The Court will separately provide to the U.S. Marshal a completed USM-285 form for the Defendant Etchison

Signed by Magistrate Judge Carla Baldwin on 5/6/2024.
(Copies have been distributed pursuant to the NEF - DRM) (Entered: 05/06/2024) |
| --- | --- | --- |
| 05/06/2024 | 29 | SUMMONS ISSUED as to Mallory Etchison. (Issued and emailed to USMS on 5/6/2024 per 28 Order.) (DRM) (Entered: 05/06/2024) |
| 05/15/2024 | 30 | USM-285/SUMMONS Returned Unexecuted: unable to locate the individual as to Mallory Etchison. (GA) (Entered: 05/16/2024) |
| 07/18/2024 | 31 | NOTICE of Change of Address by Kyle Lee Hill. *Notice of Change of Address* Address updated to **1 State of Nevada Way, Suite 100, Las Vegas, NV 89119** . (Hill, Kyle) (Entered: 07/18/2024) |
| 10/15/2024 | 32 | MOTION to Extend Time by Plaintiff James Edward Scott, III. Responses due by 10/29/2024. (GA) (discovery) (Entered: 10/15/2024) |
| 10/17/2024 | 33 | ORDER denying 32 Motion to Extend Time. Signed by Magistrate Judge Carla Baldwin on 10/17/2024. (**For Distribution by law library.**)(Copies have been distributed pursuant to the NEF - DLS) (Entered: 10/17/2024) |
| 11/13/2024 | 34 | MOTION to Extend Time (First Request) *Defendants' Motion for Extension of Time to File Motion for Summary Judgment* re 26 Scheduling Order, by Defendants Lorenzo Villegas, Melissa Michell, Gaylene Fukagawa, Vanessa, Kellen Nomura Prost. Responses due by 11/27/2024. (Hill, Kyle) (dispositive) (Entered: 11/13/2024) |
| 11/13/2024 | 35 | ORDER granting 34 Motion to Extend Time. Re: 26 Scheduling Order, Motions due by 1/20/2025. Signed by Magistrate Judge Carla Baldwin on 11/13/2024. (**For Distribution by law library.**)(Copies have been distributed pursuant to the NEF - GA) (Entered: 11/14/2024) |
| 12/18/2024 | 36 | NOTICE of Change of Address by Plaintiff James Edward Scott, III. Address updated to **3800 NW 63rd Drive, Gainesville, FL 32606** . (GA) (Entered: 12/18/2024) |
| 01/08/2025 | 37 | MOTION for Reconsideration of all Screening Orders by Plaintiff James Edward Scott, III. Responses due by 1/22/2025. (GA) (presiding) (Entered: 01/10/2025) |
| 01/21/2025 | 38 | MOTION for Summary Judgment *Defendants' Motion for Summary Judgment* by Defendants Lorenzo Villegas, Melissa Michell, Gaylene Fukagawa, Vanessa, Kellen Nomura Prost. Responses due by 2/11/2025. (Attachments: # 1 Exhibit A, # 2 Exhibit C, # 3 Declaration Robert Hartman, # 4 Declaration Christy Coss)(Hill, Kyle) (Entered: 01/21/2025) |
| 01/21/2025 | 39 | MOTION for Leave to File Document re 38 Motion for Summary Judgment, by Defendants Lorenzo Villegas, Melissa Michell, Gaylene Fukagawa, Vanessa, Kellen Nomura Prost. Responses due by 2/4/2025. (Hill, Kyle) (dispositive) (Entered: 01/21/2025) |
| 01/21/2025 | 41 | NOTICE *Notice of Under Seal Submission of Plaintiff's Relevant Medical Records* by Lorenzo Villegas, Melissa Michell, Gaylene Fukagawa, Vanessa, Kellen Nomura Prost. (Hill, Kyle) (Entered: 01/21/2025) |
| 01/22/2025 | 42 | MINUTE ORDER IN CHAMBERS of the Honorable District Judge Anne R. Traum on 1/22/2025. Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 38 Motion for Summary Judgment. Opposition due 21 days from the date of this Minute Order, and reply due 14 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF - DLS) (Entered: 01/22/2025) |
| 01/31/2025 | 43 | ORDER denying 37 Motion for Reconsideration of all screening orders. Signed by District Judge Anne R. Traum on 1/31/2025. (Copies have been distributed pursuant to the NEF - GA) (Entered: 01/31/2025) |
| 02/03/2025 | 44 | ORDER - Defendants' motion to seal (ECF No. 39 ) is GRANTED. Signed by Magistrate Judge Carla Baldwin on 2/3/2025.(Copies have been distributed pursuant to the NEF - DRM) (Entered: 02/03/2025) |
| 02/14/2025 | 45 | ORDER - The Court will sua sponte grant Plaintiff one extension of time to March 14, 2025, to file an opposition to the motion for summary judgment re: 38 Motion for Summary Judgment. No further extensions of time shall be granted. If Plaintiff fails to file an opposition, the motion will be submitted to thecourt for decision. Signed by Magistrate Judge Carla Baldwin on 2/14/2025. (Copies have been distributed pursuant to the NEF - GA) (Entered: 02/14/2025) |
| 03/14/2025 | 46 | RESPONSE to 38 Motion for Summary Judgment, by Plaintiff James Edward Scott, III. Replies due by 3/28/2025. (GA) (Entered: 03/19/2025) |
| 03/28/2025 | 47 | REPLY to Response to 38 Motion for Summary Judgment, by Defendants Lorenzo Villegas, Melissa Michell, Gaylene Fukagawa, Vanessa, Kellen Nomura Prost. (Hill, Kyle) (Entered: 03/28/2025) |
| 04/18/2025 | 48 | REPORT AND RECOMMENDATION. Re: 38 Motion for Summary Judgment. The Court recommends that Defendants' motion for summary judgment, (ECF No. 38 ), be **DENIED**. Objections to R&R due by **5/2/2025**. Signed by Magistrate Judge Carla Baldwin on 4/18/2025. (Copies have been distributed pursuant to the NEF - HL) (Entered: 04/18/2025) |
| 05/02/2025 | 49 | RESPONSE to Objection to 48 Report and Recommendation by Defendants Lorenzo Villegas, Melissa Michell, Gaylene Fukagawa, Vanessa, Kellen Nomura Prost. (Hill, Kyle) (Entered: 05/02/2025) |

| | | |
|---|---|---|
| 09/02/2025 | 50 | PLAINTIFFS RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION re 49 Response to Objection to Report and Recommendation by Plaintiff James Edward Scott, III. (GA) (Entered: 09/02/2025) |
| 09/26/2025 | 51 | ORDER - It is therefore ordered that Defendants' objections to the Report and Recommendation (ECF No. 49 ) are OVERRULED.<br>It is further ordered that the Report and Recommendation recommending denial of summary judgment for Defendants (ECF No. 48 ) is accepted and ADOPTED.<br>It is further ordered that Defendants motion for summary judgment (ECF No. 38 ) is DENIED.<br>Signed by District Judge Anne R. Traum on 9/26/2025. (Copies have been distributed pursuant to the NEF - GA) (Entered: 09/26/2025) |
| 10/02/2025 | 52 | STRICKEN per 54 Order (JQC). ~~MOTION for Partial Summary Judgment for Declaratory Relief, by Plaintiff James Edward Scott, III. Responses due by 10/23/2025. (DLS)~~ Modified on 10/2/2025 (JQC). (Entered: 10/02/2025) |
| 10/02/2025 | 53 | MOTION for out-of-court Settlement Conference by Plaintiff James Edward Scott, III. Responses due by 10/16/2025. (DLS) (Entered: 10/02/2025) |
| 10/02/2025 | 54 | ORDER. IT IS ORDERED that 52 Scott's Motion for Partial Summary Judgment, is STRICKEN from the record. Signed by Magistrate Judge Carla Baldwin on 10/2/2025. (Copies have been distributed pursuant to the NEF - JQC) (Entered: 10/02/2025) |
| 10/02/2025 | 55 | ORDER Denying 53 Motion for Settlement Conference. Signed by Magistrate Judge Carla Baldwin on 10/2/2025.(Copies have been distributed pursuant to the NEF - JQC) (Entered: 10/02/2025) |
| 10/09/2025 | 56 | MOTION for Leave to File Late Motion for Partial Summary Judgment, by Plaintiff James Edward Scott, III. Responses due by 10/23/2025. (DLS) (nondispositive) (Entered: 10/09/2025) |
| 10/10/2025 | 57 | ORDER Denying 56 Motion for Leave to File a late partial motion for summary judgment. A joint pretrial order is due on 10/27/2025. Signed by Magistrate Judge Carla Baldwin on 10/10/2025. (Copies have been distributed pursuant to the NEF - JQC) (Entered: 10/10/2025) |
| 10/20/2025 | 58 | OBJECTION/APPEAL Magistrate Judge order or ruling under LR IB 3-1 re 57 Order on Motion for Leave to File by Plaintiff James Edward Scott, III. Responses due by 11/3/2025 (GA) (Entered: 10/20/2025) |
| 10/27/2025 | 59 | Mail Returned as Undeliverable re 51 Order, addressed to James Edward Scott. (DLS) (Entered: 10/27/2025) |
| 10/27/2025 | 60 | NOTICE OF APPEAL as to 51 Order on Motion for Summary Judgment,,, Order on Report and Recommendation,,,,, by Defendants Gaylene Fukagawa, Melissa Michell, Kellen Nomura Prost, Vanessa, Lorenzo Villegas. Filing fee $ 605, receipt number ANVDC-8228356. E-mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit.<br><br>Designation of Transcripts and Transcript Order forms and instructions for appeal can be found on the Court's website at www.nvd.uscourts.gov.<br><br>(Hill, Kyle) (Entered: 10/27/2025) |
| 10/29/2025 | 61 | USCA, Ninth Circuit, Docketing Notice and Time Schedule Order as to 60 Notice of Appeal. **USCA Case Number 25-6843**. (Copies have been distributed pursuant to the NEF - DLS) (Entered: 10/29/2025) |
| 02/02/2026 | 62 | NOTICE of Change of Address by Plaintiff James Edward Scott, III. Address updated to **3900 Meadows Lane Las Vegas, NV 89107** . (GA) (Entered: 02/02/2026) |
| 02/02/2026 | 63 | MOTION FOR LEAVE TO RECEIVE ELECTRONIC SERVICE AND COURT NOTICES VIA CM/ECF by Plaintiff James Edward Scott, III. Responses are due by 2/16/2026. (GA) (nondispositive) (Entered: 02/02/2026) |
| 02/02/2026 | 64 | ORDER Granting 63 Motion for Pro Se Litigant to File Electronically. Signed by Magistrate Judge Carla Baldwin on 2/2/2026.(Copies have been distributed pursuant to the NEF - DLS) (Entered: 02/03/2026) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 02/09/2026 15:13:50 | | |
| **PACER Login:** | chriswilliamdavis | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:23-cv-00231-ART-CLB |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |